# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-2638

**Case Name** Woodruff, et al. v. Google LLC

**Counsel submitting this form** Pritzker Levine LLP

**Represented party/parties** Plaintiffs/Appellants Kimberley Woodruff, et al.

*Briefly describe the dispute that gave rise to this lawsuit.*

Google's terms of service and privacy policies have promised Google U.S. account holders for years that Google does not share or sell account holders' personal information, when, in fact, Google's real time bidding ("RTB") advertising auctions sell and share account holders' personal, private and sensitive information billions of times each day. Prior to the settlement of the lawsuit, Google previously had not disclosed the existence of its RTB ad auctions or how they work, to consumers. Plaintiffs represent a nationwide class of Google U.S. account holders whose personal information was sold and shared through the RTB auctions. Plaintiffs' complaint was filed on March 26, 2021.

After protracted factual and expert discovery, plaintiffs initially moved to certify a class for both monetary damages and injunctive relief. After a hearing, via order issued April 4, 2024, District Court Judge Gonzalez Rogers denied certification of a damages class and denied without prejudice certification of an injunctive relief class under Fed. R. Civ. P. 23(b)(2), to allow plaintiffs to resolve two remaining issues. While briefing was in process on plaintiffs' renewed motion for class certification, and after months of arms-lengths negotiations before a neutral mediator, the parties reached a settlement, which provided never-before-available relief for the hundreds of millions of active individual U.S. Google account holders who make up the settlement class. The relief provides account holders with a new account control, whereby an account holder can turn off Google's sale and sharing of their personally identifying information in the RTB ad auctions. The relief also includes novel detailed public disclosures by Google describing the existence of its RTB ad auctions, the new control, and what it does.

*Briefly describe the result below and the main issues on appeal.*

After reaching this landmark settlement described above, plaintiffs moved for certification of a settlement class, final approval of the class action settlement, an award of attorneys' fees and expenses incurred in the five years of contingent litigation, and for incentive awards for the named plaintiffs.

There were no objections from any class members to plaintiffs' settlement-related motions. Google supported the motion for settlement approval, but opposed, in part, plaintiffs' motion for an award of attorneys' fees and expenses.

After a hearing, on March 26, 2026, the District Court certified the settlement class, approved the settlement, and granted in full the expenses and incentive awards requested by plaintiffs. With respect to attorneys' fees, the District Court granted the motion in part, but, through a series of cuts, first reduced plaintiffs' counsels' reported lodestar by 30%, from $36,673,815 to $25,713,222, and then applied a 0.85 negative multiplier to plaintiffs' counsels' reduced lodestar to result in an attorneys' fee award that was 59% of plaintiffs' counsels' actual reported time in the case.

The primary issues on appeal are whether the District Court erred in reducing plaintiffs' counsels' reported lodestar in the manner and amounts set forth in the District Court's order and whether the District Court erred in awarding plaintiffs' counsel a negative multiplier on its time in the case.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

No proceedings remain below.

**Signature** s/ Elizabeth C. Pritzker **Date** May 4, 2026

*(use "*s/[typed name]*" to sign electronically-filed documents)*