**No. 26-2638**

# In the United States Court of Appeals for the Ninth Circuit

IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION

KIMBERLEY WOODRUFF; et al.,
*Plaintiffs-Appellants*,

v.

GOOGLE LLC,
*Defendant-Appellee*.

On Appeal from the United States District Court
for the Northern District of California
Case No. 4:21-cv-02155-YGR (The Hon. Yvonne Gonzalez Rogers)

## PLAINTIFFS-APPELLANTS' EXCERPTS OF RECORD VOLUME VI OF VII

ELIZABETH C. PRITZKER
JONATHAN K. LEVINE
PRITZKER LEVINE LLP
1900 Powell Street, Suite 450
Emeryville, CA 94602
(415) 692-0772

MATTHEW W.H. WESSLER
ALISA C. PHILO
GUPTA WESSLER LLP
1400 16th Street NW, Suite 225
Washington, DC 20036
(202) 888-1741
*matthew@guptawessler.com*

October 28, 2026

*Counsel for Plaintiffs-Appellants*

*(Additional counsel listed on inside cover)*

FRANCIS A. BOTTINI, JR.
BOTTINI & BOTTINI, INC.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
(858) 914-2001

THIEN AN VINH TRUONG
SIMMONS HANLY CONROY, LLC
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6276

DAVID A. STRAITE
DICELLO LEVITT LLP
485 Lexington Avenue, Suite 1001
New York, NY 10017
(646) 993-1000

LESLEY WEAVER
ANNE K. DAVIS
STRANCH, JENNINGS & GARVEY, PLLC
1111 Broadway, Suite 03-130
Oakland, CA 94607
(341) 217-0550

BRIAN DANITZ
NANCI NISHIMURA
COTCHETT PITRE & MCCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000

**PRITZKER LEVINE LLP**
ELIZABETH C. PRITZKER (SBN146267)
(ecp@pritzkerlevine.com)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110

*Interim Class Counsel*

*Additional counsel listed on signature page*

**COOLEY LLP**
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
DANIELLE C. PIERRE (SBN 300567)
(dpierre@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel: (415) 693-2000
Fax: (415) 693-2222

*Counsel for Defendant, Google LLC*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

BENJAMIN HEWITT et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

CASE NO.: 5:21-CV-02155-LHK-VKD
CASE NO. : 5:21-CV-03360-LHK-VKD
CASE NO.: 5:21-CV-03725-LHK-VKD

(CONSOLIDATED PER DKT. NO. 69).

**JOINT CASE MANAGEMENT STATEMENT**

**Next CMC: September 8, 2021 at 1:30 p.m.**

Pursuant to the Court's June 24, 2021 Order Granting Motions To Relate; Consolidating Cases; [and] Setting Case Schedule [Dkt. No. 69] ("June 24, 2021 Order"), and Local Rule 16-10, Plaintiffs in the above-entitled consolidated actions[1] and Defendant Google LLC ("Google") (together, "Parties"), by and through their respective counsel of record, hereby jointly submit this Joint Case Management Conference Statement reporting on their progress since the last statement was filed on June 23, 2021 (Dkt. No. 68).

## 1. PROGRESS SINCE LAST CASE MANAGEMENT STATEMENT

The Parties report that the key changes since the last case management statement are that: (1) on June 29, 2021, the Court moved referral of discovery disputes in this action from Magistrate Judge van Keulen to Magistrate Judge DeMarchi (Dkt. No. 71); (2) Plaintiffs filed their Consolidated Amended Class Action Complaint ("CAC") on August 27, 2021 (Dkt. No. 80); (3) Plaintiffs served approximately 50 third-party subpoenas on entities they believe participate in Google's Real-Time Bidding ("RTB") auction; and (4) the Parties continue to meet and confer on the appropriate scope of discovery in this action.

## 2. JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over this action pursuant to the Electronic Communications Privacy Act, 18 U.S.C. § 2511; the Stored Communications Act, 18 U.S.C. § 2702; the Video Privacy Protection Act, 18 U.S.C. § 2710; and pursuant to 28 USC §§ 1331, 1332(d), and 1367. The Parties agree there are no disputes as to personal jurisdiction or venue.

## 3. FACTS AND STATUS OF PLEADINGS

a. <u>Plaintiffs' Summary of their Allegations:</u>

Consistent with the Court's June 24, 2021 Order, Plaintiffs filed their consolidated amended complaint ("CAC") on August 27, 2021. (Dkt. 80). The putative class includes all Google account

---

[1] In its June 24, 2021 Order, the Court consolidated three cases: *Hewitt v. Google*, Case No. 5:21-cv-2144-LHK (N.D. Cal., filed March 26, 2021), *Delahunty v. Google*, Case No. 21-CV-03360-LHK (N.D. Cal., filed May 5, 2021), and *Toronto v. Google*, Case No. 21-CV-03725-LHK (N.D. Cal., filed May 18, 2021). The Court also concluded that *Hewitt*, *Delahunty* and *Toronto* are related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal., filed June 2, 2020) and *Calhoun v. Google*, No. 20-CV-05146-LHK (N.D. Cal., filed July 27, 2020) pursuant to Civil Local Rule 3-12(b). *See* Dkt. No. 69.

holders whose personal information is improperly sold and disseminated by Google to thousands of companies through Google's proprietary advertising auction process, which is effectuated through real-time bidding ("RTB") auctions (the "Google RTB") in violation of California and federal law. Plaintiffs further alleged that the Google RTB violates Google's explicit contractual promises with its account holders that (1) "Google will never sell any personal information to third parties;" (2) "you get to decide how your information is used;" (3) "We don't share information that personally identifies you with advertisers;" (4) and that it will not use certain sensitive information—like race, religion, sexual orientation, or health—for advertising purposes. Plaintiffs allege that Google breaks these promises countless times every day.

Google runs the world's largest RTB auction, through which Google solicits participants to bid on sending an ad to a specific individual. Google provides auction participants with a Bid Request, which includes data that identifies the individual person being targeted through unique identifiers, device identifiers, IP addresses, and other information ("Bidstream Data"). Auction participants receive Bidstream Data whether or not they win the auction to send an ad.

Google is a consumer data powerhouse. Through its suite of services, including the world's largest search engine (Google.com), web-browser (Chrome), email service (Gmail), Internet video service (YouTube), mobile phone operating system (Android), and many others, Google observes, collects, and analyses real-time information about every user engaging on these platforms, which in-turn, feeds the Bidstream Data Google sells through Google RTB. Contrary to Google's promises, Bidstream Data is not anonymized.

With substantial expert assistance, Plaintiffs investigated and identified the scope of Google's dissemination of Bidstream Data including discovering the identity of more than 200 different advertisers to whom Google discloses Account Holder personally identifiable information ("PII") through the Google RTB, including Amazon, Facebook, Twitter, Taboola, Wayfair, Yahoo and eBay.

Because of the ubiquity of Google's advertising services to businesses and its surveillance of users across its platforms, it is practically impossible for any American to use the internet without their personal information being subject to the Google RTB. The CAC explains Google's promises

to its account holders, details the functioning of Google's RTB system, describes the personal information Google sells and discloses as part of its RTB system, and explains how the disclosure of account holders' PII, in violation of Google's promises to its account holders, is a serious, highly offensive invasion of privacy. By selling and disclosing this PII in violation of its contract with account holders, Google has unjustly enriched itself at the expense of Plaintiffs and other Google account holders.

b. Google's Position on Plaintiffs' Allegations:

Google is a provider of advertising services on the Internet, including through its Real-Time Bidding protocol ("RTB"), which is an auction process that allows advertisers (or ad agencies or other ad vendors) to buy digital advertising space (also called "ad impressions") available on websites (often called "publishers"). For example, when an ad impression becomes available on a publisher's website, advertisers using RTB receive information about the impression via a bid request. The advertiser analyzes the information and then responds with an ad creative and bid. The winning bidder's advertisement is then displayed to the websites' visitors nearly instantly.

Plaintiffs allege that, as part of the Google RTB, Google, without authorization, sells or otherwise discloses to third-party companies that are participating in the RTB personal and sensitive information about Google account holders ("Account Holders,"), including their "browsing history" and "personally identifiable information." Not so.

At this early stage of the litigation, a detailed refutation of Plaintiffs' allegations would be premature. As a general matter, however, Google denies that RTB operates in the manner alleged and denies that Google sells or otherwise shares Google Account Holder's personal or sensitive information with third parties utilizing RTB without users' consent. Google takes seriously its responsibility to protect the privacy of its users. Google further denies that it has violated any laws or that Plaintiffs are entitled to any relief whatsoever.

Google reserves all rights to identify additional factual disputes.

**4. LEGAL ISSUES**

a. Plaintiffs' Summary of the Claims:

Plaintiffs filed their CAC on August 27, 2021 (Dkt. No. 80), adding 13 new named Plaintiffs. Plaintiffs assert individual and class claims on behalf of all Google account holders whose personal information is sold and disseminated by Google through the Google RTB. Google's contract with Plaintiffs and all putative class members contains a choice of law provision designating California law on a nationwide basis. Plaintiffs assert California statutory, tort, and contract claims and federal statutory claims, as follows: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200, *et seq.*, (4) violation of the Article 1, § 1 of the California Constitution (invasion of privacy), (5) intrusion upon seclusion, (6) publication of private information, (7) breach of confidence, (8) violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 630-638, (9) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511—unauthorized interception, use and disclosure, (10) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511—unauthorized disclosure of electronic communications by an ECS, (11) violation of the ECPA Stored Communications Act, 18 U.S.C. § 2702, and (12) violation of the Video Privacy Protection Act, 18 U.S.C. § 2710. Plaintiffs do not anticipate amending the complaint again prior to the Court's ruling on Google's anticipated Rule 12 motion.

b. <u>Google's Position on Plaintiffs' Claims</u>

At the present time, and reserving all rights to assert any and all additional grounds, Google states that the following legal issues may be at issue:

1. Whether Plaintiffs fail to state claims upon which relief may be granted;
2. Whether Plaintiffs lack standing to assert their claims;
3. Whether Google breached any term of the Parties' contract;
4. Whether Plaintiffs' implied covenant claim is impermissibly duplicative of their breach of contract claim;
5. Whether applicable statute of limitations preclude Plaintiffs' claims;
6. Whether Plaintiffs have suffered any injury or damages as a result of Google's alleged conduct;
7. Whether Google's defense preclude any recovery by Plaintiffs; and

8. Whether class certification should be denied under Rule 23.

c. <u>The Parties' Positions on Claims and Dispositive Motion Practice</u>

Google submits that Plaintiffs should be limited to ten causes of action to be litigated through trial. *See, e.g.*, *Calhoun et al. v. Google*, Case No. 5:20-cv-05146-LHK-SVK, Dkt. No. 51 (ordering that the "case be litigated through trial on 10 selected claims," with "[e]ach side [selecting] 5 of the 10 claims to litigate"); *Amans v. Tesla*, Case No. 5:21-CV-03577-LHK, Dkt. No. 22 (ordering, "if Plaintiffs bring more than ten claims, the Court will require the parties to select ten priority claims to litigate through resolution, with Plaintiffs selecting five claims and Defendant selecting five claims.").

Plaintiffs submit that limiting claims is not necessary, would not reduce the scope of discovery, and would be unfairly prejudicial to the Plaintiffs. While overlapping, the claims have distinct elements and remedies available that need not be stayed through resolution of the others. Instead of limiting claims, Google should be limited in any motion to dismiss to addressing facts and legal issues that were not previously decided in the related causes of *Calhoun* and *Brown*. Where the facts and legal issues are substantively identical or substantially similar, Google should not be permitted to burden the court with do-over litigation on issues it has already lost in these related cases. Examples include potential arguments for dismissal based on alleged consent, reasonable expectations of privacy, highly offensive conduct, and whether loss of control and value of personal information is sufficient to confer standing under the UCL.

Google submits that Plaintiffs' request that the Court prospectively limit Google's anticipated Rule 12 motion, which Google first saw in the draft Plaintiffs provided to Google at 4:37 PM on filing day, is baseless and without legal support. Given that the factual allegations in this case are almost entirely distinct from those in the *Calhoun* and *Brown* matters, the notion that the Court should preemptively foreclose Google from bringing the arguments of its choice is meritless. As Plaintiffs have previously themselves recognized and note again below (see section 7 *infra*), this action concerns Google's allegedly improper ***disclosure*** of certain data to third parties, whereas *Calhoun* and *Brown* concern Google's allegedly improper ***collection*** of user data. *See* Dkt. No. 40 at 2, n.1 ("The *Hewitt* and *Delahunty* actions concern Google's alleged disclosure of individuals'

personal information through the Google Real-Time Bidding advertising process. Unlike those cases, *Brown* and *Calhoun* assert claims based on Google's taking of information from individuals using the Chrome browser, and do so on behalf of distinct classes.") Any such limitation on Google's upcoming motion to dismiss would be legally unfounded and enormously prejudicial.

**5. MOTIONS**

a. Pending or Scheduled Motions:

1. Plaintiffs' Unopposed Administrative Motion for Order Re: Administration of the Consolidated Cases: On August 24, 2021, Plaintiffs filed an Unopposed Administrative Motion For Order Re Administration of the Consolidated Cases (Dkt. No. 79) that, among other things, proposes *In re Google RTB Consumer Privacy Litigation*, Lead Case No. 5:21-cv-02155-LHK-VKD, as a short form case name for these three consolidated actions.

2. Defendants' Responsive Pleading or Motion to Dismiss: In its June 24, 2021 Order (Dkt. No. 69), the Court set October 1, 2021 as the date for Google's responsive pleading. If that response is a motion to dismiss under Fed. R. Civ. P. 12, the Court has already ordered the following briefing & hearing schedule on that motion: Google's Motion to Dismiss: October 1, 2021; Plaintiffs' Opposition: October 29, 2021; Google's Reply: November 19, 2021, and Hearing: December 9, 2021 at 1:30 p.m. (Dkt. No. 69).

b. Anticipated Motions:

Plaintiffs' Position: The Parties have been meeting and conferring on various discovery matters since the initial Rule 26(f) conference held May 4, 2021. Despite these efforts, there remain a number of core discovery disputes which, if unresolved, will require motion practice before Magistrate Judge DeMarchi (*see* Section 8 below). Plaintiffs also anticipate moving for a protective order (*see* Section 6 below) and a motion for class certification (*see* Section 9 below). Plaintiffs may file other motions as appropriate.

Google's Position: As necessary, Google will oppose Plaintiffs' anticipated motion for a protective order and any motion for class certification, and may file motions to compel discovery, a motion for summary judgment, and other motions as appropriate.

**6. AMENDMENT OF PLEADINGS**

Plaintiffs filed their CAC on August 27, 2021 and do not anticipate amending the complaint prior to the Court's ruling on Google's anticipated Motion to Dismiss. A proposed deadline for adding parties appears in the case schedule proposals set forth in Section 18, below.

**7. EVIDENCE PRESERVATION**

The Parties represent that they have taken reasonable and proportionate steps to preserve evidence relevant to this litigation. This includes discussions relating to preservation issues that surfaced in the *Calhoun* action. The Parties have reviewed the Northern District of California Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed generally the preservation of relevant evidence. Two disputes have arisen with respect to evidence preservation:

First, consistent with Magistrate Judge van Keulen's April 30, 2021 Discovery Order in the related case *Calhoun et al. v. Google*, Case No. 5:20-cv-05146-LHK-SVK (Dkt. No. 173), Google has requested that Plaintiffs preserve, as of the time of the complaint, a forensic image of each device (e.g., mobile devices, personal computers, and tablets) they contend has been impacted as a result of Google's conduct alleged in their complaint. Additionally, Google requested that Plaintiffs preserve each such physical device. However, contrary to Plaintiffs' assertion below, Google has not requested that Plaintiffs shelve their devices. Google explained to Plaintiffs that certain of the information they allege Google discloses through the RTB is unique to their devices (e.g., identifiers and data-sharing settings) and thus will allow Google, to the extent possible, to understand how Plaintiffs' accessed Google's services in connection with the allegations in their complaint.

Plaintiffs believe Google's demand for forensic images (and preservation of the physical devices themselves) is unreasonably intrusive and not consistent with the Discovery Order in *Calhoun* because this case relates to Google's disclosure of information in its own possession rather than unauthorized taking of information from the Plaintiffs' devices. Moreover, Google's request is unduly burdensome because it goes far beyond the *Calhoun* order in that Google demands forensic imaging of literally dozens of devices used by 15 Plaintiffs, and worse, requires an unnecessary obligation to "shelve" these devices and acquire replacements – which was neither requested nor

required in *Calhoun*. Google's demand is not proportionate to the needs of this case because it will not result in the discovery of relevant or potentially relevant information. The Plaintiffs are willing to meet and confer on these issues but if an impasse is reached, intend to seek a protective order and/or appropriate direction from Magistrate Judge DeMarchi.

Second, Plaintiffs have requested that Google preserve certain event-level log data beyond Google's standard retention periods. Consistent with Magistrate Judge van Keulen's April 30 Discovery Order in *Calhoun* (Dkt. No. 173), Google informed Plaintiffs that this request would be unduly burdensome, and instead proposed a compromise for preserving relevant log data. The Parties have agreed to continue to meet and confer on this issue, but if an impasse is reached, the Parties will seek appropriate direction from Magistrate Judge DeMarchi.

**8. DISCLOSURES**

The Parties exchanged initial disclosures, as required by Federal Rule of Civil Procedure 26(f), on June 22, 2021. Plaintiffs will provide initial disclosures for additional Plaintiffs named in the Consolidated Amended Complaint by September 8, 2021. Plaintiff also will provide Google with Stored Communication Act consent forms for additional Plaintiffs named in the Consolidated Amended Complaint who have not yet provided such forms by September 8, 2021.

**9. DISCOVERY**

*a. Rule 26(f) Conference:*

Counsel for Google and Plaintiffs in *Hewitt*, the first-filed of these consolidated actions, held their initial discovery planning conference by video on May 4, 2021 and several supplemental conferences thereafter. A proposed discovery plan is included in the case schedule (*see* Section 17 below) and proposed case management order filed herewith.

*b. Proposed Limitations or Modifications*

<u>Google's Position:</u> Google does not anticipate any changes to the default discovery limits. However, Google is willing to stipulate to Plaintiffs collectively serving up to 35 interrogatories on Google in total, as opposed to 25. Google anticipates taking the deposition of each named Plaintiff.

*c. Discovery Taken to Date*

*i. Requests for Production of Documents:*

1. *Plaintiffs' RFPs:* To facilitate preservation discussions, on April 26, 2021, Plaintiffs in the first-filed *Hewitt* action sent Google a letter setting forth the scope of anticipated preservation obligations, and attached a First Set of Requests for Production of Documents, which were deemed served on May 4, 2021 (the date of the Rule 26(f) conference). On May 17, 2021, Plaintiffs served a Second Set of Requests for Production of Documents. Google served responses and objections to Plaintiffs' First and Second Sets of RFPs on June 22, 2021. To date, Google has produced 111 documents, 110 of them public documents. The Parties have been meeting and conferring, diligently and frequently, including as recently as on August 19, 2021, in an effort to resolve Google's objections and identify discovery that can be prioritized at this stage of the litigation. The Parties have continued to meet and confer over critical areas of dispute, which include documents Google has previously produced to the Texas Attorney General (leading a multi-state AG action) in response to Civil Investigative Demands ("CIDs") that contain subject areas that Plaintiffs view as overlapping with or related to the Google RTB. Plaintiffs have not requested the re-production of all of these documents, but rather, the production of a narrowed and prioritized set of Texas AG documents that Plaintiffs contend are responsive to Plaintiffs RFPs.

Google has objected to re-producing those documents, largely on the basis of relevancy as the Texas Attorney General action has a predominantly and materially different scope than Plaintiffs' allegations here, and focuses instead on competition issues. In light of this context, Google proposed a compromise that would provide Plaintiffs with proportional discovery into the CIDs. Google anticipates beginning a rolling production of documents during the week of September 20, 2021.

Plaintiffs point out that the Texas AG action includes privacy allegations and the specific discovery requested relates directly to the issues in this case – including how the RTB system operates. Plaintiffs believe Google's compromise proposal is inadequate because Google refuses to produce documents that are directly relevant to this action. The Parties will continue to meet and confer regarding these issues and, if an impasse is reached, will raise the issue with Magistrate Judge DeMarchi.

2. *Google's RFPs:* On June 8, 2021, Google served its First Set of Requests for Production of Documents. Plaintiffs in the first-filed *Hewitt* action provided responses and objections on July 12, 2021. Additional Plaintiffs named in the CAC will provide responses to Google's First Set of RFPs on or before September 17, 2021. To date, Plaintiffs have produced no documents. The Parties will meet and confer, as necessary, to resolve any disputes concerning these responses.

ii. *Plaintiffs' Third-Party Subpoenas*: Starting on July 1, 2021, Plaintiffs in the first-filed *Hewitt* action served subpoenas on approximately 50 entities that Plaintiffs' expert identified as entities that participate in the Google RTB auction. Plaintiffs' counsel in all three consolidated actions have since been meeting and conferring with these third-party entities and/or their counsel to secure compliance. Several of these entities have already produced an initial tranche of responsive documents. Meet and confer efforts are ongoing.

*d. Protective Order for Confidential Information:*

On June 3, 2021, the Court granted the Parties' stipulated Protective Order addressing confidentiality issues, as well as other issues related to discovery, as modified by the Court. *See* Dkt. No. 59. All Plaintiffs in the consolidated actions have signed and intend to be bound by that Protective Order.

*e. Initial Disclosures*

Plaintiffs plan to submit their initial disclosures pursuant to Federal Rule 26, and in accordance with this Court's orders, by September 8, 2021.

*f. Expert Discovery Order*

On June 3, 2021, the Court granted the Parties' stipulated Order re Expert Discovery. *See* Dkt. No. 58. All Plaintiffs in the consolidated actions intend to be bound by that Order.

*g. ESI Protocol and 502(d) Order:*

The Parties have not yet successfully resolved all issues relating to the ESI Protocol and proposed 502(d) order. On April 19, 2021, Plaintiffs sent Google's counsel a draft proposed ESI protocol and stipulated 502(d) order, which reflected the orders entered by this Court in the related *Calhoun* action. On May 21, 2021, Google proposed significant modifications to both. The Parties

are continuing to meet and confer on this issue; one disputed issue includes Google's preservation of any Google RTB event logs that are particularly relevant to this litigation (as well as efficient ways to sample those logs for relevance and responsiveness). The Parties will continue to meet and confer on these issues over the next two weeks and, if an impasse is reached, will raise the issue with Magistrate Judge DeMarchi.

**10. CLASS ACTIONS**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

Plaintiffs' Additional Statement pursuant to Civil L.R. 16-9(b): This action may proceed under Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (c)(4). Plaintiffs will seek certification of a domestic class of all Google Account Holders who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information. In the Consolidated Amended Complaint, Plaintiffs (which include one minor Plaintiff represented here by their guardian ad litem) plead facts specific to their experiences, *see* CAC ¶¶ 37-68, and also allege that the same harm would be experienced by all similarly-situated Google Account Holders. *Id.* ¶¶ 9-26; 30; 39-42; 64-162]; see also *id.* ¶¶ 330-338(additional class allegations). The case schedule set forth in Section 17, below includes a proposed schedule for Plaintiffs' motion for class certification.

Google's Position: Google disputes that this action can be maintained as a class action and will oppose Plaintiffs' motion for class certification and/or move to deny class certification because Plaintiffs cannot satisfy the requirements of Rule 23.

**11. RELATED CASES**

In its June 24, 2021 Order consolidating these actions (Dkt. No. 69), the Court determined that the consolidated actions are related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal. filed June 2, 2020) and *Calhoun v. Google*, No. 20-CV-05146-LHK (N.D. Cal. filed July 27, 2020) pursuant to Civil Local Rule 3-12(b). The Parties are presently unaware of any other related- or potentially-related actions.

**12. RELIEF**

a. Plaintiffs' Statement

Plaintiffs seek damages, restitution, disgorgement, declaratory relief, injunctive relief, as well as attorneys' fees and costs of suit. Plaintiffs seek damages in excess of $5,000,000 but cannot further determine the amount of damages without discovery.

b. Google's Statement

Google reserves all rights, claims, and defenses available to it under the law, including to seek relief if appropriate. Google denies that Plaintiffs are entitled to any relief whatsoever in connection with the causes of action pled in their Complaint, or that the class alleged in the Complaint can be certified in this case. Google believes it is premature to opine on methods of calculating potential damages.

**13. SETTLEMENT AND ADR**

The Parties have filed their ADR certifications. *See* Dkt. Nos. 64, 65. The Parties would be happy to discuss ADR as the Case Management Conference if requested by the Court, but believe that formal settlement discussions are premature at this stage.

**14. CONSENT TO MAGISTRATE FOR ALL PURPOSES**

The Parties do not consent to have a magistrate judge conduct all further proceedings, including trial or the entry of judgment.

**15. OTHER REFERENCES**

As noted in Section 10 above, this case has been related to the *Brown* and *Calhoun* actions. At this time, the case is not suitable for reference to the JPML or binding arbitration. It is premature to know whether referral to a special master is appropriate. The case has been referred to the Hon. Virginia K. DeMarchi, United States Magistrate Judge, for discovery matters. *See* Dkt. 71.

**16. NARROWING OF ISSUES**

At this time, the Parties are unaware of any issues that can be narrowed by agreement.

**17. EXPEDITED TRIAL PROCEDURE**

Given its complexity, the Parties do not believe this putative class action can be handled on an expedited basis with streamlined procedures.

**18. SCHEDULING**

The Court has already set a schedule on Google's anticipated Rule 12 motion as follows:

| SCHEDULED EVENT | DATE |
|---|---|
| Last day for Google to answer, move, or otherwise respond to the Consolidated Amended Complaint | October 1, 2021 |
| Last day for Plaintiffs' opposition to any Rule 12 motion(s) filed by Google in response to the Consolidated Amended Complaint | October 29, 2021 |
| Last day for Google to file a reply in support of any Rule 12 motion(s) it files in response to the Consolidated Amended Complaint | November 18, 2021 |
| Hearing on any Rule 12 motion(s) filed by Google in response to the Consolidated Amended Complaint | December 9, 2021 at 1:30 p.m. |

The Parties' respective positions on the remaining schedule are set forth below:

| SCHEDULED EVENT | PLAINTIFFS' PROPOSAL | GOOGLE'S PROPOSAL |
|---|---|---|
| Last Day to Amend to Add Parties: | 30 days after Order on Motion to Dismiss | 30 days after Order on Motion to Dismiss |
| Substantial Document Production Completion: | March 25, 2022 | It would be premature for the Court to set this date at this time. |
| Plaintiffs to File Motion for Class Certification: | May 27, 2022 | May 27, 2022 |
| - Opposition Due: | July 1, 2022 | July 22, 2022 |
| - Reply Due: | July 29, 2022 | September 2, 2022 |
| - Hearing on Class Certification: | August 18, 2022 or TBD | September 15, 2022 or TBD |
| Fact Discovery Cut-Off | September 9, 2022 | 90 days after class certification ruling |
| Opening Merits Expert Reports Due: | September 23, 2022 | 30 days after fact discovery cut-off |
| Rebuttal Expert Reports Due: | October 14, 2022 | 45 days after opening merits reports |

| SCHEDULED EVENT | PLAINTIFFS' PROPOSAL | GOOGLE'S PROPOSAL |
|---|---|---|
| Close of Expert Discovery: | October 28, 2022 | 30 days after rebuttal expert reports |
| Rule 56 Motions/*Daubert* Motions: | | |
| - Motions Due: | November 14, 2022 | 60 days after close of expert discovery |
| - Oppositions Due: | December 19, 2022 | 60 days after opening motions |
| - Replies Due: | January 20, 2023 | 30 days after opposition motions |
| - Hearing: | February 16, 2023 or TBD | TBD |
| Jury Trial: | April 3, 2023 | TBD |

**19. TRIAL**

Plaintiffs demanded a jury trial. *See* CAC (Dkt. No. 80). Plaintiffs' trial estimate is 10 trial days, exclusive of jury selection. In light of the early stage of this case, Google cannot presently estimate the length of trial, which will depend on the scope of the case (if any) after the Court's ruling on Google's Rule 12 motion(s), as well as on Plaintiffs' anticipated motion for class certification and Google's anticipated motion for summary judgment.

**20. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

a. Plaintiffs:

Plaintiffs in the first-filed *Hewitt* action filed certifications pursuant to Civil L.R. 3-15 on March 26, 2021. *See* Dkt. No. 3. Additional Plaintiffs named in the Consolidated Amended Complaint will file certifications pursuant to Civil L.R. 3-15 by no later than September 8, 2021.

b. Google:

Google filed its certification pursuant to Civil L.R. 3-15 on April 21, 2021. *See* Dkt. No. 24.

**21. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**22. OTHER MATTERS**

The Parties have no other issues to raise at this time.

**PRITZKER LEVINE LLP**

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)
Bethany Caracuzzo (SBN 190687)
Jonathan K. Levine (SBN 220289)
Caroline C. Corbitt (SBN 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com
bc@pritzkerlevine.com
ccc@pritzkerlevine.com

*Interim Class Counsel*

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley Weaver*
Lesley Weaver (SBN 191305)
Matthew S. Melamed (SBN 260272)
Anne K. Davis (SBN 267909)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mmelamed@bfalaw.com
adavis@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (pro hac vice)
An Truong (pro hac vice)
Eric Johnson (pro hac vice)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**COOLEY LLP**

By: */s/ Jeffrey M. Gutkin*
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
DANIELLE C. PIERRE (SBN 300567)
(dpierre@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel: (415) 693-2000
Fax: (415) 693-2222

*Counsel for Defendant GOOGLE LLC*

**DiCELLO LEVITT GUTZLER LLC**

By: */s/ David A. Straite*
David A. Straite (admitted pro hac vice)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy Keller (admitted pro hac vice)
Adam Levitt (admitted pro hac vice)
James Ulwick (admitted pro hac vice)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
alevitt@dicellolevitt.com
julwick@dicellolevitt.com

**BOTTINI & BOTTINI, INC.**

By: */s/ Francis A. Bottini, Jr.*
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Anne Beste (SBN 326881)
Yury A. Kolesnikov (SBN 271173)
Nicholaus Woltering (SBN 337193)
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com
abeste@bottinilaw.com
ykolesnikov@bottinilaw.com
nwoltering@bottinilaw.com

**COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Nanci E. Nishimura*
Nanci E. Nishimura (SBN 152621)
Brian Danitz (SBN 247403)
Karin B. Swope (admitted pro hac vice)
Noorjahan Rahman (SBN 330572)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel.: (650) 697-6000
Fax: (650) 697-0577
nnishimura@cpmlegal.com
bdanitz@cpmlegal.com
kswope@cpmlegal.com

*Counsel for Plaintiffs and the Proposed Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of September, 2021, at Pacifica, California.

*/s/ Anne K. Davis*
Anne K. Davis

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BENJAMIN HEWITT, et al.

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 21-CV-02155-LHK

**ORDER APPOINTING INTERIM CLASS COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEE**

Re: Dkt. Nos. 67, 75

Before the Court is one motion for appointment as Interim Class Counsel. ECF No. 75. No responses were filed.[1] Having considered the parties' submissions and the factors enumerated in Rule 23(g)(1)(A), the Court hereby appoints Elizabeth C. Pritzker of Pritzker Levine LLP as Interim Class Counsel for Plaintiffs.

The Court further recognizes that this antitrust litigation will require significant resources from Plaintiffs' counsel, who must advance the cost of litigation, including attorneys' and experts'

[1] On June 22, 2021, a motion was filed to appoint Cotchett, Pitre & McCarthy, LLP and Bottini & Bottini, Inc. as interim class counsel. ECF No. 67. On July 16, 2021, Plaintiffs filed the instant motion, which states that the instant motion supersedes the motion to appoint Cotchett, Pitre & McCarthy, LLP and Bottini & Bottini, Inc., which is withdrawn. ECF No. 75 at 1. The Court accordingly DENIES AS MOOT the motion to appoint Cotchett, Pitre & McCarthy, LLP and Bottini & Bottini, Inc. as interim class counsel, ECF No. 67.

fees. Thus, the Court appoints the following attorneys to serve on Plaintiffs' Executive Committee: Lesley E. Weaver of Bleichmar Fonti & Auld LLP; Jason Barnes of Simmons Hanley Conroy LLC; David A. Straite of DiCello Levitt Gutzler LLC; Nanci Nishimura of Cotchett, Pitre & McCarthy, LLP; and Francis A. Bottini, Jr., of Bottini & Bottini, Inc.

In light of the number of attorneys and law firms appointed, and in order to ensure efficiency, the Court adopts the following protocols. Other than the Interim Class Counsel and Plaintiffs' Executive Committee, no other law firms shall work on the instant case without prior approval of the Court. Motions for approval of additional Plaintiffs' counsel shall identify the additional Plaintiffs' counsel and their background, the specific proposed tasks, and why Interim Class Counsel and Plaintiffs' Executive Committee cannot perform these tasks. Interim Class Counsel must obtain Court approval in advance in order to seek reimbursement of the fees for specific work performed by additional Plaintiffs' counsel.

Further, Interim Class Counsel and the Plaintiffs' Executive Committee shall take the following steps to ensure efficiency in representing the putative classes in the instant case. First, as Interim Class Counsel, Elizabeth Pritzker shall review all billing records for all billers every month and strike duplicative or inefficient billing for the class. Second, all billing shall be contemporaneous, meaning that billing for each task shall be recorded within seven days of the task. Third, all billing shall be recorded by task, rather than by block billing. Fourth, only work that has been assigned shall be eligible for compensation. Fifth, all billing by task should be billed in tenth-of-an hour increments. Sixth, Interim Class Counsel and the Plaintiffs' Executive Committee shall impose and enforce limits on the number of lawyers assigned to each task. For expenses, only coach airfare will be reimbursed.

Finally, Interim Class Counsel, the Plaintiffs' Executive Committee, and any additional Plaintiffs' counsel approved by the Court shall not bill time related to fee issues or time spent preparing or reviewing time and expenses. In other words, "fees on fees" are not billable. "Fees are not awarded for fee litigation in common fund cases because, rather than creating or preserving the common fund, the fee litigation actually depletes it." *Kinney v. Int'l Bhd. of Elec. Workers*, 939

United States District Court
Northern District of California

F.2d 690, 694 n.5 (9th Cir. 1991); *accord* 5 Newberg on Class Actions § 15:93 (5th ed. Dec. 2020 update) (collecting cases).

**IT IS SO ORDERED.**

Dated: August 3, 2021

Lucy H. Koh

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BENJAMIN HEWITT, et al.,
Plaintiffs,

v.

GOOGLE LLC,
Defendant.

Case No. 21-CV-02155-LHK

**ORDER GRANTING MOTIONS TO RELATE; CONSOLIDATING CASES; SETTING CASE SCHEDULE**

Re: Dkt. Nos. 36, 42, 49

The Court GRANTS: (1) Meaghan Delahunty, Meaghan Cornelius, and John Kevranian's motion to relate *Delahunty v. Google*, No. 21-CV-03360-LHK (N.D. Cal. filed May 5, 2021), to the above captioned case, ECF No. 36; and (2) Salvatore Toronto's motion to relate *Toronto v. Google*, No. 21-CV-03725-LHK (N.D. Cal. filed May 18, 2021) to the above captioned case and to *Delahunty v. Google*, ECF No. 49. The Court also concludes that *Delahunty v. Google* and *Toronto v. Google* are related to *Brown v. Google*, No. 20-CV-03664-LHK (N.D. Cal. filed June 2, 2020) and *Calhoun v. Google*, No. 20-CV-05146-LHK (N.D. Cal. filed July 27, 2020) pursuant to Civil Local Rule 3-12(b).

United States District Court
Northern District of California

The Court consolidates *Hewitt v. Google*, *Delahunty v. Google*, and *Toronto v. Google*. The Court sets the following deadlines in these consolidated cases:

| | |
|---|---|
| Filing of Motions for Appointment of Interim Lead Plaintiffs' Counsel | Motions: July 16, 2021<br>Oppositions, if any: July 23, 2021<br>Hearing: August 5, 2021 at 1:30 p.m. |
| Filing of Consolidated Class Action Complaint | August 27, 2021 |
| Further Case Management Conference. | September 8, 2021 at 2:00 p.m. |
| Filing of Response, likely a Motion to Dismiss | Motion to Dismiss: October 1, 2021<br>Opposition: October 29, 2021<br>Reply: November 19, 2021<br>Hearing: December 9, 2021 at 1:30 p.m. |

In the instant case, the Court denies as moot Plaintiffs' administrative motion to set a briefing schedule on Rule 42(a) and 23(g) motions, ECF No. 42. Finally, the Court continues the June 30, 2021 Case Management Conference to September 8, 2021 at 2:00 p.m. The parties shall file a joint case management statement by September 1, 2021.

**IT IS SO ORDERED.**

Dated: June 24, 2021

Lucy H. Koh

LUCY H. KOH
United States District Judge

Lesley Weaver (Cal. Bar No.191305)
Matthew S. Melamed (Cal. Bar No. 260272)
Anne K. Davis (Cal. Bar No. 267909)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
**BLEICHMAR FONTI & AULD LLP**
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*mmelamed@bfalaw.com*
*adavis@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

Mitchell M. Breit (*pro hac vice* to be sought)
Jason 'Jay' Barnes (*pro hac vice* to be sought)
An Truong (*pro hac vice* to be sought)
Eric Johnson (*pro hac vice* to be sought)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Caroline C. Corbitt (Cal Bar No. 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

BENJAMIN HEWITT and KIMBERLEY WOODRUFF, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

No. ______________________

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1
II. JURISDICTION, VENUE, AND ASSIGNMENT ..... 10
III. PARTIES ..... 10
IV. FACTUAL ALLEGATIONS ..... 12
A. The Operative Terms of Service Between Google and Google Account Holders Repeatedly and Uniformly Promise that Google Will Not Sell Account Holders' Personal Information to Google RTB Participants ..... 12
1. The Terms of Service Provide That California Law Governs ..... 12
2. The Terms of Service State Google Will Not Sell or Share Personal Information ..... 13
3. The Google Privacy Policy Promises Not to Sell or Share Personal Information ..... 15
4. Google Makes Additional Statements Promising Not to Sell or Share Account Holders' Information ..... 18
a) The Google "Who are Google's Partners" Webpage Promises ..... 19
b) The Google "Personalized Advertising" Webpage Promises ..... 19
c) The Google "We do not sell your personal information to anyone." Webpage Promises ..... 21
d) The Google "Your Privacy is Protected by Responsible Data Practices" Webpage Promises ..... 21
e) Google CEO Sundar Pichai's Promises ..... 23
5. A Summary of Google's Promises ..... 24
B. Google Violates its Promises to Account Holders by Selling Their Personal Information on Google RTB ..... 24
1. The Google RTB Shares Account Holders' Personal Information ..... 29
a) OpenRTB Integration ..... 30
b) Real-Time Bidding Protocol Buffer v.199 ..... 31
c) Authorized Buyers Real-time Bidding Proto ..... 35
d) Infrastructure Options for RTB Bidders (Part 4) ..... 38
2. The Data Google Discloses is Designed to be Personally Identifiable to Google RTB Participants ..... 41
C. Google Sells Account Holders' Private Information ..... 48
1. Plaintiffs Have Identified Hundreds of Companies Who Are Winning

Bidders in Google's Ad Exchange Auctions .......... 50

2. Google's Promises Versus Google's Actions .......... 51

D. Google's Improper Sale of Personal Information Is a Serious Invasion of the Privacy and Is Highly Offensive .......... 55

E. Google Faces Numerous Regulatory and Governmental Agency Investigations for RTB Privacy Concerns .......... 57

F. Google Has Been Unjustly Enriched .......... 60

G. Plaintiffs' Personal Information is Property Under California Law .......... 67

H. Google's False Privacy Promises are Market-Tested .......... 71

I. Fraudulent Concealment and Tolling .......... 73

V. CLASS ACTION ALLEGATIONS .......... 74

VI. COUNTS .......... 76

COUNT ONE: BREACH OF CONTRACT .......... 76

COUNT TWO: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING .......... 78

COUNT THREE: VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL") .......... 82

COUNT FOUR: CALIFORNIA CONSTITUTIONAL INVASION OF PRIVACY .......... 84

COUNT FIVE: INTRUSION UPON SECLUSION .......... 87

COUNT SIX: PUBLICATION OF PRIVATE INFORMATION .......... 88

COUNT SEVEN: BREACH OF CONFIDENCE .......... 89

COUNT EIGHT: VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT .......... 90

COUNT NINE: VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT – UNAUTHORIZED INTERCEPTION, USE, AND DISCLOSURE .......... 93

COUNT TEN: VIOLATION OF THE ECPA WIRETAP ACT – UNAUTHORIZED DISCLOSURE OF ELECTRONIC COMMUNICATIONS BY AN ECS .......... 98

COUNT ELEVEN: VIOLATION OF THE ECPA STORED COMMUNICATIONS ACT – UNAUTHORIZED DISCLOSURE OF ELECTRONIC COMMUNICATIONS BY AN ECS .......... 101

COUNT TWELVE: VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT. 104

VII. PRAYER FOR RELIEF .......... 110

VIII. JURY TRIAL DEMAND .......... 111

## TABLE OF EXHIBITS

| EX. | DOCUMENT DESCRIPTION |
|---|---|
| 1 | Documents Constituting the Relevant Contract from June 28, 2016 to Present |
| 2 | Google Terms of Service dated April 14, 2014 |
| 3 | Google Terms of Service dated Oct. 25, 2017 |
| 4 | Google Terms of Service dated March 31, 2020 |
| 5 | *How our business works*, Google, https://about.google/intl/en_US/how-our-business-works/ (last visited Mar. 26, 2021) |
| 6 | Google Privacy Policy dated June 28, 2016 |
| 7 | Google Privacy Policy dated Aug. 29, 2016 |
| 8 | Google Privacy Policy dated March 1, 2017 |
| 9 | Google Privacy Policy dated April 17, 2017 |
| 10 | Google Privacy Policy dated Oct. 2, 2017 |
| 11 | Google Privacy Policy dated Dec. 18, 2017 |
| 12 | Google Privacy Policy dated May 25, 2018 |
| 13 | Google Privacy Policy dated Jan. 22, 2019 |
| 14 | Google Privacy Policy dated Oct. 15, 2019 |
| 15 | Google Privacy Policy dated Dec. 19, 2019 |
| 16 | Google Privacy Policy dated Mar. 31, 2020 |
| 17 | Google Privacy Policy dated July 1, 2020 |
| 18 | Google Privacy Policy dated Aug. 28, 2020 |
| 19 | Google Privacy Policy dated Sept. 30, 2020 |
| 20 | Google Privacy Policy dated Feb. 4, 2021 |
| 21 | *Who are Google's Partners?*, Google, https://policies.google.com/privacy/google-partners?hl=en-US (last visited Mar. 25, 2021) |
| 22 | *Personalized Advertising*, Google, https://support.google.com/adspolicy/answer/143465 (last visited Mar. 25, 2021) |

| EX. | DOCUMENT DESCRIPTION |
|---|---|
| | |
| 23 | *We do not sell your personal information to anyone*, Google, https://safety.google/intl/en_ca/privacy/ads-and-data/ (last visited Mar. 25, 2021) |
| 24 | *Your privacy is protected by responsible data practices*, Google, https://safety.google/intl/en_us/privacy/data/ (last visited Mar. 25, 2021) |
| 25 | Pichai, Sundar (May 7, 2019), *Google's Sundar Pichai: Privacy Should Not Be a Luxury Good*, The New York Times (emphasis added),<br>available at: https://www.nytimes.com/2019/05/07/opinion/google-sundar-pichai-privacy.html |
| 26 | Google AdWords API: VERTICALS https://developers.google.com/adwords/api/docs/appendix/verticals (last visited Mar. 24, 2021) |
| 27 | Google Example OpenRTB Protobuf for Web video Real-Time Bidding: Pregnancy and Maternity Vertical, https://developers.google.com/authorized-buyers/rtb/request-guide#openrtb-protobuf_6 (last visited January 22, 2021) |
| 28 | Google Example OpenRTB Protobuf for "App native" Real-Time Bidding: OBGYN Vertical, https://developers.google.com/authorized-buyers/rtb/request-guide#openrtb-protobuf_6 (last visited January 22, 2021) |

## I. INTRODUCTION

1. Through its various consumer-facing products and services – and its business advertising and surveillance tools – Google amasses data about billions of people for the purpose of creating detailed dossiers about them in furtherance of targeted advertising. Recognizing that American consumers have significant privacy concerns, however, Google makes two "unequivocal" promises to users who sign up for Google's services: (1) "Google will never sell any personal information to third parties;" and (2) "you get to decide how your information is used."[1] Google also promises that it will not use certain sensitive information for advertising purposes.




2. Google breaks these promises billions of times every day.

3. This Complaint identifies how Google actively sells and shares consumers' personal information with thousands of entities, ranging from advertisers to publishers to hedge funds to political campaigns and even to the government, through its Google Real-Time Bidding system. The personal information that Google sells, shares and uses includes the very sensitive information Google promised it would not use for advertising purposes. These practices are not disclosed to consumers.

4. This case is brought on behalf of all Google account holders whose personal information is sold and disseminated by Google to thousands of companies through Google's proprietary advertising auction process effectuated through real-time bidding ("RTB") auctions.

5. Regulators have described RTB as follows:

> RTB is the process by which the digital ads we see every day are curated. For each ad, an auction takes place milliseconds before it is

---

[1] Pichai, Sundar (May 7, 2019), *Google's Sundar Pichai: Privacy Should Not Be a Luxury Good,* The New York Times, available at https://www.nytimes.com/2019/05/07/pinion/google-sundar-pichai-privacy.html (attached as Exhibit 25).

> shown in an app or browser. The hundreds of participants in these auctions receive sensitive information about the potential recipient of the ad—device identifiers and cookies, location data, IP addresses, and unique demographic and biometric information such as age and gender. Hundreds of potential bidders receive this information, even though only one—the auction winner—will use it to deliver an advertisement.
>
> Few Americans realize that companies are siphoning off and storing that "bidstream" data to compile exhaustive dossiers about them. These dossiers include their web browsing, location, and other data, which are then sold by data brokers to hedge funds, political campaigns, and even to the government without court orders.[2]

6. Google runs the world's largest RTB auction (the "Google RTB"). In the Google RTB, Google solicits participants to bid on sending an ad to a specific individual (the "Target"). Google provides highly specific information about the Target in the Bid Request provided to auction participants, including data that identifies the individual person being targeted through unique identifiers, device identifiers and IP addresses, among other information. The collected data provided about the Target to auction participants is called "Bidstream Data."

7. Auction participants receive the information and compete for ad space to send a message to the Target at a specific price. The winning bidder pays Google for the ad placement with currency. But all auction participants, even those who do not win and those who do not submit a bid, are able to collect Bidstream Data on the Target. Such "non-winning" auction participants include not just auction participants who engage in the RTB process with the intent of competing to fill the ad space, but also pure "Surveillance Participants" – participants that have no interest in filling the ad space but who participate in Google's RTB for the sole purpose of gaining access to the Target's Bidstream Data. Even though they do not bid, the Surveillance Participants' presence drives interest and encourages competitive bids, which increases the reach and profitability of Google RTB.

8. The Google RTB process takes place in fewer than 100 milliseconds, faster than the blink of an eye.

---

[2] Senator Ron Wyden (Oregon), et al. (July 31, 2020), Letter to Hon. Joseph J. Simmons, Chairman of the Federal Trade Commission (FTC) urging FTC investigation of RTB ("Wyden FTC Letter"), available at https://www.wyden.senate.gov/imo/media/doc/073120%20Wyden%20Cassidy%20Led%20FTC%20Investigation%20letter.pdf

9. Google's ability to provide a rich and highly personalized set of Bidstream Data for each Target is unprecedented and is the primary source of Google's massive revenues. Google is a consumer data powerhouse unmatched in human history. Google operates the world's largest search engine (Google.com), web-browser (Chrome), email service (Gmail), Internet video service (YouTube), mobile phone operating system (Android), and mapping service (Google Maps). Google also operates large consumer services in app sales (Google Play), document processing (Google Docs), scheduling (Google Calendars), storage (Google Drive), instant messaging (Google Chat), travel planning (Google Flights), fitness (Google Fit), videoconferencing (Google Meet), payment services (Google Pay), smartphone hardware (Google Pixel), laptop hardware (Chromebooks), and broadcast television (YouTube TV).

10. Through these services, Google surreptitiously observes, collects, and analyzes real-time information about everyone engaging on those platforms. This includes collecting and selling information about activity users could not expect to be sold. Google's purpose is to build massive repositories of the most current information available about the people using its services to sell it to Google's partners. But because transparency about those practices would lead to less user engagement on those platforms, which in turn would impede its ability to maximize targeted ad revenues, Google fails to make accurate, transparent disclosures about those practices to its account holders.

11. Instead, Google promises its account holders privacy and control. Any consumer can sign up for a Google Account by clicking a button assenting to the terms of service that Google has unilaterally drafted. In that contract, Google makes the following promises:

a. "You get to decide how your information is used." Ex. 25 at 1.

b. "We don't sell your personal information to anyone." Ex. 5 at 1.

c. "Advertisers do not pay us for personal information." Ex. 5 at 1.

d. "We don't share information that personally identifies you with advertisers." *E.g.* Ex. 20 at 6.

e. "We also never use … sensitive information like race, religion, or sexual orientation, to personalize ads to you." Ex. 5 at 1.

f. "We don't show you personalized ads based on sensitive categories, such as race, religion, sexual orientation, or health." *E.g.* Ex. 20 at 6.

12. Google does not honor these terms. Without telling its account holders, Google automatically and invisibly sells Bidstream Data about them to thousands of different participants on the Google RTB billions of times every day. The Bidstream Data that Google sells and discloses to thousands of Google RTB participants identifies individual account holders, their devices, and their locations; the specific content of their Internet communications; and even highly personal information about their race, religion, sexual orientation, and health.

13. The Google RTB system may be illustrated as follows:




14. Contrary to Google's promises, Bidstream Data is not anonymized. It includes:

a. A Google ID for each account holder;

b. The account holder's IP address;

c. A cookie-matching service that helps the recipient match the account holder's personal information up with other personal information that the recipient has on the account holder;

d. The account holder's User-Agent information;

e. The Publisher ID of the website in question;

f. The content of the URL for the webpage where the ad will be placed;

g. The account holder's unique device identifier; and

h. "Vertical" interests associated with the bid that include interests relating to race, religion, health, and sexual orientation.

15. The "verticals" included in Bidstream Data sold and disclosed on Google RTB categorize Google's account holders into targetable interests. Google runs algorithms across the massive repositories of data it acquires about account holders and sorts them into more than 5,000 consumer categories (segments) and subcategories (verticals). According to Google's own description of the segments and verticals, these categories include:

a. In the Health segment, verticals include AIDS & HIV, Depression, STDs, and Drug & Alcohol Treatment. Ex. 24 at 14.

b. In the Religion segment, verticals include Buddhism, Christianity, Hinduism, Islam, and Judaism. *Id.* at 21.

c. In the Identity segment, verticals include African-Americans, Jewish Culture, and LGBT. *Id.*

d. In the Finance segment, verticals include Debt Collection and Short-Term Loans and Cash. *Id.* at 11-12.

e. Other verticals include Troubled Relationships, Divorce & Separation, and Bankruptcy. *Id.* at 21.

16. These "verticals" exemplify Google's use of the information it collects about account holders' activities and its ability to take that information and infer personal and sensitive characteristics. Google then packages account holders into narrowly drawn, targetable categories. That is, the Bidstream Data that Google provides to Google RTB participants is drawn from the extensive profile Google has built on the Target. This data set includes information based on Google's distillation of both public and highly private data points and inferences. Google's

Bidstream Data on Targets is so compelling that publishers are incentivized to choose Google RTB over other services to place their messages, and bidders in Google RTB will offer to pay premium dollars for the information. And all participants, including Surveillance Participants, can keep the Bidstream Data for each Target, which encourages Surveillance Participants to participate even if they do not wish to buy the ad space. But the consumers themselves do not even know that these categories exist, let alone that Google has placed them into one of these categories.

17. Data included in Bidstream Data constitutes "personal information" under California law. Google adopts California law in its contract with account holders. California law defines "personal information" to include any "information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household." California law also provides a non-exhaustive list of "personal information," which includes unique personal identifiers, online identifiers, IP addresses, email addresses, account names, characteristics of protected classifications under California or federal law, purchase history or consideration, Internet or other electronic network activity (including browsing history, search history, and information regarding a consumer's interaction with an internet website, application, or advertisement), geolocation data, employment-related information, education information, and "inferences drawn … to create a profile about a consumer reflect the consumer's preferences, characteristics, psychological trends, predispositions, behavior, attitudes, intelligence, abilities, and aptitudes." Cal. Civ. Code § 1798.140(o)(1). Thus, the information Google sells and discloses as part of a Target's Bidstream Data includes personal information under California law.

18. The exchange of Bidstream Data for auction participation constitutes a "sale" of "personal information." California law defines a sale of personal information as "selling, renting, releasing, disclosing, disseminating, making available, transferring, or otherwise communicating … by electronic or other means, a consumer's personal information by the business to another business or a third party for monetary or other valuable consideration." Cal. Civ. Code § 1798.140(t)(1).

19. Google's dissemination and sale of the type of Bidstream Data available in Google RTB violates Google's express contractual promises to its account holders.

20. It also violates laws prohibiting Google from selling account holders' personal and/or sensitive information, including (and especially) when it sells and discloses such information for the purpose of targeting them.

21. Google does not disclose to its account holders its creation and use of massive data sets to profile them specifically (and identifiably) in these auctions, and it cannot plausibly or credibly claim it has account holders' consent for this use of their data and information. None of the categories of information in Bidstream Data are identified in any of the many policies and terms of service Google presents to account holders. Indeed, the success of Google's RTB process is a function, in part, of the fact that account holders – the Targets for ad placements – are unaware that information drawn from their activities wholly unrelated to any bid are incorporated into what is presented to them in targeted ads milliseconds later.

22. "We also never use your emails, documents, photos, or sensitive information like race, religion, or sexual orientation, to personalize ads to you," Google tells account holders. Ex. 5 at 2. But that is precisely what Google does. Google RTB bidders specifically seek to stimulate response in the Target based on the way Google slots the Target into verticals and segments concerning, among other things, the Target's race, religion, and sexual orientation.

23. The breadth of Google's privacy violations is staggering. Plaintiffs engaged an expert, Professor Christo Wilson, to help identify the scope of Google's dissemination of Bidstream Data on individual Targets. Professor Wilson identified 1.3 million separate publishers participating in Google's ad systems. Each of those publishers is a potential recipient of Google RTB Bidstream Data, including the personal information Google tells account holders it will not share.

24. Once a Target's Bidstream Data is disseminated by Google, the data is not recoverable.

25. Because Google account holders are not informed about this dissemination of their personal information – indeed, they are told the opposite – they cannot exercise reasonable

judgment to defend themselves against the insidious, pervasive, and highly personal ways Google has used and continues to use data Google has about them to make money for itself. Nor can account holders exercise reasonable judgment to defend themselves against winning bidders that are targeting them individually, or Surveillance Participants that use Google RTB to build their own data profiles on account holders.

26. In July 2020, Senator Ron Wyden and nine other members of Congress wrote a letter to the Federal Trade Commission explaining the privacy dangers of RTB systems. The letter explained:

> Unregulated data brokers have access to bidstream data and are using it in outrageous ways that violate Americans' privacy. For example, media reports recently revealed that Mobilewalla, a data broker and a buyer of bidstream data, used location and inferred race data to profile participants in recent Black Lives Matter protests. Moreover, Mobilewalla's CEO revealed, in a podcast recorded in 2017, that his company tracked Americans who visited places of worship and then built religious profiles based on that information.
>
> The identity of the companies that are selling bidstream data to Mobilewalla and countless other data brokers remains unknown. However, according to major publishers, companies are participating in RTB auctions solely to siphon off bidstream data, without ever intending to win the auction and deliver an ad. …
>
> Americans never agreed to be tracked and have their sensitive information sold to anyone with a checkbook. … This outrageous privacy violation must be stopped and the companies that are trafficking in Americans' illicitly obtained private data should be shut down.[3]

27. Plaintiffs bring this class action on behalf of themselves and all Google account holders in United States whose personal information was sold or otherwise disclosed by Google without their authorization, and assert claims for breach of contract, violations of statutory and common law, and equitable claims against Google for compensatory damages, including statutory damages where available, unjust enrichment, punitive damages, injunctive relief, and all other remedies permitted by law.

---

[3] Wyden FTC Letter.

## II. JURISDICTION, VENUE, AND ASSIGNMENT

28. This Court has personal jurisdiction over Defendant Google LLC ("Defendant" or "Google") because it is headquartered in this District. Google also concedes personal jurisdiction in its current and prior Google Terms of Service. *See* Exhibits 2 through 4.

29. Venue is proper in this District because Google is headquartered in this District and because its current and prior Terms of Service purport to bind Plaintiffs to bring disputes in this District. *See id.*

30. Assignment of this case to the San Jose Division is proper pursuant to Civil Local Rule 3-2(c)(e) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Santa Clara County, California.

31. This Court has subject matter jurisdiction over the federal claims in this action. *Infra* Counts Nine, Ten, Eleven, and Twelve.

32. This Court has subject matter jurisdiction over this entire action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which the amount in controversy exceeds $5,000,000, and at least one member of the class is a citizen of a state other than the state in which Google maintains its headquarters (California) and in which it is incorporated (Delaware).

33. This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as those that give rise to the federal claims.

## III. PARTIES

34. Plaintiff Benjamin Hewitt is an adult domiciled in California. Plaintiff Hewitt is a Google account holder who has used the Internet, including websites from which Google sold and shared account holder information without authorization, as alleged herein. Plaintiff Hewitt has used the Chrome web browser. In order to become a Google account holder, Plaintiff Hewitt was required to indicate he agreed to uniform conditions drafted and set forth exclusively by Google that govern the relationship between him and Google.

35. Plaintiff Kimberley Woodruff is an adult domiciled in Missouri. Plaintiff Woodruff is a Google account holder who has used the Internet, including websites from which Google sold and shared account holder information without authorization, as alleged herein. Plaintiff Woodruff has used the Chrome web browser. In order to become a Google account holder, Plaintiff Woodruff was required to indicate she agreed to uniform conditions drafted and set forth exclusively by Google that govern the relationship between her and Google.

36. Because of the ubiquity of Google's advertising services to businesses and its surveillance technologies, it is practically impossible for any American to use the Internet without their personal information being subject to Google RTB. As alleged below, nearly 1.3 million different publishers or brokers for publishers are identified by Google as being involved on the supply side in the Google RTB system.

37. On information and belief, like millions of other Americans, Google has sold and shared Plaintiffs' personal information through Google RTB. Plaintiff Hewitt frequently uses Chrome to request, obtain and watch audio-visual materials, including materials from publishers for which he is a subscriber. On information and belief, like millions of Americans, Google has sold and shared information about the video materials Plaintiff Hewitt receives and obtains on Chrome through Google's RTB auctions without his express written consent.

38. Defendant Google is a Delaware Limited Liability Company headquartered at 1600 Amphitheatre Parkway, Mountain View, California, whose membership interests are entirely held by its parent holding company, Alphabet, Inc. ("Alphabet"), headquartered at the same address. Alphabet trades under the stock trading symbols GOOG and GOOGL. Alphabet generates revenues primarily by delivering targeted online advertising through the Google subsidiary. All operations relevant to this complaint are run by Google.

## IV. FACTUAL ALLEGATIONS

### A. The Operative Terms of Service Between Google and Google Account Holders Repeatedly and Uniformly Promise that Google Will Not Sell Account Holders' Personal Information to Google RTB Participants

39. A Google Account gives a user access to Google products.[4] The user, in turn becomes a Google account holder (the "Account Holder").

40. Google requires an Account Holder to indicate they agree to the Google Terms of Service (the "Terms of Service").

41. The Terms of Service are drafted exclusively by Google.

42. Though the Terms of Service at issue are materially identical throughout the Class Period, the manner by which they were presented to persons creating a Google Account shifted slightly over the relevant time period. All versions of the Terms of Service contain the following assertions material to the claims asserted herein:

#### 1. The Terms of Service Provide That California Law Governs

43. At all times relevant to Plaintiffs' allegations, the Terms of Service designated California law as governing law.

44. Google is bound by the California's definition of "personal information."

45. California law defines personal information as "information that identifies, relates to, describes, ***is reasonably capable of being associated with***, or could reasonably be linked, directly or indirectly, with a particular consumer or household." Cal. Civ. Code § 1798.140(o)(1) (emphasis added).

46. California law also provides a non-exhaustive list of information deemed to be personal information: "Personal information includes, but is not limited to, the following if it identifies, relates to, describes, is reasonably capable of being associated with, or could be reasonably linked, directly or indirectly, with a particular consumer or household:

[4] Google Account Help, Create A Google Account, https://support.google.com/accounts/answer/27441?hl=en&ref_topic=3382296.

a. Identifiers such as a real name, alias, postal address, unique personal identifier, online identifier, internet protocol address, email address, account name, social security number, driver's license number, passport number, or other similar identifiers.

b. Any categories of personal information described in subdivision (e) of Section 1798.80.

c. Characteristics of protected classifications under California or federal law.

d. Commercial information, including records of personal property, products or services purchased, obtained, or considered, or other purchasing or consuming histories or tendencies.

e. Biometric information.

f. Internet or other electronic network activity information, including, but not limited to, browsing history, search history, and information regarding a consumer's interaction with an internet website, application, or advertisement.

g. Geolocation data.

h. Audio, electronic, visual, thermal, olfactory, or similar information.

i. Professional or employment-related information.

j. Education information, defined as information that is not publicly available personally identifiable information as defined in the Family Educational Rights and Privacy Act (20 U.S.C. § 1232(g); 34 C.F.R. Part 99).

k. Inferences drawn from any of the information identified in this subdivision to create a profile about a consumer reflecting the consumer's preferences, characteristics, psychological trends, predispositions, behavior, attitudes, intelligence, abilities, and aptitudes."

*Id.* (emphasis added).

**2. The Terms of Service State Google Will Not Sell or Share Personal Information**

47. Since March 31, 2020, the Terms of Service have stated, "You have no obligation to provide any content to our services and you're free to choose the content that you want to provide." Ex. 4 at 5.

48. The second paragraph of the Terms of Service provides:

> These Terms of Service reflect the way Google's business works, the laws that apply to our company, and certain things we've always believed to be true. As a result, these Terms of Service help define Google's relationship with you as you interact with our services. For example, these terms include the following topic headings:
>
> - What you can expect from us, which describes how we provide and develop our services
> - What we expect from you, which establishes certain rules for using our services
> - Content in Google services, which describes the intellectual property rights to the content you find in our services — whether that content belongs to you, Google, or others
> - In case of problems or disagreements, which describes other legal rights you have, and what to expect in case someone violates these terms
>
> Understanding these terms is important because, by using our services, you're agreeing to these terms.

49. The reference and hyperlink to "the way Google's business works" takes the Account Holder to Google's "How our business works" page, thereby incorporating that linked document into the Terms of Service. On the very first page of that linked document, in large type, Google declares: "We don't sell your personal information to anyone." Google also states, "[W]e never sell your personal information to anyone[.]"[5]

> ## We don't sell your personal information to anyone
>
> We use your personal information to make our products more helpful to you. It's how we can autocomplete your searches, get you home faster with Maps, or show you more useful ads based on your interests. But we never sell your personal information to anyone and you can use many of our products without signing in or saving any personal information at all.

50. The "the way Google's business works" page further promises:[6]

a. "Advertisers do not pay us for personal information[.]"

b. "[W]e never share that information with advertisers, unless you ask us to."

[5] Ex. 5 at 1-2.

[6] *Id.* at 1-2.

c. "We also never use your emails, documents, photos, or sensitive information like race, religion, or sexual orientation, to personalize ads to you."

d. "We share reports with our advertisers to help them understand the performance of their ads, but we do so without revealing any of your personal information."

e. "At every point in the process of showing you ads, we keep your personal information protected with industry-leading security technologies."

**3. The Google Privacy Policy Promises Not to Sell or Share Personal Information**

51. Prior to around May 2018, Account Holders who created a Google Account were required to agree to both the Terms of Service and the Google Privacy Policy (the "Privacy Policy").

52. From around May 2018 to present, Account Holders who created a Google Account were required to agree only to the Terms of Service. While Account Holders were not required to agree to the Privacy Policy during this period, the Google Account creation process included a link (see below) to the Privacy Policy as a guide to how Google would "process your information."[7] As described further below, the Privacy Policy during this time contained repeated assurances and representations from Google regarding how Google would process Account Holders' information.




53. From March 31, 2020 to present, the Terms of Service refer to the Privacy Policy, but state that the Privacy Policy is "not part of these terms." Ex. 4 at 1. During this time period, the Terms of Service expressly state that the "Terms of Service reflect the way Google's business

[7] *See, e.g.*, Tom Leeman, *How to create a Google Account*, YouTube (Feb. 2, 2020) https://www.youtube.com/watch?v=ArZpwBl_z10 (at 4:40-4:45).

works [hyperlink].” *Id.* The hyperlink takes an Account Holder to the “How our business works” webpage, thereby incorporating the terms set forth on that webpage into the Terms of Service. Accordingly, as of March 31, 2020, the contract between the Parties consisted of the Terms of Service and the Google “How our business works” webpage (discussed above).

54. Like the Terms of Service, the Privacy Policy made promises to Account Holders throughout the Class Period regarding the protection of their personal information.

55. The Privacy Policy tracks the California statutory definition of “personal information,” defining it as “information that you provide to us which personally identifies you, such as your name, email address, or billing information, ***or other data that can be reasonably linked to such information by Google, such as information we associate with your Google Account***.” *See* Ex. 15 at 28 (emphasis added).

56. The Privacy Policy describes the information it associates with Google Accounts, i.e. “personal information,” to include the following:

> The information we collect includes unique identifiers, browser type and settings, device type and settings, operating system, mobile network information including carrier name and phone number, and application version number. We also collect information about the interaction of your apps, browsers, and devices with our services, including IP address, crash reports, system activity, and the date, time, and referrer URL of your request.

*See*, *e.g.*, *id.* at 2.

57. The document at the “unique identifiers” hyperlink defines a unique identifier as “a string of characters that can be used to uniquely identify a browser, app, or device,” which includes cookies, advertising ids and other unique device identifiers. *See*, *e.g.*, *id.* at 29.

58. Google associates these unique identifiers – cookies, IP addresses, User-Agent information, advertising ids, other unique device identifiers, and browsing history information – with individual accounts that include names, email addresses, geolocation, and all other information Google maintains on individual account holders.

59. But Google expressly assures Account Holders that personal information will not be shared with third parties without Account Holders' consent. Specifically, the Privacy Policy makes the following promises:

a. "We do not share your personal information with companies, organizations, or individuals outside of Google except…[1)] "With your consent;" [3)] "With domain administrators;" [3)] "For external processing"; and [4)] "For legal reasons." *E.g.*, Ex. 6 at 6; Ex. 15 at 11-12. Google has made this promise in the Google Privacy Policy since at least March 1, 2012.

b. "We don't share information that personally identifies you with advertisers[.]" *E.g.*, Ex. 12 at 5; Ex. 15 at 5. Google has made this promise in the Google Privacy Policy since at least May 25, 2018.

c. "We don't show you personalized ads based on sensitive categories, such as race, religion, sexual orientation, or health." *E.g.*, Ex. 12 at 5; Ex. 15 at 5. Google has made this promise in the Google Privacy Policy since at least May 25, 2018.

d. The Google Privacy Policy includes a definition of "sensitive categories" that promises: "We don't use topics or show personalized ads based on sensitive categories like race, religion, sexual orientation, or health. And we require the same from advertisers [hyperlink] that use our services."[8] *E.g.*, Ex. 12 at 21; Ex. 15 at 22. Google has made this promise in the Google Privacy Policy since at least May 25, 2018.

60. Also, since at least May 25, 2018, Google has acknowledged its responsibility to keep users' personal information secure, stating: "When you use our services, you're trusting us with your information. We understand this is a big responsibility and work hard to protect your information[.]" *E.g.*, Ex. 12 at 1; Ex. 15 at 1; Ex. 20 at 1.

61. Where the Privacy Policy mentions sharing information with "partners," it emphasizes and promises that the information shared is *not* personally identifiable:

> We may share non-personally identifiable information publicly and with our partners — like publishers, advertisers, developers, or rights holders. For example, we share information publicly to show trends about the general use of our services. We also allow specific partners to collect information from your browser or device for advertising and measurement purposes using their own cookies or similar technologies.

[8] The words "require the same from advertisers" provide a hyperlink to a separate policy titled "Personalized Advertising" detailed below.

*E.g.*, *id.* at 12.

62. But that provision of the Privacy Policy is not protective of personal information. The provision defines "non-personally identifiable information" as "information that is recorded about users so that it no longer reflects or references an individually-identifiable user." *E.g.*, *id.* at 27. That definition conflicts with California law (as set forth above), as well as the definition Google provides elsewhere in the privacy policy, both of which provide that the data Google associates with individual Account Holders is "personal information," regardless of whether it "no longer reflects or references an individual user," and thus does not qualify as "non-personally identifiable information." *See*, *e.g.*, *id.* at 28.

63. Further, Google's statement that it "allow[s] specific partners to collect information from your browser or device for advertising and measurement purposes using their own cookies or similar technologies" is limited to the "specific partners" listed in the hyperlink. Those "specific partners" are Nielsen, comScore, Integral Ad Science, DoubleVerify, Oracle Data Cloud, Kantar, and RN SSI Group, and Google promises that their use is limited to "non-personally identifiable information." Ex. 21 at 1. In the section identifying these partners, Google repeats the promise, "We don't share information that personally identifies you with our advertising partners[.]" *Id.* at 2.

**4. Google Makes Additional Statements Promising Not to Sell or Share Account Holders' Information**

64. In addition to the contractual promises Google makes to Account Holders, Google makes similar promises elsewhere on its website and in the public sphere. These include but are not be limited to: (1) the "Who are Google's Partners" webpage, (2) the Google "Personalized Advertising" webpage, (3) the "We do not sell your personal information to anyone" webpage, (4) the Google "Your privacy is protected by responsible data practices" webpage, (5) Google CEO Sundar Pichai's statement and testimony before Congress when Google was facing inquiry into its privacy practices, and (6) an op-ed from Google CEO Sundar Pichai that was published in the New York Times.

a) The Google "Who are Google's Partners" Webpage Promises

65. As alleged above, the Privacy Policy states that it "allow[s] specific partners [hyperlink] to collect information from your browser or device for advertising and measurement purposes using their own cookies or similar technologies."

66. The hyperlink for "specific partners" takes an Account Holder to the "Who are Google's Partners" webpage where Google reiterates, "***We don't share information that personally identifies you with our advertising partners***, such as your name or email, unless you ask us to share it." Ex. 21 at 2.

67. The same webpage identifies seven "partners" (Nielsen, comScore, Integral Ad Science, DoubleVerify, Oracle Data Cloud, Kantar, and RN SSI Group) that Google permits to "collect or receive ***non-personally identifiable*** information about your browser or device when you use Google sites or apps." *Id.* at 1. Thus, Google promises its account holders that it does not share personal information with those partners.

68. The webpage fails to disclose, however, that Google sends Account Holder personal information to hundreds of other companies ***not*** identified on this page, and that Google works with nearly 1.3 million different publishers that Google sometimes refers to as partners and with which Google routinely shares Account Holder personal information.

b) The Google "Personalized Advertising" Webpage Promises

69. Under the definition of "sensitive categories", the Privacy Policy provides a hyperlink to an Advertising Policies Help webpage titled "Personalized Advertising." *See*, *e.g.*, Ex. 15 at 22.

70. According to Google, the webpage makes promises applicable to "all Google features using personalized advertising functionality." Ex. 22 at 1.

71. On this webpage, Google repeats its promises about sensitive categories, stating:

a. "Advertisers can't use sensitive interest categories to target ads to users or to promote advertisers' products or services." *Id.* at 2.

b. "Personal hardships: Because we don't want ads to exploit the difficulties or struggles of users, we don't allow categories related to personal hardships." *Id.*

c. "Identity and belief: Because we want ads to reflect a user's interests rather than more personal interpretations of their fundamental identity, we don't allow categories related to identity and belief, some of which could also be used to stigmatize an individual." *Id.*

d. "Sexual interests: Because we understand that sexual experiences and interests are inherently private, we don't allow categories related to sexual interests." *Id.*

72. On the same webpage, under the header "Prohibited Categories," Google promises that "[t]he following sensitive interest categories can't be used by advertisers to target ads to users or to promote advertisers' products or services" (*id.*):

a. Restricted drug terms – "Prescription medications and information about prescription medications, unless the medication and any listed ingredients are only intended for animal use and are not prone to human abuse or other misuse." *Id.* at 3.

b. "Personal hardships – We understand that users don't want to see ads that exploit their personal struggles, difficulties, and hardships, so we don't allow personalized advertising based on these hardships. Such personal hardships include health conditions, treatments, procedures, personal failings, struggles, or traumatic personal experiences. You also can't impose negativity on the user." *Id.*

c. "Health in personalized advertising [including] Physical or mental health conditions, including diseases, sexual health, and chronic health conditions, which are health conditions that require long-term care or management[;] products, services, or procedures to treat or manage chronic health conditions, which includes over-the-counter medications and medical devices[;] any health issues associated with intimate body parts or functions, which includes genital, bowel, or urinary health[;] invasive medical procedures, which includes cosmetic surgery[;] Disabilities, even when content is oriented toward the user's primary caretaker. Examples [include] Treatments for chronic health conditions like diabetes or arthritis, treatments for sexually transmitted diseases, counseling services for mental health issues like depression or anxiety, medical devices for sleep apnea like CPAP machines, over-the-counter medications for yeast infections, [and] information about how to support your autistic child." *Id.*

d. "Relationships in personalized advertising [including] Personal hardships with family, friends, or other interpersonal relationships. Examples [include] divorce services, books about coping with divorce, bereavement products or services, family counseling services[.]" *Id.* at 4.

e. "Sexual orientation in personalized advertising [including] lesbian, gay, bisexual, questioning, or heterosexual orientation[.] Examples [include] information about revealing your homosexuality, gay dating, gay travel, information about bisexuality." *Id.* at 4-5.

f. "Personal race or ethnicity." *Id.* at 5.

g. "Personal religious beliefs." *Id.*

c) <u>The Google "We do not sell your personal information to anyone." Webpage Promises</u>

73. On a Google webpage titled "We do not sell your personal information to anyone," Google promises:

a. "We do not sell your personal information to anyone." Ex. 23 at 1.

b. "Without identifying you personally to advertisers or other third parties, we might use data that includes your searches and location, websites and apps that you've used, videos and ads that you've seen, and basic information that you've given us, such as your age range and gender." *Id.*

c. "We give advertisers data about their ads' performance, but we do so without revealing any of your personal information. At every point in the process of showing you ads, we keep your personal information protected and private." *Id.*

d. "[R]emember, we never share any of this personal information with advertisers." *Id.* at 2.

d) <u>The Google "Your Privacy is Protected by Responsible Data Practices" Webpage Promises</u>

74. On its webpage "Your privacy is protected by responsible data practices," Google promises:[9]

a. "Data plays an important role in making the products and services you use every day more helpful. We are committed to treating that data responsibly and protecting your privacy with strict protocols and innovative privacy technologies." Ex. 24 at 1.

b. "We never sell your personal information, and give you controls over who has access[.]" *Id.* at 2.

c. That it uses "advanced privacy technologies [to] help keep your personal information private." *Id.* at 3.

d. "We are continuously innovating new technologies that protect your private information without impacting your experiences on our products." *Id.*

e. "We use leading anonymization techniques to protect your data while making our services work better for you." *Id.* at 3-4.

f. "Privacy is core to how we build our products, with rigorous privacy standards guiding every stage of product development. Each product and feature adheres to these privacy standards, which are implemented through comprehensive privacy reviews." *Id.* at 4.

[9] https://safety.google/intl/en_us/privacy/data/.

75. Screenshot examples from this webpage are provided below:






e) Google CEO Sundar Pichai's Promises

76. On December 11, 2018, Google CEO Sundar Pichai testified on behalf of Google before Congress and repeated the unequivocal promise, "We do not and would never sell consumer data."[10]

77. On May 7, 2019, Google CEO Sundar Pichai published an opinion piece in the New York Times in which he said the following:[11]

> Many words have been written about privacy over the past year, including in these pages. I believe it's one of the most important topics of our time.
>
> People today are rightly concerned about how their information is used and shared, yet they all define privacy in their own ways. I've seen this firsthand as I talk to people in different parts of the world. To the families using the internet through a shared device, privacy might mean privacy from one another. To the small-business owner who wants to start accepting credit card payments, privacy means keeping customer data secure. To the teenager sharing selfies, privacy could mean the ability to delete that data in the future.
>
> Privacy is personal, which makes it even more vital for companies to give people clear, individual choices around how their data is used. Over the past 20 years, billions of people have trusted Google with questions they wouldn't have asked their closest friends: How do you know if you're in love? Why isn't my baby sleeping? What is this weird rash on my arm? We've worked hard to continually earn that trust by providing accurate answers and keeping your questions private. We've stayed focused on the products and features that make privacy a reality — for everyone.
>
> Our mission compels us to take the same approach to privacy. For us, that means privacy cannot be a luxury good offered only to people who can afford to buy premium products and services. Privacy must be equally available to everyone in the world.
>
> * * *
>
> ***To make privacy real, we give you clear, meaningful choices around your data. All while staying true to two unequivocal policies: that Google will never sell any personal information to third parties; and that you get to decide how your information is used.***

---

[10] *See* Google CEO Sundar Pichai Testifies Before the House Judiciary Committee. December 11, 2018. Available at https://www.c-span.org/video/?455607-1/google-ceo-sundar-pichai-testifies-data-privacy-bias-concerns# (at 1:33:51).

[11] Ex. 25 at 1.

5. A Summary of Google's Promises

78. In sum, Google repeatedly makes the following promises to individuals who sign up for a Google Account:

a. "We don't sell your personal information to anyone." Ex. 5 at 1.

b. "[W]e never sell your personal information to anyone[.]" *Id.*

c. "Advertisers do not pay us for personal information[.]" *Id.*

d. "[W]e never share that information with advertisers, unless you ask us to." *Id.* at 2.

e. "We share reports with our advertisers …, but we do so without revealing any of your personal information." *Id.*

f. "At every point in the process of showing you ads, we keep your personal information protected with industry-leading security technologies." *Id.*

g. "We also never use your … sensitive information like race, religion, or sexual orientation, to personalize ads to you." *Id.* at 1.

h. "We do not and would never sell consumer data." Pichai, *supra* note 10.

i. "We do not share your personal information with companies, organizations, or individuals outside of Google" except in limited circumstances. *See e.g.* Ex. 15 at 11-12.

**B. Google Violates its Promises to Account Holders by Selling Their Personal Information on Google RTB**

79. Google operates the world's largest ad exchange, the Google Ad Exchange, a digital marketplace that facilitates the buying and selling of advertising inventory. Through the RTB auction process on the Google Ad Exchange, Google shares and sells users' personal information with Google RTB participants to solicit bids for the right to display what is essentially a real-time, near-instantaneous advertisement to a specific user.

80. Thus, the Google RTB is an automated auction system where Google Account Holders' personal information is continually siphoned out and sold to hundreds of participants for advertising purposes.

81. Google RTB bidders bid on the "cost per mille" – the cost per one thousand impressions – which is used to measure how many impressions have been made by an ad.

82. The Google RTB process – from the offer of a targeted ad placement based on a specific user's personal information, to the solicitation of bids, to the sale to the highest bidder, to the placement of the winning bidder's ad on the specific user's personal device – takes less than a hundred milliseconds. For perspective, it takes 300 milliseconds to blink an eye. Hence the name "real time bidding."

83. Google RTB is invisible and undisclosed to Account Holders.

84. To understand the many ways in which Google is selling Account Holders' information, and how many companies Google is selling it to, it helps to first understand the ad ecosystem in which these auctions occur.

85. Account Holders' information passes through multiple layers of what is referred to as an "Ad Stack" as the data is re-directed by Google to various third parties.

86. The Ad Stack consists of between three to five layers depending on the ad:

a. The publisher is the website (or entity controlling the website) that has ad space to sell on its website;

b. The supply side platform ("SSP") is an entity that collects Account Holder data to sell and ad space inventory to populate ads targeted to those account holders;

c. The ad exchange organizes auctions between each side of the ad stack;

d. The demand-side platform ("DSP") bids on behalf of advertisers to show ads to specific account holders; and

e. The advertiser purchases ads targeted to specific account holders.

87. In practice, for any single ad placement to a specific user, the Ad Stack may be compressed. For example, a DSP could place an ad for itself, rather than for another advertiser on whose behalf the DSP has been contracted to submit a bid. If a DSP wins an auction on behalf of itself, the DSP is also the advertiser for that particular ad.

88. Likewise, a publisher in one ad auction may be an advertiser in another. For example, *The New York Times* sells ads targeted to specific users on its own websites through this system – and may also pay for ads targeted to users on other websites.

89. Google compresses the Ad Stack in Google RTB because Google controls significant players at the SSP, ad exchange, and DSP layers of the Ad Stack.

90. On the supply side, Google's AdMob is the most popular SSP for apps on iOS and Android, the two dominant mobile operating systems. AdMob creates software development kits ("SDKs") for publishers to incorporate into their apps. AdMob's SDKs serve as the mechanism for exchanging information between ad exchanges (the auction) and the developers. Within an app, AdMob code collects information and shares it with Google through the bidding process. Google purchased AdMob in 2009. Account Holders' phones share information with Google and ad exchanges.

91. According to the company MightySignal, an analytics firm that "provides detailed and accurate mobile data," Google AdMob is currently installed on:

a. 129,273 apps as of February 1, 2021 – or 82 percent of the Monetization SDK market on Apple devices, including 136 of the top 200 apps in Apple iOS products;[12]

b. 1,013,605 apps as of February 1, 2021 – or 97 percent of the Monetization SDK market on Android devices, included 146 of the top 200 apps on Android.[13]

92. Google's Ad Manager is among the most prominent and used SSP for websites and functions just as AdMob does for smartphone and handheld device apps. Publishers install Google's code on their websites, which make requests to Google tied to identifying cookies.

93. After data leaves an Account Holder's device to be exchanged with the website with which the Account Holder is communicating, Google contemporaneously redirects the Account Holder's personal information and the content of the communication being exchanged with the website to the Google RTB, which, in turn, contemporaneously redirects the personal information and contents to hundreds of different participants on the Google RTB. Google RTB participants then consider the personal information of the Account Holder on whose device the ad will be

[12] https://mightysignal.com/sdk/ios/1162/google-admob

[13] https://mightysignal.com/sdk/android/55931/google-admob

displayed, and calculate how much they are willing to bid for that specific Account Holder (i.e. the Target). As explained above, the entire process takes less time than it does to blink an eye.

94. The Google RTB sells approximately 53 percent of all ad exchange transactions.

95. On the demand side, Google also has the world's largest DSP. For example, millions of advertisers contract through Google DoubleClick or Google Ads to target specific users with specific attributes.

96. In the Google RTB process, Google sends bid requests to DSPs from publishers to solicit bids from the DSPs based on the personal information of Account Holders. Thus, Google holds the auction and awards the winning bid.

97. All participants in Google RTB are part of the Bidstream, receiving Google's Bid Request, which is the vehicle through which Google sells and shares Account Holder personal information.

98. As illustrated below, the Bid Request moves from the publisher's website (https://website.com in the illustration), to the SSP, to the ad exchange (Google RTB), which fills out a "Bid Request," which is sent to DSPs, who bid on behalf of advertisers based on the personal information that is provided in the Bid Request.




Data flows in a typical real-time bidding system[14]

99. A concrete example helps illustrate the process. Consider a situation where *The New York Times* reserves advertising space on its property to sell through Google RTB. An Account Holder views a specific page, in this example an article on post-partum depression, by entering the web address in the navigation bar of his or her web browser and hits ENTER. This triggers the web browser to send a GET request (or electronic communication) to *The New York Times*, which, in turn, responds by displaying *The New York Times* article on the Account Holder's device. Common

[14] Bennett Cyphers, *Google Says It Doesn't 'Sell' Your Data. Here's How the Company Shares, Monetizes, and Exploits It.*, Electronic Frontier Foundation (Mar. 19, 2020), https://www.eff.org/deeplinks/2020/03/google-says-it-doesnt-sell-your-data-heres-how-company-shares-monetizes-and.

experience shows that the requested webpage will display in a matter of seconds. But what the Account Holder does not know is that the request to view *The New York Times* article on postpartum depression is also accompanied by a "cookie," which is sent from the Account Holder's web browser to the SSP (recall that an SSP is an entity that collects Account Holder information to sell ad space for targeted advertising). If the SSP is AdMob, which is owned by Google, AdMob matches the cookie to the Account Holder's personal information stored by Google. As one of the preeminent data companies in the world, Google's storage of individuals' personal information is vast and, consequently, its capability to connect cookies to personal information is unprecedented. From Google's vast data store, Google RTB creates a Bid Request – containing the Account Holder's personal information and the content of the specific article that is the subject of the Account Holder's communication. This Bid Request is then sent to DSP participants of the Google RTB (recall that DSPs bid on behalf of advertisers to display targeted ads on available ad space). All Google RTB participants, in turn, can view, collect, and use the information in the Bid Request to determine whether and in what amount they will pay to deliver an ad to the specific Account Holder in question. Bids are submitted and the highest bidder wins the right to place its ad (or its client's ad) on *The New York Times* postpartum depression article that the Account Holder is viewing. This is all done by algorithm and, as set forth above, the entire process takes milliseconds: between the time the Account Holder clicks to access the article and the seconds it takes for the article display, Google RTB has collected, disseminated, and sold the Account Holder's personal information to hundreds of Google RTB participants for the purpose of targeted advertising.

### 1. The Google RTB Shares Account Holders' Personal Information

100. Google publishes several documents in which it explains how Google RTB Bid Requests are structured. Among them are documents titled:

a. OpenRTB Integration;[15]

[15] https://developers.google.com/authorized-buyers/rtb/openrtb-guide

b. Real-Time Bidding Protocol Buffer v.199;[16]

c. Authorized Buyers Real-time Bidding Proto;[17] and

d. Infrastructure Options for RTB Bidders (part 4).[18]

a) OpenRTB Integration

101. OpenRTB Integration provides a chart with "Bid request variables and definitions" involved in Google OpenRTB.

102. The following chart provides a subset of the Bid Request variables that OpenRTB Integration shares with developers:

| CATEGORIES | |
|---|---|
| site | Details about the publisher's website. |
| app | Details about the publisher's app. |
| device | Details about the user's device to which the impression will be delivered. |
| user | Details about the human user of the device; the advertising audience. |
| name | Site or app name. |
| domain | Domain of the site or app. For example, "foo.com". |
| **COMMUNICATIONS CONTENT** | |
| cat | Array of IAB content categories of the site or app. |
| sectioncat | Array of IAB content categories that describe current section of site or app. |
| pagecat | Array of IAB content categories that describe current site or app page or view. |
| page | URL of the page where the impression will be shown. |
| ref | Referrer URL that caused navigation to the current page. |
| publisher | Details about the Publisher object of the site or app. |
| content | Details about the Content within the site or app. |
| keywords | Comma-separated list of keywords about this site or app. |
| content id | ID uniquely identifying the content. |
| episode | Content episode number (typically applies to video content). |
| title | Content title. Video examples: "Search Committee" (television); "A New Hope (movie); or "Endgame" (made for web). Non-video example: "Why an Antarctic Glacier is Melting So Quickly" (Time magazine article). |
| series | Content series. Video examples: "The Office" (television); "Star Wars" (movie); or "Arby 'N' The Chief (made for web). Non-video example: ("Ecocentric") (Time magazine blog). |
| **DEVICE** | |
| dnt | Standard 'Do Not Track' flag as set in the header by the browser. |
| ua | Browser user-agent string. |
| ip | IPv4 address closest to device. |
| geo | Location of the device assumed to be the user's current location defined by a Geo object. |
| didsha1 | Hardwire device ID. |

[16] https://developers.google.com/authorized-buyers/rtb/downloads/realtime-bidding-proto

[17] https://developers.google.com/authorized-buyers/rtb/realtime-bidding-guide

[18] https://cloud.google.com/solutions/infrastructure-options-for-rtb-bidders

| | |
|---|---|
| dpidsha1 | Platform device ID (e.g. Android ID). |
| ipv6 | IPv6 address closest to device. |
| carrier | Carrier or ISP, using exchange curated string names which should be published to bidders a priori. |
| make | Device make (e.g. Apple). |
| model | Device model (e.g. iPhone). |
| os | Device operating system (e.g. iOS). |
| osv | Device operating system version. |
| hwv | Hardware version of the device (e.g. '5S' for iPhone 5S). |
| devicetype | The general type of device. |
| ifa | ID sanctioned for advertiser use in the clear. |
| macsha1 | MAC address of the device. |
| **GEO-LOCATION** | |
| lat | Latitude from -90.0 to 90.0, where negative is south. |
| lon | Longitude from -180.0 to 180.0 where negative is west. |
| country | Country. |
| region | Region. |
| metro | Google metro code; similar to but not exactly Nielson DMAs. |
| city | City using United Nations Code for Trade & Transport. |
| zip | Zip/postal code. |
| type | Source of location data. |
| accuracy | Estimated location accuracy. |
| lastfix | Number of seconds since this geolocation fix was established. |
| **USER** | |
| Id | Exchange-specific id for the user. |
| Buyerid | Buyer-specific ID as mapped by the exchange for the buyer. |
| Gender | Gender as 'M' male, 'F' female, 'O' other. |
| Keywords | Comma-separated list of keywords, interests, or intent. |
| Customdata | Optional feature to pass bidder data set in the exchange's cookie. |
| Geo | Location of the user's home based defined by a Geo object. This is not necessarily their current location. |
| Data | Values for this field are now redacted. Segment.id references the exchange-detected vertical of the page. Segment.value corresponds to the weight of that detected vertical, a higher weight suggesting the page is more relevant for the detected vertical. |

b) <u>Real-Time Bidding Protocol Buffer v.199</u>

103. Real-Time Bidding Protocol Buffer v.199 provides further details. It explains of the protocol buffer, "This is the message that Google uses to request bids" and confirms that the same categories of personal information are sent to bidders as those set forth in the OpenRTB Integration chart (see above).

104. Real-Time Bidding Protocol Buffer v.199 illustrates that the personal information about an Account Holder is the key item for sale based on the order in which the re-directed data is provided from Google to the bidders.

105. As shown in Real-Time Bidding Protocol Buffer v.199, data is shared in the following order:

| | | |
|---|---|---|
| **SPECIFIC REQUEST IDENTIFIER** | | |
| 1 | BidRequest | Unique request id generated by Google. This is 16 bytes long. |
| **"INFORMATION THAT WE KNOW ABOUT THE USER"** | | |
| 2 | IP address | The first 3 bytes of IPv4 or first 6 bytes for IPv6. |
| 3 | Special Treatment | Reasons for special treatment of user data. For example, if the "current request should be treated as child-directed for purposes of the Children's Online Privacy Protection Act." |
| 4 | Google ID | "The Google ID for the user. … This field may be the same as the Google ID returned by the cookie matching service." |
| 5 | Google ID Version | "The version number of the google_user_id. We may sometimes change the mapping from cookie to google_user_id." |
| 6 | Google ID Age | "The time in seconds since the google_user_id was created." |
| 7 | Match Data | "Match data stored for this google_user_id through the cookie matching service. If a match exists, then this field holds the decoded data that was passed in the google_hm parameter." |
| 8 | User-Agent | "A string that identifies the browser and type of device that sent the request." |
| 9 | FLoC | "The value of a cohort ID – a string identifier that is common to a large cohort of users with similar browsing habits. … Experimental feature: may be subject to change." |
| 10 | User Agent Information | "This will be populated with information about the user agent, extracted from the User-Agent header." |
| 11 | Publisher location | The billing address country of the publisher. |
| 12 | End-user location | The user's approximate geographic location. |
| 13 | Zip code | Detected postal code of the user. |
| 14 | Hyperlocal | A hyperlocal targeting location when available. |
| 15 | User verticals | "List of detected user verticals. Currently unused. This field is not populated by default. We recommend that bidders instead store and look up list ids using either google_user_id or hosted-match-data as keys." |
| 16 | User-list | The user list id. |
| **"INFORMATION THAT WE KNOW ABOUT THE WEB PAGE OR MOBILE APP"** | | |
| 17 | Publisher ID | The publisher ID. |
| 18 | Seller network ID | The seller network ID. |
| 19 | Partner ID | ID for the partner that provides this inventory. |
| 20 | URL | The URL of the page with parameters removed. |
| 21 | Bool | Indicates that the request is using semi-transparent branding which means only a truncated version of the request URL provided. |
| 22 | String | An id for the domain of the page that is set when the inventory is anonymous. |
| 23 | String language | Detected user languages based on the language of the webpage. |
| 24 | Detected Verticals | One or more detected verticals for page as determined by Google. |
| 25 | Vertical Weight | Weight for each vertical. |
| 26 | Ordered Verticals | Orders list of detected content verticals. |
| 27 | Content Labels | List of detected content labels. |

| | | |
|---|---|---|
| **AUCTION INFORMATION** | | |
| 28 | Unique ID | A unique ID for the overall query. |
| 29 | Auction type | The type of auction that will be run for this query. |
| **"INFORMATION ABOUT THE DEVICE"** | | |
| 30 | Type | Phone, tablet, desktop, connected TV, game console, or set-top box. |
| 31 | Platform | Examples: Android, iPhone, Palm. |
| 32 | Brand | Examples: Nokia, Samsung. |
| 33 | Model | Examples: N70, Galaxy. |
| 34 | Operating System | Contains the OS version for the platform. |
| 35 | Mobile Carrier | Unique identifier for the mobile carrier. |
| 36 | Screen-width | As measured in pixels. |
| 37 | Screen-height | As measured in pixels. |
| 38 | Screen pixel ration millis | Screen Density |
| 39 | Orientation | Portrait or Landscape |
| **INFORMATION FOR "AD QUERIES COMING FROM MOBILE DEVICES"** | | |
| 40 | Mobile | If true, then this request is coming from a smartphone or tablet. |
| 41 | Mobile App | The identifier of the mobile app or mobile webpage. "If the app was downloaded from the Apple iTunes app store, then this is the app-store id, e.g. 343200656. For Android devices, this is the fully qualified package name, e.g. com.rovio.angrybirds. For Windows devices, it's the App ID, e.g. f15abcde-f6gh-47i0-j3k8-37193817mn3o. For SDK-less requests (mostly from connected TVs), the app ID provided by the publisher directly in the request." |
| 42 | Interstitial | If true, then this is a mobile full screen ad request. |
| 43 | App Category | The IDs of categories to which the current mobile app belongs. |
| 44 | Mobile Optimized | This indicates whether the page is optimized for mobile browsers on high-end phones. |
| 45 | Advertising IDs | This field is used for advertising identifiers for:<br>1) iOS devices (This is called Identifier for Advertising or IDFA, as described at https://support.google.com/authorizedbuyers/answer/3221407);<br>2) Android devices;<br>3) Roku devices;<br>4) Microsoft Xbox devices;<br>5) Amazon devices (i.e. Amazon Fire) |
| 46 | App Name | App names for Android by Google Play and for iOS by App Annie. |
| 47 | App User Rating | Average User rating for the app. |
| 48 | Bidder SDK | Identification of and information about an SDK installed in the publisher's app that the bidder has access to, often because it's the bidder's SDK. |
| 49 | SKAdNetwork | Publisher's SKAdNetwork information to support app installation attribution for iOS 14 and later. |
| **VIDEO INFORMATION** | | |
| 50 | Placement | Where the ad is placed. |
| 51 | URL | The URL of the page that the publisher gives Google to describe the video content, with parameters removed. |
| 52 | Playback Method | How the video ad will be played. |
| 53 | Clickable | Describes whether the video ad is clickable. |
| 54 | Start-Delay | The time in milliseconds from the start of the video when the ad will be displayed. |
| 55 | Ad Duration | The minimum and maximum ad durations. |

| | | |
|---|---|---|
| 56 | Skippable | Whether the publisher allows users to skip the ad. |
| 57 | Protocols | Supported video protocols. |
| 58 | File formats | Supported video file formats. |
| 59 | Companion Ads | Information about companion ad slots shown with the video. |
| 60 | Size | Height and width for the video ad. |
| 61 | Video title | The video title. |
| 62 | Video keywords | A list of keywords describing the video, extracted from the content management system of the video publisher. |

106. The above chart indicates that "User verticals" are among the types of information that have been sold to and shared with Google RTB participants. Verticals pertain to a marketing technique known as "vertical segmentation," and is used to facilitate targeted advertising by identifying users as falling within particular categories, segments, and subcategories. Segments include health, religion, ethnicity, nationality, and sexuality. These categories of information therefore reflect the information that Google knows about each Account Holder's personal characteristics.

107. Google's acknowledged use, disclosure, and sale of a "list of detected user verticals" therefore constitutes a substantial invasion of Account Holders' privacy.

108. Some of the categories used by Google are made available on its developer pages.[19] For example:

a. The People & Society segment includes the following verticals: LGBT, Men's Interests (mature), and Divorce & Separation.

b. The Ethnic & Identity Groups segment includes the following verticals: Africans & Diaspora, African-Americans, Arabs & Middle Easterners, Asians & Diaspora, East Asians & Diaspora, Southeast Asians & Diaspora, Eastern Europeans, Indigenous Peoples, Native Americans, Jewish Culture, Latinos and Latin-Americans, and Western Europeans.

c. The Religion & Belief segment includes the following verticals: Buddhism, Christianity, Hinduism, Islam, Judaism, Scientology, Skeptics & Non-Believers, and Spirituality.

[19] https://developers.google.com/adwords/api/docs/appendix/verticals

d. The Health segment includes the following verticals:

| HEALTH VERTICALS CATEGORIES | | | |
|---|---|---|---|
| Acne & Blem. Treatments | Weight Loss | Aging & Geriatrics | Alzheimer's Disease |
| Cleansing and Detox. | Steroids & PEDs | AIDS & HIV | Allergies |
| Arthritis | Blood Sugar & Diabetes | Cancer | Ear Nose & Throat |
| Eating Disorders | Endocrine Conditions | Thyroid Conditions | GERD & Diges. Disorders |
| Genetic Disorders | Heart & Hypertension | Cholesterol Issues | Infectious Diseases |
| Parasites & Parasitic Dis. | Vaccines & Immunizations | Injury | Neurological Conditions |
| Learn. & Dev. Disabilities | ADD & ADHD | Obesity | Pain Management |
| Headaches & Migraines | Respiratory Conditions | Asthma | Skin Conditions |
| Sleep Disorders | Doctor's Offices | Hospitals & Treat. Centers | Surgery |
| Cosmetic Surgery | Physical Therapy | Men's Health | Mental Health |
| Anxiety & Stress | Counseling Services | Depression | Toxic Sub. & Poisoning |
| Reproductive Health | Birth Control | Infertility | Male Impotence |
| OBGYN | Sex Ed. & Counseling | Sexual Enhancement | STDs |
| Substance Abuse | Drug & Alcohol Testing | Drug & Alc. Treatment | Smoking & Sm. Cessation |

109. Each of these verticals comprise personal information under California law and Google's policies.

c) <u>Authorized Buyers Real-time Bidding Proto</u>

110. Until sometime in February or March 2021, Google's developer tools included "sample bid requests and response," which illustrate how Account Holders' information in verticals are shared and sold through Bid Requests, on a developer page called Authorized Buyers Real-time Bidding Proto. The sample Bid Request for an app banner provides that the following data would be included among the bidstream sent from Google to the authorized bidder:

```
user {
  id: "7T0uAq192ru9Ndd90Pnh73lsY2L"
  data {
    id: "DetectedVerticals"
    name: "DoubleClick"
    segment {
      id: "236"
      value: "0.2"
    }
    segment {
      id: "457"
      value: "0.2"
    }
```

This code tells the bidder that the Account Holder with the id 7T0uAq192ru9Ndd90Pnh73lsY2L is in the "weight loss" (236) and "special and restricted diets" (457) segments.[20]

[20] The complete list of verticals, including both the descriptor (e.g., Weight Loss) and corresponding segment ID (e.g., 236), is available at: https://developers.google.com/adwords/api/docs/appendix/verticals.

111. Another example provided by Google showed an Account Holder with the ID iE0B3ASr55t81Mf8XnJ34W084h8 is in the "Pregnancy and Maternity" vertical:




*See* Exhibit 27.

112. Another exemplar identifies the Account Holder with id 2R2e3G7G096GuMK118NkE67282 is in the vertical "OBGYN":




*See* Exhibit 28.

113. Sometime in February or March 2021, Google removed these exemplars that show the line of code specifying "DetectedVerticals" for Account Holders. On March 14 or 15, 2021, Google also replaced what had previously been labeled as Real-Time Bidding Protocol Buffer

v.198 with v.199 (the latter referenced above in this Complaint). As set forth above, Real-Time Bidding Protocol Buffer v.199 now claims that "User verticals" are unused. *See supra* at ¶ 105, Row 15. This is a distinction without a difference because Real-Time Bidding Protocol Buffer v.199 specifies that Google *does* include "Detected Verticals" for each page or app where the Google RTB auction sales system is in place. *See supra* at ¶ 105, Row 24.

114. Google's statement that "user verticals" are "unused" may simply reflect the fact that the inferred information contained in those verticals has been transferred to the new FLoC value, which Google describes in the Real-Time Bidding Protocol Buffer v.199 as "[t]he value of a cohort ID – a string identifier that is common to a large cohort of users with similar browsing habits." As the Electronic Frontier Foundation detailed in a recent article, "[i]t is highly likely that FLoC will group users" by gender, ethnicity, age, income, mental health and "may also directly reflect visits to websites related to substance abuse, financial hardship, or support for survivors of trauma."[21]

115. Moreover, the "Detected Verticals" still constitute "personal information" under California law because they are inferred data about web-browsing history that Google is selling and from which Google RTB participants can compile and augment their own detailed dossiers about Account Holders. Google still sells and shares these verticals and segments with approved bidders in Google RTB together with Account Holders' Google ID and other identifiers.

[21] Bennett Cyphers, *Google's FLoC Is a Terrible Idea*, Electronic Frontier Foundation (Mar. 3, 2021), https://www.eff.org/deeplinks/2021/03/googles-floc-terrible-idea.

d) Infrastructure Options for RTB Bidders (Part 4)

116. In the article "Infrastructure Options for RTB Bidders (Part 4)" ("Infrastructure Options"), Google notes that a Google RTB bidder may do the following:

## Bidding

A bidder performs the following tasks:

- **User matching**: Identify the (unique) user.
- **Selecting segments**: Retrieve and select the (unique) user's segments and their price.
- **Deciding whether to bid**: Some bids are too expensive, and some ad requests might not match any existing campaigns. A bidder should be able to refuse a bid. This refusal saves processing time and resources.
- **Selecting relevant ads**:** **If the bidder decides to bid then the bidder must also select an ad. Selecting the right ad can improve the odds that a user might click and possibly generate a conversion.
- **Optimizing bids**: A bidder should always try to find the minimum bid price that will still win the auction.
- **Building a bid response**: Using OpenRTB or a custom application, build and return a bid response serialized in protobuf or JSON format. The response should include information such as the ad URL, the bid, and the win URL endpoint that can be called if the bid wins.

117. For "user matching," the article encourages Google RTB participants to collaborate on creating "match tables" that would enable them to sync cookies and identify users across multiple platforms. The article further directs the reader to a hyperlink to learn more about "[h]ow cookie matching works in real-time bidding." As explained below, cookie matching is a Google service that enables Google RTB participants to match cookie identifiers to participants' existing individual profiles.

118. For "selecting segments," Google explains that the Google RTB system can "extract user segments from the (unique) user profile store [hyperlinked], order the segments by price, and filter for the most appropriate segment."

119. The link to "(unique) user profile store," explains that "[t]his store contains (unique) users and their associated information that provide key insights to select a campaign or ad on request. Information can include the (unique) user's attributes your own segments, or segments

imported from third-parties. In RTB, imported segments often include bid price recommendations."[22]

120. The "(unique) user profile store" goes on to explain: "The store is updated frequently based on the (unique) user's interaction with ads, sites they visit, or actions they take. The more information, the better the targeting. You might also want to use third-party data management platforms (DMPs) to enrich your first-party data."

121. Thus, Google's internal documents indicate that in addition to sharing Account Holders' personal information in the Google RTB Bidstream, Google is also grouping Account Holders into targeted advertising segments, which includes sensitive categories related to race, religion and sexual orientation, compiling in-depth personal profiles, and then using those profiles in furtherance of the Google RTB.

122. Independent research has confirmed that Google allows targeted advertising based on sensitive categories. In a 2015 study, researchers created an automated tool called AdFisher to "explore[] how user behaviors, Google's ads, and Ad Settings interact." The researchers started with a group of 500 fresh simulated browser instances. They then sent part of the group to the top 100 websites for substance abuse as listed on Alexa while the remainder acted as a control group and did nothing. Next, the researchers sent both browser groups the Times of India, a content-providing webpage that uses Google for advertising. The ads displayed on the Times of India for both groups were collected and analyzed, to determine whether there was any difference in the outputs shown to the agents. For the substance abuse group, the top three ads shown to them were for an alcohol and drug rehabilitation center called the Watershed Rehab, with these top three ads making an appearance, respectively, 2,276 times, 362 times, and 771 times. The non-substance-abuse group was not shown the Watershed Rehab ads a single time.[23]

---

[22] https://cloud.google.com/solutions/infrastructure-options-for-serving-advertising-workloads#unique_user_profile_store

[23] Amit Datta, Michael Carl Tschantz, and Anupam Datta, Automated Experiments on Ad Privacy Settings, Proceedings on Privacy Enhancing Technologies 2015; 2015 (1):92-112, available at https://www.andrew.cmu.edu/user/danupam/dtd-pets15.pdf. Despite this, the browsers visiting substance abuse websites showed no impact on the "Ad Settings" page that Google makes available to Account Holders for the purported purpose of letting those Account Holders understand inferred

123. Account Holders have no idea that they have been associated with these categories, and no way to prevent being targeted by their association with them. Indeed, the same article reported that despite the obvious, statistically significant return of drug rehabilitation ads for the substance abuse group when compared non-substance abuse group, the Ad Settings page for members of each group were not different. "Thus," the researchers concluded, "information about visits to these websites" – the 100 websites for substance abuse – "is indeed being used to serve ads, but the Ad Settings page does not reflect this use in this case. Rather than providing transparency, in this instance, the ad settings were *opaque* as to the impact of this factor." (emphasis in original).

124. The above study is not an outlier. A 2019 study confirms that data collection and behavioral tracking information is aggregated to derive user interest profiles, which in turn are leveraged by advertising platforms, like Google RTB, to (1) expand their own data profiles on individual users, and (2) to sell more expensive ads that are more specifically targeted. Significantly, the 2019 study noted that Google has unprecedented visibility into users' browsing behavior because it is able to collect and aggregate user information from a vast array of sources, either owned by Google or accessible to Google by virtue of Google's embedded source code.[24] Google can therefore infer user interests to an alarmingly accurate degree.[25]

125. In 2012, researchers at Worchester Polytechnic Institute conducted a focused study of the Google ad network. The study found, among other things, that non-contextual ads were shown related to induced sensitive topics regarding sexual orientation, health, and financial matters. By way of background, contextual ads are those that derive from the content of the webpage that a

---

interests that Google has assigned. The study also showed that browser instances identified as women were 6 times less likely to be shown ads for high-paid executive positions than similarly-situated male browser instances.

[24] Muhammad Ahmad Bashir, et al., Quantity vs Quality: Evaluating User Interest Profiles Using Ad Preference Managers, Network and Distributed Systems Security (NDSS) Symposium 2019 (February 24-27, 2019), available at https://www.ndss-symposium.org/wp-content/uploads/2019/02/ndss2019_04B-5_Bashir_paper.pdf.

[25] Only platforms that can observe users on a given site (i.e. by being directly embedded in the site, or by partnering with another third-party that is embedded[]) can draw such an inference. *Id.*

user is viewing, e.g. shoe ads being displayed on a website selling shoes. Conversely, non-contextual ads have no relation to the webpage content, e.g. ads for mental health treatment on a website selling shoes. Thus, the fact that the 2012 study found that the Google ad network was able to facilitate non-contextual ads related to induced sensitive categories supports the conclusion that sensitive information is being sold by the Google ad network to foster targeted advertising.[26]

126. Account Holder information sold and shared by Google with advertising bidders constitutes personal information as defined by both Google and California law. The information shared by Google through its RTB process is personal information that is reasonably capable of being associated, or that could reasonably be linked, directly or indirectly, with a particular consumer or household. Cal. Civ. Code § 1798.140(o)(1). In fact, it is not only "capable" of being associated but *is being* associated with a particular consumer. That is, after all, the entire purpose of Google RTB.

127. The above studies and examples demonstrate that Google violates its express privacy promises not to share Account Holders' personal information each time it shares and sells their information, including information contained in verticals and segments, with participants in Google's RTB process. Moreover, each time Google shares information in segments concerning health, religion, ethnicity, race, or sexuality, Google violates its express promises to Account Holders that it will never share or sell their sensitive personal information.

### 2. The Data Google Discloses is Designed to be Personally Identifiable to Google RTB Participants

128. Google is not sharing anonymized, non-personally identifiable data to just a few "partners," as Google suggests in one paragraph in its Terms of Service. To the contrary, the data it sells and shares with participants on the Google RTB is tied to unique identifiers that track specific Account Holders across web and physical activity, including where they are, what they are doing, and what they purchase, and draw inferences from that data of the sort derived from and

[26] Craig E. Wills and Can Tartar, Understanding What They Do with What They Know (Short Paper), *WPES'12*, October 15, 2012, available at: https://web.cs.wpi.edu/~cew/papers/wpes12.pdf.

constituting the kinds of sensitive verticals described above. All of this data is tied to unique persistent identifiers.

129. Critically, the data Google sells allows its RTB participants not only to target Account Holders specifically, but also to build from scratch or cross-reference and add to the data that they already have in ***their*** own detailed profiles for Account Holders.

130. For example, Facebook is a frequent bidder in Google RTB and, in addition to the personal information received from Google, Facebook has its own database of account holder names, email addresses, phone numbers, device IDs, likes, interests, and friends.[27] A large data company like Facebook is therefore able to connect the personal information made available by Google RTB to its own existing databases, matching certain of the information in the Account Holder's profile, such as the IP address, to information already in Facebook's possession.

131. The consequence is two-fold.

132. ***First***, Google provides Facebook with personal information that Facebook uses to specifically identify the account holder for the purpose of bidding on an ad in Google's Ad Exchange. Recent reports in *The Wall Street Journal* and *The New York Times* indicate that, in exchange for Google helping Facebook to recognize specific mobile and web users, Facebook agreed to place bids through Google RTB for 90 percent of the users it recognizes and to spend at least $500 million per year on the Google Ad Exchange.[28] Put differently, Google helped Facebook deanonymize its account holders in exchange for at least one half billion dollars.

133. Neither Google nor Facebook denied the existence of the deal or its terms in response to these reports. To the contrary, Google's response hinted that its deal with Facebook was not unique, stating that it is just "one of over 25 partners participating in Open Bidding" inside

---

[27] *See* www.facebook.com/privacy.

[28] Daisuke Wakabayashi and Tiffany Hsu, *Behind a Secret Deal Between Google and Facebook*, The New York Times (Jan. 17, 2021), available at https://www.nytimes.com/2021/01/17/technology/google-facebook-ad-deal-antitrust.html; Ryan Tracy and Jeff Horwitz, Inside the Google-Facebook Ad Deal at the Heart of a Price-Fixing Lawsuit, The Wall Street Journal (Dec. 29, 2020), available at https://www.wsj.com/articles/inside-the-google-facebook-ad-deal-at-the-heart-of-a-price-fixing-lawsuit-11609254758.

the Google Ad Exchange.[29] This significant admission supports the conclusion that Google is selling Account Holders' personal information – presumably to the highest bidder, or perhaps to itself when it sees fit.

134. ***Second***, whether or not Facebook (or another DSP or advertiser) submits a winning bid, participating in the auction facilitates the acquisition and retention of Account Holders' personal information that Google RTB participants can and do use to create or continuously update and augment their own existing user data troves.

135. This is true even for Google RTB participants who are not as large as Facebook and who do not have their own consumer account holders. Google actively assists Google RTB participants in matching Account Holder information made available in a Bid Request to the information those participants already have about specific individuals through a "cookie matching service."

136. According to Google, "[c]ookie matching is a feature that enables" Google RTB participants "to match [their own cookie] – for example, an ID for a user that browsed your website – with a corresponding bidder-specific Google User ID, and construct user lists that can help you make more effective bidding choices."[30] Specifically:

> In the context of digital advertising, Google identifies users with cookies that belong to the `doubleclick.net` domain, and bidders participating in Real-Time Bidding may have their own domain where they identify some set of users they would like to show ads. Cookie Matching enables the bidder to match their cookies with Google's, such that they can determine whether an impression sent in a bid request is associated with one of users being targeted, they will receive either their own cookie data or a bidder-specific Google User ID that is an encrypted form of the `doubleclick.net` cookie in the bid request.
>
> The cookie matching service described in this guide facilitates the creation and maintenance of the association between a bidder's cookie and the Google User ID, and also allows one to populate user lists.

137. Google illustrates how cookie matching works:

[29] Adam Cohen, *AG Paxton's misleading attack on our ad tech business* (Jan. 17, 2021), https://blog.google/outreach-initiatives/public-policy/ag-paxtons-misleading-attack-on-our-ad-tech-business/.

[30] Cookie Matching, https://developers.google.com/authorized-buyers/rtb/cookie-guide.

**Cookie Matching workflow diagram**

This workflow is illustrated by the diagram below, where requests and responses are represented by an arrow, and the data items that accompany them are listed in parentheses.




138. Thus, Google RTB participants are able to match the alphanumeric id of the Google ID shared in the Bid Request with the auction participants' (including Surveillance Participants') own unique cookie identifier for the Account Holder. In other words, even though the Google ID is purportedly anonymous, Google provides participants a key, via cookie matching, to determine exactly who certain Account Holders are. If the Account Holder whose profile is up for bid also has an account id with the participant, cookie matching will not only let the participant know that fact, it will enable the participant to tie the personal information from Google RTB together with data it already has to enhance its profile of the Account Holder.

139. In an indication that Google realizes its cookie matching process violates California law, the Cookie Matching page states a "Key Point" that "the Google User ID will not be specified in the bid request" for "users detected to originate from California," but the bidder will "still receive … hosted match data" to inform bidding.[31]

---

[31] *Id.*

> **Key Point:** For users detected to originate from California, the Google User ID will not be specified in the bid request. You will still receive your hosted match data, which can be used to inform your bidding logic.

140. But this "Key Point" cannot absolve Google. It does not change the fact that Google is disclosing personal information about the Account Holder directly to the "buyer's service." By still providing the "buyer's service" with the "hosted match data," Google is connecting its own Google User ID to the buyer's user id, which is also personal information.

141. Cookie matching permits Google to share and sell Account Holders' personal information with participants ***even when Account Holders take steps to avoid Google's tracking***. By constructing "user lists," which include Account Holders, Google RTB auction participants can reidentify people even when different identifiers are used, purportedly to prevent that kind of targeting.

142. As Google explains to its developers: "Cookie Matching enables the bidder to match their cookies with Google's, such that they can determine whether an impression sent in a bid request is associated with one of users being targeted."[32] And Google explains to developers that the purpose of this is to allow third parties to associate information with Account Holders: "The cookie matching service described in this guide facilitates the creation and maintenance of the association between a bidder's cookie and the Google User ID, and ***also allows one to populate user lists***" (emphasis added).[33]

143. Notably, Google ***encourages*** Google RTB participants to "store" these user lists, inviting them to retain keys to defeat de-identification processes: "We recommend that bidders instead store and look up list ids using either google_user_id or hosted_match_data as keys."[34] That is, ***rather than protecting Account Holders' privacy, Google encourages its partners to invade it.***

---

[32] *Id.*

[33] *Id.*

[34] Real-Time Bidding Protocol Buffer v.202, https://developers.google.com/authorized-buyers/rtb/downloads/realtime-bidding-proto

144. The Google Cookie Matching service is ubiquitous. A 2019 analysis by the web browser Brave showed that a single hour of web browsing resulted in 318 different Google cookie matches with at least 10 different companies participating in RTB auctions.[35]

145. Through Google Cookie Matching and through Google's ubiquitous presence on the Internet, participants in Google RTB are sold and provided with personal information through which they can and do build rich user dossiers based on the vast majority of every Internet Account Holder's browsing history.

146. A 2018 study co-authored by Professor Wilson found that 52 different companies "observe at least 91 percent of an average user's browsing history under reasonable assumptions about information sharing within RTB auctions" and 636 companies "observe at least 50 percent of an average user's impressions."[36]

147. Further, a recent investigation by *The New York Times* reveals how easy it is to tie what Google and others characterize as anonymous pieces of data together to identify a specific person. In an article titled "They Stormed the Capitol. Their Apps Tracked Them," writers Charlie Warzel and Stuart Thompson explain how they were able to identify specific individuals who participated in the attack on the United States Capitol on January 6, 2021 through a database of purportedly "anonymous" information that was provided to them by an industry insider.[37]

148. The article illustrates how an Account Holder's precise movements could be tracked across the country using purportedly anonymous data. For example, one person shown to have been near the Capitol during the attack was Ronnie Vincent from Kentucky. Starting with what the industry deemed anonymous data, *The New York Times* identified Vincent and tracked his specific path to and within Washington D.C.:

---

[35] Dr. Johnny Ryan, RTB Header Bidder Evidence – Explanatory Document, Brave, Inc. (Sept. 2, 2019), https://brave.com/wp-content/uploads/explanatory_note_google_RTB_and_push_pages.pdf

[36] Muhammad Ahmad Bashir and Christo Wilson, "Diffusion of User Tracking Data in the Online Advertising System," Proceedings on Privacy Enhancing Technologies 2018 (4):85-103, at 86, https://www.ccs.neu.edu/home/ahmad/publications/bashir-pets18.pdf.

[37] Warzel, C. and Thompson, S. (Feb. 5, 2021), *They Stormed the Capitol. Their Apps Tracked Them.* The New York Times. https://www.nytimes.com/2021/02/05/opinion/capitol-attack-cellphone-data.html

**The trip to Washington, D.C.**




**The day of the protest**




149. *The New York Times* further reported that, by purchasing data from advertisers, it was "quickly able to match more than 2,000 supposedly anonymous devices in the data set [of people in or around the Capitol on the afternoon of January 6, 2021] with email addresses, birthdays, ethnicities, ages and more."




### C. Google Sells Account Holders' Private Information

150. Google's release, disclosure, dissemination, transfer, and electronic communication of Account Holders' personal information to participants in Google RTB is a sale of personal information for purposes of advertising.

151. The communication of Account Holders' personal information is made by Google in exchange for money and other valuable consideration.

152. The winning bidder pays for Account Holders' personal information.

153. Participants in Google RTB who do not win a bid to place an ad nevertheless receive Account Holders' personal information in exchange for other valuable consideration. This includes their continued participation in Google RTB, *i.e.*, the continued ability to receive, review, retain and bid on Account Holders' personal information.

154. Moreover, even participants that do not submit a bid to advertise directly to an Account Holder still receive access to that Account Holder's personal information via the Google RTB. This is a benefit and encourages them to participate in the auction.

155. All of the data transferred by Google is associated with multiple unique persistent identifiers. After the data leaves an Account Holder's device, it is sent to Google RTB, which entertains bids from SSPs all over the internet as well as bids from Google itself. Those bids are then presented to DSPs (who are acting on behalf of advertisers), also including Google itself. All of these third parties on the Ad Exchange thus have an opportunity to review and analyze the personal information about Account Holders that Google has collected and disseminated through the Bid Request.




156. This directly violates Google's promises to Account Holders that it will not sell their information to advertisers or share the information except in limited circumstances.

### 1. Plaintiffs Have Identified Hundreds of Companies Who Are Winning Bidders in Google's Ad Exchange Auctions

157. There is no transparency in the process that occurs in Google RTB. Indeed, one of the factors motivating recent antitrust investigations into Google is that Ad Stack markets are opaque, Google has a powerful role in multiple layers of the process, and Google has resisted disclosure of how the auctions operate. Plaintiffs' investigation is ongoing and many of these practices are only now coming to light and being analyzed by experts.

158. Regardless, and relevant here, Google does not tell Account Holders which companies are bidding on, and therefore accessing, their personal information, let alone which companies are winning the auctions.

159. To determine the prevalence of Google RTB in the United States, Plaintiffs retained Professor Wilson of the Khoury College of Computer Sciences at Northeastern University. Plaintiffs asked Professor Wilson to identify the raw number of publishers (those websites who are selling ad space on the Google Ad Exchange) that use the Google RTB in the United States.

160. Professor Wilson determined the precise number of publishers in the Google RTB by downloading the data Google publishes at https://storage.googleapis.com/adx-rtb-dictionaries/sellers.json. Professor Wilson determined that 1,298,541 publishers were identified by Google as participating in the Google RTB to sell their ad space. Of the approximately 1.3 million RTB publishers, Professor Wilson determined that only 172,849 (13.31 percent) were publicly disclosed by Google. Google marked the remainder as anonymous.

161. Professor Wilson also researched the scope of the RTB participants who won auctions in an experiment and concluded that there are *at least* 229 different advertisers to whom Google discloses Account Holders' personal information. Among the companies who did not win the auction but to whom Google disclosed Account Holders' personal information were Amazon, Facebook, Twitter, Taboola, Wayfair, Yahoo, and eBay. The list also included hundreds of companies American consumers have likely never heard of. Google solder and shared Account Holder personal information to each of these companies.

162. Professor Wilson's effort to identify these participants through the creation and deployment of massive web-crawling scripts is only necessary because Google is not required to publish such information to American consumers. However, other data protection regimes do require at least some transparency into who is buying Account Holders' personal information. Disclosures and reports from those other jurisdictions indicate that Professor Wilson's report may dramatically underestimate participation in Google RTB and the number of entities to which Google sells user personal information.

163. For example, European law requires Google to identify all companies with which it shares personal data in the European Economic Area. The published list includes 833 companies, including well-known companies like Amazon, Facebook, Twitter, Microsoft (LinkedIn), Netflix, Adobe, Oracle, Salesforce, and eBay, as well as hundreds of little-known companies such as Betgenius, Neustar, and Outbrain.[38]

164. A September 2020 study submitted to the Irish Data Protection Commission estimated that an estimated 13.5 million websites participated in the Google RTB and 2,182 companies directly received Google RTB data.[39]

**2. Google's Promises Versus Google's Actions**

165. The following chart compares Google's promises with its actions:

| What Google Promises | What Google Does |
|---|---|
| "[W]e never share [personal] information with advertisers, unless you ask us to." *How our business works*, Ex. 5 at 1. | Google shares Account Holders' personal information, including information that is tied to Account Holders' unique identifiers, with Google RTB participants for the purpose of targeted advertising. Google does so without Account Holders' consent. |
| "We don't share information that personally identifies you with advertisers[.]" *Google Privacy Policy*, *e.g.*, Ex. 15 at 5; Ex. 20 at 6. | |
| "We do not share your personal information with companies, organizations, or individuals outside of Google except…[1)] With your consent … [3)] With domain | |

[38] https://support.google.com/admanager/answer/9012903

[39] Dr. Johnny Ryan, Submission to the Irish Data Protection Commission, Irish Council for Civil Liberties (Sept. 21, 2020) https://www.iccl.ie/wp-content/uploads/2020/09/1.-Submission-to-Data-Protection-Commissioner.pdf at 16-17.

| | |
|---|---|
| administrators… [3)] For external processing … and [4)] For legal reasons[.]” *Google Privacy Policy*, *e.g.*, Ex. 15 at 11-12; Ex. 20 at 11-12. | |
| “[R]emember, we never share any of this personal information with advertisers.” *We do not sell your personal information to anyone.*, Ex. 23 at 2. | |
| “We don’t sell your personal information to anyone.” *How our business works*, Ex. 5 at 1. | |
| “We don’t share information that personally identifies you with our advertising partners, such as your name or email, unless you ask us to share it.” *Who are Google’s Partners?*, Ex. 21 at 2. | While Google may not directly provide Account Holders’ names or email, Google does share their unique identifiers, provides cookie matching services to assist in identification of Account Holders, and encourages Google RTB participants to store user lists and hashed keys that enables them to reidentify Account Holders whose names and emails are known to participants. |
| “Without identifying you personally to advertisers or other third parties, we might use data that includes your searches and location, websites and apps that you’ve used, videos and ads you’ve seen, and basic information that you’ve given us, such as your age range and gender.” *We do not sell your personal information to anyone.*, Ex. 23 at 1. | |
| “We give advertisers data about their ads’ performance, but we do so without revealing any of your personal information. At every point in the process of showing you ads, we keep your personal information protected and private.” *We do not sell your personal information to anyone.*, Ex. 23 at 1. | Google not only fails to protect personal information, but rather directly provides it to Google RTB participants and enables participants to de-anonymize personal information with cookie matching services. |
| “Privacy is personal, which makes it even more vital for companies to give people clear, individual choices around how their data is used.” *Google’s Sundar Pichai: Privacy Should Not Be a Luxury Good*, Ex. 25 at 1. | Google does not provide Account Holders with clear individual choices about how their data is used; rather, Google provides misinformation and broken promises about user privacy and fails to disclose that Account Holders’ personal information is being sold on Google RTB. |
| “[P]rivacy cannot be a luxury good offered only to people who can afford to buy premium products and services. Privacy must be equally available to everyone in the world.” *Google’s Sundar Pichai: Privacy Should Not Be a Luxury Good*, Ex. 25 at 1. | Google does not make “privacy equally available.” Instead, it targets its own Account Holders, making privacy unavailable to them by subversively revealing their personal information thousands of times per second to millions of Google RTB participants. Only Google and Google RTB participants, not Account Holders, profit. |

| | |
|---|---|
| "To make privacy real, we give you clear, meaningful choices around your data. All while staying true to two unequivocal policies: that Google will never sell any personal information to third parties; and that you get to decide how your information is used." *Google's Sundar Pichai: Privacy Should Not Be a Luxury Good*, Ex. 25 at 1. | Google does not disclose what it is doing with Account Holders' data and gives Account Holders no choice about whether their personal information is sold at the Google RTB auctions. |
| "Advertisers do not pay us for personal information[.]" *How our business works*, Ex. 5 at 1. | Through Google RTB, advertisers in fact do pay Google for advertising the value of which is directly tied to the disclosure of Account Holders' personal information. |
| "We never sell your personal information, and give you controls over who has access." *Your privacy is protected by responsible data practices*, Ex. 24 at 2. | Google sells Account Holders' personal information on Google RTB, a process that is invisible to Account Holders and in which their consent is not solicited prior to sale. |
| "At every point in the process of showing you ads, we keep your personal information protected with industry-leading security technologies." *How our business works*, Ex. 5 at 2. | Google reveals Account Holders' personal information in the Google RTB Bid Requests and provides cookie matching tools that enable participants to match Account Holders' personal information with individual profiles the participants already has. |
| "Privacy is core to how we build our products, with rigorous privacy standards guiding every stage of product development. Each product and feature adheres to these privacy standards, which are implemented through comprehensive privacy reviews." *Your privacy is protected by responsible data practices*, Ex. 24 at 4. | Google's core practice is building Account Holder profiles and monetizing those profiles through, among other things, the Google RTB, where Google sells Account Holders' personal information to facilitate targeted advertising, all the while making false promises of privacy to Account Holders. |
| "We also never use your emails, documents, photos, or sensitive information like race, religion, or sexual orientation, to personalize ads to you." *How our business works*, Ex. 5 at 2. | Google targets Account Holders based on their sensitive information, like race, religion, sexual orientation, and health. Google does this by collecting Account Holders' browsing information to determine whether Account Holders' fall within certain consumer categories, known as verticals and segments. These consumer categories include sensitive categories related to race, religion, sexual orientation, and health. This information is then shared with Google RTB participants to facilitate targeted advertising based on those sensitive categories. Google RTB participants are then able to bid on the ability to serve ads to Account Holders, including the ability to serve personalized ads based on specific sensitive information. |
| "We don't show you personalized ads based on sensitive categories, such as race, religion, sexual orientation, or health." *Google Privacy Policy*, *e.g.,* Ex. 15 at 5; Ex. 20 at 6. | |
| "We don't use topics or show personalized ads based on sensitive categories like race, religion, sexual orientation, or health. And we require the same from advertisers [hyperlink] that use our services." *Google Privacy Policy, e.g.*, Ex. 15 at 22; Ex. 20 at 30. | |

| | |
|---|---|
| "Advertisers can't use sensitive interest categories to target ads to users or to promote advertisers' products or services." *Personalized Advertising*, Ex. 22 at 2. | |
| "Personal hardships: Because we don't want ads to exploit the difficulties or struggles of users, we don't allow categories related to personal hardships." *Personalized Advertising*, Ex. 22 at 2. | Google groups Account Holders into verticals and segments and facilitates targeted advertising based on these verticals and segments, which include those related to personal hardships, like health issues (e.g., depression, eating disorders, infectious diseases, learning & developmental disabilities), financial hardship (e.g., bankruptcy, debt collection & repossession, short-term loans & cash), and difficult interpersonal circumstances (e.g., troubled relationships, divorce & separation). |
| "Identity and belief: Because we want ads to reflect a user's interests rather than more personal interpretations of their fundamental identity, we don't allow categories related to identity and belief, some of which could also be used to stigmatize an individual." *Personalized Advertising*, Ex. 22 at 2. | Google allows advertisers to target messages to Account Holders based on verticals and segments related to identity and belief, including religion (e.g., Judaism, Islam) and identity (e.g., lesbian, gay, bisexual & transgender). |
| "Sexual interests: Because we understand that sexual experiences and interests are inherently private, we don't allow categories related to sexual interests." *Personalized Advertising*, Ex. 22 at 2. | Google allows advertisers to target messages to Account Holders based on verticals and segments related to sexual interests (e.g., sexual enhancement). |

| | |
|---|---|
| "The following sensitive interest categories can't be used by advertisers to target ads to users or promote advertisers' products or services":<br>• "Restricted drug terms … [including] Prescription medications and information about prescription medications";<br>• "Personal hardships … [including] health conditions, treatments, procedures, personal failings, struggles, or traumatic personal experiences";<br>• "Personal health content, which includes: []Physical or mental health conditions, including diseases, sexual health and chronic health conditions, which are health conditions that require long-term care or management[; and] Products, services, or procedures to treat or manage chronic health conditions, which includes over-the-counter medications and medical devices";<br>• "Relationships [including] Personal hardships with family, friends, or other interpersonal relationships";<br>• "Sexual orientation";<br>• "Personal race or ethnicity" and<br>• "Personal religious beliefs"<br>*Personalized Advertising*, Ex. 22 at 2-5. | Google allows advertisers to target messages to Account Holders sorted by Google into verticals and segments related to verticals and segments related to the following categories and examples within each:<br><br><u>Prescription medications</u>: Drugs & Medications<br><u>Personal Hardships & Personal Health Content</u>: AIDS & HIV; Cancer; Eating Disorders; Genetic Disorders; Infectious Diseases; Neurological Conditions; Learning & Developmental Disabilities; Autism Spectrum Disorders; Obesity; Skin Conditions; Counseling Services; Depression; Fertility; Male Impotence; Sexual Enhancement; Sexually Transmitted Diseases; Drug & Alcohol Treatment; Steroids & Performance Enhancing Drugs; Anxiety & Stress; Counseling Services; Drugs & Medications; Troubled Relationships; Divorce & Separation; Bankruptcy; Debt Collection & Repossession; Short-Term Loans & Cash<br><br><u>Sexual Orientation</u>: Lesbian, Gay, Bisexual & Transgender<br><br><u>Race/Ethnicity</u>: African-Americans; Arabs & Middle Easterners; South Asians & Diaspora; Southeast Asians & Pacific Islanders; Eastern Europeans; Native Americans; Jewish Culture; Latinos & Latin-Americans<br><u>Religious Beliefs</u>: Buddhism; Christianity; Hinduism; Islam; Judaism |

### D. Google's Improper Sale of Personal Information Is a Serious Invasion of the Privacy and Is Highly Offensive

166. Article I, § 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." The phrase "and privacy" was added by the "Privacy Initiative" adopted by California voters in 1972.

167. The right to privacy in California's constitution creates a right of action against private entities. The principal purpose of this constitutional right was to protect against unnecessary

information gathering, use and dissemination by public and private entities, including computer-stored and -generated dossiers and cradle-to-grave profiles on every American.

168. In its public statements, Google pays lip service to the need to protect the privacy of Internet communications. For example, on June 6, 2016, a coalition of technology companies and privacy advocates came together to oppose Congressional efforts to expand government surveillance of online activities through the Senate's Intelligence Authorization Act for Fiscal Year 2017 and Senator Cornyn's proposed amendments to the ECPA.

169. The joint letter, signed by the ACLU, Amnesty International and others, was also signed by Google. These organizations and companies argued (correctly) that obtaining sensitive information about Americans' online activities without court oversight was an unacceptable privacy harm because it "would paint an incredibly intimate picture of an individual's life" if it included "browsing history, email metadata, location information, and the exact date and time a person signs in or out of a particular online account."[40]

170. The letter further posited that the proposed online surveillance could "reveal details about a person's political affiliation, medical conditions, religion, substance abuse history, sexual orientation" and even physical movements. The letter concluded that online surveillance raises "civil liberties and human rights concerns."

171. Google has publicly declared that non-consensual electronic surveillance is "dishonest" behavior. For example, Google's Update to its "Enabling Dishonest Behavior Policy" (effective August 11, 2020) restricted advertising for spyware and surveillance technology. The updated policy purports to "prohibit the promotion of products or services that are marketed or targeted with the express purpose of tracking or monitoring another person or their activities without their authorization." Through this amendment, Google explicitly takes the position that nonconsensual surveillance of "browsing history" is "dishonest behavior."[41]

---

[40] June 6, 2016 Joint Letter. Available at http://www.ala.org/advocacy/sites/ala.org.advocacy/files/content/advleg/federallegislation/06-06-16%20Coalition%20Letter%20to%20Senators%20in%20Opposition%20to%20Expansion%20of%20NSL%20Statute%20on%20ECTRs.pdf

[41] https://support.google.com/adspolicy/answer/9726908?hl=en&ref_topic=29265

172. Google has also publicly declared privacy to be a human right. In 2004, in a letter from Google's founders to shareholders at the IPO (included with the Company's S-1 Registration Statement filed with the SEC), Google declared its goal to "improve the lives of as many people as possible."[42] This letter appears today on Google's website on a page touting the company's commitment to be guided by "internationally recognized human rights standards," including specifically the human rights enumerated in three documents: The Universal Declaration of Human Rights (the "Universal Declaration"); the United Nations Guiding Principles on Business and Human Rights (the "UN Principles"); and the Global Network Initiative Principles (the "GNI Principles").

173. These three documents establish that privacy is a human right and a violation of privacy rights is a violation of human rights. The Universal Declaration declares that no one should be subject to arbitrary interference with privacy, and even declares the right to the protection of laws against such interference. Similarly, the UN Guiding Principles for business identify privacy as a human right. The GNI Principles has an entire section dedicated to privacy that begins: "Privacy is a human right and guarantor of human dignity. Privacy is important to maintaining personal security, protecting identity and promoting freedom of expression in the digital age."[43]

174. Finally, although not mentioned on Google's website, in 1992 the United States ratified the International Covenant on Civil and Political Rights, a human rights treaty that guarantees privacy rights in Article 17.

### E. Google Faces Numerous Regulatory and Governmental Agency Investigations for RTB Privacy Concerns

175. In May 2019, the Irish Data Protection Commission opened an investigation into Google RTB after receiving complaints from the Irish Council for Civil Liberties (ICCL) and other groups about the disclosure of personal information in Google RTB. This investigation remains ongoing.

---

[42] https://about.google/intl/ALL_my/human-rights/

[43] https://globalnetworkinitiative.org/gni-principles/

176. The U.K.'s Information Commissioner's Office (ICO) has also opened an investigation into the privacy risks associated with RTB exchanges, including Google RTB. In a June 2019 report published by the ICO, the organization noted the following concerns:[44]

> 1. Processing of non-special category data is taking place unlawfully at the point of collection due to the perception that legitimate interests can be used for placing and/or reading a cookie or other technology . . . .
>
> 6. The profiles created about individuals are extremely detailed and are repeatedly shared among hundreds of organisations for any one bid request, all without the individuals' knowledge.
>
> 7. Thousands of organisations are processing billions of bid requests in the UK each week with (at best) inconsistent application of adequate technical and organisational measures to secure the data in transit and at rest, and with little or no consideration as to the requirements of data protection law about international transfers of personal data.
>
> 8. There are similar inconsistencies about the application of data minimisation and retention controls.
>
> 9. Individuals have no guarantees about the security of their personal data within the ecosystem.

177. The ICO recently announced it would be reopening this investigation after temporarily suspending it to respond to the COVID-19 pandemic.[45] The ICO noted that in response to its ongoing investigation, Google "will remove content categories, and improve its process for auditing counterparties."[46] Despite these vague promises, Google has not stopped disclosing users' personal information.

178. The Belgian Data Protection Commission likewise has opened an investigation into privacy risks on RTB exchanges. In October 2020, the Belgium privacy authority issued an internal report focusing on the online ad auctions and identifying as a core problem, how online-ad bidding

[44] *Update report into adtech and real time bidding*, Information Commissioner's Office, June 20, 2010, https://ico.org.uk/media/about-the-ico/documents/2615156/adtech-real-time-bidding-report-201906-dl191220.pdf.

[45] Simon McDougall, *Adtech - the reform of real time bidding has started and will continue*, Jan. 17, 2020, https://ico.org.uk/about-the-ico/news-and-events/blog-adtech-the-reform-of-real-time-bidding-has-started/.

[46] *Id.*

systems "collect personal data when a user hasn't consented to share it."[47] The report "also took issue with the collection of 'sensitive category' data about users—such as race, sexuality, health status or political leaning—without their consent."[48] This investigation is ongoing.[49]

179. In addition, dozens of complaints have been filed by civil liberties groups against Google and IAB over privacy abuses arising from real-time bidding. The list of countries where these complaints have been filed with governmental regulators includes: Bulgaria, Croatia, Cyprus, the Czech Republic, Estonia, France, Germany, Greece, Hungary, Luxembourg, Malta, Netherlands, Poland, Portugal, Romania, and Spain.[50] Investigations regarding these complaints are ongoing.

180. Further, as detailed above, in a July 2020 letter, Senator Wyden and other members of Congress urged the FTC to examine the privacy dangers of RTB exchanges. The letter explains that "hundreds of participants in these auctions receive sensitive information about the potential recipient of the ad—device identifiers and cookies, location data, IP addresses, and unique demographic and biometric information such as age and gender. Hundreds of potential bidders receive this information, even though only one—the auction winner—will use it to deliver an advertisement." The Congressional letter further cites to Mobilewalla as an example, explaining how Mobilewalla used bidstream data, location, and inferred race data to profile participants in recent Black Lives Matter protests.[51]

---

[47] Patience Haggin and Sam Schechner, *European Regulator Turns Up Heat on Ad Tactics Used by Google and Rivals*, WSJ (Oct. 16, 2020) https://www.wsj.com/articles/european-regulator-turns-up-heat-on-ad-tactics-used-by-google-and-rivals-11602872300.

[48] *Id.*

[49] Natasha Lomas, *Google and IAB adtech targeted with more RTB privacy complaints*, TechCrunch, Dec. 10, 2020, https://techcrunch.com/2020/12/10/google-and-iab-adtech-targeted-in-latest-batch-of-rtb-privacy-complaints/.

[50] https://privacyinternational.org/examples/4349/cso-coalition-files-complaints-against-google-and-iab-member-companies-six-eu-states; https://brave.com/rtb-updates/.

[51] Wyden FTC Letter.

181. This growing list of governmental entities that have opened investigations into the ad exchange process highlights the threat Account Holders face of their personal information being collected through Google RTB.

**F. Google Has Been Unjustly Enriched**

182. Google's $1 trillion business was built entirely on monetizing the value of Internet users' personal information.

183. The value of Plaintiffs' personal information to Google is demonstrated in part by Google's advertisement revenue during the relevant time period. Google reported $146.9 billion in advertising revenue in 2020, $134.8 billion in 2019, $116.3 billion in 2018, $95.4 billion in 2017, and $79.4 billion in 2016.[52] This translates to 83% of Google's total revenues in 2019, 85% in 2018, 86% in 2017 and 88% in 2016.[53] While not all of that value is unjustly derived from the specific information collected by Google here, some portion of it is. Shown graphically below, Google's annual advertising revenue has increased over five hundred percent since 2008.[54]

[52] *2018 Annual Report*, Alphabet Inc. (Feb. 4, 2019), https://www.sec.gov/Archives/edgar/data/1652044/000165204419000004/goog10-kq42018.htm (hereinafter "2018 Annual Report").

[53] 2019 Annual Report, Alphabet Inc. (Feb. 3, 2020), https://www.sec.gov/Archives/edgar/data/1652044/000165204420000008/goog10-k2019.htm (hereinafter "2019 Annual Report"); 2018 Annual Report.

[54] J. Clement, *Advertising revenue of Google from 2001 to 2019*, statista (Feb. 5, 2020), https://www.statista.com/statistics/266249/advertising-revenue-of-google/.




184. The collection of Account Holders' personal information has facilitated the revenues of Google's Network Members' properties, which include ads placed through AdMob, AdSense, DoubleClick AdExchange. Google reported the following revenues from Google Network Members' properties: $21.5 billion in 2019, $20 billion in 2018, $17.6 billion in 2017, and $15.6 billion in 2016.[55] Google reports "strength in both AdMob and AdManager" primarily led to the $2.4 billion increase in Google Network Members' properties revenues from 2017 to 2018.[56]

[55] 2019 Annual Report; 2018 Annual Report.

[56] 2019 Annual Report.

185. The fact of the advertising auctions themselves confirms that the personal information Google sells to RTB participants has economic value. A recent article published by Politico discussed one study that found that Google makes as much as 42 cents for each dollar spent on advertising on its platform.[57]




186. A 2019 study co-authored by Robert J. Shapiro and Siddartha Aneja, titled *Who Owns America's Personal Information and What is it Worth?*, calculated the value of Americans' personal information gathered and used by Google: $15.3 billion in 2016, $18.1 billion in 2017, and $21.5 billion in 2018.[58]

---

[57] Leah Nylen, *Google dominates online adds – and DOJ may be ready to pounce*, Politico (June 4, 2020), https://www.politico.com/news/2020/06/04/google-doj-ads-302576.

[58] Robert Shapiro and Siddhartha Aneja, *Who Owns Americans' Personal Information and What Is It Worth?*, Future Majority (April 2019), *available at* http://www.sonecon.com/docs/studies/Report_on_the_Value_of_Peoples_Personal_Data-Shapiro-Aneja-Future_Majority-March_2019.pdf. Shapiro is a Senior Policy Fellow at the Georgetown University McDonough

**Table 1. The Value of Americans' Personal Information Gathered and Used by Major Internet Platforms, Data Brokers, Credit Card and Healthcare Data Companies 2016-2018 ($ billions)**

| Platform | 2016 | 2017 | 2018 | Increase |
|---|---|---|---|---|
| **Major Internet Platforms** | | | | |
| **Google** | $15,303.6 | $18,132.4 | $21,453.5 | 40.2% |
| **Facebook** | $6,432.4 | $9,344.4 | $11,882.0 | 84.7% |
| **Amazon** | $582.4 | $920.4 | $2,397.2 | 311.6% |
| **Microsoft** | $1,736.8 | $1,944.8 | $2,339.4 | 34.7% |
| **Oath (Verizon)** | $1,830.4 | $1,872.0 | $1,917.8 | 4.8% |
| **Twitter** | $707.2 | $608.4 | $728.2 | 2.9% |
| **Other** | $10,951.2 | $14,180.4 | $17,045.7 | 55.7% |
| **Subtotal** | **$37,544.0** | **$47,002.8** | **$57,763.9** | **53.9%** |
| **Major Data Brokers** | | | | |
| **Axciom** | $804.0 | $824.6 | $1,053.0 | 31.0% |
| **CoreLogic** | $1,755.9 | $1,664.7 | $1,650.5 | - 6.0% |
| **Epsilon** | $2,062.4 | $2,174.3 | $2,080.2 | 0.08% |
| **Equifax** | $1,938.7 | $2,026.9 | $2,066.4 | 6.6% |
| **Experian** | $2,412.5 | $2,597.5 | $3,070.7 | 27.3% |
| **FICO** | $572.9 | $596.6 | $681.4 | 18.9% |
| **Harte-Hanks** | $348.6 | $330.9 | $249.8 | 28.3% |
| **RELX** | $1,910.3 | $1,973.6 | $2,061.9 | 7.9% |
| **Transunion** | $1,452.2 | $1,636.2 | $1,934.3 | 33.2% |
| **Subtotal** | **$13,257.6** | **$13,825.3** | **$14,848.2** | **12.0%** |
| **Credit Card Firms** | | | | |
| **MasterCard** | $1,010.1 | $1,185.4 | $1,418.1 | 40.4% |
| **American Express** | $238.2 | $279.6 | $334.5 | 40.4% |
| **Subtotal** | **$1,248.3** | **$1,465.0** | **$1,752.6** | **40.4%** |
| **Healthcare Data Firm** | | | | |
| **IQVIA** | $443.4 | $1,478.1 | $1,681.5 | 379.2% |
| **TOTAL** | **$52,493.3** | **$63,771.2** | **$76,046.2** | **44.9%** |

School of Business and, among other past positions, served as the U.S. Under-Secretary of Commerce for Economic Affairs under President Clinton.

187. Shapiro and Aneja further predicted that Americans' personal information gathered and used by Google would be worth $30.1 billion in 2020, and $42.2 billion in 2022.

**Table 2. Projected Value of Americans' Personal Information Gathered and Used by Major Internet Platforms, Data Brokers, Credit Card and Healthcare Data Companies 2020 and 2022 ($ billions)**

| Platform | 2018 | 2020 | 2022 |
|---|---|---|---|
| **Major Internet Platforms** | | | |
| **Google** | $21,453.5 | $30,077.2 | $42,167.3 |
| **Facebook** | $11,882.0 | $21,948.6 | $40,543.7 |
| **Amazon** | $2,397.2 | $9,867.1 | $40,613.5 |
| **Microsoft** | $2,339.4 | $3,151.9 | $4,246.6 |
| **Oath (Verizon)** | $1,917.8 | $2,010.4 | $2,107.5 |
| **Twitter** | $728.2 | $749.7 | $771.7 |
| **Other** | $17,045.7 | $26,531.7 | $41,296.8 |
| **Subtotal** | **$57,763.9** | **$94,336.5** | **$171,747.1** |
| **Major Data Brokers** | | | |
| **Axciom** | $1,053.0 | $1,379.1 | $1,806.2 |
| **CoreLogic** | $1,650.5 | $1,551.4 | $1,458.3 |
| **Epsilon** | $2,080.2 | $2,098.2 | $2,116.3 |
| **Equifax** | $2,066.4 | $2,202.5 | $2,347.6 |
| **Experian** | $3,070.7 | $3,908.5 | $4,974.8 |
| **FICO** | $681.4 | $810.5 | $963.9 |
| **Harte-Hanks** | $249.8 | $179.0 | $128.3 |
| **RELX** | $2,061.9 | $2,225.5 | $2,402.2 |
| **Transunion** | $1,934.3 | $2,576.5 | $3,431.8 |
| **Subtotal** | **$14,848.2** | **$16,933.1** | **$19,629.3** |
| **Credit Card Firms** | | | |
| **MasterCard** | $1,418.1 | $1,991.0 | $2,795.3 |
| **American Express** | $334.5 | $469.6 | $659.3 |
| **Subtotal** | **$1,752.6** | **$2,460.6** | **$3,454.5** |
| **Healthcare Data Firm** | | | |
| **IQVIA** | $1,681.5 | $2,177.6 | $2,820.1 |
| **TOTAL** | **$76,046.2** | **$115,907.8** | **$197,651.1** |

188. The intergovernmental economic organization the Organization for Economic Cooperation and Development ("OECD") has issued numerous publications discussing how to value data such as that which is the subject matter of this Complaint. For example, as early as 2013, the OECD published a paper titled "Exploring the Economics of Personal Data: A Survey of Methodologies for Measuring Monetary Value."[59] More recently, the OECD issued a study

[59] *Exploring the Economics of Personal Data: A Survey of Methodologies for Measuring Monetary Value*, OECD Digital Economy Paper No. 220 at 7 (Apr. 2, 2013), http://dx.doi.org/10.1787/5k486qtxldmq-en.

recognizing that data is a key competitive input not only in the digital economy but in all markets: "Big data now represents a core economic asset that can create significant competitive advantage for firms and drive innovation and growth."[60]

189. The Google RTB relies on the disclosure of sufficiently detailed personal information so that bidders can be confident their ads are purchased for the right Account Holders, so that the ads are likelier to be effective. Without personal information, Google RTB would not provide sufficient information for bidders to make an informed bid, and prices for the bids would be lower.

190. There is also a market incentive for companies to participate in an RTB system solely for the purpose of compiling consumer data for further sale, even if those companies have no intention of placing advertisements. This is because mere participation in an RTB enables participants to receive Account Holders' personal information even if they never prevail on, or even submit, a bid. Participants can thus harvest information through an RTB and can resell it to make money.

191. In her book *The Age of Surveillance Capitalism*, Harvard Business School Professor Shoshana Zuboff notes Google's early success monetizing account holder data prompted large corporations like Verizon, AT&T and Comcast to transform their business models from fee for services provided to customers to monetizing their users' data—including user data that is not necessary for product or service use, which she refers to as "behavioral surplus."[61] In essence, Professor Zuboff explains that revenue from user data pervades every economic transaction in the modern economy. These revenues reveal that there is a market for this data. Data generated by users on Google's platform has economic value.

192. While the economic value of user data was discovered and leveraged by corporations who pioneered the methods of its extraction, analysis, and use, user data can also have economic value to user themselves. Market exchanges have sprung up where individual users like

[60] *Supporting Investment in Knowledge Capital, Growth and Innovation*, OECD, at 319 (Oct. 13, 2013), https://www.oecd-ilibrary.org/industry-and-services/supporting-investment-in-knowledge-capital-growth-and-innovation_9789264193307-en.

[61] Shoshana Zuboff, The Age of Surveillance Capitalism 166 (2019).

Plaintiffs herein can sell or monetize their own data. For example, Nielsen Computer and Mobile Panel pays certain users for their data.[62] Facebook has launched apps that pay users for their data directly.[63] Likewise, apps such as Zynn, a TikTok competitor, pay users to sign up and interact with the app.[64]

193. Indeed, Google once paid users to track their online behaviors:

> Google is building an opt-in user panel that will track and analyze people's online behaviors via an extension to its Chrome browser, called Screenwise. Users that install the plug-in will have the websites they visit and the ways in which they interact with them recorded, and they will then be paid with Amazon gift cards worth up to $25 a year in return.[65]

194. There are other markets for users' personal information. One study by content marketing agency Fractl has found that an individual's online identity, including hacked financial accounts, can be sold for $1,200 on the dark web.[66] These rates are assumed to be discounted because they do not operate in competitive markets, but rather, in an illegal marketplace. If a criminal can sell other users' content, the implication is that there is a market for users to sell their own data.

195. As Professors Acquisti, Taylor and Wagman relayed in their 2016 article "The Economics of Privacy," published in the *Journal of Economic Literature*:

> Such vast amounts of collected data have obvious and substantial economic value. Individuals' traits and attributes (such as a person's

---

[62] Kevin Mercadante, *Ten Apps for Selling Your Data for Cash*, Best Wallet Hacks (March 16, 2021), https://wallethacks.com/apps-for-selling-your-data/.

[63] Saheli Roy Choudhury and Ryan Browne, *Facebook pays teens to install an app that could collect all kinds of data*, CNBC (Jan. 30, 2019), https://www.cnbc.com/2019/01/29/Facebook-paying-users-to-install-app-to-collect-data-techcrunch.html

[64] Jacob Kastrenakes, *A New TikTok Clone hit the top of the App Store by Paying users to watch videos*, The Verge (May 29, 2020), https://www.theverge.com/2020/5/29/21274994/zynn-tiktok-clone-pay-watch-videos-kuaishou-bytedance-rival.

[65] Jack Marshall, *Google Pays Users for Browsing Data*, DigiDay (Feb. 10, 2012), https://digiday.com/media/google-pays-users-for-browsing-data/.

[66] Maria LaMagna, *The sad truth about how much your Facebook data is worth on the dark web*, MarketWatch (June 6, 2018), https://www.marketwatch.com/story/spooked-by-the-Google-privacy-violations-this-is-how-much-your-personal-data-is-worth-on-the-dark-web-2018-03-20.

> age, address, gender, income, preferences, and reservation prices, but also her clickthroughs, comments posted online, photos uploaded to social media, and so forth) are increasingly regarded as business assets that can be used to target services or offers, provide relevant advertising, or be traded with other parties.[67]

196. While the exact value of users' personal information in this action will be a matter for expert determination, it is clear that Google has been unjustly enriched by the practices described herein.

### G. Plaintiffs' Personal Information is Property Under California Law

197. Property is the right of any person to possess, use, enjoy, or dispose of a thing, including intangible things such as data or communications.

198. California courts have recognized the lost "property value" of personal information, thus Plaintiffs and Account Holders have a property interest in their own data and personal information.

199. Accordingly, personal information, including websites visited by Plaintiffs and Account Holders, is property under California law.

200. Property includes intangible data, including the very specific data at issue here that Google is taking despite promising Plaintiffs and Account Holders it would not do so—personal information including Internet communications history and personally identifiable information.

201. Recent changes in California law have confirmed that individuals have a property interest in their information. In 2018, California enacted the California Consumer Privacy Act. Among other provisions, the CCPA permits businesses to purchase consumer information from consumers themselves (Cal. Civ. Code § 1798.125(b)(1)) and permits businesses to assess and appraise – *i.e.*, to place a monetary value on – consumer data (Cal. Civ. Code §1798.125(a)(2)).

202. Just last year, Californians passed Proposition 24, the California Privacy Rights Act. In the California General Election Voter Guide, proponents of Proposition 24 made their case for the law by noting specifically that companies use personal information such as a user's location:

[67] Alessandro Acquisti, Curtis Taylor, and Liad Wagman, *The Economics of Privacy*, 54 J. of Econ. Literature 2, at 444 (June 2016), https://www.heinz.cmu.edu/~acquisti/papers/AcquistiTaylorWagman-JEL-2016.pdf.

"Giant corporations make billions buying and selling our personal information – apps, phones, and cars sell your location constantly."[68] Among other things, passage of the CPRA foreclosed the ability of companies like Google to evade the CCPA by contending they were "sharing," and not "selling," users' personal information. Specifically, the CPRA clarified that the provisions protecting users' data apply equally whether defines its activities as "selling" or "sharing" data. CPRA § 9(a); *see id.* § 4(d)(2) (providing that "service providers" have the same data protection obligations as contractors and third parties).

203. Taking Plaintiffs' and Account Holders' personal information without authorization is larceny under California law regardless of whether and to what extent Google monetized the data, and Plaintiffs and Account Holders have a right to disgorgement and/or restitution damages for the value of the stolen data.

204. Plaintiffs and Account Holders have also suffered benefit of the bargain damages, in that Google shared and sold more data than the parties agreed would be permitted. Those benefit of the bargain damages also include, but are not limited to, (i) loss of the promised benefits of their Google experience; (ii) out-of-pocket costs; and (iii) loss of control over property which has marketable value.

205. In addition, when Plaintiffs and Account Holders became Account Holders, they gained access to Google's various services in exchange for agreeing to Terms of Service that Google drafted. Those terms assured them that Google would not share or sell their personal information without authorization. Now that Google has sold the data without authorization, Plaintiffs and Account Holders are entitled to disgorgement of all such ill-gotten gains.

206. Data brokers and online marketers have developed sophisticated schemes for assessing the value of certain kinds of data, as discussed above. Experts in the field have identified specific values to assign to certain kinds of activity.

207. While Plaintiffs and Account Holders largely knew that Google generates revenue from business by selling advertising directed at them, it was a material term of the bargain that

[68] California General Election Voter Guide, Proposition 24.

Plaintiffs' and Account Holders' personal information would not be shared by Google with third parties.

208. Google did not honor the terms of this bargain.

209. When Google shared and sold Plaintiffs' and Account Holders' personal information, it received direct benefits of payments from those authorized bidders that paid for advertisements based on the personal information.

210. As Google shared and sold Plaintiffs' and Account Holders' personal information beyond that to which Plaintiffs and Account Holders had agreed, Plaintiffs and Account Holders were denied the benefit of a Google experience where they were promised the right to determine the terms and scope of their content and personal information sharing and sale. Thus, through Google's sharing of Plaintiffs' and Account Holders' personal information with hundreds of different third parties, Plaintiffs and Account Holders lost benefits.

211. In order to preserve their privacy, Plaintiffs who now understand at least some of Google's violations—and there remains much to be revealed about Google's actual activities—are presented with the choice of: (i) reducing or ending their participation with Google; or (ii) knowingly accepting less privacy than they were promised. Each of these options deprives Plaintiffs and Account Holders of the remaining benefits of their original bargain. There is no option which recovers it. None of it recaptures the data taken in violation of Google's promises.

212. Further, Plaintiffs and Account Holders were denied the benefit of knowledge that their personal information was being shared by Google. Therefore, they were unable to mitigate harms they incurred because of Google's impermissible sharing and sale of their personal information to hundreds of third parties. That is, Google's lack of transparency prevented and still prevents Plaintiffs' and Account Holders' ability to mitigate.

213. Google knew that it was sharing and selling Plaintiffs' and Account Holders' personal information in violation of its express promises. Yet, Google failed to warn Plaintiffs and Account Holders so that they could take steps to attempt to avoid exposing their personal information.

214. Google also knew that it was not possible for Plaintiffs and Account Holders to use Google without Google sharing or selling their personal information.

215. Google avoided costs it should have incurred because of its own actions—particularly the loss of user engagement which would have resulted from transparent disclosure of Google's actions—and transferred those costs to Plaintiffs and Account Holders. Warning users would have chilled Internet engagement as well as discouraged potential new users from joining.

216. Google was thus not only able to evade or defer these costs but to continue to accrue value for the Company and to further benefit from the delay due to the time value of money. Google has thus transferred all the costs imposed by the unauthorized disclosure of users' content and personal information onto Plaintiffs and Account Holders. Google increased the cost to Plaintiffs and Account Holders of mitigating such unauthorized disclosures by failing to notify them that their personal information had been disclosed so that they could take steps to minimize their exposure on the browser.

217. In addition, Plaintiffs and Account Holders have also suffered from the diminished loss of use of their own personal information, property which has both personal and economic value to them.

218. Plaintiffs' and Account Holders' personal information has value. First, there is transactional, or barter, value to user content and personal information. Indeed, Google has sold the data to other companies – all the while promising users that it would not do so.

219. Second, Plaintiffs' and Account Holders' property, which has economic value, was taken from them without their consent and in contradiction of Google's express promise not to share or sell it to others. There is a market for this data, and it has at minimum a value greater than zero.

220. Plaintiffs and Account Holders were harmed when Google took their property under false pretenses and exerted exclusive control over it, sharing it with and selling it to others without Plaintiffs' and Account Holders' knowledge or authorization.

### H. Google's False Privacy Promises are Market-Tested

221. Public polling on Internet tracking has consistently revealed that the overwhelming majority of Americans – 93% – believe it is important or very important to be "in control of who can get information" about them; to not be tracked without their consent; and to be in "control[] of what information is collected about [them]."[69]

222. Google has conducted its own research on the topic and understands that consumers are more likely to trust an Internet company when they believe the company has told them everything about its business practices and when the consumers believe they have control over how the Internet company uses their information.

223. In 2016, Google researcher Martin Ortlieb explained the following in a published research paper titled "Sensitivity of personal data items in different online contexts":[70]

a. "[I]nternet users are reluctant to share personal data items if it is not consciously perceived to be necessary to the primary function of the service;"

b. If the outcome of their Internet activity "can be achieved by sharing only the mandatory data required for that interaction, they do not want to share more."

c. For search providers, like Google, "users do not see a reason, or reasons, for sharing personal data items with a search provider as readily as with social networks and online retailers."

d. "In general, Internet users prefer to keep their online engagement separate – or at least separable – to their real world identity. In other words, they want to keep their personal identity and their virtual identities as disconnected as possible."

e. "Providing re-assurances on the security and secondary use of personal data can help allay these fears."

f. "[A]llowing users control over their digital identity will be key to engaging them at a deeper level."

---

[69] https://www.pewresearch.org/internet/2015/05/20/americans-views-about-data-collection-and-security/

[70] Martin Ortlieb and Ryan Garner, *Sensitivity of personal data items in different online contexts*, De Gruyter Oldenbourg (June 3, 2016) available at https://www.degruyter.com/document/doi/10.1515/itit-2016-0016/html (Last Visited Feb. 1, 2021).

g. "Data collected passively – which we have called internet behavior and account linkage in this word – are regarded as highly sensitive in all context scenarios."

h. "[I]f online service providers are collecting data passively they have to be aware that users of their service will consider such data sensitive as privacy concerns become more of a conscious consideration."

i. "The biggest factor reducing the level of data sensitivity in each context scenario is trust."

j. "Trust, when it comes to sharing personal data items, can be generated through positive outcomes (relevant with clear benefits), transparency (no surprises through clear communication), and control (allowing the user to have a say in how and by whom their data is used)."

224. In another paper, Google researchers explained:[71]

> In order to increase users' comfort, . . . first-party companies should adopt more comprehensive communication strategies based on a greater transparency (i.e., what and how data is used or shared), provide more control over the data access to users (e.g., through intuitive settings and an opt-in approach) and clarify the extent of data anonymization before it is being shared.

225. In yet another paper, Google researchers explained:[72]

a. Previous research "has shown that people are more likely to share information if they feel that they have overview knowledge of personal data and are able to act on data controls."

b. "If trust is established through such means, users are ready to share more online and vice versa."

c. "The simple display of all personal data and eventual behavioral traces available can be an overwhelming and anxiety producing experience for users."

d. "Essentially, no one likes to be out of control, so as soon as this becomes apparent or is perceived, users will either execute control or go to places where they have these options."

[71] Igor Bilogrevic and Martin Ortlieb, *"If You Put All The Pieces Together…" – Attitudes Towards Data Combination and Sharing Across Services and Companies*, CHI Conference on Human Factors in Computing Systems (May 2016), available at https://dl.acm.org/doi/pdf/10.1145/2858036.2858432 (Last Visited Feb. 1, 2021).

[72] Martin Ortlieb, et al., *Trust, Transparency & Control in Inferred User Interest Models*, CHI Extended Abstracts on Human Factors in Computing Systems (April 2014).

e. "Recent research also shows that technologies that make individuals feel more in control over the release of personal information may have the unintended consequence of eliciting greater disclosure of sensitive information."

f. "The concept of trust is an extensively studied concept. . . . [T]rust is a social mechanism for reducing complexity. Transposing this to the world of products we could argue that the cumulative experience with a product or brand leads to confidence. In the realm of online services this could mean confidence in a company's practices such as never selling personal data to any third party."

226. Google's research into the value of trust highlights its knowledge of the importance of deceiving Account Holders by giving them the illusion of safety and control over their own data. Google's privacy disclosures reflect this market research by providing Account Holders information to put them at ease. But, as alleged herein, the privacy disclosures are contradicted by the Company's practices.

**I. Fraudulent Concealment and Tolling**

227. All applicable statutes of limitation have been tolled by Google's knowing and active fraudulent concealment and denial of the facts alleged herein through the time period relevant to this action.

228. Plaintiffs and Account Holders were not informed anywhere in the Terms of Service that Google's advertising services would disclose their personal information; that Google has used their personal information to associate them into verticals and segments that it discloses in the RTB bidding process and/or makes available to participants in that process; that Google enables participants to re-identify Plaintiffs and Account Holders by saving and storing keys that reassociate Plaintiffs' and Account Holders' unique identifiers across platforms and devices; or that Google provides Google RTB participants with cookies that enable them to match information provided by Google during the RTB bidding process with information the participants already have on individuals, including their names and email addresses.

229. Google chooses not to disclose this information precisely because doing so might chill user engagement.

230. Google continues to conceal this information.

231. An average consumer could not reasonably be expected to know or understand how Google is using their data. The developer pages cited herein, while available on the web, are not easily understandable to the average person, and even they do not fully reveal the extent of Google's actions. Indeed, Plaintiffs' counsel had to retain experts to begin to understand Google's practices at issue in this Complaint.

232. Despite reasonable diligence on their part, Plaintiffs remained ignorant of the factual bases for their claims for relief. Google's withholding of material facts concealed the claims alleged herein and tolled all applicable statutes of limitation.

## V. CLASS ACTION ALLEGATIONS

233. This is a class action pursuant to Rules 23(a), (b)(2), and (b)(3) (or, alternatively, 23(c)(4)) of the Federal Rules of Civil Procedure on behalf of a Class of all persons residing in the United States with a Google Account who used the Internet on or after Google began using RTB in a manner that disclosed Account Holders' personal information.

234. Excluded from the Class are the Court, Defendant and its officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest.

235. The members of the Class are so numerous that joinder of all members is impracticable.

236. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. The questions of law and fact common to the Class include:

a. Whether Google promised not to share personal information with others;

b. Whether Google promised not to sell personal information to others;

c. Whether Google shared Account Holder personal information with others;

d. Whether Google sold Account Holder personal information to others;

e. Whether Google was authorized to disclose Account Holder personal information to others;

f. Whether Google was authorized to sell Account Holder personal information to others;

g. Whether Google breached its contract with Account Holders;

h. Whether Account Holders' Personal Information was improperly sold by Google;

i. Whether Google was unjustly enriched by the unauthorized sales of Account Holders' personal information;

j. Whether Google's actions would be highly offensive to a reasonable person;

k. Whether Google's actions breached the duty of good faith and fair dealing;

l. Whether Google's actions violated the California Unfair Competition Law;

m. Whether Google's actions violated Article I, Section 1 of the California Constitution;

n. Whether Google's actions violated the California Invasion of Privacy Act;

o. Whether Google's actions violated the Electronic Communications Privacy Act;

p. Whether Google's actions violated the Video Privacy Protection Act;

q. Whether and the extent to which injunctive relief is appropriate.

237. Plaintiffs' claims are typical of the claims of other Class Members, as all members of the Class were similarly affected by Google's wrongful conduct in violation of federal and California law as complained of herein.

238. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel that is competent and experienced in class action litigation. Plaintiffs have no interest that conflicts with or is otherwise antagonistic to the interests of the other Class Members.

239. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages individual Class and Subclass members have suffered may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class and Subclass to individually redress the wrongs done to them.

240. There will be no difficulty in management of this action as a class action.

## VI. COUNTS

### COUNT ONE: BREACH OF CONTRACT

241. Plaintiffs hereby incorporate all other paragraphs as if fully stated herein.

242. Google's relationship with its account holders is governed by the Google Terms of Service.

243. Since March 31, 2020, the Google Terms of Service incorporated by reference the document titled "How our business works."

244. Through these documents, Google tells account holders:[73]

a. "We don't sell your personal information to anyone."

b. "[W]e never sell your personal information to anyone[.]"

c. "Advertisers do not pay us for personal information, such as your name or email, and we never share that information with advertisers, unless you ask us to [hyperlink]." *Id.*

d. "We also never use your emails, documents, photos, or sensitive information like race, religion, or sexual orientation, to personalize ads to you."

e. "We share reports with our advertisers . . . but we do so without revealing any of your personal information."

f. "At every point in the process of showing you ads, we keep your personal information protected with industry-leading security technologies [hyperlink]."

g. "When you use our products you trust us with your personal information. That's why we never sell your personal information."

245. Since at least May 25, 2018, the Google Privacy Policy has also told account holders:

a. "We don't share information that personally identifies you with advertisers[.]" *E.g.*, Ex. 12 at 5; Ex. 15 at 5.

b. "We don't show you personalized ads based on sensitive categories [hyperlink], such as race, religion, sexual orientation, or health." *E.g.*, Ex. 12 at 5; Ex. 15 at 5.

[73] Ex. 5 at 1-2.

c. Google's Privacy Policy includes a definition of "sensitive categories" that promises: "We don't use topics or show personalized ads based on sensitive categories like race, religion, sexual orientation, or health. And we require the same from advertisers [hyperlink] that use our services." *E.g.*, Ex. 12 at 21; Ex. 15 at 22.

246. Moreover, since at least March 1, 2012, the Privacy Policy has promised, "We do not share your personal information with companies, organizations, or individuals outside of Google[.]" *E.g.*, Ex. 15 at 11. The Privacy Policy identifies four exceptions to this promise, none of which applies to the allegations herein.[74]

247. Prior to May 2018, Account Holders who created a Google Account were required to agree to both the Terms of Service and the Privacy Policy.

248. From May 2018 to March 31, 2020, while Account Holders were required to agree to only the Terms of Service, the Google Account creation process included a link to the Privacy Policy as a guide to how Google would "process your information."

249. The Terms of Service expressly adopt California substantive law, including California's definition of personal information.

250. Plaintiffs and Class Members accepted Google's offer, have fulfilled their obligations under the contract, and are not in breach of contract.

251. Google has breached and continues to breach its contractual promise to maintain the privacy of Account Holders' personal information by selling and sharing Plaintiffs' and Class Members' personal information through Google RTB.

252. As a result of Google's breach of its contractual obligations, Google was able to obtain the personal property of Plaintiffs and Class Members, earn unjust profits, and cause privacy injury and other consequential damages.

253. Plaintiffs and Class Members did not receive the benefit of the bargain for which they contracted and for which they paid valuable consideration in the form of certain personal

[74] The four exceptions in Google's Privacy Policy state that Google may share personal information with companies, organizations, and individuals outside Google: (1) with the Account Holder's consent; (2) with domain administrators; (3) for external processing; and (4) for legal reasons. *See, e.g.*, Ex. 15 at 11-12.

information they agreed to share. As alleged above, this personal information has ascertainable value to be proven at trial.

254. As a result of Google's breach of its contractual promises, Plaintiffs and Class Members are entitled to recover benefit of the bargain damages, unjust enrichment, and nominal damages.

**COUNT TWO: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

255. Plaintiffs hereby incorporate all other paragraphs as if fully stated herein.

256. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.

257. In dealings between Google, Plaintiffs and Class Members, Google is invested with discretionary power affecting the rights of its Account Holders.

258. The terms of Google's contract with Account Holders purport to respect and protect Account Holders' privacy and expressly promise not to sell or share their personal information. Google not only violated these contractual promises, it frustrated the purpose of those terms by specifically and repeatedly selling and sharing Account Holders' data through its RTB process.

259. Moreover, Google made statements concerning the purported privacy of Account Holder data outside of the specific confines of the contracts it drafted and required Account Holders to enter. By explicitly violating these extra-contractual terms and thereby acting in bad faith, Google violated the implied covenant of good faith and fair dealing.

260. On the "How our business works" webpage, Google promises, "[W]hen you use our products you trust us with your personal information. That's why we never sell your personal information and why we give you powerful privacy controls." Ex. 5 at 2.

261. On Google's "Who are Google's Partners" webpage,

a. Google states: "We don't share information that personally identifies you with our advertising partners, such as your name or email, unless you ask us to share it." Ex. 21 at 2.

b. Google identifies seven "partners" that it permits to "collect or receive non-personally identifiable information about your browser or device when you use Google sites and apps," without disclosing the hundreds of auction participants with whom it shares personal information, including highly-sensitive personal information. *Id.* at 1.

262. On Google's "Personalized Advertising" webpage, Google states:

a. "Advertisers can't use sensitive interest categories to target ads to users or to promote advertisers' products or services." Ex. 22 at 2.

b. "Personal hardships: Because we don't want ads to exploit the difficulties or struggles of users, we don't allow categories related to personal hardships." *Id.*

c. "Identity and belief: Because we want ads to reflect a user's interests rather than more personal interpretations of their fundamental identity, we don't allow categories related to identity and belief, some of which could also be used to stigmatize an individual." *Id.*

d. "Sexual interests: Because we understand that sexual experiences and interests are inherently private, we don't allow categories related to sexual interests." *Id.*

263. On the same webpage, under the header "Prohibited Categories," Google states: "The following sensitive interest categories can't be used by advertisers to target ads to users or to promote advertisers' products or services" (*Id.* at 2):

a. Restricted drug terms – "Prescription medications and information about prescription medications, unless the medication and any listed ingredients are only intended for animal use and are not prone to human abuse or other misuse." *Id.* at 3.

b. "Personal hardships – We understand that users don't want to see ads that exploit their personal struggles, difficulties, and hardships, so we don't allow personalized advertising based on these hardships. Such personal hardships include health conditions, treatments, procedures, personal failings, struggles, or traumatic personal experiences. You also can't impose negativity on the user." *Id.*

c. "Health in personalized advertising [including] Physical or mental health conditions, including diseases, sexual health, and chronic health conditions, which are health conditions that require long-term care or management[;] products, services, or procedures to treat or manage chronic health conditions, which includes over-the-counter medications and medical devices[;] any health issues associated with intimate body parts or functions, which includes genital, bowel, or urinary health[;] invasive medical procedures, which includes cosmetic surgery[;] Disabilities, even when content is oriented toward the user's primary caretaker. Examples [include] Treatments for chronic health conditions like diabetes or arthritis, treatments for sexually transmitted diseases, counseling services for mental health issues like depression or anxiety, medical devices for sleep apnea like CPAP machines, overt-the-counter medications for yeast infections, [and] information about how to support your autistic child." *Id.*

d. "Relationships in personalized advertising [including] Personal hardships with family, friends, or other interpersonal relationships[.] Examples [include] divorce services, books about coping with divorce, bereavement products or services, family counseling services[.]" *Id.* at 4.

e. "Sexual orientation in personalized advertising [including] lesbian, gay, bisexual, questioning, or heterosexual orientation[.] Examples [include] information about revealing your homosexuality, gay dating, gay travel, information about bisexuality." *Id.* at 4-5.

f. "Personal race or ethnicity." *Id.* at 5.

g. "Personal religious beliefs." *Id.*

264. On Google's "Your privacy is protected by responsible data practices" webpage, Google states:

a. "Data plays an important role in making the products and services you use every day more helpful. We are committed to treating that data responsibly and protecting your privacy with strict protocols and innovative privacy technologies." Ex. 24 at 1.

b. That it uses "advanced privacy technologies [to] help keep your personal information private." *Id.* at 3.

c. "We are continuously innovating new technologies that protect your private information without impacting your experiences on our products." *Id.*

d. "We use leading anonymization techniques to protect your data while making our services work better for you." *Id.* at 3-4.

e. "Privacy is core to how we build our products, with rigorous privacy standards guiding every stage of product development. Each product and feature adheres to these privacy standards, which are implemented through comprehensive privacy reviews." *Id.* at 4.

265. On Google's "We do not sell your personal information to anyone" webpage, Google states:

a. "We do not sell your personal information to anyone." Ex. 23 at 1.

b. "Without identifying you personally to advertisers or other third parties, we might use data that includes your searches and location, websites and apps that you've used, videos and ads that you've seen, and basic information that you've given us, such as your age range and gender." *Id.*

c. "We give advertisers data about their ads' performance, but we do so without revealing any of your personal information. At every point in the process of showing you ads, we keep your personal information protected and private." *Id.*

d. "[R]emember, we never share any of this personal information with advertisers." *Id.* at 2.

266. On Google's "Your privacy is protected by responsible data practices" webpage, Google states:

a. "Your privacy is protected by responsible data practices." Ex. 24 at 1.

b. "We never sell your personal information, and give you controls over who has access." *Id.* at 2.

c. "We are committed to protecting your data from third parties. That's why it's our strict policy to never sell your personal information to anyone." *Id.*

d. "We don't share information that personally identifies you with advertisers, such as your name or email, unless you ask us to." *Id.* at 1-2.

267. Google's CEO Sundar Pichai publicly stated:

a. "We do not and would never sell consumer data." Pichai, *supra* note 10.

b. "To make privacy real, we give you clear, meaningful choices around your data. All while staying true to two unequivocal policies: that Google will never sell any personal information to third parties; and that you get to decide how your information is used." Ex. 25 at 1.

268. Google's sharing and selling of Plaintiffs' and Class Members' personal information with other companies:

a. Was objectively unreasonable given Google's numerous privacy promises both within and outside the confines of the terms it forced Account Holders to agree to in order to become Account Holders;

b. Evaded the spirit of the bargain made between Google, Plaintiffs and Class Members; and

c. Abused Google's power to specify terms in the contract.

269. Google's sharing, sale, and use of Plaintiffs' and Class Members' sensitive personal information for purposes of targeted advertising through Google RTB:

a. Evaded the spirit of the bargain made between Google, Plaintiffs and Class Members; and

b. Abused Google's power to specify terms in the contract.

270. Google's failure to inform Plaintiffs and Class Members of its conduct in Google RTB and failure to give Plaintiffs and Class Members privacy controls to prevent the sale and sharing of their personal information in Google RTB was objectively unreasonable and evaded the spirit of the bargain made between Google, Plaintiffs and Class Members

271. Google's use of Plaintiffs' and Class Members' personal information to target them and enable other companies to add to their own user profiles was in bad faith, and promising Plaintiffs' and Class Members' personal information would not be disclosed induced them to share more information with Google.

272. As a result of Google's misconduct and breach of its duty of good faith and fair dealing, Google was able to obtain the personal property of Plaintiffs and Class Members, earn unjust profits, and cause privacy injury and other consequential damages.

273. As a result of Google's bad faith breach of its contractual and extra-contractual promises, Plaintiffs and Class Members are entitled to recover benefit of the bargain damages, unjust enrichment damages in the form of restitution measures by either unearned profits or a reasonable royalty value, and nominal damages.

**COUNT THREE: VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**
**Cal. Bus. & Prof. Code § 17200, *et seq.***

274. Plaintiffs incorporate all preceding paragraphs as though set forth herein.

275. The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

276. Google is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

277. Google violated the UCL by engaging in the following unlawful, unfair, and deceptive business acts and practices:

a. Violating its Terms of Service, knowingly and willfully or negligently and materially, in violation of Cal. Bus. & Prof. Code § 22576;

b. Violating the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 and 2701, *et seq.*;

c. Violating the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.*;

d. Violating the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.*;

e. Violating the California Computer Data Access and Fraud Act, Cal. Penal Code § 502;

f. Committing Statutory Larceny, Cal. Penal Code §§ 484 and 496;

g. Violating the common law right of privacy via intrusion upon seclusion and publication of private facts;

h. Violating the Art. 1, § 1 of the California Constitution Right to Privacy;

i. Violating express contract promises to consumers;

j. Violating the duty of good faith and fair dealing; and

k. Violating the duty to hold Account Holders' personal information in confidence.

278. Google's conduct violated the spirit and letter of these laws, which protect property, economic and privacy interests, and prohibit unauthorized disclosure and collection of private communications and personal information.

279. Google stated it would not sell or disseminate Plaintiffs' and Class Members' personal information without their consent to other companies, except in limited situations not applicable here.

280. Google's conduct was immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs and Class Members. Further, Google's conduct narrowly benefitted its own business interests at the expense of Plaintiffs' and Class Members' fundamental privacy interests protected by the California Constitution and the common law.

281. Plaintiffs' and Class Members' loss of their personal information constitutes an economic injury.

282. Plaintiffs and Class Members have suffered harm in the form of lost property value, specifically the diminution of the value of their private and personally identifiable data and content.

283. Google's actions caused damage to and loss of Plaintiffs' and Class Members' property right to control the dissemination and use of their personal information and communications.

284. Plaintiffs and Class Members seek all monetary and non-monetary relief allowed by law, including restitution, declaratory relief, reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5, injunctive relief, and all other equitable relief the Court determines is warranted.

## COUNT FOUR: CALIFORNIA CONSTITUTIONAL INVASION OF PRIVACY

285. Plaintiffs hereby incorporate all other paragraphs as if fully stated herein.

286. Article I, § 1 of the California Constitution provides, "All people are by nature free and independent and have inalienable rights. Among those are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

287. The phrase "and privacy" was added by an initiative adopted by California voters on November 7, 1972 (the Privacy Initiative).

288. The Privacy Initiative created a private right of action against nongovernmental entities for invasions of privacy.

289. The California Supreme Court has explained that, one of the principal "mischiefs" to which the Privacy Initiative was directed was "the overbroad collection and retention of unnecessary personal information by government and business interests." *White v. Davis*, 13 Cal.3d 757, 775 (Cal. 1975). "The moving force behind the new constitutional provision … relat[ed] to the accelerating encroachment on personal freedom and security caused by increased surveillance and data collection activity in contemporary society. The new provision's primary purpose is to

afford individuals some measure of protection against this most modern threat to personal privacy." *Id.* at 774.

290. The ballot language for the Privacy Initiative explained:

> Computerization of records makes it possible to create 'cradle-to-grave' profiles of every American. … The right of privacy is the right to be left alone. It is a fundamental and compelling interest. It protects our homes, our families, our thoughts, our emotions, our expressions, our personalities, our freedom of communion and our freedom to associate with the people we choose. It prevents government and business interests from collecting and stockpiling unnecessary information about us and from misusing information gathered for one purpose in order to serve other purposes or to embarrass us.
>
> *Fundamental to our privacy is the ability to control circulation of personal information*. This is essential to social relationships and personal freedom. The proliferation of government and business records over which we have no control limits our ability to control our personal lives. Often, we do not know that these records even exist and we are certainly unable to determine who has access to them.

*White v. Davis*, 13 Cal.3d at 774-75 (emphasis in original) (quoting ballot language).

291. Google's conduct in selling and sharing Plaintiffs' and Class Members' personal information in violation of its express unequivocal promises to the contrary is exactly why California voters adopted the Privacy Initiative in 1972.

292. Google creates "cradle-to-grave profiles" and detailed dossiers of Plaintiffs and Class Members, and then sells and shares the personal information contained in those profiles and dossiers with hundreds of different companies to aid those other companies for the purpose of making money and assisting those other companies in supplementing or building their own separate profiles and dossiers about Plaintiffs and Class Members.

293. As described herein, Google has intruded upon the following legally protected privacy interests of Plaintiffs and Class Members:

a. The right to privacy contained on personal computing devices, including web-browsing history;

b. The right to restrain business interests from misusing information gathered for one purpose in order to serve other purposes;

c. The right to control circulation of their personal information;

d. Statutory rights codified in federal and California privacy statutes;

e. The California Computer Crime Law, Cal Pen. Code § 502, which applies to all plaintiffs in this case by virtue of Google's choice of California law to govern its relationship with Google users;

294. Through the Terms of Service, other policies and other public statements set forth above, Google promised not to share or sell Plaintiffs' and Class Members' personal information without authorization.

295. Plaintiffs and Class Members had a reasonable expectation of privacy in the circumstances in that:

a. Plaintiffs and Class Members could not reasonably expect Google would commit acts in violation of federal and state laws as set forth below.

b. Google affirmatively promised users it would not share or sell their personal information without authorization.

296. Google's actions constituted a serious invasion of privacy in that it:

a. Violated several federal criminal laws, including the Electronic Communications Privacy Act.

b. Violated dozens of state criminal laws.

c. Invaded the privacy rights of hundreds of millions of Account Holders without their consent.

d. Disclosed sensitive personal information every time it shared information related to the verticals above relating to health, religion, ethnicity, race, or sexuality.

e. Enabled the targeting of Account Holders by third parties who did not have legal access to their personal information.

297. The surreptitious and unauthorized sharing and sale of the internet communications and associated personal information of millions of Account Holders constitutes an egregious breach of social norms.

298. Google lacked a legitimate business interest in sharing and selling Plaintiffs' and Class Members' personal information without their authorization.

299. In violating Plaintiffs' and Class Members' privacy in the manner described above, Google acted with oppression, fraud, or malice.

300. Plaintiffs and Class Members have been damaged by Google's invasion of their privacy and are entitled to just compensation in the form of actual damages, general damages, unjust enrichment, nominal damages, and punitive damages.

**COUNT FIVE: INTRUSION UPON SECLUSION**

301. Plaintiffs hereby incorporate all other paragraphs as if fully stated herein.

302. A claim for intrusion upon seclusion requires (1) intrusion into a private place, conversation, or matter; (2) in a manner highly offensive to a reasonable person.

303. In carrying out its scheme to share and sell Plaintiffs' and Class Members' personal information without their consent, Google intentionally intruded upon the Plaintiffs' and Class Members' solitude or seclusion in that it effectively placed itself in the middle of Plaintiffs' and Class Members' communications to which it was not an authorized party and used data that they had not authorized Google to sell or share, but which it sold and shared anyway.

304. By engaging in cookie-matching with hundreds of other companies, Google intentionally intruded upon the Plaintiffs' and Class Members' solitude or seclusion. Cookie matching enabled companies with limited information about Plaintiffs and other Class Members to accumulate substantially more information about each individual Plaintiff and Class Member from Google.

305. By selling and sharing Plaintiffs' and Class Members' sensitive personal information for purposes of targeted advertising, Google intentionally intruded upon the Plaintiffs' and Class Members' solitude or seclusion in that it subjected Plaintiffs and Class Members to advertisements targeted to that sensitive information and publicized sensitive information to hundreds of other companies. Indeed, once sensitive information from Google account holders had been shared with other companies, there existed no way for account holders to further limit the continued spread of such information.

306. Google's actions were not authorized by the Plaintiffs and Class Members.

307. Google's intentional intrusion into Plaintiffs' and Class Members personal information, Internet communications, and computing devices was highly offensive to a reasonable

person in that Google violated federal and state criminal and civil laws designed to protect individual privacy and against theft.

308. Google's unauthorized sharing and sale of personal information from hundreds of millions of Americans, including highly sensitive information about individuals' race, ethnicity, religion, health, and financial status, is highly offensive behavior.

309. Google's secret monitoring of web browsing for purposes of selling and sharing it with hundreds of unknown companies without Account Holders' consent is highly offensive behavior.

310. In intruding on Plaintiffs' and Class Members' seclusion in the manner described herein, Google acted with oppression, fraud, or malice.

311. Plaintiffs and Class Members have been damaged by Google's intrusion upon their seclusion and are entitled to just compensation in the form of actual damages, general damages, unjust enrichment, nominal damages, and punitive damages.

**COUNT SIX: PUBLICATION OF PRIVATE INFORMATION**

312. Plaintiffs hereby incorporate all other paragraphs as if fully stated herein.

313. Plaintiffs' and Class Members' personal information, including their Internet communications and sensitive data, are private facts that Google promised not to share or sell to advertisers.

314. Google gave publicity to Plaintiffs' and Class Members' private facts and the content of their Internet communications by sharing and selling them to hundreds of different companies. Many of those companies have business models predicated on building massive databases of individual consumer profiles from which to sell targeted advertising and make further disseminations.

315. Plaintiffs and Class Members had no knowledge that Google was sharing and selling their personal information and did not authorize or consent to such publication.

316. Google's selling and sharing of patient personal information to hundreds of different advertising companies would be highly offensive to a reasonable person.

317. In disseminating Plaintiffs' and Class Members' personal information without their consent in the manner described above, Google acted with oppression, fraud, or malice.

318. Plaintiffs and Class Members have been damaged by the publication of their private information and are entitled to just compensation in the form of actual damages, general damages, unjust enrichment, nominal damages, and punitive damages.

## COUNT SEVEN: BREACH OF CONFIDENCE

319. Plaintiffs hereby incorporate all other paragraphs as if fully stated herein.

320. Plaintiffs and Class Members entrusted their personal information to Google.

321. The totality of Plaintiffs' and Class Members' personal information, including the content of their Internet communications, is confidential and novel.

322. Google knew that Plaintiffs' and Class Members' personal information was disclosed to Google in confidence. Indeed, Google's express promises to Plaintiffs and Class Members reflects its knowledge that their personal information was disclosed in confidence. Google told Account Holders:

a. "[W]hen you use our products, you trust us with your personal information. That's why we never sell your personal information." Ex. 5 at 1.

b. "When you use our services, you're trusting us with your information. We understand this is a big responsibility and work hard to protect your information[.]" *E.g.*, Ex. 1 at 1; Ex. 15 at 1; Ex. 20 at 1.

323. As Google's CEO stated, "billions of people have trusted Google with questions they wouldn't have asked their closest friends." Ex. 25 at 1.

324. Google's CEO also stated, "To make privacy real, we give you clear, meaningful choices around your data. All while staying true to two unequivocal policies: that Google will never sell any personal information to third parties; and that you get to decide how your information is used." *Id.*

325. Google created and assumed a duty to protect Plaintiffs' and Class Members' confidential personal information by creating a legal relationship with them via its Terms of Service.

326. There was an understanding between Google on the one hand, and Plaintiffs and Class Members on the other, that Google would not betray their confidence by sharing their personal information without consent.

327. By disclosing and using Account Holders' personal information in violation of this understanding, Google breached the trust and confidence that Plaintiffs and Class Members placed in it.

328. In breaching Plaintiffs' and Class Members' confidence in the manner described above, Google acted with oppression, fraud, or malice.

329. Plaintiffs and Class Members have been damaged by Google's breach of trust and confidence and are entitled to just compensation in the form of actual damages, general damages, unjust enrichment, nominal damages, and punitive damages.

**COUNT EIGHT: VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT**

330. Google is subject to the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630-638. Google is headquartered in California; designed, contrived, and effectuated its practice of disclosing account holder information during the RTB process in California; and has adopted California substantive law to govern its relationship with Plaintiffs and all Class Members.

331. The California Invasion of Privacy Act states the following purpose:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.

Cal. Penal Code § 630.

332. Cal. Penal Code § 631(a) provides, in pertinent part:

> Any person who, by means of any machine, instrument, or contrivance, or in any other manner ….willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to

> communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ….

333. Google is a "person" within the meaning of § 631(a).

334. By employing its Google RTB to sell and share Account Holder information to hundreds of Google RTB participants in real-time while communications between the Account Holders and first-party websites were still in transit or being sent or received within California, Google aided, agreed with, and conspired with Google RTB participants to aid them in reading, attempting to read, learning, or using the contents or meaning of the communications being exchanged connected to the Plaintiffs' and Class Members' personal information.

335. Plaintiffs and Class Members did not consent to Google's aid to or agreement with Google RTB participants in reading, attempting to read, learning, or using the contents or meaning of Plaintiffs' and Class Members' communications with websites that Plaintiffs and Class Members were directly interacting with.

336. The following items constitute "machine[s], instrument[s], or contrivance[s]" under § 631(a):

a. The cookies Google used to track, share, and sell the Plaintiffs' and Class Members' communications to Google RTB participants;

b. The Plaintiffs' and Class Members' browsers;

c. The Plaintiffs' and Class Members' personal computing devices;

d. Google's web servers;

e. The web servers of non-Google websites from which Google tracked, intercepted, shared, and sold the Plaintiffs' and Class Members' communications; and

f. The web servers of the Google RTB participants to which Google sold and shared Plaintiffs' and Class Members' communications; and

g. The computer code Google deployed to effectuate its scheme, including but not limited to Bid Requests for each Target Google caused to be submitted to Google RTB participants.

337. Even if the above-listed items do not constitute "machine[s], instrument[s], or contrivance[s]," Google's deliberate and purposeful efforts to facilitate its conduct comprise "any other manner."

338. Google's aid to the Google RTB participants occurred in "real time," as acknowledged by Google in its naming of the Google *Real-Time* Bidding system. As such, Google's aid to Google RTB participants occurred while Plaintiffs' and Class Members' communications with first-party websites were in transit or in the process of being sent or received.

339. Google's RTB documentation acknowledges that the information Google aided RTB participants in reading, attempting to read, or to learn included the "contents" and "meaning" of the Plaintiffs' and Class Members' communications with first-party websites. The "contents" or "meaning" re-directed within Google RTB Bid Requests include:

<table>
<tr><th colspan="3">COMMUNICATIONS CONTENT</th></tr>
<tr><td colspan="2">cat</td><td>Array of IAB content categories of the site or app.</td></tr>
<tr><td colspan="2">sectioncat</td><td>Array of IAB content categories that describe current section of site or app.</td></tr>
<tr><td colspan="2">pagecat</td><td>Array of IAB content categories that describe current site or app page or view.</td></tr>
<tr><td colspan="2">page</td><td>URL of the page where the impression will be shown.</td></tr>
<tr><td colspan="2">ref</td><td>Referrer URL that caused navigation to the current page.</td></tr>
<tr><td colspan="2">publisher</td><td>Details about the Publisher object of the site or app.</td></tr>
<tr><td colspan="2">content</td><td>Details about the Content within the site or app.</td></tr>
<tr><td colspan="2">keywords</td><td>Comma-separated list of keywords about this site or app.</td></tr>
<tr><td colspan="2">content id</td><td>ID uniquely identifying the content.</td></tr>
<tr><td colspan="2">episode</td><td>Content episode number (typically applies to video content).</td></tr>
<tr><td colspan="2">title</td><td>Content title. Video examples: "Search Committee" (television); "A New Hope (movie); or "Endgame" (made for web). Non-video example: "Why an Antarctic Glacier is Melting So Quickly" (Time magazine article).</td></tr>
<tr><td colspan="2">series</td><td>Content series. Video examples: "The Office" (television); "Star Wars" (movie); or "Arby 'N' The Chief (made for web). Non-video example: ("Ecocentric") (Time magazine blog).</td></tr>
<tr><th colspan="3">"INFORMATION THAT WE KNOW ABOUT THE WEB PAGE OR MOBILE APP"</th></tr>
<tr><td>17</td><td>Publisher ID</td><td>The publisher ID.</td></tr>
<tr><td>20</td><td>URL</td><td>The URL of the page with parameters removed.</td></tr>
<tr><th colspan="3">VIDEO INFORMATION</th></tr>
<tr><td>51</td><td>URL</td><td>The URL of the page that the publisher gives Google to describe the video content, with parameters removed.</td></tr>
<tr><td>61</td><td>Video title</td><td>The video title.</td></tr>
<tr><td>62</td><td>Video keywords</td><td>A list of keywords describing the video, extracted from the content management system of the video publisher.</td></tr>
</table>

340. Plaintiffs and Class Members have suffered loss by reason of these violations, including, but not limited to, violation of their rights to privacy and loss of value in their personal information.

341. Because Plaintiffs and Class Members have been injured by Google's violations of Cal. Pen. Code § 631, each seeks damages of the greater of $5,000 or three times the amount of actual damages, if any, sustained, as well as injunctive relief.

**COUNT NINE: VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT – UNAUTHORIZED INTERCEPTION, USE, AND DISCLOSURE**

342. Plaintiffs incorporate all preceding paragraphs as though set forth herein.

343. The Electronic Communications Privacy Act ("ECPA") prohibits the unauthorized interception of the content of any communication through the use of any device, and any subsequent disclosure or use of the intercepted contents of any electronic communication. 18 U.S.C. §2511.

344. ECPA protects both the sending and receipt of communications.

345. 18 U.S.C. § 2520(a) provides a private right of action to any person whose wire, oral, or electronic communication is intercepted.

346. Google violated the interception provisions of the Electronic Communications Privacy Act ("ECPA") by:

a. Intentionally disclosing, or endeavoring to disclose, to other companies the contents of Plaintiffs' and Class Members' electronic communications, knowing or having reason to know that the information was obtained through the interception of electronic communications, in violation of 18 U.S.C. § 2511(1)(c); and/or

b. Intentionally using, or endeavoring to use, the contents of Plaintiffs' and Class Members' electronic communications, knowing or having reason to know that the information was obtained through the interception of electronic communications, in violation of 18 U.S.C. § 2511(1) (d).

347. ECPA defines interception as the "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device" and "contents … includes any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(4), (8).

348. Google intercepted Plaintiffs' and Class Members' electronic communications, including the following content:

a. The precise text of GET and POST requests that Plaintiffs and Class Members exchanged with non-Google websites to which they navigated;

b. The precise text of Plaintiffs' and Class Members' search queries at non-Google websites to which they navigated and on which they entered such queries; and

c. Information that is a general summary or informs Google (and the Google RTB participants) of the subject of communications between Plaintiffs and Class members and the first-party websites.

349. Electronic Communications. The transmission of data between Plaintiffs and Class Members and the non-Google websites with which they chose to exchange communications are "transfer[s] of signs, signals, writing, … data, [and] intelligence of [some] nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects interstate or foreign commerce" and are therefore "electronic communications" within the meaning of 18 U.S.C. § 2510(2).

350. Content. The ECPA defines content, when used with respect to electronic communications, to "include[] *any* information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8) (emphasis added).

351. Google's developer documentation details the following content of electronic communications that it redirects to other companies in the Google RTB process:

| **COMMUNICATIONS CONTENT** | | |
|---|---|---|
| cat | | Array of IAB content categories of the site or app. |
| sectioncat | | Array of IAB content categories that describe current section of site or app. |
| pagecat | | Array of IAB content categories that describe current site or app page or view. |
| page | | URL of the page where the impression will be shown. |
| ref | | Referrer URL that caused navigation to the current page. |
| publisher | | Details about the Publisher object of the site or app. |
| content | | Details about the Content within the site or app. |
| keywords | | Comma-separated list of keywords about this site or app. |
| content id | | ID uniquely identifying the content. |
| episode | | Content episode number (typically applies to video content). |
| title | | Content tile. Video examples: "Search Committee" (television); "A New Hope (movie); or "Endgame" (made for web). Non-video example: "Why an Antarctic Glacier is Melting So Quickly" (Time magazine article). |
| series | | Content series. Video examples: "The Office" (television); "Star Wars" (movie); or "Arby 'N' The Chief (made for web). Non-video example: ("Ecocentric") (Time magazine blog). |
| **"INFORMATION THAT WE KNOW ABOUT THE WEB PAGE OR MOBILE APP"** | | |
| 17 | Publisher ID | The publisher ID. |
| 20 | URL | The URL of the page with parameters removed. |
| **VIDEO INFORMATION** | | |
| 51 | URL | The URL of the page that the publisher gives Google to describe the video content, with parameters removed. |
| 61 | Video title | The video title. |

| | | |
|---|---|---|
| 62 | Video keywords | A list of keywords describing the video, extracted from the content management system of the video publisher. |

352. Electronic, Mechanical, or Other Device. The ECPA defines "electronic, mechanical, or other device" as "any device … which can be used to intercept a[n] ... electronic communication[.]" 18 U.S.C. § 2510(5).

353. The following constitute devices within the meaning of 18 U.S.C. § 2510(5):

a. The cookies Google used to acquire Plaintiffs' and Class Members' communications, including cookies Google sets, acquires, and discloses or sells to other companies through cookie-sharing;

b. The Plaintiffs' and Class Members' browsers;

c. The Plaintiffs' and Class Members' computing devices;

d. Google's web servers;

e. The web servers of the first-party non-Google websites from which Google tracked and intercepted the Plaintiffs' and Class Members' communications; and

f. The computer code deployed by Google to effectuate its tracking and interception of Plaintiffs' and Class Members' communications for purposes of forwarding them to hundreds of Google RTB participants, without authorization, including but not limited to data contained in Bid Requests.

354. Unauthorized Purpose. Google intentionally intercepted the contents of Plaintiffs' and Class Members' electronic communications for the unauthorized purpose of disclosing and selling those contents to Google's RTB participants.

355. Plaintiffs and Class members did not authorize Google to acquire the content of their communications for purposes of sharing and selling the personal information contained therein. Indeed, Google expressly and repeatedly promised that it would not share or sell user personal information, including browsing history.

356. Google's interception of the contents of Plaintiffs' and Class Members' communications was contemporaneous with their exchange with the websites to which they directed their communications. As described above, the Google RTB process occurs in milliseconds while the communication is still being exchanged between Plaintiffs and Class Members and the website to which they directed their communications. That is why Google itself refers to the process

as "Real-Time Bidding." The signal sent out to Google RTB is sent simultaneously with the signal sent to the websites to which Plaintiffs' and Class Members' communications were directed.

357. Google is not a party to Plaintiffs' and Class Members' electronic communications exchanged with the non-Google websites to which Plaintiffs and Class Members directed their communications.

358. Google acquired the content of Plaintiffs' and Class members' electronic communications with the non-Google websites to which their communications were directed through the surreptitious duplication, forwarding, and re-direction of those communications to Google. After intercepting the communications without authorization, Google then disclosed, sold, and shared the contents of the intercepted communications to hundreds of Google RTB participants and used the contents of the intercepted communications in furtherance of the Google RTB auction sales system.

359. Exceptions Do Not Apply. The ECPA prohibition on unauthorized interception contains exceptions. The burden is on the party seeking the benefit of an exception to prove its existence. Therefore, Plaintiffs need not affirmatively plead the absence of any exception. Nevertheless, Plaintiffs plead that Google's interceptions do not qualify for any exceptions.

360. ECPA provides an ordinary course of busines exception for liability, under which the communications at issue are, by definition, not intercepted. 18 U.S.C. § 2510(5)(a)(ii). This exception is narrow and protects from liability only where an electronic service provider's interception facilitates the transmission of the communication at issue or is incidental to the transmission of such communication. Google's interception of the contents of Plaintiffs' and Class Members' communications with any non-Google website to which they directed their browser does not facilitate and is not incidental to that communication. Rather, Google's interception facilitates a separate, unrelated communication – the contemporaneous communication of Plaintiffs' and Class Members' personal information to Google RTB participants.

361. ECPA provides an exception where one party to the communications provides consent to the disclosure of the communications at issue. 18 U.S.C. § 2511(2)(2). As detailed above, Plaintiffs and Class Members did not provide consent to the disclosure of the content of

their communications with Google RTB participants. To the contrary, Google promised in its Terms of Service and numerous other communications that it would not sell or share Account Holders' personal information absent their consent. Plaintiffs and Class Members were not asked for, and did not provide, such consent. Nor did Google procure the "lawful consent" of the websites to which Plaintiffs and Class Members directed and exchanged communications.

362. Similarly, the agreements that Google enters with publishers using Google's RTB process to fill ad space echo the promises Google makes to Account Holders. Google promises the website publishers that fill advertising space through Google RTB that Google's use of information will be "in accordance with Google's privacy policy" – the same privacy policy detailed above that expressly promises not to sell or share Account Holder information. Publishers who sign up for Google RTB must do so through the Google Ad Manager. At the end of the initial sign-up process, the publisher is promised, "Google's use of your information will be in accordance with Google's privacy policy." The privacy policy referenced is the same Privacy Policy that pertains to Account Holders, promising, as set forth above, that Google will not share or sell Account Holder personal information.

363. Likewise, the Google API Terms of Service promise, "By using our APIs, Google may use submitted information in accordance with our privacy policy." Again, the privacy policy referenced is the same Privacy Policy that pertains to Account Holders, promising, as set forth above, that Google will not share or sell Account Holder personal information.

364. Moreover, ECPA also contains an exception to the exception for single party consent. Under 18 U.S.C. § 2511(2)(d), an interception is unlawful and actionable even "where one of the parties to the communication has given prior consent to such interception" if the communication was "intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State."

365. As alleged throughout, Google's redirection, sale, and sharing of Plaintiffs' and Class Members' personal information and the contents of their Internet communications had the requisite criminal or tortious purpose for Plaintiffs' and Class Members' claims for intrusion upon seclusion; publication of private facts; tortious violation of Art. I, sec. 1 of the California

Constitution; breach of confidence; violation of the California UCL, Cal. Bus. & Prof. Code § 17200; the California Invasion of Privacy Act, Cal. Penal Code § 630; the California Computer Data Access and Fraud Act, Cal. Penal Code § 502; California Statutory Larceny, Cal. Penal Code §§ 484 and 496; the Electronic Communications Privacy Act, 18 U.S.C. §2511; and the Video Privacy Protection Act, 18 U.S.C. § 2710.

366. For the violations set forth above, Plaintiffs and Class Members seek appropriate preliminary and other equitable or declaratory relief; the appropriate statutory measure of damages; punitive damages in an amount to be determined by a jury; and a reasonable attorney's fee and other litigation costs reasonably incurred. 18 U.S.C § 2520.

## COUNT TEN: VIOLATION OF THE ECPA WIRETAP ACT – UNAUTHORIZED DISCLOSURE OF ELECTRONIC COMMUNICATIONS BY AN ECS

***Subclass: All Google Account Holders Who Use the Google Chrome Browser***

367. Plaintiffs incorporate all preceding paragraphs as though set forth herein.

368. Plaintiffs are Account Holders who also use the Google Chrome web browser.

369. This count is brought on behalf of a subclass of all Google Account Holders who use the Google Chrome web browser.

370. The ECPA Wiretap statute provides that "a person or entity providing an electronic communication service to the public shall not intentionally divulge the contents of any communication (other than one to such person or entity, or an agent thereof) while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication or an agent of such addressee or intended recipient." 18 U.S.C. § 2511(3)(a).

371. Electronic Communication Service. An "electronic communication service" is defined as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

372. The Google Chrome web browser is an electronic communication service. It provides to users thereof the ability to send or receive electronic communications. In the absence of a web browser or some other such system, Internet users could not send or receive communications over the Internet.

373. Intentional Divulgence. Google intentionally designed the Chrome web browser so that it would divulge the contents of Plaintiffs' and Subclass Members' communications with non-Google websites to hundreds of Google RTB participants.

374. While in Transmission. Google Chrome's divulgence of the contents of Plaintiffs' and Class Members' communications was contemporaneous with their exchange with the websites to which they directed their communications. As described above, the Google RTB process occurs in milliseconds while the communication is still being exchanged between Plaintiffs and Class Members and the websites to which they directed their communications. That is why Google itself refers to the process as "Real-Time Bidding." The signal sent out to Google RTB is sent simultaneously with the signal sent to the websites to which Plaintiffs' and Class Members' communications were directed.

375. Google Chrome is not a party to Plaintiffs' and Class Members' electronic communications exchanged with the non-Google websites to which Plaintiffs and Class Members directed their communications.

376. Google Chrome divulged the contents of Plaintiffs' and Class members' electronic communications with the non-Google websites to which their communications were directed through the surreptitious duplication, forwarding, and re-direction of those communications to Google. The divulgence of the contents of Plaintiffs' and Class Members' communications was without authorization. Google Chrome divulged the contents of Plaintiffs' and Class Members' communications to hundreds of Google RTB participants, entities other than the intended recipient of such communication, while Plaintiffs' and Class Members' communications were being transmitted on Google Chrome.

377. Exceptions Do Not Apply. In addition to the exception for communications directly to an ECS or an agent of an ECS, the Wiretap Act states that "[a] person or entity providing electronic communication service to the public may divulge the contents of any such communication":

a. "as otherwise authorized in section 2511(2)(a) or 2517 of this title;"

b. "with the lawful consent of the originator or any addressee or intended recipient of such communication;"

c. "to a person employed or authorized, or whose facilities are used, to forward such communication to its destination;" or

d. "which were inadvertently obtained by the service provider and which appear to pertain to the commission of a crime, if such divulgence is made to a law enforcement agency."

18 U.S.C. § 2511(3)(b).

378. Section 2511(2)(a)(i) provides:

> It shall not be unlawful under this chapter for an operator of a switchboard, or an officer, employee, or agent of a provider of wire or electronic communication service, whose facilities are used in the transmission of a wire or electronic communication, to intercept, disclose, or use that communication in the normal course of his employment while engaged in any activity which is a necessary incident to the rendition of his service or to the protection of the rights or property of the provider of that service, except that a provider of wire communication service to the public shall not utilize service observing or random monitoring except for mechanical or service quality control checks.

379. Google's divulgence of the contents of Plaintiffs' and Class Members' communications on the Chrome browser to hundreds of Google RTB participants was not authorized by 18 U.S.C. § 2511(2)(a) in that it was neither a necessary incident to the rendition of the Chrome service nor necessary to the protection of the rights or property of Google.

380. Section 2517 of the ECPA relates to investigations by government officials and has no relevance here.

381. Google's divulgences of the contents of Plaintiffs' and Class Members' communications on the Chrome browser to hundreds of Google RTB participants was not done "with the lawful consent of the originator or any addressee or intended recipient of such communication[s]." As alleged above, Plaintiffs and Class Members, including members of the Subclass, did not authorize Google to divulge the contents of their communications to hundreds of Google RTB participants. Nor did Google procure the "lawful consent" of the websites to which Plaintiffs and Subclass Members directed and exchanged communications.

382. The other companies to which Google sold, shared, and divulged Plaintiffs' and Subclass Members' content of communications were not "person[s] employed or authorized, or whose facilities are used, to forward such communication[s] to [their] destination."

383. The contents of Plaintiffs' and the Subclass Members' communications did not appear to pertain to the commission of a crime, and Google Chrome did not divulge the contents of their communications to a law enforcement agency.

384. Plaintiffs and the Subclass Members seek appropriate preliminary and other equitable or declaratory relief; the appropriate statutory measure of damages; punitive damages in an amount to be determined by a jury; and a reasonable attorney's fee and other litigation costs reasonably incurred. 18 U.S.C. § 2520.

**COUNT ELEVEN: VIOLATION OF THE ECPA STORED COMMUNICATIONS ACT – UNAUTHORIZED DISCLOSURE OF ELECTRONIC COMMUNICATIONS BY AN ECS**

***On Behalf of a Subclass Comprising All Google Account Holders Who Use Google Chrome***

385. Plaintiffs incorporate all preceding paragraphs as though set forth herein.

386. This count is brought on behalf of a subclass of all Google Account Holders who use the Google Chrome web browser.

387. The ECPA provides that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1).

388. Electronic Communication Service. ECPA defines "electronic communications service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

389. The Google Chrome browser is an ECS.

390. Electronic Storage. ECPA defines "electronic storage" as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof" and "any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17).

391. Google stores Plaintiffs' and Subclass Members' personal information and the contents of their communications in the Chrome browser and files associated with it.

392. Specifically, Google stores the content of Plaintiffs' and Subclass Members' Internet communications within the Chrome browser in two ways:

a. For purposes of backup protection so that if the browser inadvertently shuts down, Plaintiffs' and Subclass Members' can be presented with the option to restore their previous communications; and

b. For a temporary and intermediate amount of time incidental to the electronic transmission thereof when it places the contents of user communications into the browser's web-browsing history, which is only kept on the browser for 90 days.

393. When a Google Account Holder clicks a button or hits ENTER to exchange a communication with the website the Account Holder is interacting with while using the Chrome browser, the content of the communication is immediately placed into storage within the Chrome browser.

394. Google knowingly divulges the contents of Plaintiffs' and Subclass' members communications to hundreds of different companies through the Google RTB process while such communications are in electronic storage.

395. Exceptions Do Not Apply. Section 2702(b) of the Stored Communications Act provides that an electronic communication service provider "may divulge the contents of a communication—"

a. "to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient;"

b. "as otherwise authorized in section 2517, 2511(2)(a), or 2703 of this title;"

c. "with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service;"

d. "to a person employed or authorized or whose facilities are used to forward such communication to its destination;"

e. "as may be necessarily incident to the rendition of the service or to the protection of the rights or property of the provider of that service":

f. "to the National Center for Missing and Exploited Children, in connection with a reported submitted thereto under section 2258A;"

g. "to law enforcement agency, if the contents (i) were inadvertently obtained by the service provider; and (ii) appear to pertain to the commission of a crime;"

h. "to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of communications relating to the emergency;" or

i. "to a foreign government pursuant to an order from a foreign government that is subject to an executive agreement that the Attorney General has determined and certified to Congress satisfies section 2523."

396. The hundreds of other companies to which Google divulges the content of Plaintiffs' and Subclass Members' communications while stored in Chrome are not "addressees," "intended recipients," or "agents" of any such addressees or intended recipients of the Plaintiffs' and Subclass members' communications.

397. Sections 2517 and 2703 of the ECPA relate to investigations by government officials and have no relevance here.

398. Section 2511(2)(a)(i) provides:

> It shall not be unlawful under this chapter for an operator of a switchboard, or an officer, employee, or agent of a provider of wire or electronic communication service, whose facilities are used in the transmission of a wire or electronic communication, to intercept, disclose, or use that communication in the normal course of his employment while engaged in any activity which is a necessary incident to the rendition of his service or to the protection of the rights or property of the provider of that service, except that a provider of wire communication service to the public shall not utilize service observing or random monitoring except for mechanical or service quality control checks.

399. Google's divulgence of the contents of user communications on the Chrome browser to hundreds of other companies through the Google RTB process was not authorized by 18 U.S.C. § 2511(2)(a)(i) in that it was neither:

a. A necessary incident to the rendition of the Chrome service; nor

b. Necessary to the protection of the rights or property of Google.

400. Google's divulgence of the contents of user communications on the Chrome browser through the Google RTB process was not done "with the lawful consent of the originator or any addressee or intended recipient of such communication[s]."

401. As alleged above:

a. Plaintiffs and Google Account Holders, including members of the Subclass, did not authorize Google to divulge the contents of their communications to hundreds of other companies.

b. Google did not procure the "lawful consent" from the websites or apps with which Plaintiffs and Subclass Members' were exchanging communications.

402. The hundreds of other companies to which Google divulges the content of Plaintiffs' and Subclass Members' communications while in Chrome storage through the RTB process are not "person[s] employed or whose facilities are used to forward such communication to its destination."

403. Google's divulgences in the RTB system were not to governmental entities.

404. As a result of the above actions and pursuant to 18 U.S.C. § 2520, the Court may assess statutory damages; preliminary and other equitable or declaratory relief as may be appropriate; punitive damages in an amount to be determined by a jury; and a reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT TWELVE: VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT

***On Behalf of a Subclass Comprising All Google Account Holders Who Use Google Chrome, Android Operating System, or Apps that Incorporate the Google Software Development Kit (SDK)***

405. Plaintiffs incorporate all preceding paragraphs as though set forth herein.

406. The Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") provides that "a video tape service provider" shall not "knowingly disclose[], to any person, personally identifiable information concerning any consumer of such provider" without informed written consent and not incident to the ordinary course of business. 18 U.S.C. § 2710(b)(1).

407. Video Tape Service Provider. Under the VPPA, a "video tape service provider" ("VTSP") is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials, or any person or other entity to whom a disclosure is made under subparagraph (D) or (E) of subsection

(b)(2), but only with respect to the information contained in the disclosure." Under subparagraph (E) of subsection (b)(2), a VTSP is extended to include any person who obtains information "incident to the ordinary course of business of" the VTSP. As used in the VPPA, "'ordinary course of business' means only debt collection activities, order fulfillment, request processing, and transfer of ownership."

408. Google is a VTSP through its Chrome browser, Android operating system, and Google SDK that it provides to app developers:

a. Google Chrome, which establishes a supporting ecosystem to seamlessly deliver video content to consumers, is engaged in the delivery of audio visual materials similar to prerecorded video cassette tapes by providing software through which audio visual materials are requested or obtained by Plaintiffs and Subclass Members from various first-party websites accessed via the Chrome browser.

b. Google Android, which establishes a supporting ecosystem to seamlessly deliver video content to consumers, is engaged in the delivery of audio visual materials similar to prerecorded video cassette tapes by providing software through which audio visual materials are requested or obtained by Plaintiffs and Subclass Members at various first-party websites accessed via a mobile device running the Android operating system.

c. The Google SDK, which establishes a supporting ecosystem to seamlessly enable companies such as ESPN and Brid.tv, a provider of enterprise solutions for managing and monetizing customers' video that is also a Google Ad Manager certified external vendor, to deliver video content to consumers, is engaged in the delivery of audio visual materials similar to prerecorded video cassette tapes by providing software through which audio visual materials are requested or obtained by Plaintiffs and Subclass Members at various first-party websites that make use of the Google SDK to provide such audio visual materials.

d. Google Chrome, Android, and the Google SDK each also qualify as VTSPs through 18 U.S.C. § 2710(b)(2)(E) because they are Google services that aid VTSPs in order fulfillment and request processing.

409. Personally Identifiable Information. Under the VPPA, "'personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services from a" VTSP. 18 U.S.C. § 2710(a)(3).

410. The VPPA definition of "personally identifiable information" is purposefully broad and open-ended. The VPPA "prohibits … [the disclosure of] 'personally identifiable information' – information that links the customer or patron to particular materials or services." S. Rep. No. 100-

599 at *7. "Unlike the other definitions [in the VPPA], paragraph (a)(3) uses the word 'includes' to establish a minimum, but not exclusive, definition of personally identifiable information." S. Rep. No. 100-599 at *12. The Act was passed in 1988 following publication of "a profile of Judge Robert H. Bork based on the titles of 146 files *his family had rented* from a video store." S. Rep. 100-599 at 6 (emphasis added).

411. Google knowingly discloses personally identifiable information about Plaintiffs' and Subclass Members' requests, acquisitions, and viewing records of specific video materials and services.

412. The Google RTB developer documentation for Bid Requests states that it discloses the following information about Plaintiffs and Subclass Members to hundreds of different companies, including regarding the audio-visual materials they access through Google Chrome, Android, and Google SDK:

| **COMMUNICATIONS CONTENT** | |
|---|---|
| cat | Array of IAB content categories of the site or app. |
| sectioncat | Array of IAB content categories that describe current section of site or app. |
| pagecat | Array of IAB content categories that describe current site or app page or view. |
| page | URL of the page where the impression will be shown. |
| ref | Referrer URL that caused navigation to the current page. |
| publisher | Details about the Publisher object of the site or app. |
| content | Details about the Content within the site or app. |
| keywords | Comma-separated list of keywords about this site or app. |
| content id | ID uniquely identifying the content. |
| episode | Content episode number (typically applies to video content). |
| title | Content title. Video examples: "Search Committee" (television); "A New Hope (movie); or "Endgame" (made for web). Non-video example: "Why an Antarctic Glacier is Melting So Quickly" (Time magazine article). |
| series | Content series. Video examples: "The Office" (television); "Star Wars" (movie); or "Arby 'N' The Chief (made for web). Non-video example: ("Ecocentric") (Time magazine blog). |
| **DEVICE** | |
| dnt | Standard 'Do Not Track' flag as set in the header by the browser. |
| ua | Browser user-agent string. |
| ip | IPv4 address closest to device. |
| geo | Location of the device assumed to be the user's current location defined by a Geo object. |
| didsha1 | Hardwire device ID. |
| dpidsha1 | Platform device ID (e.g. Android ID). |
| ipv6 | IPv6 address closest to device. |
| carrier | Carrier or ISP, using exchange curated string names which should be published to bidders a priori. |
| make | Device make (e.g. Apple). |
| model | Device model (e.g. iPhone). |

| | |
|---|---|
| os | Device operating system (e.g. iOS). |
| osv | Device operating system version. |
| hwv | Hardware version of the device (e.g. '5S' for iPhone 5S). |
| devicetype | The general type of device. |
| ifa | ID sanctioned for advertiser use in the clear. |
| macsha1 | MAC address of the device. |
| **GEO-LOCATION** | |
| lat | Latitude from -90.0 to 90.0, where negative is south. |
| lon | Longitude from -180.0 to 180.0 where negative is west. |
| country | Country. |
| region | Region. |
| metro | Google metro code; similar to but not exactly Nielson DMAs. |
| city | City using United Nations Code for Trade & Transport. |
| zip | Zip/postal code. |
| type | Source of location data. |
| accuracy | Estimated location accuracy. |
| lastfix | Number of seconds since this geolocation fix was established. |
| **USER** | |
| Id | Exchange-specific id for the user. |
| Buyerid | Buyer-specific ID as mapped by the exchange for the buyer. |
| Gender | Gender as 'M' male, 'F' female, 'O' other. |
| Keywords | Comma-separated list of keywords, interests, or intent. |
| Customdata | Optional feature to pass bidder data set in the exchange's cookie. |
| Geo | Location of the user's home based defined by a Geo object. This is not necessarily their current location. |
| Data | Values for this field are now redacted. Segment.id references the exchange-detected vertical of the page. Segment.value corresponds to the weight of that detected vertical, a higher weight suggesting the page is more relevant for the detected vertical. |

| **"INFORMATION THAT WE KNOW ABOUT THE USER"** | | |
|---|---|---|
| 2 | IP address | The first 3 bytes of IPv4 or first 6 bytes for IPv6. |
| 3 | Special Treatment | Reasons for special treatment of user data. For example, if the "current request should be treated as child-directed for purposes of the Children's Online Privacy Protection Act." |
| 4 | Google ID | "The Google ID for the user. … This field may be the same as the Google ID returned by the cookie matching service." |
| 5 | Google ID Version | "The version number of the google_user_id. We may sometimes change the mapping from cookie to google_user_id." |
| 6 | Google ID Age | "The time in seconds since the google_user_id was created." |
| 7 | Match Data | "Match data stored for this google_user_id through the cookie matching service. If a match exists, then this field holds the decoded data that was passed in the google_hm parameter." |
| 8 | User-Agent | "A string that identifies the browser and type of device that sent the request." |
| 9 | FLoC | "The value of a cohort ID – a string identifier that is common to a large cohort of users with similar browsing habits. … Experimental feature: may be subject to change." |
| 10 | User Agent Info. | "This will be populated with information about the user agent, extracted from the User-Agent header." |
| 11 | Publisher location | The billing address country of the publisher. |
| 12 | End-user location | The user's approximate geographic location. |
| 13 | Zip code | Detected postal code of the user. |

| | | |
|---|---|---|
| 14 | Hyper-local | A hyperlocal targeting location when available. |
| 15 | User verticals | "List of detected user verticals. Currently unused. This field is not populated by default. We recommend that bidders instead store and look up list ids using either google_user_id or hosted-match-data as keys." |
| 16 | User-list | The user list id. |
| **INFORMATION FOR "AD QUERIES COMING FROM MOBILE DEVICES"** | | |
| 41 | Mobile App | The identifier of the mobile app or mobile webpage. "If the app was downloaded from the Apple iTunes app store, then this is the app-store id, e.g. 343200656. For Android devices, this is the fully qualified package name, e.g. com.rovio.angrybirds. For Windows devices, it's the App ID, e.g. f15abcde-f6gh-47i0-j3k8-37193817mn3o. For SDK-less requests (mostly from connected TVs), the app ID provided by the publisher directly in the request." |
| 45 | Advertising IDs | This field is used for advertising identifiers for:<br>1) iOS devices (This is called Identifier for Advertising or IDFA, as described at https://support.google.com/authorizedbuyers/answer/3221407)<br>2) Android devices;<br>3) Roku devices;<br>4) Microsoft Xbox devices;<br>5) Amazon devices (i.e. Amazon Fire) |
| 46 | App Name | App names for Android by Google Play and for iOS by App Annie. |
| **VIDEO INFORMATION** | | |
| 50 | Placement | Where the ad is placed. |
| 51 | URL | The URL of the page that the publisher gives Google to describe the video content, with parameters removed. |
| 52 | Playback Method | How the video ad will be played. |
| 53 | Clickable | Describes whether the video ad is clickable. |
| 54 | Start-Delay | The time in milliseconds from the start of the video when the ad will be displayed. |
| 55 | Ad Duration | The minimum and maximum ad durations. |
| 56 | Skippable | Whether the publisher allows users to skip the ad. |
| 57 | Protocols | Supported video protocols. |
| 58 | File formats | Supported video file formats. |
| 59 | Companion Ads | Information about companion ad slots shown with the video. |
| 60 | Size | Height and width for the video ad. |
| 61 | Video title | The video title. |
| 62 | Video keywords | A list of keywords describing the video, extracted from the content management system of the video publisher. |

413. Many of the companies to which Google knowingly discloses Plaintiffs' and Class Members' video purchases and viewing habits already maintain their own databases of identifiers for Plaintiffs and Class Members. For example, Google and Facebook have reached a deal worth at least $500 million annually associated with Facebook's use of Google RTB. Google knows that Google Chrome, Android, and Google SDK provide enough personally identifying information to Facebook to allow it to identify the individual Account Holder. Other companies to which Google discloses Plaintiffs' and Class Members' video purchases and viewing habits are able to identify

the individual Account Holder because Google provides a cookie-match system that it knows enables them to match the disclosed Google IDs to their own proprietary IDs for Plaintiffs and Class Members.

414. In addition, the identifiers Google discloses to the Google RTB participants are readily capable of being used by those companies to identify specific users even in the absence of a pre-existing database possessed by the recipient of Google's disclosures. For example, *The New York Times* investigation detailed above used the same type of data disclosed on Google RTB to identify specific people who participated in the assault on the United States Capitol on January 6, 2021.

415. Exceptions Do Not Apply. Certain types of disclosures are permitted under the VPPA. Establishing the existence of such circumstances is an affirmative defense. Regardless, none exists here.

416. Google did not receive sufficient informed, written consent from Plaintiffs and Class Members to permit disclosure. 18 U.S.C. § 2710(b)(2)(B).

417. Disclosure was not made to law enforcement pursuant to a warrant, grand jury subpoena, or court order. 18 U.S.C. § 2710(b)(2)(C); *see* 18 U.S.C. § 2710(b)(2)(F) (permitting disclosure pursuant to a court order, in a civil proceeding, upon a showing of compelling need for the information that cannot be accommodated by other means, where the consumer is given reasonable notice of the court proceeding and afforded the opportunity to appear and contest the claim of the person seeking disclosure).

418. Disclosure was not solely of the names and addresses of Plaintiffs and Class Members where they were provided a clear and conspicuous opportunity to prohibit the disclosure and the disclosure did not disclose the title, description, or subject matter of any audio visual material. 18 U.S.C. § 2710(b)(2)(D).[75]

[75] While the subject matter may be disclosed for the exclusive use of marketing goods and services directly to the consumer, such disclosure remains conditioned on the consumer's clear and conspicuous opportunity to prohibit such disclosure. *Id.* That opportunity was not made available to Plaintiffs and Class Members here.

419. Disclosure was not incident to the ordinary course of business for Google Chrome, Android, or Google SDK. 18 U.S.C. § 2710(b)(2)(E).

420. For Google's VPPA violations, the Subclass who uses Google Chrome, the Android mobile operating system, or apps that incorporate the Google SDK seeks actual damages but no less than liquidated damages in an amount of $2,500; punitive damages; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other preliminary and equitable relief as the court determines to be appropriate. 18 U.S.C. § 2710(c).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Award compensatory damages, including statutory damages where available, to Plaintiffs and the Class against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Award Plaintiffs and the Class the measure of unjust enrichment enjoyed by Defendant as a result of its violations identified herein, in an amount to be proven at trial, including interest thereon;

D. Award Plaintiffs and the Class punitive damages pursuant to Cal. Civ. Code § 3294(a), as Google acted with oppression, fraud, or malice;

E. Award Plaintiffs declaratory relief in the form of an order finding the following, along with all other forms of declaratory relief the Court finds appropriate:

a. Google breached the contractual rights of its users;

b. Google's actions violated the duty of good faith and fair dealing;

c. Google's actions violated California's Unfair Competition Law;

d. Google's actions violated Art. 1, § 1 of the California Constitution, Right to Privacy;

e. Google's actions constitute an intrusion upon seclusion;

f. Google's actions constitute publication of private information;

g. Google's actions violated the duty of confidence;

h. Google's actions violated California's Invasion of Privacy Act;

i. Google's actions violated the Electronic Communications Privacy Act;

j. Google's actions violated the Video Privacy Protection Act;

k. Plaintiffs have suffered privacy harm; and

l. Plaintiffs have suffered economic harm.

E. Permanently enjoin Google, its officers, agents, servants, employees, and attorneys, from sharing or selling any existing Google account holder's personal information without express authorization for the sale of such information;

D. Award Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E. Grant Plaintiffs such further relief as the Court deems appropriate.

## VIII. JURY TRIAL DEMAND

The Plaintiffs demand a trial by jury of all issues so triable.

Dated: March 26, 2021

**BLEICHMAR FONTI & AULD LLP**

By: *[/s/ Lesley Weaver]*
Lesley Weaver (Cal. Bar No. 191305)
Matthew S. Melamed (Cal. Bar No. 260272)
Anne K. Davis (Cal. Bar No. 267909)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*mmelamed@bfalaw.com*
*adavis@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Mitchell M. Breit (*pro hac vice* to be sought)

Jason 'Jay' Barnes (*pro hac vice* to be sought)
An Truong (*pro hac vice* to be sought)
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**PRITZKER LEVINE LLP**

By: *<u>/s/ Elizabeth C. Pritzker</u>*
Elizabeth C. Pritzker (Cal. Bar No. 146267)
Jonathan K. Levine (Cal Bar No. 220289)
Caroline C. Corbitt (Cal Bar No. 305492)
1900 Powell Street, Suite 450
Emeryville, CA 94608
Tel.: (415) 692-0772
Fax: (415) 366-6110
*ecp@pritzkerlevine.com*
*jkl@pritzkerlevine.com*
*ccc@pritzkerlevine.com*

*Attorneys for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of March, 2021, at Oakland, California.

*/s/ Lesley Weaver*
Lesley E. Weaver

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF** NORTHERN CALIFORNIA

# Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: 4:21-cv-02155-YGR-VKD

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 3/26/2021

Date of judgment or order you are appealing: 3/26/2026

Docket entry number of judgment or order you are appealing: 813 *

***appeal from Attorneys' Fees award only**

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

(●) Yes ( ) No ( ) IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Terry Diggs; Rethena Green; John Kevranian; Salvatore Toronto; Christopher Valencia; Tara Williams; Kimberley Woodruff

Is this a cross-appeal? ( ) Yes (●) No

If yes, what is the first appeal case number?

Was there a previous appeal in this case? (●) Yes ( ) No

If yes, what is the prior appeal case number? 24-2479

Your mailing address (if pro se):

City: State: Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature** /s/Elizabeth C. Pritzker **Date** 4/20/2026

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Terry Diggs; Rethena Green; John Kevranian; Salvatore Toronto; Christopher Valencia; Tara Williams; Kimberley Woodruff

Name(s) of counsel (if any):

Elizabeth C. Pritzker; Jonathan K. Levine
Pritzker Levine LLP **see additional pages attached**

Address: 1900 Powell Street, Ste. 450, Emeryville, CA 94602

Telephone number(s): (415) 692-0772

Email(s): ecp@pritzkerlevine.com; jkl@pritzkerlevine.com

Is counsel registered for Electronic Filing in the 9th Circuit? ◉ Yes ○ No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Google LLC

Name(s) of counsel (if any):

Whitty Somvichian; Reece Trevor
Cooley LLP

Address: 3 Embarcadero Center, 20th Floor, San Francisco, CA 94111

Telephone number(s): (415) 693-2000

Email(s): wsomvichian@cooley.com; rtrevor@cooley.com

*To list additional parties and/or counsel, use next page.*

Attachment

**Additional Counsel for Appellants**:

Lesley E. Weaver; Anne K. Davis
Stranch, Jennings & Garvey, PLLC
1111 Broadway, Ste. 300
Oakland, CA 94607
(341)217-0550
lweaver@stranchlaw.com; adavis@stranchlaw.com
Counsel are registered for Electronic Filing in the Ninth Circuit.

Jason 'Jay' Barnes
Simmons Hanly Conroy LLP
112 Madison Avenue, 7th Floor
New York, NY 10016
(212)257-8582
jaybarnes@simmonsfirm.com
Counsel is registered for Electronic Filing in the Ninth Circuit.

David A. Straite
DiCello Levitt LLP
485 Lexington Ave., Ste 1001
New York, NY 10017
(646)933-1000
dstraite@dicellolevitt.com
Counsel is registered for Electronic Filing in the Ninth Circuit.

Nanci E. Nishimura; Brian Danitz
Cotchett Pitre & McCarthy LLP
840 Malcolm Road
Burlingame, CA 94010
(650)697-6000
nnishimura@cpmlegal.com; bdanitz@cpmlegal.com
Counsel are registered for Electronic Filing in the Ninth Circuit.

Francis A. Bottini, Jr.; Aaron P. Arnzen
Bottini & Bottini, Inc.
7817 Ivanhoe Ave., Ste. 102
La Jolla, CA 92037

(858)914-2001
fbottini@bottinilaw.com; aarnzen@bottinilaw.com
Counsel are registered for Electronic Filing in the Ninth Circuit.

Query Reports Utilities Help Log Out

ADRMOP,APPEAL,CLOSED,CONSOL,RELATE

# U.S. District Court
# California Northern District (Oakland)
# CIVIL DOCKET FOR CASE #: 4:21-cv-02155-YGR

In re Google RTB Consumer Privacy Litigation
Assigned to: Judge Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Virginia K. DeMarchi
Relate Case Cases: 4:20-cv-05146-YGR
4:20-cv-03664-YGR
4:21-cv-03360-YGR
4:21-cv-03725-YGR
Case in other court: USCA, 26-02638
Cause: 28:1331 Fed. Question: Breach of Contract

Date Filed: 03/26/2021
Date Terminated: 03/26/2026
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Special Master**

**Judge James Warren**

**Plaintiff**

**Benjamin Hewitt**
*TERMINATED: 10/19/2021*

represented by

**Elizabeth C Pritzker**
Pritzker Levine LLP
1900 Powell Street
Suite 450
Emeryville, CA 94608
415-692-0772
Fax: 415-366-6110
Email: ecp@pritzkerlevine.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lesley Elizabeth Weaver**
Stranch, Jennings & Garvey, PLLC
1111 Broadway
Suite 300
Oakland, CA 94607
341-217-0550
Email: lweaver@stranchlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**An V. Truong**
Simmons Hanly Conroy
112 Madison Avenue
7th Floor
New York, NY 10016
United Sta
212-784-6400
Fax: 212-213-5949

Email: atruong@simmonsfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angelica Maria Ornelas**
United States District Court
Northern District of California
1301 Clay Street
Suite 400 S
Oakland, CA 94612
510-631-3375
Email:
Angelica_Ornelas@cand.uscourts.gov
*TERMINATED: 07/19/2023*

**Anne Kathleen Davis**
Stranch, Jennings & Garvey, PLLC
1111 Broadway
Suite 300
Oakland, CA 94607
341-217-0550
Email: adavis@stranchlaw.com
*ATTORNEY TO BE NOTICED*

**Caroline Camille Corbitt**
Pritzker Levine LLP
1900 Powell Street, Suite 450
Emeryville, CA 94608
(415) 692-0772
Fax: (415) 366-6110
Email: ccc@pritzkerlevine.com
*TERMINATED: 09/08/2026*

**Elizabeth C Pritzker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Arthur Ulwick**
DiCello Levitt Gutzler LLP
10 North Dearborn Street
Ste 6th Floor
Chicago, IL 60602
301-467-6038
Email: julwick@dicellolevitt.com
*ATTORNEY TO BE NOTICED*

**Jay Barnes**
Barnes Law, LLC
231 Madison Street
Ste 300
Jefferson City, MO 65101
573-308-7658
Fax: 573-635-7414
Email: jaybarnes@barnes.law

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Krasne Levine**
Pritzker Levine, LLP
1900 Powell Street
Suite 450
Emeryville, CA 94608
415-692-0772
Fax: 415-366-6110
Email: jkl@pritzkerlevine.com
*ATTORNEY TO BE NOTICED*

**Joshua David Samra**
Stranch, Jennings & Garvey, PLLC
California
1111 Broadway
Suite 300
Oakland, CA 94607
341-217-0550
Email: jsamra@stranchlaw.com
*ATTORNEY TO BE NOTICED*

**Matthew Seth Melamed**
Keller Rohrback L.L.P.
180 Grand Avenue
Suite 1380
Oakland, CA 94612
510-463-3900
Email: mmelamed@kellerrohrback.com
*ATTORNEY TO BE NOTICED*

**Mitchell M. Breit**
Milberg Coleman Bryson Phillips
Grossman, PLLC
405 East 50th Street
New York, NY 10022
347-668-8445
Email: mbreit@milberg.com
*TERMINATED: 09/09/2021*

**Plaintiff**

**Kimberley Woodruff** represented by **David A. Straite**
DiCello Levitt LLP
485 Lexington Avenue
Ste 1001
New York, NY 10017
646-933-1000
Email: dstraite@dicellolevitt.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lesley Elizabeth Weaver**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam J. Levitt**
DiCello Levitt Gutzler LLC
Ten North Dearborn Street, Eleventh Floor
Chicago, IL 60602
(312) 214-7900
Email: alevitt@dicellolevitt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy E. Keller**
DiCello Levitt LLP
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
312-214-7900
Email: akeller@dicellolevitt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**An V. Truong**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angelica Maria Ornelas**
(See above for address)
*TERMINATED: 07/19/2023*

**Anne Kathleen Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline Camille Corbitt**
(See above for address)
*TERMINATED: 09/08/2026*

**Corban S Rhodes**
DiCello Levitt LLP
485 Lexington Ave.
10th Floor
New York, NY 10017
646-933-1000
Email: crhodes@dicellolevitt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth C Pritzker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Arthur Ulwick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay Barnes**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer M Paulson**
Simmons Hanly Conroy
One Court Street
Alton, IL 62002
618-259-6231
Fax: 618-259-2251
Email: jpaulson@simmonsfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Frawley**
Werman Salas P.C.
77 W. Washington Street
Suite 1402
Chicago, IL 60602
312-419-1008
Fax: 312-419-1025
Email: jfrawley@flsalaw.com
*TERMINATED: 06/08/2023*
*PRO HAC VICE*

**Jonathan Krasne Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua David Samra**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Seth Melamed**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mitchell M. Breit**
(See above for address)
*TERMINATED: 09/09/2021*

**Plaintiff**

**Meaghan Delahunty** represented by **Brian Danitz**
Cotchett, Pitre & McCarthy LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000
Fax: (650) 697-0577

Email: bdanitz@cpmlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth C Pritzker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew F Kirtley**
40 Pond St
Jamaica Plain, MA 02130
502-640-6624
Email: afkirtley@gmail.com
*TERMINATED: 09/03/2024*

**Bethany M. Hill**
King & Siegel LLP
724 S. Spring Street
Suite 201
90014
Los Angeles, CA 90014
213-465-4802
Fax: 213-465-4803
Email: bethany@kingsiegel.com
*TERMINATED: 06/28/2022*
*ATTORNEY TO BE NOTICED*

**Itak Moradi**
Saveri Law Firm, LLP
550 California Street
Ste 910
San Francisco, CA 94104
415-500-6800
Email: imoradi@saverilawfirm.com
*ATTORNEY TO BE NOTICED*

**James Arthur Ulwick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer M Paulson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karin Bornstein Swope**
Cotchett, Pitre & McCarthy, LLP
WA
1809 7th Avenue
Suite 1610
Seattle, WA 98101
206-970-8180
Email: kswope@cpmlegal.com

*ATTORNEY TO BE NOTICED*

**Maisie Sokolove**
Knox Ricksen LLP
2033 N. Main Street
Suite 340
Walnut Creek, CA 94596
9254332500
Fax: 9254332505
Email: mcs@knoxricksen.com
*TERMINATED: 03/02/2026*

**Mitchell M. Breit**
(See above for address)
*TERMINATED: 09/09/2021*

**Nanci Eiko Nishimura**
Cotchett Pitre & McCarthy LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
650-697-6000
Fax: 650-697-0577
Email: nnishimura@cpmlegal.com
*ATTORNEY TO BE NOTICED*

**Noorjahan Rahman**
Willkie Farr & Gallagher LLP
333 Bush Street
San Francisco, CA 94104
415-858-7400
Email: nrahman@willkie.com
*TERMINATED: 01/26/2022*
*ATTORNEY TO BE NOTICED*

**Thomas E. Fraysse**
Knox Ricksen LLP
2033 N. Main Street
Suite 340
Walnut Creek, CA 94596
925-433-2500
Fax: 925-433-2505
Email: tef@knoxricksen.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Meghan Cornelius** represented by **Brian Danitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth C Pritzker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew F Kirtley**
(See above for address)
*TERMINATED: 09/03/2024*

**Bethany M. Hill**
(See above for address)
*TERMINATED: 06/28/2022*
*ATTORNEY TO BE NOTICED*

**Itak Moradi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Arthur Ulwick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer M Paulson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karin Bornstein Swope**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maisie Sokolove**
(See above for address)
*TERMINATED: 03/02/2026*

**Mitchell M. Breit**
(See above for address)
*TERMINATED: 09/09/2021*

**Nanci Eiko Nishimura**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Noorjahan Rahman**
(See above for address)
*TERMINATED: 01/26/2022*
*ATTORNEY TO BE NOTICED*

**Thomas E. Fraysse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**John Kevranian** represented by **Brian Danitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth C Pritzker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew F Kirtley**
(See above for address)
*TERMINATED: 09/03/2024*

**Bethany M. Hill**
(See above for address)
*TERMINATED: 06/28/2022*
*ATTORNEY TO BE NOTICED*

**Itak Moradi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Arthur Ulwick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer M Paulson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karin Bornstein Swope**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maisie Sokolove**
(See above for address)
*TERMINATED: 03/02/2026*

**Mitchell M. Breit**
(See above for address)
*TERMINATED: 09/09/2021*

**Nanci Eiko Nishimura**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Noorjahan Rahman**
(See above for address)
*TERMINATED: 01/26/2022*
*ATTORNEY TO BE NOTICED*

**Thomas E. Fraysse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Salvatore Toronto** | represented by | **Elizabeth C Pritzker**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Albert Y. Chang**<br>Bottini and Bottini, Inc.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>(858) 914-2001<br>Fax: (858) 914-2002<br>Email: achang@bottinilaw.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Anne Beste**<br>Bottini & Bottini, Inc.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>(858) 914-2001<br>Fax: (858) 914-2002<br>Email: abeste@bottinilaw.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Francis A. Bottini , Jr.**<br>Bottini & Bottini, Inc.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>(858) 914-2001<br>Fax: (858) 914-2002<br>Email: fbottini@bottinilaw.com<br>*ATTORNEY TO BE NOTICED*<br><br>**James Arthur Ulwick**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Jennifer M Paulson**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Mitchell M. Breit**<br>(See above for address)<br>*TERMINATED: 09/09/2021*<br><br>**Yury A. Kolesnikov**<br>Haight Brown & Bonesteel LLP<br>402 West Broadway<br>Suite 1850<br>San Diego, CA 92101<br>619-595-5583<br>Email: ykolesnikov@hbblaw.com<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

**Consolidated Plaintiffs** represented by **Brian Danitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A. Straite**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth C Pritzker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yury A. Kolesnikov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew F Kirtley**
(See above for address)
*TERMINATED: 09/03/2024*

**Angelica Maria Ornelas**
(See above for address)
*TERMINATED: 07/19/2023*

**Anne Kathleen Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Mullens**
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
341-217-0550
Email: gmullens@stranchlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**H Melissa Mather**
Reeves and Brightwell LLP
3103 Bee Caves Rd
Ste 240
Ste. 240
Austin, TX 78703
512-796-9294
Email: mmather@reevesbrightwell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Arthur Ulwick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer M Paulson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Krasne Levine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua David Samra**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karin Bornstein Swope**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lesley Elizabeth Weaver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nanci Eiko Nishimura**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Google LLC** represented by **Jeffrey Gutkin**
Cooley LLP
3 Embarcadero Center
20th Floor
San Francisco, CA 94111-4004
415-693-2000
Fax: 415-693-2222
Email: jgutkin@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Graham Rhodes**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2000
Fax: 415-693-2222
Email: rhodesmg@mac.com
*TERMINATED: 01/16/2025*
*LEAD ATTORNEY*

**Aarti G. Reddy**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2000
Fax: 415-693-2222
Email: areddy@cooley.com
*ATTORNEY TO BE NOTICED*

**Anupam Singh Dhillon**
U.S. Attorney's Office, NDCA
450 Golden Gate Avenue
Ste 11th Floor
San Francisco, CA 94102
415-436-7200
Fax: 415-436-7234
Email: anupam.dhillon@usdoj.gov
*TERMINATED: 12/08/2025*
*ATTORNEY TO BE NOTICED*

**Benjamin Stark Softness**
King & Spalding LLP
50 California Street, Suite 3300
San Francisco, CA 94111
415-318-1251
Fax: 415-318-1300
Email: bsoftness@kslaw.com
*ATTORNEY TO BE NOTICED*

**Colin Sarver Scott**
DOJ-USAO
312 N. Spring Street
Los Angeles, CA 90041
213-393-5220
Email: Colin.Scott@usdoj.gov
*TERMINATED: 10/27/2022*

**Danielle Charniece Pierre**
Cooley LLP
3 Embarcadero Center
20th floor
San Francisco, CA 94111-4004
United Sta
415-693-2000
Fax: 415-693-2222
Email: dpierre@cooley.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Sanchez Santiago**
Ballard Spahr LLP
One Front Street
Suite 2600
San Francisco, CA 94111
415-318-2770

Email: sanchezsantiagoe@ballardspahr.com
*ATTORNEY TO BE NOTICED*

**Joyce Victoria Rodriguez-Luna**
Cooley LLP
NY
55 Hudson Yards
New York
New York, NY 10001
212-479-6895
Email: jrodriguez-luna@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kelsey R. Spector**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
(415) 693-2000
Fax: (415) 693-2222
Email: kspector@cooley.com
*TERMINATED: 09/25/2024*

**Khary Anderson**
Cooley LLP - Library
Litigation
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004
202-776-2160
Email: kjanderson@cooley.com
*TERMINATED: 09/25/2024*
*PRO HAC VICE*

**Kyle Wong**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2000
Fax: 415-693-2222
Email: kwong@cooley.com
*ATTORNEY TO BE NOTICED*

**Laura Elliott**
Cooley LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606
312-881-6500
Email: lelliott@cooley.com
*ATTORNEY TO BE NOTICED*

**Maurice Werter Trevor**
Cooley LLP

3 Embarcadero Center
20th floor
San Francisco, CA 94111-4004
415-693-2000
Fax: 415-693-2222
Email: rtrevor@cooley.com
*ATTORNEY TO BE NOTICED*

**Robby Lee Ray Saldana**
Cooley LLP
1299 Pennsylvania Ave. NW
Suite 700
Washington, DC 20004
202-774-0070
Email: rsaldana@cooley.com
*ATTORNEY TO BE NOTICED*

**Whitty Somvichian**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
(415) 693-2061
Fax: (415) 693-2222
Email: wsomvichian@cooley.com
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Nicole McGrath** represented by **Matthew W. Ruan**
Justice Jagher London & Millen LLC
100 Tri State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
Email: mruan@jjlmlaw.com
*ATTORNEY TO BE NOTICED*

**William J. Edelman**
Milberg, PLLC
280 South Beverly Drive
Penthouse
Beverly Hills, CA 90212
771-474-1121
Email: wedelman@milberg.com
*ATTORNEY TO BE NOTICED*

**Movant**

**Barbara Jenkins** represented by **William J. Edelman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Trisha Nadeau** represented by **William J. Edelman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**The New York Times Company** represented by **Elizabeth C Pritzker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Demetri Brumis Blaisdell**
The New York Times Company
620 8th Avenue
New York, NY 10018
212-556-7314
Email: demetri.blaisdell@nytimes.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Entered | # | Select all / clear | Docket Text |
|---|---|---|---|
| 03/26/2021 | 1 | 20.0 MB | COMPLAINT against Google LLC ( Filing fee $ 402, receipt number 0971-15760157.). Filed byBenjamin Hewitt, Kimberley Woodruff. (Attachments: # 1 Exhibit Exhibits 1-28, # 2 Civil Cover Sheet)(Weaver, Lesley) (Filed on 3/26/2021) (Entered: 03/26/2021) |
| 03/26/2021 | 2 | 450.1 KB | Proposed Summons. (Weaver, Lesley) (Filed on 3/26/2021) (Entered: 03/26/2021) |
| 03/26/2021 | 3 | 282.0 KB | Certificate of Interested Entities by Benjamin Hewitt, Kimberley Woodruff (Weaver, Lesley) (Filed on 3/26/2021) (Entered: 03/26/2021) |
| 03/31/2021 | 4 | | Case assigned to Magistrate Judge Virginia K. DeMarchi.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 4/14/2021. (asS, COURT STAFF) (Filed on 3/31/2021) (Entered: 03/31/2021) |
| 03/31/2021 | 5 | 105.3 KB | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 6/22/2021. Initial Case Management Conference set for 6/29/2021 01:30 PM in San Jose, Courtroom 2, 5th Floor. (dhmS, COURT STAFF) (Filed on 3/31/2021) (Entered: 03/31/2021)** |

| | | | |
|---|---|---|---|
| 03/31/2021 | 6 | 583.9 KB | Summons Issued as to Google LLC. (dhmS, COURT STAFF) (Filed on 3/31/2021) (Entered: 03/31/2021) |
| 03/31/2021 | 7 | 280.2 KB | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Benjamin Hewitt, Kimberley Woodruff.. (Weaver, Lesley) (Filed on 3/31/2021) (Entered: 03/31/2021) |
| 03/31/2021 | 8 | | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice*. (pmcS, COURT STAFF) (Filed on 3/31/2021) (Entered: 03/31/2021) |
| 04/01/2021 | 9 | 39.4 KB | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Beth Labson Freeman for all further proceedings. Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Magistrate Judge Virginia K. DeMarchi remains as referral judge assigned to case. Reassignment Order signed by Clerk on 4/1/2021. (Attachments: # 1 Notice of Eligibility for Video Recording)(bwS, COURT STAFF) (Filed on 4/1/2021) (Entered: 04/01/2021)** |
| 04/07/2021 | 10 | 62.1 KB | SUMMONS Returned Executed by Benjamin Hewitt, Kimberley Woodruff. Google LLC served on 4/2/2021, answer due 4/23/2021. (Weaver, Lesley) (Filed on 4/7/2021) (Entered: 04/07/2021) |
| 04/09/2021 | 11 | 82.6 KB | **Order Relating Cases. Signed by Judge Lucy H. Koh on 4/9/2021. (lhklc2, COURT STAFF) (Filed on 4/9/2021) (Entered: 04/09/2021)** |
| 04/12/2021 | 12 | 101.4 KB | **ORDER REASSIGNING CASE. Case reassigned to Judge Lucy H. Koh for all further proceedings re 11 Order Relating Cases. Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Judge Beth Labson Freeman no longer assigned to case. (Attachments: # 1 Notice of Eligibility for Video Recording)(sfbS, COURT STAFF) (Filed on 4/12/2021) Modified on 4/13/2021 (bwS, COURT STAFF). (Entered: 04/12/2021)** |
| 04/12/2021 | 13 | | **CLERK'S NOTICE FOLLOWING CASE REASSIGNMENT TO THE HONORABLE LUCY H. KOH.**<br>Following the case reassignment to the Honorable Lucy H. Koh, an Initial Case Management Conference is SET for **Wednesday, June 30, 2021 at 2:00 PM** before Judge Lucy H. Koh. The Joint Case Management Statement is due seven days prior to the Initial Case Management Conference. *See* Civil L.R. 16-9 and Civil L.R. 16-10(a). The parties shall familiarize themselves with the Scheduling Notes and Standing Orders for the Hon. Lucy H. Koh: |

| | | | |
|---|---|---|---|
| | | | http://cand.uscourts.gov/lhk. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (kedS, COURT STAFF) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 14 | 79.8 KB | **Order Referring Discovery. Signed by Judge Lucy H. Koh on 4/12/2021. (lhklc2, COURT STAFF) (Filed on 4/12/2021) (Entered: 04/12/2021)** |
| 04/15/2021 | 15 | 1.7 MB | MOTION for leave to appear in Pro Hac Vice *Thien An V. Truong* ( Filing fee $ 317, receipt number 0971-15840776.) filed by Benjamin Hewitt, Kimberley Woodruff. (Attachments: # 1 Certificate/Proof of Service)(Truong, An) (Filed on 4/15/2021) (Entered: 04/15/2021) |
| 04/15/2021 | 16 | 76.1 KB | **ORDER SETTING DISCOVERY STATUS CONFERENCE. Signed by Judge Susan van Keulen on 4/15/21.**<br>Discovery Status Conference set for 4/29/2021 01:30 PM in San Jose, - Videoconference Only before Magistrate Judge Susan van Keulen. This proceeding will be held via a Zoom webinar.<br>Counsel are ORDERED to attend the discovery hearing on behalf of the parties in this action and to submit a statement no later than **12 p.m. on April 27, 2021.**<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/svk<br><br>**General Order 58.** Persons granted access to court proceedings held by tele phone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>(jhfS, COURT STAFF) (Filed on 4/15/2021) (Entered: 04/15/2021) |
| 04/15/2021 | 17 | 783.9 KB | **Order by Judge Lucy H. Koh Granting 15 Motion for Pro Hac Vice. (kedS, COURT STAFF) (Filed on 4/15/2021) (Entered: 04/15/2021)** |
| 04/19/2021 | 18 | 230.3 KB | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15856082.) filed by Benjamin Hewitt, Kimberley Woodruff. (Attachments: # 1 Certificate/Proof of Service)(Barnes, Jay) (Filed on 4/19/2021) (Entered: 04/19/2021) |
| 04/19/2021 | 19 | 216.2 KB | **Order by Judge Lucy H. Koh Granting 18 Motion for Pro Hac Vice. (kedS, COURT STAFF) (Filed on 4/19/2021) (Entered: 04/19/2021)** |
| 04/21/2021 | 20 | 390.2 KB | NOTICE of Appearance by Michael Graham Rhodes *for Defendant Google LLC* (Rhodes, Michael) (Filed on 4/21/2021) (Entered: 04/21/2021) |
| 04/21/2021 | 21 | 355.7 KB | NOTICE of Appearance by Jeffrey Gutkin *for Defendant Google LLC* (Gutkin, Jeffrey) (Filed on 4/21/2021) (Entered: 04/21/2021) |
| 04/21/2021 | 22 | 351.0 KB | NOTICE of Appearance by Danielle Charniece Pierre *for Defendant Google LLC* (Pierre, Danielle) (Filed on 4/21/2021) (Entered: 04/21/2021) |
| 04/21/2021 | 23 | 350.9 KB | NOTICE of Appearance by Colin Sarver Scott *for Defendant Google LLC* (Scott, Colin) (Filed on 4/21/2021) (Entered: 04/21/2021) |

| | | | |
|---|---|---|---|
| 04/21/2021 | 24 | 356.4 KB | Certificate of Interested Entities by Google LLC identifying Other Affiliate XXVI Holdings Inc., Holding Company of Google LLC, Other Affiliate Alphabet Inc., Holding Company of XXVI Holdings Inc. for Google LLC. (Gutkin, Jeffrey) (Filed on 4/21/2021) (Entered: 04/21/2021) |
| 04/22/2021 | 25 | 411.3 KB | STIPULATION *to Extend Time for Defendant Google LLC to Answer or Respond to Plaintiffs' Complaint* filed by Google LLC. (Gutkin, Jeffrey) (Filed on 4/22/2021) (Entered: 04/22/2021) |
| 04/27/2021 | 26 | 447.1 KB | STATUS REPORT *re Discovery* by Benjamin Hewitt, Kimberley Woodruff. (Weaver, Lesley) (Filed on 4/27/2021) (Entered: 04/27/2021) |
| 04/28/2021 | 27 | | **CLERK'S NOTICE ZOOM APPEARANCE INSTRUCTIONS FOR SEALED 4/29/21 1:30PM DISCOVERY HEARING(S).**<br>These proceeding(s) will be held via Zoom.<br>Parties emailed Judge van Keulen's private Zoom Meeting Link to appear.<br><br>General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>Zoom Guidance and Setup: https://ww w.cand.uscourts.gov/zoom/.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (jhfS, COURT STAFF) (Filed on 4/28/2021) (Entered: 04/28/2021) |
| 04/30/2021 | 28 | | **Minute Entry for proceedings held Under Seal before Magistrate Judge Susan van Keulen: Discovery Status Conference held on 4/29/2021 via Zoom.**<br>All parties appear via Zoom.<br>Court to issue written order.<br><br>Total Time in Court: 4:29-4:32pm (3 mins).<br>Court Reporter: Lee-Anne Shortridge.<br>Plaintiff Attorney: Jay Barnes, Lesley Weaver, Elizabeth Pritzer, An Troung & Anne Davis.<br>Defendant Attorney: Jeffrey Gutkin, Colin Scott & Danielle Pierre.<br><br>Further Discovery Status Conference set for 5/26/2021 01:30 PM in San Jose, - Videoconference Only before Magistrate Judge Susan van Keulen. This proceeding will be held via a Zoom webinar.<br>Chart with status of discovery issues due by 5/20/2021.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/svk<br><br>**General Order 58.** Persons granted access to court proceed ings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |

| | | | |
|---|---|---|---|
| | | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (jhfS, COURT STAFF) (Date Filed: 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 29 | 24.4 KB | **Order Following April 29, 2021 Discovery Conference. Signed by Judge Susan van Keulen on 4/30/2021. (svklc1S, COURT STAFF) (Filed on 4/30/2021) (Entered: 04/30/2021)** |
| 05/06/2021 | 30 | 1.2 MB | STIPULATION WITH PROPOSED ORDER *Authorizing Release of April 29 Hearing Transcript* filed by Benjamin Hewitt, Kimberley Woodruff. (Weaver, Lesley) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/06/2021 | 31 | 1.2 MB | **ORDER granting 30 Stipulation Authorizing Release of April 29, 2021 Hearing Transcript to Counsel. Signed by Judge Susan van Keulen on 5/6/2021. (svklc1S, COURT STAFF) (Filed on 5/6/2021) (Entered: 05/06/2021)** |
| 05/06/2021 | 32 | 352.8 KB | NOTICE of Appearance by Kelsey R. Spector *for Defendant Google LLC* (Spector, Kelsey) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/06/2021 | 33 | 226.5 KB | TRANSCRIPT ORDER for proceedings held on 04/29/2021 before Magistrate Judge Susan van Keulen by Benjamin Hewitt, Kimberley Woodruff, for Court Reporter Lee-Anne Shortridge. (Samra, Joshua) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/07/2021 | 34 | | **CLERK'S NOTICE CONTINUANCE OF 5/26/21 1:30PM FURTHER DISCOVERY HEARINGS TO 6/2/21 1:30PM.**<br>Further Discovery Hearing set for 6/2/2021 01:30 PM in San Jose, - Videoconference Only before Magistrate Judge Susan van Keulen. This proceeding will be held via a Zoom webinar.<br>All pre-hearing submissions due by 5/26/2021.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/svk<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a tex t-only entry generated by the court. There is no document associated with this entry.)*(jhfS, COURT STAFF) (Filed on 5/7/2021) (Entered: 05/07/2021) |
| 05/07/2021 | 35 | 106.6 KB | TRANSCRIPT ORDER for proceedings held on April 29, 2021 before Magistrate Judge Susan van Keulen by Google LLC, for Court Reporter Lee-Anne Shortridge. (Spector, Kelsey) (Filed on 5/7/2021) (Entered: 05/07/2021) |
| 05/10/2021 | 36 | 10.2 MB | ADMINISTRATIVE MOTION *to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11* filed by Meaghan Delahunty, Meghan Cornelius, John Kevranian. Responses due by 5/14/2021. (Attachments: # 1 Declaration of Brian Danitz in Support of Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Proposed Order Granting Administrative Motion to Consider Whether Cases Should be Related Pursuant |

| | | | |
|---|---|---|---|
| | | | to Civil Local Rules 3-12 and 7-11)(Danitz, Brian) (Filed on 5/10/2021) (Entered: 05/10/2021) |
| 05/11/2021 | 37 | 272.7 KB | MOTION for leave to appear in Pro Hac Vice *of David A. Straite* ( Filing fee $ 317, receipt number 0971-15953368.) filed by Kimberley Woodruff. (Attachments: # 1 Certificate of Good Standing)(Straite, David) (Filed on 5/11/2021) (Entered: 05/11/2021) |
| 05/11/2021 | 38 | 132.4 KB | **Order by Judge Lucy H. Koh Granting 37 Motion for Pro Hac Vice. (kedS, COURT STAFF) (Filed on 5/11/2021) (Entered: 05/11/2021)** |
| 05/12/2021 | 39 | 122.8 KB | MOTION for leave to appear in Pro Hac Vice *for Amy E. Keller* ( Filing fee $ 317, receipt number 0971-15956585.) filed by Kimberley Woodruff. (Attachments: # 1 Certificate of Good Standing)(Keller, Amy) (Filed on 5/12/2021) (Entered: 05/12/2021) |
| 05/12/2021 | 40 | 4.6 MB | OPPOSITION/RESPONSE (re 36 ADMINISTRATIVE MOTION *to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11* ) *Response to Administrative Motion to Consider Whether Hewitt and Delahunty Should be Related and Consolidated, and to Consider Relation But Not Consolidation to Brown and Calhoun Pursuant to Civil Local Rules 3-12 and 7-11 and Federal Rule of Civil Procedure 42(a)* filed byBenjamin Hewitt, Kimberley Woodruff. (Attachments: # 1 Declaration of Lesley E. Weaver, # 2 Proposed Order Granting Administrative Motion to Consider Whether Cases Should be Related and Consolidated Pursuant to Civil Local Rules 3-12 and 7-11 and Federal Rule of Civil Procedure 42(a))(Weaver, Lesley) (Filed on 5/12/2021) (Entered: 05/12/2021) |
| 05/13/2021 | 41 | 132.8 KB | **Order by Judge Lucy H. Koh Granting 39 Motion for Pro Hac Vice. (kedS, COURT STAFF) (Filed on 5/13/2021) (Entered: 05/13/2021)** |
| 05/14/2021 | 42 | 3.7 MB | ADMINISTRATIVE MOTION to Set Briefing Schedule On Rule 42(a) and 23(g) Motions filed by Benjamin Hewitt, Kimberley Woodruff. Responses due by 5/18/2021. (Attachments: # 1 Declaration of Matthew S. Melamed, # 2 Proposed Order Granting Administrative Motion to Set Briefing Schedule On Rule 42(a) and 23(g) Motions)(Weaver, Lesley) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/14/2021 | 43 | 136.8 KB | Response re 36 ADMINISTRATIVE MOTION *to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11* byGoogle LLC. (Gutkin, Jeffrey) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/17/2021 | 44 | 122.9 KB | MOTION for leave to appear in Pro Hac Vice *of Adam J. Levitt* ( Filing fee $ 317, receipt number 0971-15974784.) filed by Kimberley Woodruff. (Attachments: # 1 Certificate of Good Standing)(Levitt, Adam) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/18/2021 | 45 | 132.8 KB | **Order by Judge Lucy H. Koh Granting 44 Motion for Pro Hac Vice. (kedS, COURT STAFF) (Filed on 5/18/2021) (Entered: 05/18/2021)** |
| 05/18/2021 | 46 | 138.9 KB | STIPULATION *To Further Extend Time To Answer Or Respond To The Complaint* filed by Google LLC. (Gutkin, Jeffrey) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | 47 | 127.4 KB | NOTICE of Change of Address by Jeffrey Gutkin (Gutkin, Jeffrey) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | 48 | 644.0 KB | OPPOSITION/RESPONSE (re 42 ADMINISTRATIVE MOTION to Set Briefing Schedule On Rule 42(a) and 23(g) Motions ) filed by Meghan |

| | | | |
|---|---|---|---|
| | | | Cornelius, Meaghan Delahunty, John Kevranian. (Attachments: # 1 Proposed Order re: Plaintiffs' Administrative Motion to Set Briefing Schedule on Rule 42(a) and 23(g) Motions)(Danitz, Brian) (Filed on 5/18/2021) Modified on 5/19/2021 (dhmS, COURT STAFF). (Entered: 05/18/2021) |
| 05/26/2021 | 49 | 418.2 KB | ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related filed by Salvatore Toronto. Responses due by 6/1/2021. (Attachments: # 1 Proposed Order)(Bottini, Francis) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 50 | 377.1 KB | STIPULATION WITH PROPOSED ORDER *[Proposed] Stipulation and Order re Expert Discovery* filed by Benjamin Hewitt, Kimberley Woodruff. (Weaver, Lesley) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 51 | 202.9 KB | STIPULATION WITH PROPOSED ORDER *[Proposed] Stipulated Protective Order Governing the Exchange of Discovery Material* filed by Benjamin Hewitt, Kimberley Woodruff. (Weaver, Lesley) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 52 | 493.3 KB | STATUS REPORT *re Discovery* by Benjamin Hewitt, Kimberley Woodruff. (Weaver, Lesley) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/27/2021 | 53 | 135.4 KB | MOTION for leave to appear in Pro Hac Vice *of James A Ulwick* ( Filing fee $ 317, receipt number 0971-16015607.) filed by Kimberley Woodruff. (Attachments: # 1 Certificate of Good Standing)(Ulwick, James) (Filed on 5/27/2021) (Entered: 05/27/2021) |
| 06/01/2021 | 54 | | **CLERK'S NOTICE ZOOM APPEARANCE INSTRUCTIONS FOR SEALED 6/2/21 1:30PM DISCOVERY HEARING(S).**<br>These proceeding(s) will be held via Zoom.<br>Parties emailed Judge van Keulen's private Zoom Meeting Link to appear.<br><br>General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>Zoom Guidance and Setup: https://ww w.cand.uscourts.gov/zoom/.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (jhfS, COURT STAFF) (Filed on 6/1/2021) (Entered: 06/01/2021) |
| 06/01/2021 | 55 | 386.2 KB | OPPOSITION/RESPONSE (re 49 ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related ) filed byGoogle LLC. (Gutkin, Jeffrey) (Filed on 6/1/2021) (Entered: 06/01/2021) |
| 06/01/2021 | 56 | 132.4 KB | **Order by Judge Lucy H. Koh Granting 53 Motion for Pro Hac Vice. (kedS, COURT STAFF) (Filed on 6/1/2021) (Entered: 06/01/2021)** |
| 06/01/2021 | 57 | 3.9 MB | OPPOSITION/RESPONSE (re 49 ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related ) *Response to Administrative Motion By Plaintiff Toronto to Consider Whether Cases Should Be Related and to Consider Consolidation Pursuant to Federal Rule of Civil Procedure 42(a)* filed byBenjamin Hewitt, Kimberley Woodruff. (Attachments: # 1 Declaration of Lesley E. Weaver)(Weaver, Lesley) (Filed on 6/1/2021) (Entered: 06/01/2021) |
| 06/03/2021 | 58 | 439.7 KB | **ORDER granting 50 Stipulation re Expert Discovery. Signed by Judge Susan van Keulen on 6/3/2021. (svklc1S, COURT STAFF) (Filed on** |

| | | | |
|---|---|---|---|
| | | | **6/3/2021) (Entered: 06/03/2021)** |
| 06/03/2021 | 59 | 578.8 KB | **ORDER granting (as modified by the Court) 51 Stipulated Protective Order. Signed by Judge Susan van Keulen on 6/3/2021. (svklc1S, COURT STAFF) (Filed on 6/3/2021) (Entered: 06/03/2021)** |
| 06/03/2021 | 60 | | **Minute Entry for proceedings held Under Seal before Magistrate Judge Susan van Keulen: Further Discovery Status Conference held on 6/2/2021 via Zoom.**<br>All parties appear via Zoom.<br><br>Total Time in Court: 3:41-3:38pm (7 mins).<br>Court Reporter: Irene Rodriguez.<br>Plaintiff Attorney: Jay Barnes, David Straite, Lesley Weaver, An Troung, Amy Keller, Anne Davis & Elizabeth Pritzer.<br>Defendant Attorney: Jeffrey Gutkin, Danielle Pierre, Kelsey Spector and Stephen Broome.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (jhfS, COURT STAFF) (Date Filed: 6/2/2021) (Entered: 06/03/2021) |
| 06/04/2021 | 61 | 496.4 KB | STIPULATION WITH PROPOSED ORDER *Authorizing Release of June 2 Hearing Transcript* filed by Benjamin Hewitt, Kimberley Woodruff. (Weaver, Lesley) (Filed on 6/4/2021) (Entered: 06/04/2021) |
| 06/04/2021 | 62 | 520.9 KB | **ORDER granting 61 Stipulation Authorizing Release of June 2 Transcript. Signed by Judge Susan van Keulen on 6/4/2021. (svklc1S, COURT STAFF) (Filed on 6/4/2021) (Entered: 06/04/2021)** |
| 06/04/2021 | 63 | 154.2 KB | TRANSCRIPT ORDER for proceedings held on 06/02/2021 before Magistrate Judge Susan van Keulen by Benjamin Hewitt, Kimberley Woodruff, for Court Reporter Irene Rodriguez. (Weaver, Lesley) (Filed on 6/4/2021) (Entered: 06/04/2021) |
| 06/08/2021 | 64 | 274.0 KB | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *on behalf of Defendant Google LLC* (Pierre, Danielle) (Filed on 6/8/2021) (Entered: 06/08/2021) |
| 06/08/2021 | 65 | 295.2 KB | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *on behalf of Plaintiffs Benjamin Hewitt and Kimberley Woodruff* (Weaver, Lesley) (Filed on 6/8/2021) (Entered: 06/08/2021) |
| 06/09/2021 | 66 | 24.4 KB | **ORDER RE AUGUST 12, 2021 DISCOVERY HEARING IN RELATED CASES. Signed by Judge Susan van Keulen on 6/9/2021. (svklc1S, COURT STAFF) (Filed on 6/9/2021) (Entered: 06/09/2021)** |
| 06/22/2021 | 67 | 3.1 MB | Joint MOTION to Consolidate Cases *and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel* filed by Meghan Cornelius, Meaghan Delahunty, John Kevranian, Salvatore Toronto. Motion Hearing set for 11/3/2021 01:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. Responses due by 7/6/2021. Replies due by 7/13/2021. (Attachments: # 1 Declaration of Brian Danitz in Support of Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel, # 2 Exhibit 1 to Declaration of Brian Danitz, # 3 Declaration of Francis A. Bottini in Support of Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel, # 4 Exhibit 1 to Francis A. |

| | | | |
|---|---|---|---|
| | | | Bottini Declaration, # 5 Proposed Order Granting Joint Motion to Consolidate and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel)(Danitz, Brian) (Filed on 6/22/2021) (Entered: 06/22/2021) |
| 06/23/2021 | 68 | 530.7 KB | JOINT CASE MANAGEMENT STATEMENT *AND RULE 26(f) REPORT* filed by Benjamin Hewitt, Kimberley Woodruff. (Attachments: # 1 Proposed Order)(Weaver, Lesley) (Filed on 6/23/2021) (Entered: 06/23/2021) |
| 06/24/2021 | 69 | 88.3 KB | **Order by Judge Lucy H. Koh Granting 36 Motion to Relate; Granting 49 Motion to Relate; Consolidating Cases; Setting Case Schedule; and Denying as Moot 42 Administrative Motion to Set Briefing Schedule. (lhklc2, COURT STAFF) (Filed on 6/24/2021) (Entered: 06/24/2021)** |
| 06/25/2021 | 70 | | **CLERK'S NOTICE ADVANCING HEARING ON 67 MOTION TO APPOINT INTERIM CO-LEAD COUNSEL.** Per 69 Order, the hearing on 67 Joint MOTION to Consolidate Cases *and to Appoint Cotchett, Pitre & McCarthy, LLP, and Bottini & Bottini, Inc. as Interim Co-Lead Counsel* is ADVANCED from November 3, 2021 to August 5, 2021 at 1:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (kedS, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021) |
| 06/29/2021 | 71 | 81.6 KB | **Order Referring Discovery. Signed by Judge Lucy H. Koh on 6/29/2021. (lhklc2, COURT STAFF) (Filed on 6/29/2021) (Entered: 06/29/2021)** |
| 07/09/2021 | 72 | 109.5 KB | TRANSCRIPT ORDER for proceedings held on June 2, 2021 before Magistrate Judge Susan van Keulen by Google LLC, for Court Reporter Irene Rodriguez. (Spector, Kelsey) (Filed on 7/9/2021) (Entered: 07/09/2021) |
| 07/09/2021 | 73 | 202.0 KB | TRANSCRIPT ORDER for proceedings held on 06/02/2021 before Magistrate Judge Susan van Keulen by Meghan Cornelius, Meaghan Delahunty, John Kevranian, for Court Reporter Irene Rodriguez. (Danitz, Brian) (Filed on 7/9/2021) (Entered: 07/09/2021) |
| 07/15/2021 | 74 | | Sealed Transcript of Proceedings held on 06/02/2021, before Judge van Keulen. Court Reporter Irene L. Rodriguez, email address Irene_Rodriguez@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 8/12/2021. (irodS, COURT STAFF) (Filed on 7/15/2021) (Entered: 07/15/2021) |
| 07/16/2021 | 75 | 20.1 MB | Joint MOTION to Appoint Counsel *Joint Motion For Appointment Of Interim Lead Counsel* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker and Exhibits ISO, # 2 Declaration of Lesley E. Weaver and Exhibit ISO, # 3 Declaration of Jay Barnes, # 4 Declaration of David A. Straite and Exhibit ISO, # 5 Declaration of Nanci E. Nishimura and Exhibit ISO, # 6 Declaration of Francis A. Bottini and Exhibit ISO, # 7 Proposed Order Granting Joint Motion For Appointment Of Interim Lead Counsel)(Weaver, Lesley) (Filed on 7/16/2021) (Entered: 07/16/2021) |
| 08/02/2021 | 76 | | **CLERK'S NOTICE REGARDING AUGUST 5, 2021 HEARING ON MOTIONS FOR APPOINTMENT OF INTERIM LEAD PLAINTIFFS' COUNSEL.** This proceeding will be held via a Zoom webinar remotely. |

| | | | |
|---|---|---|---|
| | | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/lhk<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (kedS, COURT STAFF) (Filed on 8/2/2021) (Entered: 08/02/2021) |
| 08/03/2021 | 77 | 122.7 KB | **Order by Judge Lucy H. Koh Appointing Interim Class Counsel and Plaintiffs' Executive Committee. (lhklc2, COURT STAFF) (Filed on 8/3/2021) (Entered: 08/03/2021)** |
| 08/09/2021 | 78 | 130.0 KB | MOTION to Withdraw as Attorney *Mitchell M. Breit* filed by Meghan Cornelius, Meaghan Delahunty, Benjamin Hewitt, John Kevranian, Salvatore Toronto, Kimberley Woodruff. Responses due by 8/23/2021. Replies due by 8/30/2021. (Breit, Mitchell) (Filed on 8/9/2021) (Entered: 08/09/2021) |
| 08/24/2021 | 79 | 450.6 KB | ADMINISTRATIVE MOTION for Order Re. Administration of the Consolidated Cases (Unopposed) filed by Consolidated Plaintiffs. Responses due by 8/30/2021. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Proposed Order)(Pritzker, Elizabeth) (Filed on 8/24/2021) (Entered: 08/24/2021) |
| 08/27/2021 | 80 | 26.0 MB | AMENDED COMPLAINT *CONSOLIDATED CLASS ACTION COMPLAINT (Redacted)* against All Defendants. Filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit Exhibits 1 - 28)(Pritzker, Elizabeth) (Filed on 8/27/2021) (Entered: 08/27/2021) |
| 08/27/2021 | 81 | 14.2 MB | Administrative Motion to File Under Seal *Portions of the Consolidated Class Action Complaint* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Proposed Order, # 3 Redacted Version of Consolidated Class Action Complaint, # 4 Unredacted (Under Seal) Version of Consolidated Class Action Complaint, # 5 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 8/27/2021) (Entered: 08/27/2021) |
| 09/01/2021 | 82 | 329.2 KB | JOINT CASE MANAGEMENT STATEMENT filed by Consolidated Plaintiffs. (Attachments: # 1 Proposed Order)(Davis, Anne) (Filed on 9/1/2021) (Entered: 09/01/2021) |
| 09/02/2021 | 83 | 93.0 KB | **Case Management Order. Signed by Judge Lucy H. Koh on 9/2/2021. (lhklc2S, COURT STAFF) (Filed on 9/2/2021) (Entered: 09/02/2021)** |
| 09/08/2021 | 84 | 126.7 KB | Certificate of Interested Entities by Consolidated Plaintiffs (Straite, David) (Filed on 9/8/2021) (Entered: 09/08/2021) |
| 09/09/2021 | 85 | 28.3 KB | **ORDER by Judge Lucy H. Koh granting 78 Motion to Withdraw as Attorney. (lhklc2, COURT STAFF) (Filed on 9/9/2021) (Entered: 09/09/2021)** |
| 09/09/2021 | 86 | 82.6 KB | **ORDER by Judge Lucy H. Koh denying 81 Administrative Motion to File Under Seal. (lhklc2, COURT STAFF) (Filed on 9/9/2021) (Entered: 09/09/2021)** |

| | | | |
|---|---|---|---|
| 09/09/2021 | 87 | 160.8 KB | **ORDER by Judge Lucy H. Koh granting 79 Administrative Motion. (lhklc2, COURT STAFF) (Filed on 9/9/2021) (Entered: 09/09/2021)** |
| 09/13/2021 | 88 | 258.5 KB | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-16382328.) filed by Google LLC. (Saldana, Robby) (Filed on 9/13/2021) (Entered: 09/13/2021) |
| 09/13/2021 | 89 | 111.6 KB | **Order by Judge Lucy H. Koh Granting 88 Motion for Pro Hac Vice. (kedS, COURT STAFF) (Filed on 9/13/2021) (Entered: 09/13/2021)** |
| 09/13/2021 | 90 | 157.2 KB | STATUS REPORT *Joint Submission Requesting Clarification of Sep. 2 CMO* by Consolidated Plaintiffs. (Davis, Anne) (Filed on 9/13/2021) (Entered: 09/13/2021) |
| 09/15/2021 | 91 | 178.6 KB | STATUS REPORT *Joint Submission Re: Priority Claims Per Case Management Order Dated September 2, 2021 (Dkt. No. 83)* by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 9/15/2021) (Entered: 09/15/2021) |
| 09/16/2021 | 92 | 15.8 MB | AMENDED COMPLAINT *CONSOLIDATED CLASS ACTION COMPLAINT (Unredacted)* against Google LLC. Filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit Exhibits 1 - 28)(Pritzker, Elizabeth) (Filed on 9/16/2021) (Entered: 09/16/2021) |
| 10/01/2021 | 93 | 3.9 MB | MOTION to Dismiss *Plaintiffs' Consolidated Class Action Complaint* filed by Google LLC. Motion Hearing set for 12/9/2021 01:30 PM in San Jose, Courtroom 8, 4th Floor before Judge Lucy H. Koh. Responses due by 10/29/2021. Replies due by 11/19/2021. (Attachments: # 1 Declaration of Robby L.R. Saldana, # 2 Exhibit A to the Declaration of Robby L.R. Saldana, # 3 Exhibit B to the Declaration of Robby L.R. Saldana, # 4 Exhibit C to the Declaration of Robby L.R. Saldana, # 5 Exhibit D to the Declaration of Robby L.R. Saldana, # 6 Exhibit E to the Declaration of Robby L.R. Saldana, # 7 Request for Judicial Notice iso Motion to Dismiss, # 8 Proposed Order)(Gutkin, Jeffrey) (Filed on 10/1/2021) (Entered: 10/01/2021) |
| 10/19/2021 | 94 | 121.3 KB | NOTICE of Voluntary Dismissal by Benjamin Hewitt (Pritzker, Elizabeth) (Filed on 10/19/2021) (Entered: 10/19/2021) |
| 10/19/2021 | 95 | 1.0 MB | Letter Brief *Joint Letter Brief* filed byGoogle LLC. (Gutkin, Jeffrey) (Filed on 10/19/2021) (Entered: 10/19/2021) |
| 10/20/2021 | 96 | | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing 95 set for 11/2/2021 10:00 AM in San Jose, - Videoconference Only before Magistrate Judge Virginia K. DeMarchi. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/vkd<br><br>**Court Appearances:** Advanced notice is required of c ounsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at vkdcrd@cand.uscourts.gov no later than 11/1/2021 10:00AM.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |

| | | | |
|---|---|---|---|
| | | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing set for 11/2/2021 10:00 AM in San Jose, - Videoc onference Only before Magistrate Judge Virginia K. DeMarchi. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (pmcS, COURT STAFF) (Filed on 10/20/2021) (Entered: 10/20/2021) |
| 10/20/2021 | 97 | 118.9 KB | NOTICE of Appearance by Kyle Christopher Wong (Wong, Kyle) (Filed on 10/20/2021) (Entered: 10/20/2021) |
| 10/29/2021 | 98 | | OPPOSITION/RESPONSE (re 93 MOTION to Dismiss *Plaintiffs' Consolidated Class Action Complaint* ) *[Redacted]* filed byConsolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit A (document submitted separately under seal), # 3 Exhibit B (document submitted separately under seal))(Pritzker, Elizabeth) (Filed on 10/29/2021) **Locked per filer's request.** Modified on 11/1/2021 (ddk, COURT STAFF). (Main Document 98 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 1 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 1 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 2 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 3 replaced on 11/2/2021) (sp, COURT STAFF). (Entered: 10/29/2021) |
| 10/29/2021 | 99 | | Administrative Motion to File Under Seal *Portions of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Administrative Motion to File Under Seal *Portions of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Administrative Motion to File Under Seal *Portions of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Administrative Motion to File Under Seal *Portions of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Proposed Order, # 3 Exhibit 1 - Redacted Version of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 4 Exhibit 2 - Unredacted Version [Lodged UnderElizabeth C. Pritzker, # 2 Proposed Order, # 3 Exhibit 1 - Redacted Version of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 4 Exhibit 2 - Unredacted Version [Lodged UnderElizabeth C. Pritzker, # 2 Proposed Order, # 3 Exhibit 1 - Redacted Version of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 4 Exhibit 2 - Unredacted Version [Lodged Underxhibit B - Exhibit B to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged Under Seal], # 7 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 10/29/2021) **Locked per filer's request.** Modified on 11/1/2021 (ddk Seal] of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 5 Exhibit A - Exhibit A to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged Under Seal], # 6 E, COURT STAFF). (Main Document 99 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 1 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 2 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 3 replaced on 11/2/2021) (sp, COURT STAFF)., COURT Seal] of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 5 Exhibit A - Exhibit A to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged |

| | | | |
|---|---|---|---|
| | | | Under Seal], # 6 E STAFF). (Main Document 99 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 1 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 2 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 3 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 5xhibit B - Exhibit B to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged Under Seal], # 7 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 10/29/2021) **Locked per filer's request.** Modified on 11/1/2021 (ddk replaced on 11/2/2021) (sp, COURT STAFF).xhibit B - Exhibit B to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged Under Seal], # 7 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 10/29/2021) **Locked per filer's request.** Modified on 11/1/2021 (ddk, COURT STAFF). (Main Document 99 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 1 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 2 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 3 replaced on 11/2/2021) (sp, COURT STAFF)., COURT STAFF). (Main Document 99 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 1 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 2 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 3 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 5 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 6 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 4 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 7 replaced on 11/2/2021) (sp, COURT STAFF). (Entered: 10/29/2021) |
| 10/29/2021 | 100 | | OPPOSITION/RESPONSE (re 93 MOTION to Dismiss *Plaintiffs' Consolidated Class Action Complaint* ) *[Redacted] - Corrected* - filed byConsolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit (document submitted separately under seal), # 3 Exhibit B (document submitted separately under seal))(Pritzker, Elizabeth) (Filed on 10/29/2021) **Locked per filer's request.** Modified on 11/1/2021 (ddk, COURT STAFF). (Main Document 100 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 1 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 2 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 3 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 3 replaced on 11/2/2021) (sp, COURT STAFF). (Entered: 10/29/2021) |
| 10/29/2021 | 101 | | cted Version [Lodged Under Seal] of Plaintiffs' Corrected Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 5 Exhibit A - Exhibit A to Plaintiffs' Opposition to Google's Motion to Administrative Motion to File Under Seal *Portions of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint - Corrected* - - filed by Consolidated Plaintiffs. (Attachments: # 1Dismiss [Lodged Under Seal], # 6 Exhibit B - Exhibit B to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged Under Seal], # 7 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 10/29/2021) **Locked per filer's Declaration of Elizabeth C. Pritzker, # 2 Proposed Order, # 3 Exhibit 1 - Redacted Version of Plaintiffs' Corrected Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 4 Exhibit 2 - Unredacted Version [Lodged Under Seal] of Plaintiffs' Corrected Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 5 Exhibit A - Exhibit A to Plaintiffs' Opposition to Google's Motion to 11/2/2021) (sp, COURT STAFF). (Attachment 4 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 4 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 5 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 6 replaced on 11/2/2021) (sp, COURT STADismiss [Lodged Under Seal], # 6 Exhibit B - Exhibit B to Plaintiffs' Opposition to Google's Motion to Dismiss |

| | | | |
|---|---|---|---|
| | | | [Lodged Under Seal], # 7 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 10/29/2021) **Locked per filer's FF).request.**Modified on 11/1/2021 (ddk, COURT STAFF). (Main Document 101 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 1 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 2 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 3 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 4 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 4 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 5 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 6 replaced on 11/2/2021) (sp, COURT STAFF). (Attachment 7 replaced on 11/2/2021) (sp, COURT STAFF). (Entered: 10/29/2021) |
| 10/29/2021 | 102 | ▢ 273.5 KB | MOTION to Remove Incorrectly Filed Document *(Dkt. Nos. 98 and 99)* filed by Consolidated Plaintiffs. (Attachments: # 1 Proposed Order)(Pritzker, Elizabeth) (Filed on 10/29/2021) (Entered: 10/29/2021) |
| 10/30/2021 | 103 | ▢ 676.0 KB | OPPOSITION/RESPONSE (re 93 MOTION to Dismiss *Plaintiffs' Consolidated Class Action Complaint* ) *[Redacted] - Second Corrected* filed byConsolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit A (document submitted separately under seal), # 3 Exhibit B (document submitted separately under seal))(Pritzker, Elizabeth) (Filed on 10/30/2021) (Entered: 10/30/2021) |
| 10/30/2021 | 104 | ▢ 1.1 MB | Administrative Motion to File Under Seal *Portions of Plaintiffs' Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint - Second Corrected* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Proposed Order, # 3 Exhibit 1 - Redacted Version of Plaintiffs' Corrected Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 4 Exhibit 2 - Unredacted Version [Lodged Under Seal] of Plaintiffs' Corrected Opposition to Google's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 5 Exhibit A - Exhibit A to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged Under Seal], # 6 Exhibit B - Exhibit B to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged Under Seal], # 7 Certificate/Proof of Service (Second Corrected))(Pritzker, Elizabeth) (Filed on 10/30/2021) (Entered: 10/30/2021) |
| 10/30/2021 | 105 | ▢ 276.0 KB | Amended MOTION to Remove Incorrectly Filed Document *(Dkt. Nos. 98, 99, 100, and 101)* filed by Consolidated Plaintiffs. (Attachments: # 1 Proposed Order)(Pritzker, Elizabeth) (Filed on 10/30/2021) (Entered: 10/30/2021) |
| 11/02/2021 | 106 | ▢ 109.5 KB | **ORDER by Judge Lucy H. Koh denying 104 Administrative Motion to File Under Seal. (lhklc2, COURT STAFF) (Filed on 11/2/2021) (Entered: 11/02/2021)** |
| 11/02/2021 | 107 | ▢ 109.5 KB | **FILED IN ERROR. This filing is duplicative of ECF No. 106 .** (lhklc2, COURT STAFF) (Filed on 11/2/2021) Modified on 11/2/2021 (ked, COURT STAFF). (Entered: 11/02/2021) |
| 11/02/2021 | 108 | ▢ 173.5 KB | **FILED IN ERROR. See ECF No. 111 ** (lhklc2, COURT STAFF) (Filed on 11/2/2021) Modified on 11/2/2021 (ked, COURT STAFF). (Entered: 11/02/2021) |
| 11/02/2021 | 109 | | **Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Discovery Hearing held by Zoom videoconference remotely on 11/2/2021 from 9:59 AM - 12:09 PM (2 hours, 10 minutes).** |

| | | | |
|---|---|---|---|
| | | | **The Court will issue a written order.**<br><br>**Zoom Recording Time: 9:59 AM - 12:09 PM.**<br>**Attorneys for Plaintiffs: Elizabeth Pritzker, Karin Swope, David Straite, and Anne Davis.**<br>**Attorneys for Defendant: Jeff Gutkin and Colin Scott.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (ked, COURT STAFF) (Date Filed: 11/2/2021) (Entered: 11/02/2021)** |
| 11/02/2021 | 110 | 522.8 KB | TRANSCRIPT ORDER for proceedings held on 11/2/2021 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter FTR - San Jose. (Pritzker, Elizabeth) (Filed on 11/2/2021) **Transcriber: Leo Mankiewicz.** Modified on 11/3/2021 (lmh, COURT STAFF). (Entered: 11/02/2021) |
| 11/02/2021 | 111 | 345.2 KB | **Amended Order by Judge Lucy H. Koh Granting 105 Motion to Remove Incorrectly Filed Document. (ked, COURT STAFF) (Filed on 11/2/2021) (Entered: 11/02/2021)** |
| 11/03/2021 | 112 | 311.0 KB | JOINT CASE MANAGEMENT STATEMENT filed by Google LLC. (Gutkin, Jeffrey) (Filed on 11/3/2021) (Entered: 11/03/2021) |
| 11/03/2021 | 113 | 360.9 KB | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit 1 (Unredacted Version of Plaintiffs' Opposition to Google's Motion to Dismiss - [Lodged Under Seal]), # 3 Exhibit A (Exhibit A to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged Under Seal]), # 4 Exhibit B (Exhibit B to Plaintiffs' Opposition to Google's Motion to Dismiss [Lodged Under Seal]))(Pritzker, Elizabeth) (Filed on 11/3/2021) (Entered: 11/03/2021) |
| 11/03/2021 | 114 | 165.9 KB | CERTIFICATE OF SERVICE by Consolidated Plaintiffs re 113 Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)]* (Pritzker, Elizabeth) (Filed on 11/3/2021) (Entered: 11/03/2021) |
| 11/04/2021 | 115 | | **CLERK'S NOTICE CONTINUING CASE MANAGEMENT CONFERENCE.** Pursuant to this notice, the Further Case Management Conference is CONTINUED from November 10, 2021 to February 16, 2022 at 2:00 PM in Courtroom 8, 4th floor, in San Jose, California before Judge Lucy H. Koh. A Joint Case Management Statement is due February 9, 2022. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (ked, COURT STAFF) (Filed on 11/4/2021) (Entered: 11/04/2021) |
| 11/04/2021 | 116 | 116.2 KB | **ORDER Re 95 Discovery Dispute Re ESI Protocol. Signed by Judge Virginia K. DeMarchi on 11/4/2021. (vkdlc1, COURT STAFF) (Filed on 11/4/2021) (Entered: 11/04/2021)** |
| 11/09/2021 | 117 | 378.8 KB | Transcript of Proceedings held on November 2, 2021, before Judge Virginia D. DeMarchi. Court Reporter/Transcriber Leo Mankiewicz, telephone number 415 722-7045. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through |

| | | | |
|---|---|---|---|
| | | | PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 110 Transcript Order, ) Redaction Request due 11/30/2021. Redacted Transcript Deadline set for 12/10/2021. Release of Transcript Restriction set for 2/7/2022. (Related documents(s) 110 ) (sp, COURT STAFF) (Filed on 11/9/2021) (Entered: 11/09/2021) |
| 11/09/2021 | 118 | 192.1 KB | TRANSCRIPT ORDER for proceedings held on 11/02/2021 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter Leo Mankiewicz. (Scott, Colin) (Filed on 11/9/2021) **NOTE: Copy delivered to Cooley LLP 11/12/21**Modified on 11/16/2021 (sp, COURT STAFF). (Entered: 11/09/2021) |
| 11/10/2021 | 119 | 1.3 MB | Administrative Motion to File Under Seal *Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed Related to Plaintiffs' Opposition to Google's Motion To Dismiss* filed by Google LLC. (Attachments: # 1 Declaration of Eric M. Meiring, # 2 Declaration of Alok Verma, # 3 Exhibit A to Declaration of Alok Verma (UNREDACTED), # 4 Declaration of Lior Shenkar, # 5 Exhibit B to Declaration of Lior Shenkar (UNREDACTED), # 6 Proposed Order)(Wong, Kyle) (Filed on 11/10/2021) (Entered: 11/10/2021) |
| 11/10/2021 | 120 | 14.2 MB | Declaration of Alok Verma in Support of 119 Administrative Motion to File Under Seal *Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed Related to Plaintiffs' Opposition to Google's Motion To Dismiss* filed byGoogle LLC. (Attachments: # 1 Exhibit A (REDACTED))(Related document(s) 119 ) (Wong, Kyle) (Filed on 11/10/2021) (Entered: 11/10/2021) |
| 11/10/2021 | 121 | 1.3 MB | Declaration of Lior Shenkar in Support of 119 Administrative Motion to File Under Seal *Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed Related to Plaintiffs' Opposition to Google's Motion To Dismiss* filed byGoogle LLC. (Attachments: # 1 Exhibit B (REDACTED))(Related document(s) 119 ) (Wong, Kyle) (Filed on 11/10/2021) (Entered: 11/10/2021) |
| 11/19/2021 | 122 | 792.4 KB | REPLY (re 93 MOTION to Dismiss *Plaintiffs' Consolidated Class Action Complaint* ) filed byGoogle LLC. (Gutkin, Jeffrey) (Filed on 11/19/2021) (Entered: 11/19/2021) |
| 12/06/2021 | 123 | | **CLERK'S NOTICE VACATING DECEMBER 9, 2021 HEARING** on 93 MOTION to Dismiss *Plaintiffs' Consolidated Class Action Complaint*. Matter to be determined on the papers without oral argument. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (ked, COURT STAFF) (Filed on 12/6/2021) (Entered: 12/06/2021) |
| 12/06/2021 | 124 | 474.0 KB | STIPULATION WITH PROPOSED ORDER Re: Discovery of Electronically Stored Information re 116 Order filed by Consolidated Plaintiffs. (Swope, Karin) (Filed on 12/6/2021) Modified on 12/7/2021 (jlg, COURT STAFF). (Entered: 12/06/2021) |
| 12/07/2021 | 125 | 537.5 KB | **Stipulated Order re: Discovery of Electronically Stored Information. Signed by Magistrate Judge Virginia K. DeMarchi on 12/7/2021. (vkdlc1, COURT STAFF) (Filed on 12/7/2021) (Entered: 12/07/2021)** |
| 12/10/2021 | 126 | 104.8 KB | NOTICE of Appearance by Aarti G. Reddy *for Defendant Google LLC* (Reddy, Aarti) (Filed on 12/10/2021) (Entered: 12/10/2021) |

| | | | |
|---|---|---|---|
| 12/17/2021 | 127 | 303.4 KB | NOTICE by Google LLC *of Joint Detailed Timeline for Meeting 4/21/2022 Substantial Document Production Deadline* (Gutkin, Jeffrey) (Filed on 12/17/2021) (Entered: 12/17/2021) |
| 12/22/2021 | 128 | 169.8 KB | NOTICE by Consolidated Plaintiffs *of Joinder in Motion for Emergency Relief Under Fed. R. Civ. P. 23(d) and Motion for an Order Shortening Time Filed by Calhoun Plaintiffs in Related Case No. 5:20-cv-05146-LHK-VKD (ECF Nos. 418, 419)* (Pritzker, Elizabeth) (Filed on 12/22/2021) (Entered: 12/22/2021) |
| 12/27/2021 | 129 | 309.6 KB | RESPONSE re 128 Notice (Other), *Google's Opposition to Plaintiffs' Notice of Joinder in Motion for Emergency Relief under Fed. R. Civ. P. 23(d) and Motion for an Order Shortening Time filed by Calhoun Plaintiffs in Related Case No. 5:20-cv-05146-LHK-VKD (ECF Nos. 418, 419)* by Google LLC. (Attachments: # 1 Declaration of Jeffrey M. Gutkin ISO of Google's Opposition to Plaintiffs' Notice of Joinder in Motion for Emergency Relief under Fed. R. Civ. P. 23(d) and Motion for an Order Shortening Time Filed by Calhoun Plaintiffs in Related Case No. 5:20-cv-05146-LHK-VKD (ECF Nos. 418, 419))(Gutkin, Jeffrey) (Filed on 12/27/2021) (Entered: 12/27/2021) |
| 01/04/2022 | 130 | 207.0 KB | STIPULATION WITH PROPOSED ORDER *REGARDING GOOGLE'S NEW TERMS OF SERVICE* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 1/4/2022) (Entered: 01/04/2022) |
| 01/05/2022 | 131 | 235.0 KB | **Order by Judge Lucy H. Koh granting 130 Stipulation.(lhklc2, COURT STAFF) (Filed on 1/5/2022) (Entered: 01/05/2022)** |
| 01/05/2022 | 132 | | You are receiving this Notice because this case has been assigned to the Honorable Lucy H. Koh. On December 13, 2021, Judge Koh was confirmed to the United States Court of Appeals for the Ninth Circuit. The parties to this action are instructed to meet and confer to determine if collectively they will consent to transfer of this case to a Magistrate Judge for all purposes. On or before January 12, 2022, each party must file either (1) written consent to the jurisdiction of a Magistrate Judge or (2) a request for reassignment of this case to a district judge. The parties may consent to the jurisdiction of a specific Magistrate Judge regardless of the division of the Court to which that Judge is assigned. In the event that the parties decline consent to Magistrate Judge jurisdiction, the case will be randomly reassigned to a district judge who likely will not be resident in the San Jose division of the Court.<br><br>ON BEHALF OF THE EXECUTIVE COMMITTEE, Richard Seeborg, Chief Judge<br><br>. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (jy-adi, COURT STAFF) (Filed on 1/5/2022) (Entered: 01/05/2022) |
| 01/12/2022 | 133 | 127.7 KB | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Google LLC.. (Gutkin, Jeffrey) (Filed on 1/12/2022) (Entered: 01/12/2022) |
| 01/12/2022 | 134 | 197.8 KB | RESPONSE re 132 Clerk's Notice Regarding Location Change for Judge Jon S. Tigar,,,, by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 1/12/2022) (Entered: 01/12/2022) |
| 01/13/2022 | 135 | 268.5 KB | **ORDER REASSIGNING CASE. Signed by Judge Richard Seeborg on 1/13/2022. (Attachments: # 1 Notice of Eligibility for Video Recording)(jlg, COURT STAFF) (Filed on 1/13/2022) (Entered: 01/13/2022)** |

| | | | |
|---|---|---|---|
| 01/14/2022 | 136 | | CLERK'S NOTICE SETTING STATUS CONFERENCE FOR REASSIGNED CIVIL CASE.Notice is hereby given that a Status Conference has been set for March 10, 2022, before Judge Edward J. Davila, at 10:00 a.m., in San Jose, - To be determined. Joint Statement due by February 28th. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (ndr, COURT STAFF) (Filed on 1/14/2022) (Entered: 01/14/2022) |
| 01/21/2022 | 137 | 165.3 KB | NOTICE by Google LLC re 119 Administrative Motion to File Under Seal *Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed Related to Plaintiffs' Opposition to Google's Motion To Dismiss* (Gutkin, Jeffrey) (Filed on 1/21/2022) (Entered: 01/21/2022) |
| 01/24/2022 | 138 | 130.4 KB | Case Reassigned to Judge Judge Yvonne Gonzalez Rogers. Magistrate Judge Virginia K. DeMarchi remains as referral Judge. Judge Edward J. Davila is no longer assigned to the case. Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. (Attachments: # 1 Notice of Eligibility for Video Recording) (sp, COURT STAFF) (Filed on 1/24/2022) Modified on 1/24/2022 (dhm, COURT STAFF). (Entered: 01/24/2022) |
| 01/25/2022 | 139 | 297.4 KB | CLERK'S NOTICE SETTING CASE MANAGEMENT CONFERENCE. Joint Case Summary and Update due by 2/4/2022. Case Management Conference set for 2/11/2022 12:00 PM in Oakland, - Videoconference Only. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at ygrcrd@cand.uscourts.gov no later than February 9, 2022 at 5:00 PST.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Case Management Statement due by 2/4/2022. Initial Case Management Conference set for 2/11/2022 12:00 PM in Oakland, - Videoconference Only. This is a Text Only Entry. The attached document is Judge Gonzalez Rogers' Standing Order for Civil Cases. (amg, COURT STAFF) (Filed on 1/25/2022) Modified on 1/26/2022 (amg, COURT STAFF). (Entered: 01/25/2022) |
| 01/25/2022 | 140 | 273.6 KB | NOTICE by Consolidated Plaintiffs *Notice of Withdrawal of Attorney Noorjahan Rahman* (Nishimura, Nanci) (Filed on 1/25/2022) (Entered: 01/25/2022) |
| 02/01/2022 | 141 | 559.9 KB | Letter Brief *Joint Letter Brief re. Discovery Dispute Re. Google's Responses & Objections to Plaintiffs' First Set of Requests for Production of Documents* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit 1)(Pritzker, Elizabeth) (Filed on 2/1/2022) (Entered: 02/01/2022) |

| | | | |
|---|---|---|---|
| 02/01/2022 | 142 | 808.0 KB | Letter Brief *Joint Letter Brief re Discovery Dispute re Plaintiffs' Objections and Responses to Google's First Set of Requests for Production of Documents* filed byGoogle LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Gutkin, Jeffrey) (Filed on 2/1/2022) (Entered: 02/01/2022) |
| 02/01/2022 | 143 | 525.7 KB | Letter Brief *Joint Letter Brief re. Discovery Dispute re. Plaintiffs' Request for Production of Relevant Documents Produced in Regulatory Proceedings* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (document submitted separately under seal))(Pritzker, Elizabeth) (Filed on 2/1/2022) (Entered: 02/01/2022) |
| 02/01/2022 | 144 | 524.4 KB | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker in support, # 2 Exhibit 1 -Unredacted Version of Exhibit 2 to the Joint Letter Brief (Dkt. 143), # 3 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 2/1/2022) (Entered: 02/01/2022) |
| 02/02/2022 | 145 | | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing Re Joint Letter Briefs 141 , 142 , and 143 is set for 2/8/2022 10:00 AM in San Jose - Videoconference Only before Magistrate Judge Virginia K. DeMarchi. This proceeding will be held via a Zoom webinar remotely.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/vkd<br><br>**Cou rt Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names specifying mains speaker(s) and emails must be sent to the CRD at VKDcrd@cand.uscourts.gov no later than 2/3/2022 at 4:00 PM PST.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts. gov/zoom/.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 2/2/2022) (Entered: 02/02/2022) |
| 02/04/2022 | 146 | 221.5 KB | JOINT CASE MANAGEMENT STATEMENT filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 2/4/2022) (Entered: 02/04/2022) |
| 02/08/2022 | 147 | | **Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi:**<br>**Discovery Dkt. Nos. 141 , 142 and 143 Hearing held on 2/8/2022 via Zoom Webinar remotely.**<br><br>**Court heard oral argument and to issue order.**<br><br>**Plaintiff Attorney: An Truong, Brian Danitz, David Straite, Elizabeth Pritzker.**<br>**Defendant Attorney: Jeffrey Gutkin, Kelsey Spector.** |

| | | | |
|---|---|---|---|
| | | | **Total Time in Court:10:20-1:30pm (3 Hrs. 10 Mins.).**<br><br>**Court Reporter: Zoom Recording.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 2/8/2022) (Entered: 02/08/2022)** |
| 02/08/2022 | 148 | 306.1 KB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs Administrative Motion to Seal* filed by Google LLC. (Attachments: # 1 Declaration Of A. Reddy in Support of Google's Response to Plaintiffs Administrative Motion to Seal)(Reddy, Aarti) (Filed on 2/8/2022) (Entered: 02/08/2022) |
| 02/09/2022 | 149 | 146.3 KB | TRANSCRIPT ORDER for proceedings held on 02/08/2022 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter FTR - San Jose. (Davis, Anne) (Filed on 2/9/2022) **Transcriber: Tara Jauregui (Echo Reporting).** Modified on 2/10/2022 (lmh, COURT STAFF). (Entered: 02/09/2022) |
| 02/10/2022 | 150 | 110.8 KB | TRANSCRIPT ORDER for proceedings held on 2/08/2022 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter FTR - San Jose. (Reddy, Aarti) (Filed on 2/10/2022) **Transcriber: Tara Jauregui (Echo Reporting).** Modified on 2/10/2022 (lmh, COURT STAFF). (Entered: 02/10/2022) |
| 02/14/2022 | 151 | 303.1 KB | Transcript of Proceedings held on 2/8/22, before Judge Magistrate Judge Virginia DeMarchi. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: FTR 10:20 - 1:30. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 150 Transcript Order, ) Redaction Request due 3/7/2022. Redacted Transcript Deadline set for 3/17/2022. Release of Transcript Restriction set for 5/16/2022. (Related documents(s) 150 ) (Jauregui, Tara) (Filed on 2/14/2022) (Entered: 02/14/2022) |
| 02/24/2022 | 152 | 141.4 KB | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Initial Case Management Conference held on 2/11/2022. Hearing on Motion for Class Certification is continued to for 9/20/2022 at 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Pretrial Conference set for 7/28/2023 09:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Dispositive Motions heard by 5/30/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.Total Time in Court: 1:20. Court Reporter: Raynee Mercado. (amg, COURT STAFF) (Date Filed: 2/11/2022) (Entered: 02/24/2022)** |
| 02/24/2022 | 153 | 358.3 KB | NOTICE of Appearance by Anupam Singh Dhillon *for Defendant Google LLC* (Dhillon, Anupam) (Filed on 2/24/2022) (Entered: 02/24/2022) |
| 02/24/2022 | 154 | 120.1 KB | NOTICE of Appearance by Whitty Somvichian *for Defendant Google LLC* (Somvichian, Whitty) (Filed on 2/24/2022) (Entered: 02/24/2022) |

| | | | |
|---|---|---|---|
| 02/25/2022 | 155 | 397.2 KB | Transcript of Proceedings held on February 11, 2022, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, telephone number 510-565-7228, cacsr8258@gmail.com. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (480 in 4:20-cv-05146-YGR) Transcript Order, (402 in 4:20-cv-03664-YGR) Transcript Order ) Release of Transcript Restriction set for 5/19/2022. (Mercado, Raynee) (Filed on 2/25/2022) (Entered: 02/25/2022) |
| 02/25/2022 | 156 | 460.9 KB | ADMINISTRATIVE MOTION *for Administrative Relief Pursuant to L.R. 7-11 Regarding Timing for Motions to Seal Discovery Letter Briefs* filed by Google LLC. Responses due by 3/1/2022. (Attachments: # 1 Declaration of Jeffrey M. Gutkin in support of Google's Motion for Administrative Relief Pursuant to L.R. 7-11 re Timing for Motions to Seal Discovery Letter Briefs, # 2 Proposed Order)(Gutkin, Jeffrey) (Filed on 2/25/2022) (Entered: 02/25/2022) |
| 03/01/2022 | 157 | 3.8 MB | Joint Letter Brief re. Discovery Dispute - *Google's Search Terms, Custodians, and Non-Custodial Sources [Redacted]* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Pritzker, Elizabeth) (Filed on 3/1/2022) Modified on 3/2/2022 (ark, COURT STAFF). (Entered: 03/01/2022) |
| 03/01/2022 | 158 | 535.6 KB | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit 1 - Unredacted Version of Joint Letter Brief [Dkt. 157], # 3 Exhibit A - Unredacted Version of Exhibit A, # 4 Exhibit B - Unredacted Version of Exhibit B, # 5 Exhibit C - Unredacted Version of Exhibit C, # 6 Exhibit D - Unredacted Version of Exhibit D, # 7 Exhibit E - Unredacted Version of Exhibit E, # 8 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 3/1/2022) (Entered: 03/01/2022) |
| 03/02/2022 | 159 | 90.5 KB | **Order by Magistrate Judge Virginia K. DeMarchi denying 156 Defendant's Motion for Administrative Relief Pursuant to Civil L.R. 7-11. (vkdlc1, COURT STAFF) (Filed on 3/2/2022) (Entered: 03/02/2022)** |
| 03/03/2022 | 160 | 90.7 KB | NOTICE of Voluntary Dismissal *of Withdrawing Plaintiffs Alexander Rowe, Crystal Brown, Gary Garrett, and Tyler Eliot* by Consolidated Plaintiffs (Straite, David) (Filed on 3/3/2022) (Entered: 03/03/2022) |
| 03/03/2022 | 161 | | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing Re Letter Brief 157 is set for 3/8/2022 10:00 AM in San Jose - Videoconference Only before Magistrate Judge Virginia K. DeMarchi. This proceeding will be held via a Zoom webinar remotely.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/vkd<br><br>**Court Appearances:** Advanc ed notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails specifying main speaker(s) must be sent to the CRD at VKDcrd@cand.uscourts.gov no later than 3/3/2022 at 5:00 PM PST. |

| | | | |
|---|---|---|---|
| | | | **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(T his is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 3/3/2022) (Entered: 03/03/2022) |
| 03/04/2022 | 162 | 470.6 KB | Administrative Motion to File Under Seal *Defendant Google LLC's Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed* filed by Google LLC. (Attachments: # 1 Declaration of Glenn Berntson, # 2 Exhibit 1 to Declaration of Glenn Berntson)(Reddy, Aarti) (Filed on 3/4/2022) (Entered: 03/04/2022) |
| 03/07/2022 | 163 | 269.2 KB | ERRATA re 158 Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)] Defendant Google LLC's Notice of Errata to Exhibit E (ECF No. 158-7) to the Parties' Joint Discovery Dispute Letter Brief* by Google LLC. (Attachments: # 1 Exhibit E)(Reddy, Aarti) (Filed on 3/7/2022) (Entered: 03/07/2022) |
| 03/08/2022 | 164 | | **Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi:**<br>**Discovery Hearing Re Joint Letter Brief 157 Dispute held on 3/8/2022 via Zoom webinar remotely.**<br><br>**The Court conducted a portion of the proceeding UNDER SEAL and ordered the transcript portion time stamped 12:10-1:30pm SEALED and cannot be accessed without court order.**<br><br>**Plaintiff Attorney: Bethany Caracuzzo, Nanci Nishimura,Elizabeth Pritzker, Karin Swope, Lesley Weaver.**<br>**Defendant Attorney: Jeff Gutkin, Aarti Reddy.**<br><br>**Court Reporter: Zoom Recording:11:08am-1:13pm. Total time:2 Hours 3 Minutes.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 3/8/2022) Modified text on 3/9/2022 (amk, COURT STAFF). (Entered: 03/08/2022)** |
| 03/08/2022 | 165 | 86.6 KB | **ORDER Directing Parties to Submit Supplemental Material. Signed by Magistrate Judge Virginia K. DeMarchi on 3/8/2022. (vkdlc1, COURT STAFF) (Filed on 3/8/2022) (Entered: 03/08/2022)** |
| 03/09/2022 | 166 | 137.0 KB | *REFILED AT DKT. 167 * TRANSCRIPT ORDER for proceedings held on 03/08/2022 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter FTR - San Jose. (Reddy, Aarti) (Filed on 3/9/2022) Modified on 3/14/2022 (lmh, COURT STAFF). (Entered: 03/09/2022) |
| 03/09/2022 | 167 | 156.8 KB | TRANSCRIPT ORDER for proceedings held on 03/08/2022 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter FTR - San Jose. (Reddy, Aarti) (Filed on 3/9/2022) **Transcriber: Tara Jauregui - Echo** |

| | | | |
|---|---|---|---|
| | | | **Reporting.** Modified on 3/14/2022 (lmh, COURT STAFF). (Entered: 03/09/2022) |
| 03/09/2022 | 168 | 389.7 KB | STIPULATION WITH PROPOSED ORDER *Authorizing Release of March 8 Hearing Transcript to Counsel* filed by Consolidated Plaintiffs. (Weaver, Lesley) (Filed on 3/9/2022) (Entered: 03/09/2022) |
| 03/10/2022 | 169 | 438.3 KB | **Order by Magistrate Judge Virginia K. DeMarchi granting 168 Stipulation Authorizing Release of March 8 Hearing Transcript. (vkdlc1, COURT STAFF) (Filed on 3/10/2022) (Entered: 03/10/2022)** |
| 03/14/2022 | 170 | 111.6 KB | TRANSCRIPT ORDER for proceedings held on 03/08/2022 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter FTR - San Jose. (Davis, Anne) (Filed on 3/14/2022) **Transcriber: Tara Jauregui - Echo Reporting.** Modified on 3/14/2022 (lmh, COURT STAFF). (Entered: 03/14/2022) |
| 03/15/2022 | 171 | 795.0 KB | Letter Brief *(Joint) - Discovery Dispute re: Google's Responses & Objections to Plaintiffs' Third Set of Requests for Production of Documents* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit 1)(Davis, Anne) (Filed on 3/15/2022) (Entered: 03/15/2022) |
| 03/15/2022 | 172 | 1.3 MB | Letter Brief *(Joint) re Google's Second Set of Requests for Production* filed byGoogle LLC. (Attachments: # 1 Exhibit 1)(Somvichian, Whitty) (Filed on 3/15/2022) (Entered: 03/15/2022) |
| 03/15/2022 | 173 | 277.0 KB | EXHIBITS re 162 Administrative Motion to File Under Seal *Defendant Google LLC's Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed* filed byGoogle LLC. (Attachments: # 1 Supplement Search Term Briefing iso D165 Order Directing Parties to Submit Supplemental Material)(Related document(s) 162 ) (Reddy, Aarti) (Filed on 3/15/2022) (Entered: 03/15/2022) |
| 03/16/2022 | 174 | 144.8 KB | Transcript of Proceedings held on 03/08/22, before Judge Magistrate Judge Virginia DeMarchi. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: FTR11:08 - 12:10. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 167 Transcript Order, ) Redaction Request due 4/6/2022. Redacted Transcript Deadline set for 4/18/2022. Release of Transcript Restriction set for 6/14/2022. (Related documents(s) 167 ) (Jauregui, Tara) (Filed on 3/16/2022) (Entered: 03/16/2022) |
| 03/18/2022 | 175 | | Transcript of **SEALED Proceedings** held on 03/08/22, before Judge Magistrate Judge Virginia DeMarchi. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: FTR 12:10 - 1:13. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 4/8/2022. Redacted Transcript Deadline set for 4/18/2022. Release of Transcript Restriction set for 6/16/2022. |

| | | | |
|---|---|---|---|
| | | | (Jauregui, Tara) (Filed on 3/18/2022) Modified on 3/18/2022 (lmh, COURT STAFF). (Entered: 03/18/2022) |
| 03/18/2022 | 176 | 113.4 KB | EXHIBITS re 162 Administrative Motion to File Under Seal *Defendant Google LLC's Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed - Parties' Joint Position Chart Re. Proposed Google Custodians Filed Per Order (Dkt. No. 165)* filed byConsolidated Plaintiffs. (Attachments: # 1 Joint Position Chart re. Proposed Google Custodians [UNDER SEAL])(Related document(s) 162 ) (Pritzker, Elizabeth) (Filed on 3/18/2022) (Entered: 03/18/2022) |
| 03/29/2022 | 177 | 774.1 KB | Discovery Letter Brief *(Joint) re 502(d) Stipulation* filed byGoogle LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Gutkin, Jeffrey) (Filed on 3/29/2022) Modified text on 3/30/2022 (amk, COURT STAFF). (Entered: 03/29/2022) |
| 04/08/2022 | 178 | 911.8 KB | ADMINISTRATIVE MOTION Amendment of Case Schedule Pursuant to LR 6-3 and 7-11 re 83 Order filed by Consolidated Plaintiffs. Responses due by 4/12/2022. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit A, # 3 Proposed Order)(Pritzker, Elizabeth) (Filed on 4/8/2022) (Entered: 04/08/2022) |
| 04/12/2022 | 179 | 417.1 KB | OPPOSITION/RESPONSE (re 178 ADMINISTRATIVE MOTION Amendment of Case Schedule Pursuant to LR 6-3 and 7-11 re 83 Order ) filed byGoogle LLC. (Attachments: # 1 Declaration of Jeffrey M. Gutkin)(Gutkin, Jeffrey) (Filed on 4/12/2022) (Entered: 04/12/2022) |
| 04/13/2022 | 180 | 161.8 KB | MOTION for leave to appear in Pro Hac Vice *by Corban Rhodes* ( Filing fee $ 317, receipt number 105702.) Filing fee previously paid on Monday, April 11, 2022 filed by Kimberley Woodruff. (Rhodes, Corban) (Filed on 4/13/2022) (Entered: 04/13/2022) |
| 04/17/2022 | 181 | 92.5 KB | **ORDER by Judge Yvonne Gonzalez Rogers Granting 180 Motion for Pro Hac Vice. (amg, COURT STAFF) (Filed on 4/15/2022) (Entered: 04/17/2022)** |
| 04/18/2022 | 182 | 1.1 MB | Administrative Motion to File Under Seal *Portions of the March 8, 2022 Hearing Transcript* filed by Google LLC. (Attachments: # 1 Proposed Order, # 2 Declaration of Aarti Reddy, # 3 Exhibit 1 to Declaration of Aarti Reddy) (Reddy, Aarti) (Filed on 4/18/2022) (Entered: 04/18/2022) |
| 04/19/2022 | 183 | 626.5 KB | CERTIFICATE OF SERVICE by Google LLC re 182 Administrative Motion to File Under Seal *Portions of the March 8, 2022 Hearing Transcript* (Reddy, Aarti) (Filed on 4/19/2022) (Entered: 04/19/2022) |
| 04/25/2022 | 184 | 174.3 KB | **ORDER Re 141 143 February 1, 2022 Discovery Disputes Re Plaintiffs' Document Requests to Google. Signed by Magistrate Judge Virginia K. DeMarchi on 4/25/2022. (vkdlc1, COURT STAFF) (Filed on 4/25/2022) (Entered: 04/25/2022)** |
| 04/25/2022 | 185 | 157.1 KB | **ORDER Re 142 February 1, 2022 Discovery Dispute Re Defendant's Document Requests to Plaintiffs. Signed by Magistrate Judge Virginia K. DeMarchi on 4/25/2022. (vkdlc1, COURT STAFF) (Filed on 4/25/2022) (Entered: 04/25/2022)** |
| 04/29/2022 | 186 | 98.0 KB | **ORDER by Magistrate Judge Virginia K. DeMarchi granting 158 Administrative Motion to File Under Seal. (vkdlc1, COURT STAFF) (Filed on 4/29/2022) (Entered: 04/29/2022)** |

| | | | |
|---|---|---|---|
| 04/29/2022 | 187 | | DOCUMENT E-FILED UNDER SEAL by Court Staff: Order re 157 March 1, 2022 Discovery Dispute re Google's ESI Review. (Attachments: # 1 Exhibit A) (vkdlc1, COURT STAFF) (Filed on 4/29/2022) (Entered: 04/29/2022) |
| 04/29/2022 | 188 | 112.5 KB | **REDACTED ORDER Re 157 March 1, 2022 Discovery Dispute Re Google's ESI Review. Signed by Magistrate Judge Virginia K. DeMarchi on 4/29/2022. (Attachments: # 1 Exhibit A) (vkdlc1, COURT STAFF) (Filed on 4/29/2022) (Entered: 04/29/2022)** |
| 04/29/2022 | 189 | 155.0 KB | **ORDER Re 171 March 15, 2022 Discovery Dispute Re Plaintiffs' Document Requests to Google. Signed by Magistrate Judge Virginia K. DeMarchi on 4/29/2022. (vkdlc1, COURT STAFF) (Filed on 4/29/2022) (Entered: 04/29/2022)** |
| 04/29/2022 | 190 | 141.3 KB | **ORDER Re 172 March 15, 2022 Discovery Dispute RE Defendant's Document Requests to Plaintiffs. Signed by Magistrate Judge Virginia K. DeMarchi on 4/29/2022. (vkdlc1, COURT STAFF) (Filed on 4/29/2022) (Entered: 04/29/2022)** |
| 05/02/2022 | 191 | 222.7 KB | Letter Brief re 186 Order on Administrative Motion to File Under Seal, *Joint Letter Brief re. Discovery Dispute - Google's Search Terms, Custodians, and Non-Custodial Sources* filed byGoogle LLC. (Related document(s) 186 ) (Gutkin, Jeffrey) (Filed on 5/2/2022) (Entered: 05/02/2022) |
| 05/03/2022 | 192 | 124.2 KB | **Order by Magistrate Judge Virginia K. DeMarchi re 177 March 29, 2022 Dispute re Rule 502(d) Order. (vkdlc1, COURT STAFF) (Filed on 5/3/2022) (Entered: 05/03/2022)** |
| 05/03/2022 | 193 | 96.3 KB | **ORDER by Magistrate Judge Virginia K. DeMarchi granting 144 Administrative Motion to File Under Seal. (vkdlc1, COURT STAFF) (Filed on 5/3/2022) (Entered: 05/03/2022)** |
| 05/03/2022 | 194 | 96.0 KB | **Order by Magistrate Judge Virginia K. DeMarchi granting 182 Administrative Motion to Seal. (vkdlc1, COURT STAFF) (Filed on 5/3/2022) (Entered: 05/03/2022)** |
| 05/05/2022 | 195 | 2.2 MB | EXHIBITS re 193 Order on Administrative Motion to File Under Seal, filed byGoogle LLC. (Related document(s) 193 ) (Gutkin, Jeffrey) (Filed on 5/5/2022) (Entered: 05/05/2022) |
| 05/09/2022 | 196 | 2.7 MB | MOTION Motion for Relief from April 25, 2022 Nondispositive Order of Magistrate Judge (Dkt. 184) Fed. R. Civ. P. 72(a); L.R. 72-2 re 184 Order filed by Consolidated Plaintiffs. Responses due by 5/23/2022. Replies due by 5/31/2022. (Attachments: # 1 Declaration of Elizabeth C. Pritzker [Redacted], # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proposed Order)(Pritzker, Elizabeth) (Filed on 5/9/2022) (Entered: 05/09/2022) |
| 05/09/2022 | 197 | 530.8 KB | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker in support, # 2 Exhibit 1 - Unredacted Version of Pritzker Decl. - lodged under seal, # 3 Exhibit 2 - Unsealed Version of Exhibit C to Pritzker Decl. - lodged under seal, # 4 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 5/9/2022) (Entered: 05/09/2022) |
| 05/10/2022 | 198 | 165.4 KB | EXHIBITS re 194 Order on Administrative Motion to File Under Seal filed byGoogle LLC. (Related document(s) 194 ) (Reddy, Aarti) (Filed on 5/10/2022) (Entered: 05/10/2022) |

| | | | |
|---|---|---|---|
| 05/11/2022 | 199 | 14.4 KB | NOTICE of Voluntary Dismissal *of Meghan Cornelius* by Consolidated Plaintiffs (Nishimura, Nanci) (Filed on 5/11/2022) (Entered: 05/11/2022) |
| 05/13/2022 | 200 | 370.9 KB | STATUS REPORT *Joint Status Report Regarding Google's Requests for Production 27-30* by Consolidated Plaintiffs. (Danitz, Brian) (Filed on 5/13/2022) (Entered: 05/13/2022) |
| 05/13/2022 | 201 | 125.0 KB | Response re 189 Order *Joint Submission in Response to Docket Number 189 Discovery Dispute* byGoogle LLC. (Gutkin, Jeffrey) (Filed on 5/13/2022) (Entered: 05/13/2022) |
| 05/16/2022 | 202 | 87.4 KB | **ORDER Re Further Status Reports and Discovery Conference, If Needed. Signed by Magistrate Judge Virginia K. DeMarchi on 5/16/2022. (vkdlc1, COURT STAFF) (Filed on 5/16/2022) (Entered: 05/16/2022)** |
| 05/16/2022 | 203 | 673.7 KB | Administrative Motion to File Under Seal *Defendant Google LLC's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed* filed by Google LLC. (Attachments: # 1 Declaration of Glenn Berntson, # 2 Exhibit 1 to Declaration of Glenn Berntson, # 3 Exhibit 2 to Declaration of Glenn Berntson, # 4 Proposed Order)(Reddy, Aarti) (Filed on 5/16/2022) (Entered: 05/16/2022) |
| 05/19/2022 | 204 | 96.5 KB | NOTICE of Voluntary Dismissal *of Christopher Johnson* by Consolidated Plaintiffs (Straite, David) (Filed on 5/19/2022) (Entered: 05/19/2022) |
| 05/24/2022 | 206 | 850.2 KB | MOTION Motion to Allow Limited Use of Discovery from Related Action *[Redacted]* filed by Consolidated Plaintiffs. Motion Hearing set for 6/28/2022 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 6/7/2022. Replies due by 6/14/2022. (Attachments: # 1 Declaration of Jonathan K. Levine in support, # 2 Declaration of Lesley E. Weaver [Redacted] in support, # 3 Exhibit A to Weaver Decl. [Filed Under Seal], # 4 Proposed Order)(Levine, Jonathan) (Filed on 5/24/2022) (Entered: 05/24/2022) |
| 05/24/2022 | 207 | 563.7 KB | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Jonathan K. Levine in support, # 2 Exhibit 1 - Unredacted Version of NOM and Motion to Allow Limited Use of Discovery from Related Action - lodged under seal, # 3 Exhibit 2 - Unredacted Version of Decl. of Lesley E. Weaver - lodged under seal, # 4 Exhibit 3 - Unsealed Version of Ex. A - excerpts of Sealed Hearing Transcript - lodged under seal, # 5 Certificate/Proof of Service)(Levine, Jonathan) (Filed on 5/24/2022) (Entered: 05/24/2022) |
| 05/25/2022 | 208 | 213.8 KB | STIPULATION WITH PROPOSED ORDER *Revising Case Schedule* filed by Consolidated Plaintiffs. (Davis, Anne) (Filed on 5/25/2022) (Entered: 05/25/2022) |
| 05/26/2022 | 209 | 586.9 KB | Letter Brief *(Joint) re: Plaintiffs' Rule 30(b)(6) Deposition Notice* filed byGoogle LLC. (Attachments: # 1 Exhibit A)(Gutkin, Jeffrey) (Filed on 5/26/2022) (Entered: 05/26/2022) |
| 05/27/2022 | 210 | 503.8 KB | STATUS REPORT *Plaintiffs' Further Status Report re: RFP Nos. 46-49, 51, and 54-56* by Consolidated Plaintiffs. (Kolesnikov, Yury) (Filed on 5/27/2022) (Entered: 05/27/2022) |
| 05/27/2022 | 211 | 175.3 KB | STATUS REPORT *Joint Further Status Report Regarding Google's Requests for Production 27-30* by Google LLC. (Somvichian, Whitty) (Filed on |

| | | | |
|---|---|---|---|
| | | | 5/27/2022) (Entered: 05/27/2022) |
| 05/27/2022 | 212 | 204.3 KB | STATUS REPORT *Google's Status Report in Response to Dkt. Nos. 189 and 202* by Google LLC. (Gutkin, Jeffrey) (Filed on 5/27/2022) (Entered: 05/27/2022) |
| 05/27/2022 | 213 | | CLERK'S NOTICE SETTING IN PERSON HEARING AND COURTROOM DESIGNATION. Please take NOTICE that a Discovery Hearing is set for 5/31/2022 at 10:00 AM in San Jose, Courtroom 8, 4th Floor before Magistrate Judge Virginia K. DeMarchi. PLEASE NOTE THE COURTROOM LOCATION, Courtroom 8, 4th Floor. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 5/27/2022) (Entered: 05/27/2022) |
| 05/31/2022 | 214 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Discovery Hearing held on 5/31/2022.<br><br>Oral argument held. Court to issue order.<br><br>Plaintiff Attorney: Lesley Weaver, Brian Danitz, Yury Kolesnikov,Jonathan Levine, Bethany Caracuzzo.<br>Defendant Attorney: Jeffrey Gutkin, Whitty Somvichian.<br><br>Digital (Liberty) Recording Time: 10:25-11:42 am (1 Hour and 17 Minutes).<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 5/31/2022) (Entered: 05/31/2022) |
| 05/31/2022 | 215 | 108.8 KB | TRANSCRIPT ORDER for proceedings held on 05/31/2022 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter FTR - San Jose. (Davis, Anne) (Filed on 5/31/2022) **Transcriber: Tara Jauregui - Echo Reporting.** Modified on 6/1/2022 (lmh, COURT STAFF). (Entered: 05/31/2022) |
| 05/31/2022 | 216 | 206.3 KB | TRANSCRIPT ORDER for proceedings held on 5/31/2022 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter FTR - San Jose. (Dhillon, Anupam) (Filed on 5/31/2022) **Transcriber: Tara Jauregui - Echo Reporting.** Modified on 6/1/2022 (lmh, COURT STAFF). (Entered: 05/31/2022) |
| 06/01/2022 | 217 | 93.1 KB | **ORDER Following May 31, 2022 Discovery Conference. Signed by Magistrate Judge Virginia K. DeMarchi on 6/1/2022. (vkdlc1, COURT STAFF) (Filed on 6/1/2022) (Entered: 06/01/2022)** |
| 06/01/2022 | 218 | | CLERK'S NOTICE SETTING IN-PERSON HEARING AND COURTROOM DESIGNATION. The Court sets a discovery hearing on the parties' 209 May 26, 2022 Discovery Dispute for June 7, 2022 at 10:00 a.m. in San Jose, Courtroom 8, 4th Floor before Magistrate Judge Virginia K. DeMarchi.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*, Set/Reset Deadlines as to Discovery Hearing set for 6/7/2022 10:00 AM in San Jose, Courtroom 8, 4th Floor before Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 6/1/2022) (Entered: 06/01/2022) |
| 06/01/2022 | 219 | | **Order Granting 197 Administrative Motion to File Under Seal. Good cause has been shown in light of the nature and characteristic of the pending** |

| | | | |
|---|---|---|---|
| | | | **motion upon which the request is made. Entered by Judge Yvonne Gonzalez Rogers.** ***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(Entered: 06/01/2022)** |
| 06/01/2022 | 220 | | **Order Granting 203 Administrative Motion to File Under Seal notwithstanding plaintiff's objection. Good cause is shown given the nature and character of the underlying issues. Entered by Judge Yvonne Gonzalez Rogers.** ***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(Entered: 06/01/2022)** |
| 06/01/2022 | 221 | 199.0 KB | **ORDER AS MODIFIED by Judge Yvonne Gonzalez Rogers Granting 208 JOINT STIPULATION REVISING CASE SCHEDULE.Class Certification Motion due by 9/26/2022. Response due by 11/21/2022. Reply due by 1/12/2023. Close of Fact Discovery due by 3/24/2023. Opening Reports due by 4/20/2023. Rebuttal Reports due by 6/1/2023. Close of Expert Discovery due by 6/30/2023. Dispositive Motion due by 7/21/2023. Responses due by 8/18/2023. Replies due by 9/8/2023. Dispositive Motion Hearing set for 10/3/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Pretrial Conference 1 set for 12/1/2023 09:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Pretrial Conference 2 set for 1/19/2024 09:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Jury Selection set for 2/20/2024 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Jury Trial set to begin on 2/20/2024 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. (amg, COURT STAFF) (Filed on 6/1/2022) (Entered: 06/01/2022)** |
| 06/01/2022 | 222 | 77.6 KB | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Status Conference held on 6/1/2022.Plaintiff's Opening Brief due by 6/8/2022. Response due by 6/15/2022. Reply due by 6/18/2022.Recorded via Zoom: 11:27 - 12:04 (Assigned Transcriber: Tara Jauregui). (amg, COURT STAFF) (Date Filed: 6/1/2022) Modified on 6/1/2022 (nap, COURT STAFF). (Entered: 06/01/2022)** |
| 06/01/2022 | 223 | 138.6 KB | TRANSCRIPT ORDER for proceedings held on 06/01/2022 before Judge Yvonne Gonzalez Rogers by Consolidated Plaintiffs, for Court Reporter FTR - Oakland. (Davis, Anne) (Filed on 6/1/2022) (Entered: 06/01/2022) |
| 06/01/2022 | 224 | 319.4 KB | TRANSCRIPT ORDER for proceedings held on 06/01/2022 before Judge Yvonne Gonzalez Rogers by Google LLC, for Court Reporter FTR - Oakland. (Dhillon, Anupam) (Filed on 6/1/2022) (Entered: 06/01/2022) |
| 06/02/2022 | 225 | | CLERK'S NOTICE VACATING HEARING. Notice is hereby given that the hearing previously set for 6/28/2022 is vacated. The Court will reset if necessary. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amg, COURT STAFF) (Filed on 6/2/2022) (Entered: 06/02/2022) |
| 06/02/2022 | 226 | | Transcript of Proceedings held on 06/01/22, before Judge Yvonne Gonzalez Rogers. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: FTR 11:27 - 12:04. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 223 Transcript Order ) Redaction Request due |

| | | | |
|---|---|---|---|
| | | | 6/23/2022. Redacted Transcript Deadline set for 7/5/2022. Release of Transcript Restriction set for 8/31/2022. (Related documents(s) 223 ) (Jauregui, Tara) (Filed on 6/2/2022) (Entered: 06/02/2022) |
| 06/03/2022 | 227 | | Transcript of Proceedings held on 05/31/22, before Judge Magistrate Judge Virginia DeMarchi. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: FTR 10:25 - 11:42. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 216 Transcript Order, ) Redaction Request due 6/24/2022. Redacted Transcript Deadline set for 7/5/2022. Release of Transcript Restriction set for 9/1/2022. (Related documents(s) 216 ) (Jauregui, Tara) (Filed on 6/3/2022) (Entered: 06/03/2022) |
| 06/07/2022 | 228 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Discovery Hearing re 209 Joint Discovery Letter Brief held on 6/7/2022.<br><br>Oral argument held. The Court to issue order.<br><br>Plaintiff Attorney: Lesley Weaver, Anne Davis, Jonathan Levine.<br>Defendant Attorney: Jeffrey Gutkin.<br><br>Digital (Liberty) Recording Time: 10:00 am-12:30 pm. (2 Hours and 30 Minutes).<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 6/7/2022) (Entered: 06/07/2022) |
| 06/07/2022 | 229 | 121.4 KB | TRANSCRIPT ORDER for proceedings held on 06/07/2022 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter FTR - San Jose. (Davis, Anne) (Filed on 6/7/2022) **Transcriber: Tara Jauregui - Echo Reporting.** Modified on 6/7/2022 (lmh, COURT STAFF). (Entered: 06/07/2022) |
| 06/07/2022 | 230 | 200.5 KB | TRANSCRIPT ORDER for proceedings held on 06/07/2022 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter FTR - San Jose. (Dhillon, Anupam) (Filed on 6/7/2022) **Transcriber: Tara Jauregui - Echo Reporting.** Modified on 6/7/2022 (lmh, COURT STAFF). (Entered: 06/07/2022) |
| 06/08/2022 | 231 | 160.2 KB | **ORDER Re May 26, 2022 Discovery Dispute Re Plaintiffs' Rule 30(b)(6) Deposition Notice to Google; Order Re Further Submission. Signed by Magistrate Judge Virginia K. DeMarchi on 6/8/2022. (vkdlc1, COURT STAFF) (Filed on 6/8/2022) (Entered: 06/08/2022)** |
| 06/09/2022 | 232 | | Transcript of Proceedings held on 06/07/22, before Judge Magistrate Judge Virginia DeMarchi. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: FTR 10:00 12:30. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of |

| | | | |
|---|---|---|---|
| | | | Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 230 Transcript Order, ) Redaction Request due 6/30/2022. Redacted Transcript Deadline set for 7/11/2022. Release of Transcript Restriction set for 9/7/2022. (Related documents(s) 230 ) (Jauregui, Tara) (Filed on 6/9/2022) (Entered: 06/09/2022) |
| 06/13/2022 | 233 | 307.9 KB | **ORDER by Judge Yvonne Gonzalez Rogers GRANTING IN PART AND DENYING IN PART 93 MOTION TO DISMISS. Joint Case Management Statement due by 8/15/2022. Further Case Management Conference set for 8/22/2022 02:00 PM in Oakland, - Videoconference Only. (amg, COURT STAFF) (Filed on 6/13/2022) (Entered: 06/13/2022)** |
| 06/14/2022 | 234 | 366.4 KB | Response re 231 Order *Defendant Google LLC's Briefing Proposal in Response to the Court's Order for Further Submission Regarding Discovery Dispute (ECF 231)* byGoogle LLC. (Gutkin, Jeffrey) (Filed on 6/14/2022) (Entered: 06/14/2022) |
| 06/14/2022 | 235 | 376.7 KB | RESPONSE re 231 Order - *Plaintiffs' Proposed Briefing Schedule* by Consolidated Plaintiffs. (Davis, Anne) (Filed on 6/14/2022) (Entered: 06/14/2022) |
| 06/15/2022 | 236 | 86.9 KB | **Order by Magistrate Judge Virginia K. DeMarchi on 06/15/2022 re Supplemental Briefing Further to Dkt. No. 231 . (vkdlc1, COURT STAFF) (Filed on 6/15/2022) (Entered: 06/15/2022)** |
| 06/17/2022 | 237 | 815.1 KB | STIPULATION WITH PROPOSED ORDER *to Extend Time for Defendant Google LLC to Answer Plaintiffs Consolidated Complaint* filed by Google LLC. (Attachments: # 1 Declaration of Jeffrey M. Gutkin)(Gutkin, Jeffrey) (Filed on 6/17/2022) (Entered: 06/17/2022) |
| 06/24/2022 | 239 | 386.1 KB | **ORDER by Judge Yvonne Gonzalez Rogers Granting 237 STIPULATION TO EXTEND TIME FOR DEFENDANT GOOGLE LLC TO ANSWER PLAINTIFFS' CONSOLIDATED COMPLAINT. (amg, COURT STAFF) (Filed on 6/24/2022) (Entered: 06/24/2022)** |
| 06/24/2022 | 240 | 1.2 MB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis, # 2 Proposed Order, # 3 Plaintiffs' Submission Pursuant to Dkts. 231, 236 (unredacted), # 4 Declaration of Zubair Shafiq (unredacted), # 5 Exhibit A (unredacted), # 6 Exhibit B (unredacted), # 7 Exhibit C (unredacted), # 8 Exhibit D (unredacted), # 9 Exhibit E (unredacted), # 10 Exhibit F (unredacted), # 11 Exhibit G (unredacted), # 12 Exhibit H (unredacted))(Davis, Anne) (Filed on 6/24/2022) (Entered: 06/24/2022) |
| 06/24/2022 | 241 | 1.8 MB | Supplemental Brief re 236 Discovery Order, 231 Order filed byConsolidated Plaintiffs. (Attachments: # 1 Declaration of Zubair Shafiq, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Related document(s) 236 , 231 ) (Davis, Anne) (Filed on 6/24/2022) (Entered: 06/24/2022) |
| 06/24/2022 | 242 | 191.7 KB | **ORDER DENYING PLAINTIFFS' MOTION FOR TARGETED USE OF CALHOUN DISCOVERY IN IN RE GOOGLE RTB. Signed by Judge Yvonne Gonzalez Rogers on 6/24/2022. (amg, COURT STAFF) (Filed on 6/24/2022) (Entered: 06/24/2022)** |
| 06/27/2022 | 243 | 158.9 KB | MOTION to Strike *Shafiq Declaration in Support of Plaintiffs' Submission Pursuant to Dkts. 231, 236* filed by Google LLC. Responses due by 7/11/2022. |

| | | | |
|---|---|---|---|
| | | | Replies due by 7/18/2022. (Gutkin, Jeffrey) (Filed on 6/27/2022) (Entered: 06/27/2022) |
| 06/27/2022 | 244 | 123.2 KB | Proposed Order re 243 MOTION to Strike *Shafiq Declaration in Support of Plaintiffs' Submission Pursuant to Dkts. 231, 236* by Google LLC. (Gutkin, Jeffrey) (Filed on 6/27/2022) (Entered: 06/27/2022) |
| 06/27/2022 | 245 | 272.4 KB | NOTICE by Consolidated Plaintiffs *Notice of Withdrawal of Attorney Bethany M. Hill* (Nishimura, Nanci) (Filed on 6/27/2022) (Entered: 06/27/2022) |
| 06/28/2022 | 246 | 87.7 KB | **ORDER Striking Shafiq Declaration [241-1] and Exhibits. Signed by Magistrate Judge Virginia K. DeMarchi on 6/28/2022. (vkdlc1, COURT STAFF) (Filed on 6/28/2022) (Entered: 06/28/2022)** |
| 07/01/2022 | 247 | 850.0 KB | Administrative Motion to File Under Seal *Google LLCs Response to Plaintiffs Administrative Motion to Consider Whether Another Partys Materials Should be Sealed* filed by Google LLC. (Attachments: # 1 Declaration of Aarti Reddy iso Response to Plaintiffs' Administrative Motion to Seal, # 2 Exhibit 1)(Reddy, Aarti) (Filed on 7/1/2022) (Entered: 07/01/2022) |
| 07/01/2022 | 248 | 543.7 KB | Supplemental Brief re 236 Discovery Order, 241 Supplemental Brief, *Pursuant to Dkts. 231 and 236* filed byGoogle LLC. (Related document(s) 236 , 241 ) (Gutkin, Jeffrey) (Filed on 7/1/2022) (Entered: 07/01/2022) |
| 07/07/2022 | 249 | 15.9 KB | NOTICE of Voluntary Dismissal *of Plaintiff Patrick Thompson* by Consolidated Plaintiffs (Ulwick, James) (Filed on 7/7/2022) (Entered: 07/07/2022) |
| 07/08/2022 | 250 | 393.0 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley E. Weaver, # 2 Proposed Order, # 3 Unredacted Version of Exhibit 1, # 4 Unredacted Version of Exhibit 2, # 5 Unredacted Version of Exhibit 3, # 6 Unredacted Version of Exhibit 4, # 7 Unredacted Version of Exhibit 5, # 8 Unredacted Version of Exhibit 6, # 9 Unredacted Version of Exhibit 7, # 10 Unredacted Version of Exhibit 8, # 11 Unredacted Version of Exhibit 9, # 12 Unredacted Version of Exhibit 10, # 13 Unredacted Version of Exhibit 11, # 14 Unredacted Version of Exhibit 12) (Weaver, Lesley) (Filed on 7/8/2022) (Entered: 07/08/2022) |
| 07/08/2022 | 251 | 2.6 MB | ADMINISTRATIVE MOTION *for Leave to File Supplementary Material: Plaintiffs Letter Pursuant to [Dkt. 242] for Presentation of Calhoun Discovery Under Seal Pertaining to [Dkt. 248]* filed by Consolidated Plaintiffs. Responses due by 7/12/2022. (Attachments: # 1 Declaration of Lesley E. Weaver, # 2 Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12)(Weaver, Lesley) (Filed on 7/8/2022) (Entered: 07/08/2022) |
| 07/08/2022 | 252 | 759.3 KB | ADMINISTRATIVE MOTION *Plaintiffs Request for a Case Management Conference Before the Discovery Magistrate to Address Implementation of the District Courts June 24, 2022 Order [Dkt. No. 242]* filed by Consolidated Plaintiffs. Responses due by 7/12/2022. (Attachments: # 1 Proposed Order) (Davis, Anne) (Filed on 7/8/2022) (Entered: 07/08/2022) |
| 07/12/2022 | 253 | 529.1 KB | OPPOSITION/RESPONSE (re 251 ADMINISTRATIVE MOTION *for Leave to File Supplementary Material: Plaintiffs Letter Pursuant to [Dkt. 242] for Presentation of Calhoun Discovery Under Seal Pertaining to [Dkt. 248]* ) filed byGoogle LLC. (Gutkin, Jeffrey) (Filed on 7/12/2022) (Entered: 07/12/2022) |

| | | | |
|---|---|---|---|
| 07/12/2022 | 254 | 545.4 KB | OPPOSITION/RESPONSE (re 252 ADMINISTRATIVE MOTION *Plaintiffs Request for a Case Management Conference Before the Discovery Magistrate to Address Implementation of the District Courts June 24, 2022 Order [Dkt. No. 242]* ) filed byGoogle LLC. (Gutkin, Jeffrey) (Filed on 7/12/2022) (Entered: 07/12/2022) |
| 07/14/2022 | 255 | 98.3 KB | **ORDER GRANTING 249 NOTICE OF VOLUNTARY DISMISSAL. Signed by Judge Yvonne Gonzalez Rogers on 7/14/2022. (amg, COURT STAFF) (Filed on 7/14/2022) (Entered: 07/14/2022)** |
| 07/14/2022 | 256 | 374.4 KB | ADMINISTRATIVE MOTION Extend Time to File Response re 250 Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* , MOTION for Extension of Time to File Response/Reply *to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed* filed by Google LLC. Responses due by 7/18/2022. (Attachments: # 1 Declaration of Jeffrey Gutkin, # 2 Proposed Order)(Gutkin, Jeffrey) (Filed on 7/14/2022) (Entered: 07/14/2022) |
| 07/15/2022 | 257 | 1.5 MB | **ORDER Granting 256 Unopposed Motion to Extend Time to File Response to Dkt. No. 250 . Signed by Magistrate Judge Virginia K. DeMarchi on 7/15/2022. (vkdlc1, COURT STAFF) (Filed on 7/15/2022) (Entered: 07/15/2022)** |
| 07/15/2022 | 258 | 366.2 KB | Answer to Amended Complaint 92 Amended Complaint *Answer to Plaintiffs' Consolidated Class Action Complaint* byGoogle LLC. (Gutkin, Jeffrey) (Filed on 7/15/2022) (Entered: 07/15/2022) |
| 07/20/2022 | 259 | 59.2 KB | Letter Brief *Joint Letter Brief re 502(d) Stipulation* filed byGoogle LLC. (Gutkin, Jeffrey) (Filed on 7/20/2022) (Entered: 07/20/2022) |
| 07/20/2022 | 260 | 1.3 MB | ADMINISTRATIVE MOTION for Leave to File Supplemental Materials Cited in Joint Letter Brief re 259 Letter Brief filed by Consolidated Plaintiffs. Responses due by 7/25/2022. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proposed Order)(Pritzker, Elizabeth) (Filed on 7/20/2022) (Entered: 07/20/2022) |
| 07/21/2022 | 261 | 74.9 KB | ADMINISTRATIVE MOTION for Leave to File a Proposed 502(D) Order filed by Google LLC. Responses due by 7/25/2022. (Attachments: # 1 Declaration of Jeffrey M. Gutkin in Support of Googles Administrative Motion for Leave to File a Proposed 502(D) Order, # 2 Proposed Order Re Order Re: Federal Rule of Evidence 502(d), # 3 Proposed Order Re Order Granting Google's Administrative Motion for Leave to File a Proposed 502(d))(Gutkin, Jeffrey) (Filed on 7/21/2022) (Entered: 07/21/2022) |
| 07/22/2022 | 262 | 367.9 KB | Administrative Motion to File Under Seal *Re Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 250)* filed by Google LLC. (Attachments: # 1 Declaration of Aarti Reddy, # 2 Exhibit 1 to Aarti Reddy Declaration)(Reddy, Aarti) (Filed on 7/22/2022) (Entered: 07/22/2022) |
| 07/27/2022 | 263 | 292.8 KB | MOTION for leave to appear in Pro Hac Vice *Jennifer Paulson* ( Filing fee $ 317, receipt number ACANDC-17387370.) filed by Consolidated Plaintiffs, Meghan Cornelius, Meaghan Delahunty, John Kevranian, Salvatore Toronto, Kimberley Woodruff. (Paulson, Jennifer) (Filed on 7/27/2022) (Entered: 07/27/2022) |
| 07/28/2022 | 264 | 170.2 KB | **ORDER by Judge Yvonne Gonzalez Rogers Granting 263 Motion for Pro Hac Vice. (amg, COURT STAFF) (Filed on 7/28/2022) (Entered:** |

| | | | |
|---|---|---|---|
| | | | **07/28/2022)** |
| 07/29/2022 | 265 | 325.0 KB | MOTION for leave to appear in Pro Hac Vice *for Khary J. Anderson* ( Filing fee $ 317, receipt number ACANDC-17397102.) filed by Google LLC. (Anderson, Khary) (Filed on 7/29/2022) (Entered: 07/29/2022) |
| 07/29/2022 | 266 | 119.7 KB | NOTICE of Appearance by Laura Marie Elliott (Elliott, Laura) (Filed on 7/29/2022) (Entered: 07/29/2022) |
| 07/29/2022 | 267 | 117.9 KB | NOTICE of Appearance by Maurice Werter Trevor (Trevor, Maurice) (Filed on 7/29/2022) (Entered: 07/29/2022) |
| 07/29/2022 | 268 | 518.7 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley E. Weaver, # 2 Proposed Order, # 3 Joint Letter Brief (unredacted))(Weaver, Lesley) (Filed on 7/29/2022) (Entered: 07/29/2022) |
| 07/29/2022 | 269 | 628.4 KB | Letter Brief *(Joint) re: Plaintiffs' Request for Production Nos. 12-13 and 41-42* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit A)(Weaver, Lesley) (Filed on 7/29/2022) (Entered: 07/29/2022) |
| 07/29/2022 | 270 | 1.2 MB | ADMINISTRATIVE MOTION Unopposed Extension of Time to Move to Seal filed by Google LLC. Responses due by 8/2/2022. (Attachments: # 1 Declaration of Aarti Reddy, # 2 Proposed Order)(Reddy, Aarti) (Filed on 7/29/2022) (Entered: 07/29/2022) |
| 07/29/2022 | 271 | 400.8 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley Weaver, # 2 Proposed Order, # 3 Declaration of Lesley E. Weaver Regarding Dkt. 269 (unredacted), # 4 Exhibit 1 (unredacted), # 5 Exhibit 2 (unredacted), # 6 Exhibit 3 (unredacted), # 7 Exhibit 4 (unredacted), # 8 Exhibit 5 (unredacted), # 9 Exhibit 6 (unredacted), # 10 Exhibit 7 (unredacted), # 11 Exhibit 8 (unredacted), # 12 Exhibit 9 (unredacted), # 13 Exhibit 10 (unredacted), # 14 Exhibit 11 (unredacted), # 15 Exhibit 12 (unredacted), # 16 Exhibit 13 (unredacted))(Weaver, Lesley) (Filed on 7/29/2022) (Entered: 07/29/2022) |
| 07/29/2022 | 272 | 2.2 MB | Declaration of Lesley E. Weaver *Pursuant to Dkt. 242 Regarding Dkt. 269 (Joint Letter Brief)* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13)(Weaver, Lesley) (Filed on 7/29/2022) (Entered: 07/29/2022) |
| 08/01/2022 | 273 | | CLERK'S NOTICE SETTING HEARING. Discovery Hearing Re Joint 269 Letter Brief is set for 8/16/2022 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. THIS IS AN IN COURT PROCEEDING AND APPEARANCES SHALL BE MADE IN PERSON. *(This is a text-only entry generated by the court. There is no document associated with this entry.)*, Set/Reset Deadlines as to (amk, COURT STAFF) (Filed on 8/1/2022) (Entered: 08/01/2022) |
| 08/01/2022 | 274 | 276.4 KB | MOTION to Strike 271 Administrative Motion to File Under Seal *Motion to Consider Whether Another Party's Materials Should Be Sealed*, 272 Declaration in Support, *Google LLC's Emergency Motion to Strike Plaintiffs' Exhibits to Joint Letter Brief* filed by Google LLC. Responses due by 8/15/2022. Replies |

| | | | |
|---|---|---|---|
| | | | due by 8/22/2022. (Attachments: # 1 Proposed Order) (Reddy, Aarti) (Filed on 8/1/2022) Modified on 8/2/2022 (kmg, COURT STAFF). (Entered: 08/01/2022) |
| 08/04/2022 | 275 | 218.8 KB | STIPULATION re 273 Clerk's Notice,, Set Motion and Deadlines/Hearings, *PLAINTIFFS' STIPULATED REQUEST TO RESCHEDULE DISCOVERY HEARING RE: JOINT 269 LETTER BRIEF* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 8/4/2022) (Entered: 08/04/2022) |
| 08/05/2022 | 276 | | CLERK'S NOTICE RESETTNG HEARING. Discovery Hearing Re Joint 269 Letter Brief set for 8/16/2022 is set for 8/23/2022 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. THIS IS AN IN COURT PROCEEDING AND APPEARANCES SHALL BE MADE IN PERSON. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 8/5/2022) (Entered: 08/05/2022) |
| 08/05/2022 | 277 | 278.7 KB | Administrative Motion to File Under Seal *Portions of the June 1, 2022 and June 7, 2022 Hearing Transcripts* filed by Google LLC. (Attachments: # 1 Exhibit 1 - sealed, # 2 Exhibit 2 - sealed, # 3 Proposed Order)(Reddy, Aarti) (Filed on 8/5/2022) (Entered: 08/05/2022) |
| 08/05/2022 | 278 | 402.0 KB | ADMINISTRATIVE MOTION Extend Time for Motion to Seal Declaration of L. Weaver & Ex. 1-13 filed by Google LLC. Responses due by 8/9/2022. (Attachments: # 1 Declaration of Aarti Reddy ISO Google's Unopposed Motion to Extend Time for Motion to Seal Dec. of L. Weaver & Ex. 1-13, # 2 Proposed Order)(Reddy, Aarti) (Filed on 8/5/2022) (Entered: 08/05/2022) |
| 08/05/2022 | 279 | 305.7 KB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Seal* filed by Google LLC. (Attachments: # 1 Declaration of Aarti Reddy in Support of Google's Response to Plaintiffs' Administrative Motion to Seal, # 2 Exhibit (UNREDACTED) Exhibit 1 to Declaration of Aarti Reddy)(Reddy, Aarti) (Filed on 8/5/2022) (Entered: 08/05/2022) |
| 08/05/2022 | 280 | 219.8 KB | **ORDER by Judge Yvonne Gonzalez Rogers Granting 265 Motion for Pro Hac Vice.(amg, COURT STAFF) (Filed on 8/5/2022) (Entered: 08/05/2022)** |
| 08/08/2022 | 281 | 382.0 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley E. Weaver, # 2 Proposed Order, # 3 Plaintiffs' Opposition to Defendant Google LLC's Emergency Motion to Strike Plaintiffs' Exhibits to Joint Letter Brief (Dkt. 269) [unredacted])(Weaver, Lesley) (Filed on 8/8/2022) (Entered: 08/08/2022) |
| 08/08/2022 | 282 | 128.4 KB | OPPOSITION/RESPONSE (re 274 MOTION to Strike 271 Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed*, 272 Declaration in Support, *Google LLC's Emergency Motion to Strike Plaintiffs' ) filed byConsolidated Plaintiffs. (Weaver, Lesley) (Filed on 8/8/2022) (Entered: 08/08/2022)* |
| 08/08/2022 | 283 | 922.1 KB | **Order Granting 281 Plaintiff's Administrative Motion. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 8/8/2022) (Entered: 08/08/2022)** |
| 08/10/2022 | 284 | 106.1 KB | **DISCOVERY ORDER re 259 July 20, 2022 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 8/10/2022) (Entered: 08/10/2022)** |

| | | | |
|---|---|---|---|
| 08/10/2022 | 285 | 123.7 KB | **DISCOVERY ORDER re Fed. R. Evid. 502(d). Signed by Judge Virginia K. DeMarchi on 8/10/2022. (vkdlc1, COURT STAFF) (Filed on 8/10/2022) (Entered: 08/10/2022)** |
| 08/11/2022 | 286 | 1.5 MB | **Order by Magistrate Judge Virginia K. DeMarchi granting 278 Administrative Motion. (vkdlc1, COURT STAFF) (Filed on 8/11/2022) (Entered: 08/11/2022)** |
| 08/12/2022 | 287 | 159.3 KB | **DISCOVERY ORDER re Scope of Relevant Discovery; Striking July 7, 2022 Letter and Attachments; Setting Discovery Conference. Signed by Magistrate Judge Virginia K. DeMarchi on 8/12/2022.**<br><br>**251 Administrative Motion for Leave to File Supplementary Material is denied. [251-1] Declaration of Lesley E. Weaver and its attachments are stricken from the record.**<br><br>**A further discovery conference is set for August 23, 2022 at 10:00 a.m., following the discovery hearing already set for that date. (vkdlc1, COURT STAFF) (Filed on 8/12/2022) (Entered: 08/12/2022)** |
| 08/12/2022 | 288 | 142.1 KB | **ORDER re 240 247 250 262 Sealing. Signed by Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 8/12/2022) (Entered: 08/12/2022)** |
| 08/12/2022 | 289 | 447.5 KB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 271)* filed by Google LLC. (Attachments: # 1 Declaration of Aarti Reddy, # 2 Exhibit A - Unredacted Filed Under Seal, # 3 Exhibit B - Unredacted Filed Under Seal)(Reddy, Aarti) (Filed on 8/12/2022) (Entered: 08/12/2022) |
| 08/15/2022 | 290 | 407.2 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley E. Weaver, # 2 Proposed Order, # 3 Joint Letter Brief (unredacted))(Weaver, Lesley) (Filed on 8/15/2022) (Entered: 08/15/2022) |
| 08/15/2022 | 291 | 630.8 KB | Letter Brief *(Joint) re: Economic Damages Discovery* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit A)(Weaver, Lesley) (Filed on 8/15/2022) (Entered: 08/15/2022) |
| 08/15/2022 | 292 | 400.8 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley Weaver, # 2 Proposed Order, # 3 Declaration of Lesley E. Weaver Regarding Dkt. 291 (unredacted), # 4 Exhibit 1 (unredacted), # 5 Exhibit 2 (unredacted), # 6 Exhibit 3 (unredacted), # 7 Exhibit 4 (unredacted), # 8 Exhibit 5 (unredacted), # 9 Exhibit 6 (unredacted))(Weaver, Lesley) (Filed on 8/15/2022) (Entered: 08/15/2022) |
| 08/15/2022 | 293 | 1.0 MB | Declaration of Lesley E. Weaver *Pursuant to Dkt. 242 Regarding Dkt. 291 (Joint Letter Brief)* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Weaver, Lesley) (Filed on 8/15/2022) (Entered: 08/15/2022) |
| 08/15/2022 | 294 | 540.9 KB | ADMINISTRATIVE MOTION to Seal Portions of Joint Letter Brief re 290 Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Google LLC. Responses |

| | | | |
|---|---|---|---|
| | | | due by 8/19/2022. (Attachments: # 1 Declaration of L. Elliott ISO Google's Response to Plaintiffs' Administrative Motion to Seal, # 2 Exhibit (REDACTED) Exhibit 1 to Declaration of L. Elliott)(Elliott, Laura) (Filed on 8/15/2022) (Entered: 08/15/2022) |
| 08/15/2022 | 295 | 248.5 KB | JOINT CASE MANAGEMENT STATEMENT filed by Google LLC. (Gutkin, Jeffrey) (Filed on 8/15/2022) (Entered: 08/15/2022) |
| 08/16/2022 | 296 | | CLERK'S NOTICE SETTING HEARING. Motion Hearing as to 274 Motion to Strike 271 Administrative Motion to File Under Seal *Motion to Consider Whether Another Party's Materials Should Be Sealed* is set for 8/23/2022 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. THIS IS AN IN COURT PROCEEDING AND APPEARANCES SHALL BE MADE IN PERSON. *(This is a text-only entry generated by the court. There is no document associated with this entry.)*. (amk, COURT STAFF) (Filed on 8/16/2022) (Entered: 08/16/2022) |
| 08/16/2022 | 297 | | CLERK'S NOTICE SETTING HEARING. Discovery Hearing Re Joint Letter Brief 291 is set for 8/30/2022 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. THIS IS AN IN COURT PROCEEDING AND APPEARANCES SHALL BE MADE IN PERSON.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*(amk, COURT STAFF) (Filed on 8/16/2022) (Entered: 08/16/2022) |
| 08/17/2022 | 298 | 739.0 KB | MOTION to Strike 292 Plaintiff's Admin Motion to Consider Whether Another Partys Materials Should be Sealed. Motion Hearing set for 8/23/2022 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. Responses due by 8/31/2022. Replies due by 9/7/2022. (Attachments: # 1 Proposed Order)(Gutkin, Jeffrey) (Filed on 8/17/2022) Modified on 8/18/2022 (msr, COURT STAFF). (Entered: 08/17/2022) |
| 08/17/2022 | 299 | 96.0 KB | **ORDER by Magistrate Judge Virginia K. DeMarchi granting 277 Administrative Motion to Seal. Google to file redacted versions of transcripts by 8/22/2022. (vkdlc2, COURT STAFF) (Filed on 8/17/2022) (Entered: 08/17/2022)** |
| 08/18/2022 | 300 | 399.8 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley Weaver, # 2 Proposed Order, # 3 Plaintiffs' Opposition to Defendant Google LLC's Emergency Motion to Strike Plaintiffs' Exhibits to Joint Letter Brief (Dkt. 290-3) [unredacted])(Weaver, Lesley) (Filed on 8/18/2022) (Entered: 08/18/2022) |
| 08/18/2022 | 301 | 163.9 KB | OPPOSITION/RESPONSE (re 298 MOTION to Strike [292) Plfs Admin Motion to Consider Whether Another Partys Materials Should be Sealed ) filed byConsolidated Plaintiffs. (Weaver, Lesley) (Filed on 8/18/2022) (Entered: 08/18/2022) |
| 08/19/2022 | 302 | | CLERK'S NOTICE SETTING HEARING. Motion Hearing as to 298 Motion to Strike 292 Plaintiffs' Administrative Motion to File Under Seal Motion to Consider Whether Another Party's Materials Should Be Sealed is set for 8/30/2022 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. THIS IS AN IN COURT PROCEEDING AND APPEARANCES SHALL BE MADE IN PERSON. |

| | | | |
|---|---|---|---|
| | | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 8/19/2022) (Entered: 08/19/2022) |
| 08/19/2022 | 303 | 148.7 KB | EXHIBITS re 288 Order on Administrative Motion to File Under Seal *(REDACTED) Version of Exhibit 1 to Declaration of A. Reddy* filed byGoogle LLC. (Related document(s) 288 ) (Reddy, Aarti) (Filed on 8/19/2022) (Entered: 08/19/2022) |
| 08/22/2022 | 304 | | CLERK'S NOTICE VACATING CASE MANAGEMENT CONFERENCE. Pursuant to the Court's instruction, the case management conference is continued until after a ruling by Magistrate Judge DeMarchi on the pending discovery matters. The Court will entertain any recommendations by Magistrate Judge DeMarchi as to whether the schedule will be extended. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amg, COURT STAFF) (Filed on 8/22/2022) (Entered: 08/22/2022) |
| 08/22/2022 | 305 | 3.3 MB | EXHIBITS re 299 Order on Administrative Motion to File Under Seal *(REDACTED) Versions of Exhibit 1 and 2 to Google LLCs Administrative Motion to Seal Portions of the June 1, 2022 and June 7, 2022 Hearing Transcripts* filed byGoogle LLC. (Attachments: # 1 Exhibit 2 to Admin Motion re June 7, 2022)(Related document(s) 299 ) (Reddy, Aarti) (Filed on 8/22/2022) (Entered: 08/22/2022) |
| 08/22/2022 | 306 | 1.2 MB | ADMINISTRATIVE MOTION Extend Time to Move to Seal *the Declaration of Leslie E. Weaver and Accompanying Exhibits 1-6* filed by Google LLC. Responses due by 8/26/2022. (Attachments: # 1 Declaration of Aarti Reddy, # 2 Proposed Order)(Reddy, Aarti) (Filed on 8/22/2022) (Entered: 08/22/2022) |
| 08/23/2022 | 307 | 1.7 MB | **Order granting 306 Administrative Motion to Extend Time. Signed by Magistrate Judge Virginia K. DeMarchi on 8/23/2022. (vkdlc1, COURT STAFF) (Filed on 8/23/2022) (Entered: 08/23/2022)** |
| 08/23/2022 | 308 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Discovery Hearing re Joint Letter Brief 269 and Motion Hearing re 274 Motion to Strike 271 Administrative Motion to File Under Seal *Motion to Consider Whether Another Party's Materials Should Be Sealed* held on 8/23/2022.<br><br>The Court ordered the proceedings SEALED and the transcript portion from 10:11am -12:56 pm is ORDERED SEALED and cannot be obtained without court order.<br><br>Court heard oral argument and took the matters under submission. Court to issue the order.<br><br>Plaintiff Attorney: Elizabeth Pritzker, Jay Barnes, Lesley Weaver, Bethany Caracuzzo, Anne Davis.<br>Defendant Attorney: Jeffrey Gutkin, Whitty Somvichian.<br><br>Liberty Digital Recording: 10:04 am -12:56 pm. Total: 2 Hours and 52 Minutes. Transcript ordered SEALED.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 8/23/2022) (Entered: 08/23/2022) |

| | | | |
|---|---|---|---|
| 08/23/2022 | 309 | 137.0 KB | STIPULATION WITH PROPOSED ORDER *Authorizing Release of August 23, 2022 Hearing Transcript* filed by Consolidated Plaintiffs. (Weaver, Lesley) (Filed on 8/23/2022) (Entered: 08/23/2022) |
| 08/24/2022 | 310 | 1.5 MB | **Order by Magistrate Judge Virginia K. DeMarchi granting 309 Stipulated Release of Hearing Transcript. The complete transcript of the August 23, 2022 discovery and motion hearings may be released to counsel of record in this matter. (vkdlc1, COURT STAFF) (Filed on 8/24/2022) (Entered: 08/24/2022)** |
| 08/24/2022 | 311 | 116.3 KB | TRANSCRIPT ORDER for proceedings held on 08/23/2022 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter not listed - Oakland. (Reddy, Aarti) (Filed on 8/24/2022) Modified on 8/29/2022 (sp, COURT STAFF). (Entered: 08/24/2022) |
| 08/25/2022 | 312 | 158.5 KB | TRANSCRIPT ORDER for proceedings held on 08/23/2022 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter not listed - San Jose. (Davis, Anne) (Filed on 8/25/2022) Modified on 8/29/2022 (sp, COURT STAFF). (Entered: 08/25/2022) |
| 08/25/2022 | 313 | 105.4 KB | **Order re Procedures for Implementing Order at Dkt. No. 242 re *Calhoun* Discovery; Recommendation re Case Schedule. Signed by Magistrate Judge Virginia K. DeMarchi on 8/25/2022. (vkdlc1, COURT STAFF) (Filed on 8/25/2022) (Entered: 08/25/2022)** |
| 08/26/2022 | 314 | 173.4 KB | **Discovery Order re 269 July 29, 2022 Discovery Dispute re Named Plaintiffs' Data; granting 274 Motion to Strike. Signed by Magistrate Judge Virginia K. DeMarchi on 8/26/2022. 271 272 Stricken from the Record. (vkdlc1, COURT STAFF) (Filed on 8/26/2022) (Entered: 08/26/2022)** |
| 08/26/2022 | 315 | 94.8 KB | **ORDER re 268 271 272 279 289 Sealing. Signed by Judge Virginia K. DeMarchi on 8/26/2022. (vkdlc1, COURT STAFF) (Filed on 8/26/2022) (Entered: 08/26/2022)** |
| 08/29/2022 | 316 | 159.1 KB | NOTICE by Consolidated Plaintiffs re 314 Discovery Order, *Notice of Request for Leave to Present Oral Argument Re: Clarification, Reconsideration, and/or Modification of August 26, 2022 Discovery Order (Dkt. No. 314)* (Pritzker, Elizabeth) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/29/2022 | 317 | 1.7 MB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed Re ECF No. 292* filed by Google LLC. (Attachments: # 1 Declaration Of A. Reddy in Support of Google's Response to Plaintiffs Administrative Motion to Seal, # 2 Exhibit 1 (REDACTED) to Declaration of A. Reddy, # 3 Exhibit 1 (UNREDACTED) to Declaration of A. Reddy, # 4 Exhibit 2 (REDACTED) to Declaration of A. Reddy, # 5 Exhibit 2 (UNREDACTED) to Declaration of A. Reddy, # 6 Exhibit 3 (REDACTED) to Declaration of A. Reddy, # 7 Exhibit 3 (UNREDACTED) to Declaration of A. Reddy, # 8 Exhibit 4 (REDACTED) to Declaration of A. Reddy, # 9 Exhibit 4 (UNREDACTED) to Declaration of A. Reddy)(Reddy, Aarti) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/29/2022 | 318 | | AUDIO RECORDINGS ORDER (re: 308 Discovery Hearing,,,, Motion Hearing,,,, Terminate Hearings,,, ), by Google LLC. Court will send to Gina Wilson at 3 Embarcadero Center, 20th Floor San Francisco, CA 94111 a CD with the files requested in this order. ( Filing fee $ 32, receipt number |

| | | | |
|---|---|---|---|
| | | | ACANDC-17487711). (Reddy, Aarti) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/29/2022 | 319 | | AUDIO RECORDINGS ORDER (re: 308 Discovery Hearing,,,, Motion Hearing,,,, Terminate Hearings,,, ), by Consolidated Plaintiffs. Court will send to Julie Law at 555 12th Street, Suite 1600, Oakland, CA 94607 a CD with the files requested in this order. ( Filing fee $ 32, receipt number ACANDC-17487991). (Davis, Anne) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/29/2022 | 320 | 161.1 KB | Response re 316 Notice (Other), *Google's Opposition to Pls' Notice of Request for Leave to Present Oral Argument* byGoogle LLC. (Gutkin, Jeffrey) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/30/2022 | 321 | | **DISCOVERY ORDER re 316 by Magistrate Judge Virginia K. DeMarchi on 8/30/2022. Plaintiffs' request for leave to present additional oral argument re the Court's August 26, 2022 discovery order (Dkt. No. 314) is denied. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (vkdlc1, COURT STAFF) (Filed on 8/30/2022) (Entered: 08/30/2022)** |
| 08/30/2022 | 322 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Discovery Hearing re Joint Letter Brief 291 AND Motion Hearing as to Motion to Strike 298 held on 8/30/2022.<br><br>Court heard oral argument and took the matters under submission. Court to issue the order.<br><br>Plaintiff Attorney: Elizabeth Pritzker, Lesley Weaver, Bethany Caracuzzo.<br>Defendant Attorney: Jeffrey Gutkin, Aarti Reddy.<br><br>Court Reporter: Lee-Anne Shortridge.<br>Total Time in Court: 10:03-11:55 am. Total:1 Hour 52 Minutes.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 8/30/2022) (Entered: 08/30/2022) |
| 08/30/2022 | 323 | 142.4 KB | TRANSCRIPT ORDER for proceedings held on 8/30/2022 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter Lee-Anne Shortridge. (Reddy, Aarti) (Filed on 8/30/2022) (Entered: 08/30/2022) |
| 08/31/2022 | 324 | 160.7 KB | TRANSCRIPT ORDER for proceedings held on 08/30/2022 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter Lee-Anne Shortridge. (Davis, Anne) (Filed on 8/31/2022) (Entered: 08/31/2022) |
| 09/06/2022 | 325 | 573.6 KB | Transcript of Proceedings held on 8-30-22, before Judge Virginia K. DeMarchi. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 323 Transcript Order ) Release of Transcript Restriction set for 12/5/2022. (Related documents(s) 323 ) (las, ) (Filed on 9/6/2022) (Entered: 09/06/2022) |
| 09/06/2022 | 326 | 185.5 KB | **Discovery Order re 291 August 15, 2022 Discovery Dispute re Damages-related Discovery; granting 298 Motion to Strike. Signed by Magistrate** |

| | | | |
|---|---|---|---|
| | | | **Judge Virginia K. DeMarchi on 9/6/2022. (vkdlc1, COURT STAFF) (Filed on 9/6/2022) (Entered: 09/06/2022)** |
| 09/06/2022 | 327 | 97.3 KB | **ORDER re 290 292 294 300 317 Sealing. Signed by Magistrate Judge Virginia K. DeMarchi on 9/6/2022. (vkdlc1, COURT STAFF) (Filed on 9/6/2022) (Entered: 09/06/2022)** |
| 09/07/2022 | 328 | 195.8 KB | TRANSCRIPT ORDER for proceedings held on 8-30-22 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter Lee-Anne Shortridge. (Elliott, Laura) (Filed on 9/7/2022) (Entered: 09/07/2022) |
| 09/07/2022 | 329 | 200.4 KB | **ORDER REVISING CASE SCHEDULE. CLASS CERTIFICATION MOTION due by 1/24/2023. Response due by 3/21/2023. Reply due by 5/2/2023. Close of Fact Discovery due by 7/14/2023. Opening Reports due by 8/11/2023. Rebuttal Reports due by 9/15/2023. Close of Expert Discovery due by 10/13/2023. Dispositive Motion due by 11/14/2023. Pretrial Conference set for 3/22/2024 09:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Jury Selection set for 5/6/2024 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Jury Trial set to begin on 5/6/2024 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Signed by Judge Yvonne Gonzalez Rogers on 9/7/2022. (amg, COURT STAFF) (Filed on 9/7/2022) (Entered: 09/07/2022)** |
| 09/09/2022 | 330 | 658.9 KB | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Jonathan K. Levine in support, # 2 Proposed Order, # 3 Exhibit 1 - Unredacted Version of Motion Lodged Under Seal, # 4 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 9/9/2022) (Entered: 09/09/2022) |
| 09/09/2022 | 331 | 424.2 KB | MOTION Plaintiffs' [Redacted] Motion for Relief from August 26, 2022 Nondispositive PreTrial Order of Magistrate Judge [Dkt. 314] re 314 Discovery Order, filed by Consolidated Plaintiffs. Responses due by 9/23/2022. Replies due by 9/30/2022. (Attachments: # 1 Proposed Order)(Pritzker, Elizabeth) (Filed on 9/9/2022) (Entered: 09/09/2022) |
| 09/15/2022 | 332 | 469.3 KB | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC-17536988.) filed by Kimberley Woodruff. (Attachments: # 1 Certificate of Good Standing)(Frawley, John) (Filed on 9/15/2022) (Entered: 09/15/2022) |
| 09/16/2022 | 333 | 318.3 KB | Administrative Motion to File Under Seal *Defendant Google LLC's Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF 330)* filed by Google LLC. (Attachments: # 1 Declaration of Laura Elliott, # 2 Exhibit 1 - sealed)(Elliott, Laura) (Filed on 9/16/2022) (Entered: 09/16/2022) |
| 09/20/2022 | 334 | 383.2 KB | MOTION for Relief from September 6, 2022 Nondispositive Pretrial Order of Magistrate Judge re 326 Discovery Order filed by Consolidated Plaintiffs. Responses due by 10/4/2022. Replies due by 10/11/2022. (Attachments: # 1 Proposed Order)(Davis, Anne) (Filed on 9/20/2022) (Entered: 09/20/2022) |
| 09/23/2022 | 335 | 110.0 KB | **ORDER by Judge Yvonne Gonzalez Rogers Granting 332 Motion for Pro Hac Vice. (amg, COURT STAFF) (Filed on 9/23/2022) (Entered: 09/23/2022)** |

| | | | |
|---|---|---|---|
| 10/18/2022 | 336 | 843.4 KB | Joint Discovery Letter Brief *re Google's Responses and Objections to Plaintiffs' Fifth Set of Requests for Production of Documents* filed by Consolidated Plaintiffs. (Attachments: # 1 Exhibit A)(Danitz, Brian) (Filed on 10/18/2022) (Entered: 10/18/2022) |
| 10/19/2022 | 337 | | CLERK'S NOTICE SETTING HEARING. Please take notice that a Discovery Hearing re Joint Discovery Letter Brief 336 is set for 11/1/2022 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. THIS IS AN IN COURT PROCEEDING AND APPEARANCES SHALL BE MADE IN PERSON. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 10/19/2022) (Entered: 10/19/2022) |
| 10/21/2022 | 338 | 407.4 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley Weaver, # 2 Proposed Order, # 3 Exhibit 1 to the Joint Letter Brief (unredacted), # 4 Exhibit 2 to the Joint Letter Brief (unredacted))(Weaver, Lesley) (Filed on 10/21/2022) (Entered: 10/21/2022) |
| 10/21/2022 | 339 | 3.8 MB | Joint Discovery Letter Brief *re: Google's Privilege Assertions and Privilege Logs* filed by Consolidated Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Weaver, Lesley) (Filed on 10/21/2022) (Entered: 10/21/2022) |
| 10/21/2022 | 340 | 453.1 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Joshua D. Samra, # 2 Proposed Order, # 3 Exhibit A (unredacted))(Samra, Joshua) (Filed on 10/21/2022) (Entered: 10/21/2022) |
| 10/21/2022 | 341 | 487.1 KB | ADMINISTRATIVE MOTION for Leave to File Supplementary Material At Issue in the Parties' Joint Letter Brief re 339 Joint Discovery Letter Brief *re: Google's Privilege Assertions and Privilege Logs* filed by Consolidated Plaintiffs. Responses due by 10/25/2022. (Attachments: # 1 Declaration of Joshua D. Samra, # 2 Exhibit A, # 3 Proposed Order)(Samra, Joshua) (Filed on 10/21/2022) (Entered: 10/21/2022) |
| 10/21/2022 | 342 | 318.9 KB | Administrative Motion to File Under Seal *Google LLCs Response to Plaintiffs Administrative Motion to Consider Whether Another Partys Materials Should be Sealed (ECF No. 338)* filed by Google LLC. (Attachments: # 1 Declaration of Laura M. Elliott, # 2 Exhibit 1, # 3 Exhibit 2)(Elliott, Laura) (Filed on 10/21/2022) (Entered: 10/21/2022) |
| 10/25/2022 | 343 | 152.6 KB | OPPOSITION/RESPONSE (re 341 ADMINISTRATIVE MOTION for Leave to File Supplementary Material At Issue in the Parties' Joint Letter Brief re 339 Joint Discovery Letter Brief *re: Google's Privilege Assertions and Privilege Logs* ) *Google LLCs Response to Plaintiffs Administrative Motion for Leave to File Supplementary Material at Issue in the Parties Joint Letter Brief* filed byGoogle LLC. (Elliott, Laura) (Filed on 10/25/2022) (Entered: 10/25/2022) |
| 10/25/2022 | 344 | 211.6 KB | **ORDER by Judge Yvonne Gonzalez Rogers Denying 331 PLAINTIFFS' MOTION FOR RELIEF FROM JUDGE DEMARCHI'S AUGUST 26, 2022 DISCOVERY ORDER. (amg, COURT STAFF) (Filed on 10/25/2022) (Entered: 10/25/2022)** |
| 10/26/2022 | 345 | 168.3 KB | **ORDER by Judge Yvonne Gonzalez Rogers Denying 334 PLAINTIFFS' MOTION FOR RELIEF FROM JUDGE DEMARCHI'S SEPTEMBER 6,** |

| | | | |
|---|---|---|---|
| | | | **2022 DISCOVERY ORDER. (amg, COURT STAFF) (Filed on 10/26/2022) (Entered: 10/26/2022)** |
| 10/27/2022 | 346 | 151.4 KB | NOTICE of Appearance by Elizabeth Sanchez Santiago *as Counsel for Defendant Google LLC* (Sanchez Santiago, Elizabeth) (Filed on 10/27/2022) (Entered: 10/27/2022) |
| 10/27/2022 | 347 | 152.8 KB | NOTICE by Google LLC *of Withdrawal of Counsel Colin S. Scott* (Elliott, Laura) (Filed on 10/27/2022) (Entered: 10/27/2022) |
| 10/28/2022 | 348 | 318.1 KB | Administrative Motion to File Under Seal *Google LLCs Response to Plaintiffs Administrative Motion to Consider Whether Another Partys Materials Should be Sealed (ECF No. 340)* filed by Google LLC. (Attachments: # 1 Declaration of Laura M. Elliott, # 2 Exhibit 1 - Filed Under Seal)(Elliott, Laura) (Filed on 10/28/2022) (Entered: 10/28/2022) |
| 11/01/2022 | 349 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Discovery Hearing re Joint Discovery Letter 336 held on 11/1/2022.<br><br>Court heard oral argument. The Court to issue the order.<br><br>Plaintiff Attorney: Brian Danitz, Andrew Kirtley, Jonathan Levine.<br>Defendant Attorney: Whitty Somvichian.<br><br>Court Reporter: Lee-Anne Shortridge.<br>Time in Court: 11:41-12:48 PM. Total time: 1 Hour and 7 Minutes.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 11/1/2022) (Entered: 11/01/2022) |
| 11/01/2022 | 350 | 106.4 KB | TRANSCRIPT ORDER for proceedings held on 11/01/2022 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter Lee-Anne Shortridge. (Davis, Anne) (Filed on 11/1/2022) (Entered: 11/01/2022) |
| 11/01/2022 | 351 | 113.6 KB | TRANSCRIPT ORDER for proceedings held on 11/01/2022 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter Lee-Anne Shortridge. (Sanchez Santiago, Elizabeth) (Filed on 11/1/2022) (Entered: 11/01/2022) |
| 11/02/2022 | 352 | 123.8 KB | **Order re 336 October 18, 2022 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 11/2/2022) (Entered: 11/02/2022)** |
| 11/07/2022 | 353 | 527.1 KB | MOTION for Order that Defendant Google, LLC produce all documents ordered by the Court on September 6, 2022 (Dkt. 326) no later than November 18, 2022 re 326 Discovery Order filed by Consolidated Plaintiffs. Responses due by 11/21/2022. Replies due by 11/28/2022. (Attachments: # 1 Declaration of Elizabeth C. Pritzker in support, # 2 Proposed Order)(Pritzker, Elizabeth) (Filed on 11/7/2022) (Entered: 11/07/2022) |
| 11/07/2022 | 354 | 543.6 KB | MOTION to Shorten Time *Re. Plaintiffs' Motion for Order that Defendant Google LLC Produce Documents Ordered on Sept. 6, 2022 (Dkt. 326) [Dkt. 353]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker in support, # 2 Proposed Order)(Pritzker, Elizabeth) (Filed on 11/7/2022) (Entered: 11/07/2022) |

| | | | |
|---|---|---|---|
| 11/09/2022 | 355 | 642.8 KB | Joint Discovery Letter Brief *re: Class Counsel's Access to Calhoun Discovery* filed by Consolidated Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Davis, Anne) (Filed on 11/9/2022) (Entered: 11/09/2022) |
| 11/11/2022 | 356 | 357.1 KB | OPPOSITION/RESPONSE (re 354 MOTION to Shorten Time *Re. Plaintiffs' Motion for Order that Defendant Google LLC Produce Documents Ordered on Sept. 6, 2022 (Dkt. 326) [Dkt. 353]*) filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian)(Somvichian, Whitty) (Filed on 11/11/2022). (Entered: 11/11/2022) |
| 11/14/2022 | 357 | 129.2 KB | **ORDER re 353 Plaintiffs' Motion re Defendant's Non-Compliance with September 6, 2022 Order and 354 Motion for Shortening Time. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 11/14/2022) (Entered: 11/14/2022)** |
| 11/14/2022 | 358 | 145.7 KB | **Order re 355 November 9, 2022 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 11/14/2022) (Entered: 11/14/2022)** |
| 11/16/2022 | 359 | | Transcript of Proceedings held on 11-1-22, before Judge Virginia K. DeMarchi. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. SEE DKT. NO. 426-2 FOR REDACTED TRANSCRIPT.<br><br>Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 350 Transcript Order ) Release of Transcript Restriction set for 2/14/2023. (Related documents(s) 350 ) (las, ) (Filed on 11/16/2022). Modified on 2/22/2023 (vkdlc1, COURT STAFF). (Entered: 11/16/2022) |
| 11/17/2022 | 360 | 219.7 KB | **DISCOVERY ORDER re 339 341 October 21, 2022 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 11/17/2022) (Entered: 11/17/2022)** |
| 11/17/2022 | 361 | 98.9 KB | **ORDER re 338 340 342 348 Sealing. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 11/17/2022) (Entered: 11/17/2022)** |
| 11/18/2022 | 362 | 1.0 MB | Administrative Motion to File Under Seal *8/30/2022 Transcript* filed by Google LLC. (Attachments: # 1 Declaration of Laura Elliott in Support of Defendant Google LLC's Administrative Motion to File Under Seal Portions of 8/30/2022 Transcript, # 2 Exhibit A to Declaration of Laura Elliott (REDACTED), # 3 Exhibit A to Declaration of Laura Elliott (UNREDACTED))(Elliott, Laura) (Filed on 11/18/2022) (Entered: 11/18/2022) |
| 11/18/2022 | 363 | 110.7 KB | Proposed Order re 362 Administrative Motion to File Under Seal *8/30/2022 Transcript Proposed Order Regarding Google's Admin Motion to Seal 8-30-2022 Transcript* by Google LLC. (Elliott, Laura) (Filed on 11/18/2022) (Entered: 11/18/2022) |
| 11/21/2022 | 364 | 391.9 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis, # 2 Proposed Order, # 3 Joint |

| | | | |
|---|---|---|---|
| | | | Letter Brief (unredacted))(Davis, Anne) (Filed on 11/21/2022) (Entered: 11/21/2022) |
| 11/21/2022 | 365 | 277.7 KB | Joint Discovery Letter Brief *re: the Named Plaintiffs' Log Data* filed by Consolidated Plaintiffs. (Davis, Anne) (Filed on 11/21/2022) (Entered: 11/21/2022) |
| 11/21/2022 | 366 | 397.8 KB | Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis, # 2 Proposed Order, # 3 Joint Letter re: Calhoun Discovery in Relation to the Named Plaintiffs' Log Data (unredacted), # 4 Exhibit 1 to the Joint Letter (unredacted), # 5 Exhibit 2 to the Joint Letter (unredacted), # 6 Exhibit 3 to the Joint Letter (unredacted), # 7 Exhibit 4 to the Joint Letter (unredacted), # 8 Exhibit 5 to the Joint Letter (unredacted))(Davis, Anne) (Filed on 11/21/2022) (Entered: 11/21/2022) |
| 11/21/2022 | 367 | 897.9 KB | (REDACTED) Letter Brief *(Joint) re: Calhoun Discovery in Relation to the Named Plaintiffs' Log Data* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Davis, Anne) (Filed on 11/21/2022) Modified on 11/22/2022 (ark, COURT STAFF). (Entered: 11/21/2022) |
| 11/21/2022 | 368 | 535.6 KB | ADMINISTRATIVE MOTION re 364 Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed*, 366 Administrative Motion to File Under Seal - *Motion to Consider Whether Another Party's Materials Should Be Sealed Unopposed Administrative Motion to Extend Time to Move to Seal* filed by Google LLC. Responses due by 11/25/2022. (Attachments: # 1 Declaration of J. Gutkin, # 2 Proposed Order)(Gutkin, Jeffrey) (Filed on 11/21/2022) (Entered: 11/21/2022) |
| 11/22/2022 | 369 | 1.5 MB | **Order by Magistrate Judge Virginia K. DeMarchi granting 368 Administrative Motion. (vkdlc1, COURT STAFF) (Filed on 11/22/2022) (Entered: 11/22/2022)** |
| 11/28/2022 | 370 | 94.1 KB | **Order by Magistrate Judge Virginia K. DeMarchi granting 362 Administrative Motion to File Under Seal. (vkdlc1, COURT STAFF) (Filed on 11/28/2022) (Entered: 11/28/2022)** |
| 11/29/2022 | 371 | 6.2 MB | Google's Response to Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should be Sealed (ECF No. 364, 366) filed by Google LLC. (Attachments: # 1 Declaration of Kelsey Spector in Support of Google's Response to Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should be Sealed, # 2 Exhibit A (REDACTED), # 3 Exhibit A (UNREDACTED), # 4 Exhibit B (REDACTED), # 5 Exhibit B (UNREDACTED), # 6 Exhibit C (SEALED), # 7 Exhibit D (SEALED), # 8 Exhibit E (SEALED), # 9 Exhibit F (SEALED), # 10 Exhibit G (SEALED)) (Spector, Kelsey) (Filed on 11/29/2022) (Entered: 11/29/2022) |
| 11/29/2022 | 372 | | CLERK'S NOTICE SETTING HEARING. Please take Notice that a Discovery Hearing as to Joint Discovery Letter Brief 365 re: *the Named Plaintiffs' Log Data* is set for 12/6/2022 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. This is an in court proceeding and APPEARANCES SHALL BE MADE IN PERSON.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 11/29/2022) (Entered: 11/29/2022) |

| | | | |
|---|---|---|---|
| 11/29/2022 | 373 | 934.0 KB | Plaintiffs' Notice of Motion and MOTION to Revise Case Schedule re 329 Order, Set Deadlines/Hearings, filed by Consolidated Plaintiffs. Motion Hearing set for 1/3/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 12/13/2022. Replies due by 12/20/2022. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit A, # 3 Proposed Order)(Pritzker, Elizabeth) (Filed on 11/29/2022) (Entered: 11/29/2022) |
| 11/29/2022 | 374 | 381.9 KB | Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley E. Weaver, # 2 Proposed Order, # 3 Exhibit A (unredacted), # 4 Exhibit B (unredacted))(Weaver, Lesley) (Filed on 11/29/2022) (Entered: 11/29/2022) |
| 11/29/2022 | 375 | 365.7 KB | Declaration of Lesley E. Weaver in Support of Plaintiffs' Motion to Revise Case Schedule re 373 MOTION to Revise Case Schedule re 329 Order, Set Deadlines/Hearings, filed by Consolidated Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 373 ) (Weaver, Lesley) (Filed on 11/29/2022) (Entered: 11/29/2022) |
| 12/06/2022 | 376 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Discovery Hearing as to Joint Discovery Letter Brief 365 re: *the Named Plaintiffs' Log Data* held on 12/6/2022.<br><br>Defendant's requested that the proceeding be SEALED.<br>**The Court ordered the proceeding SEALED and the transcript of the proceeding is ordered SEALED and cannot be accessed without Court order. The Court excused the public and Counsel Caroline Corbitt from the courtroom. **SEALED time stamp began at 10:09am to 12:05pm**<br><br>The Court heard oral argument and will issue a written order.<br><br>Plaintiffs' Attorney: Lesley Weaver, An Truong, Annie Davis, Caroline Corbitt.<br>Defendant's Attorney: Jeffrey Gutkin, Kelsey Spector.<br><br>Digital Recording Liberty: 10:02am-12:05pm. Total time: 2 Hours and 3 Minutes.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 12/6/2022) (Entered: 12/06/2022) |
| 12/06/2022 | 377 | 2.8 MB | Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed filed by Google LLC. (Attachments: # 1 Declaration of L. Elliott, # 2 Exhibit 1 of L. Elliott Declaration REDACTED, # 3 Exhibit 1 of L. Elliott Declaration UNREDACTED, # 4 Exhibit 2 of L. Elliott Declaration REDACTED, # 5 Exhibit 2 of L. Elliott Declaration UNREDACTED)(Elliott, Laura) (Filed on 12/6/2022) (Entered: 12/06/2022) |
| 12/13/2022 | 378 | 954.4 KB | Google LLC's OPPOSITION/RESPONSE to Plaintiffs' Motion to Revise the Case Schedule (re 373 MOTION to Revise Case Schedule, re 329 Order, Set Deadlines/Hearings, ) *(REDACTED) Google LLC's Opposition to Plaintiff's Motion to Revise Case Schedule* filed by Google LLC. (Attachments: # 1 Declaration (REDACTED) Declaration of Whitty Somvichian in Support of Google LLC's Opposition to Plaintiff's Motion to Revise Case Schedule, # 2 |

| | | | |
|---|---|---|---|
| | | | Declaration (REDACTED) Declaration of Robby Saldana in Support of Google LLC's Opposition to Plaintiff's Motion to Revise Case Schedule)(Somvichian, Whitty) (Filed on 12/13/2022) (Entered: 12/13/2022) |
| 12/13/2022 | 379 | 596.3 KB | Google LLC's Administrative Motion to Seal *Google LLC's Administrative Motion to Seal It's Opposition to Motion to Extend Case Schedule* filed by Google LLC. (Attachments: # 1 Declaration Of Robby Saldana in Support of Google LLC's Administrative Motion to File Under Seal, # 2 Exhibit A (UNREDACTED), # 3 Exhibit B (UNREDACTED), # 4 Exhibit C (UNREDACTED), # 5 Proposed Order Regarding Google LLC's Administrative Motion to File Under Seal, # 6 Certificate/Proof of Service Of Unredacted Documents)(Saldana, Robby) (Filed on 12/13/2022) (Entered: 12/13/2022) |
| 12/15/2022 | 380 | 116.2 KB | STIPULATION WITH PROPOSED ORDER *Authorizing Release of December 6, 2022 Hearing Transcript* filed by Consolidated Plaintiffs. (Weaver, Lesley) (Filed on 12/15/2022) (Entered: 12/15/2022) |
| 12/16/2022 | 381 | 1.5 MB | **Order by Magistrate Judge Virginia K. DeMarchi granting 380 Stipulation. (vkdlc1, COURT STAFF) (Filed on 12/16/2022) (Entered: 12/16/2022)** |
| 12/16/2022 | 382 | 299.5 KB | **(REDACTED) DISCOVERY ORDER re 365 November 21, 2022 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 12/16/2022) (Entered: 12/16/2022)** |
| 12/16/2022 | 383 | | DOCUMENT E-FILED UNDER SEAL by Court Staff. DISCOVERY ORDER re November 21, 2022 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 12/16/2022) (Entered: 12/16/2022) |
| 12/19/2022 | 384 | 97.9 KB | **Order re 364 366 371 Sealing. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 12/19/2022) (Entered: 12/19/2022)** |
| 12/20/2022 | 385 | 117.8 KB | TRANSCRIPT ORDER for proceedings held on 12/06/2022 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter not listed - San Jose. (Elliott, Laura) (Filed on 12/20/2022) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 12/21/2022 (sp, COURT STAFF). (Entered: 12/20/2022) |
| 12/20/2022 | 386 | 704.6 KB | Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed *[Civil L.R. 79-5(f)]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Jonathan K. Levine in support, # 2 Proposed Order, # 3 Exhibit 1 - Unredacted Version of Plaintiffs' Reply in Further Support of Motion to Revise Case Schedule, # 4 Exhibit 2 - Unredacted Version of Decl. of Elizabeth C. Pritzker in further support of Plaintiffs' Reply, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E, # 10 Exhibit F, # 11 Exhibit G, # 12 Exhibit H, # 13 Exhibit I, # 14 Exhibit J, # 15 Exhibit K, # 16 Exhibit L, # 17 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 12/20/2022) (Entered: 12/20/2022) |
| 12/20/2022 | 387 | 854.3 KB | Plaintiffs' REPLY In Further Support of Motion to Revise Case Schedule (re 373 MOTION to Revise Case Schedule, re 329 Order) *[REDACTED]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration [Redacted] of Elizabeth C. Pritzker in Further Support, # 2 Exhibit A (lodged under seal), # 3 Exhibit B (lodged under seal), # 4 Exhibit C (lodged under seal), # 5 Exhibit D (lodged under seal), # 6 Exhibit E (lodged under seal), # 7 Exhibit F (lodged under seal), # 8 Exhibit G (lodged under seal), # 9 Exhibit H (lodged under seal), # 10 |

| | | | |
|---|---|---|---|
| | | | Exhibit I (lodged under seal), # 11 Exhibit J (lodged under seal), # 12 Exhibit K (lodged under seal), # 13 Exhibit L (lodged under seal))(Pritzker, Elizabeth) (Filed on 12/20/2022) (Entered: 12/20/2022) |
| 12/20/2022 | 388 | 502.3 KB | Plaintiffs' Administrative *Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley Weaver, # 2 Proposed Order, # 3 Reply Declaration of Lesley E. Weaver in Further Support of Motion to Revise Case Schedule (unredacted))(Weaver, Lesley) (Filed on 12/20/2022) (Entered: 12/20/2022) |
| 12/20/2022 | 389 | 199.5 KB | Reply Declaration of Lesley E. Weaver in Further Support of Plaintiffs' Motion to Revise Case Schedule 387 Reply to Opposition/Response, filed by Consolidated Plaintiffs. (Related document(s) 387 ) (Weaver, Lesley) (Filed on 12/20/2022) (Entered: 12/20/2022) |
| 12/20/2022 | 390 | 107.1 KB | TRANSCRIPT ORDER for proceedings held on 12/06/2022 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter not listed - San Jose. (Davis, Anne) (Filed on 12/20/2022) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 12/21/2022 (sp, COURT STAFF). (Entered: 12/20/2022) |
| 12/21/2022 | 391 | 156.5 KB | **ORDER RE PLAINTIFFS' MOTION TO REVISE CASE SCHEDULE. Motion for Class Certification due by 5/23/2023. Response due by 7/25/2023. Reply due by 9/5/2023. Close of Fact Discovery due by 11/10/2023. Opening Reports due by 12/8/2023. Rebuttal Reports due by 1/12/2024. Close of Expert Discovery due by 1/9/2024. Dispositive/Daubert Motion due by 3/12/2024. Signed by Judge Yvonne Gonzalez Rogers on 12/21/2022. (amg, COURT STAFF) (Filed on 12/21/2022) (Entered: 12/21/2022)** |
| 12/23/2022 | 392 | 515.3 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Joshua D. Samra, # 2 Proposed Order, # 3 Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents (unredacted), # 4 Exhibit A (unredacted), # 5 Exhibit C (unredacted), # 6 Exhibit D (unredacted), # 7 Exhibit E (unredacted), # 8 Exhibit F (unredacted), # 9 Exhibit G (unredacted))(Samra, Joshua) (Filed on 12/23/2022) (Entered: 12/23/2022) |
| 12/23/2022 | 393 | 2.1 MB | MOTION to Compel *Defendant Google to Produce Improperly Withheld Documents* filed by Consolidated Plaintiffs. Motion Hearing set for 1/17/2023 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. Responses due by 1/6/2023. Replies due by 1/13/2023. (Attachments: # 1 Declaration of Joshua D. Samra, # 2 Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G)(Samra, Joshua) (Filed on 12/23/2022) (Entered: 12/23/2022) |
| 12/30/2022 | 394 | 3.7 MB | Administrative Motion to File Under Seal *Google LLC's Response to Plaintiff's Administrative Motion to Seal* filed by Google LLC. (Attachments: # 1 Declaration of Laura Elliott in Support of Defendant Google LLC's Response to Plaintiffs' Administrative Motion to Seal, # 2 Exhibit 1 (REDACTED) to Declaration of Laura Elliott, # 3 Exhibit 1 (UNREDACTED) to Declaration of Laura Elliott, # 4 Exhibit 2 (REDACTED) to Declaration of Laura Elliott, # 5 Exhibit 2 (UNREDACTED) to Declaration of Laura Elliott, # 6 Exhibit 3 (SEALED) to Declaration of Laura Elliott, # 7 Exhibit 4 (REDACTED) to Declaration of Laura Elliott, # 8 Exhibit 4 (UNREDACTED) to Declaration of Laura Elliott, # 9 Exhibit 5 (SEALED) to Declaration of Laura Elliott, # 10 |

| | | | |
|---|---|---|---|
| | | | Exhibit 6 (SEALED) to Declaration of Laura Elliott, # 11 Exhibit 7 (SEALED) to Declaration of Laura Elliott, # 12 Certificate/Proof of Service of (UNREDACTED) Documents)(Gutkin, Jeffrey) (Filed on 12/30/2022) (Entered: 12/30/2022) |
| 01/04/2023 | 395 | | Sealed Transcript of Proceedings held on 12/6/2022, before Judge Virginia D. DeMarchi. (sp, COURT STAFF) (Filed on 1/4/2023) (Entered: 01/04/2023) |
| 01/06/2023 | 396 | 406.3 KB | Response re 393 MOTION to Compel *Defendant Google to Produce Improperly Withheld Documents Google's Response to Plaintiffs' Motion to Compel* byGoogle LLC. (Attachments: # 1 Declaration of Reece Trevor in Support of Google's Response to Plaintiff's Motion to Compel)(Somvichian, Whitty) (Filed on 1/6/2023) (Entered: 01/06/2023) |
| 01/06/2023 | 397 | 761.3 KB | Administrative Motion to File Under Seal *Google's Admin Motion to Seal Google's Opposition to Plaintiff's Motion to Compel* filed by Google LLC. (Attachments: # 1 Declaration of Laura Elliott in Support of Google's Motion to Seal Google's Opposition, # 2 Exhibit 1 (UNREDACTED) to Declaration of Laura Elliott, # 3 Proposed Order, # 4 Certificate/Proof of Service Of (UNREDACTED) Ex. 1 to Declaration of Laura Elliott)(Somvichian, Whitty) (Filed on 1/6/2023) (Entered: 01/06/2023) |
| 01/06/2023 | 398 | 135.8 KB | NOTICE by Google LLC *Google LLC's Notice of Lodging Documents for In Camera Review* (Somvichian, Whitty) (Filed on 1/6/2023) (Entered: 01/06/2023) |
| 01/12/2023 | 399 | 119.7 KB | NOTICE of Change of Address by David A. Straite (Straite, David) (Filed on 1/12/2023) (Entered: 01/12/2023) |
| 01/13/2023 | 400 | 420.2 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Joshua D. Samra, # 2 Proposed Order, # 3 Reply in Support of Plaintiffs' Motion to Compel Defendant Google to Produce Improperly Withheld Documents (unredacted), # 4 Exhibit H (unredacted))(Samra, Joshua) (Filed on 1/13/2023) (Entered: 01/13/2023) |
| 01/13/2023 | 401 | 712.2 KB | REPLY (re 393 MOTION to Compel *Defendant Google to Produce Improperly Withheld Documents* ) filed byConsolidated Plaintiffs. (Attachments: # 1 Supplemental Declaration of Joshua D. Samra, # 2 Exhibit H)(Samra, Joshua) (Filed on 1/13/2023) (Entered: 01/13/2023) |
| 01/17/2023 | 402 | 474.7 KB | ADMINISTRATIVE MOTION for Leave to File Noticed Discovery Motion Pertaining to Berntson and Belov Discovery Disputes filed by Consolidated Plaintiffs. Responses due by 1/23/2023. (Attachments: # 1 Declaration of Jonathan K. Levine, # 2 Proposed Order)(Levine, Jonathan) (Filed on 1/17/2023) (Entered: 01/17/2023) |
| 01/17/2023 | 403 | 420.1 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Joshua D. Samra in Support of Administrative Motion, # 2 Proposed Order, # 3 Exhibit A to the Joint Discovery Letter Brief (unredacted), # 4 Exhibit B to the Joint Discovery Letter Brief (unredacted), # 5 Exhibit C to the Joint Discovery Letter Brief (unredacted), # 6 Exhibit D to the Joint Discovery Letter Brief (unredacted))(Samra, Joshua) (Filed on 1/17/2023) (Entered: 01/17/2023) |
| 01/17/2023 | 404 | 1.4 MB | Joint Discovery Letter Brief *re: Google's December 5, 2022 Clawback of Documents* filed by Consolidated Plaintiffs. (Attachments: # 1 Exhibit A, # 2 |

| | | | |
|---|---|---|---|
| | | | Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Samra, Joshua) (Filed on 1/17/2023) (Entered: 01/17/2023) |
| 01/17/2023 | 405 | 279.5 KB | MOTION for Extension of Time to File *Unopposed Administrative Motion to Extend Time to Move to Seal Exhibits A, B, C, and D to the Parties Joint Letter Brief* filed by Google LLC. (Attachments: # 1 Declaration of Laura M. Elliott)(Elliott, Laura) (Filed on 1/17/2023) (Entered: 01/17/2023) |
| 01/18/2023 | 406 | 1.5 MB | **Order by Magistrate Judge Virginia K. DeMarchi granting 405 Motion for Extension of Time. (vkdlc1, COURT STAFF) (Filed on 1/18/2023) (Entered: 01/18/2023)** |
| 01/19/2023 | 407 | 1.1 MB | Google LLC's Response to Plaintiffs' Administrative Motion to Consider Whether Another Parties Materials Should be Sealed (ECF No. 403) filed by Google LLC. (Attachments: # 1 Declaration of Laura Elliott in Support of Google's Response to Plaintiffs' Administrative Motion to Seal Exhibits to Joint Letter Brief, # 2 Exhibit 1 (REDACTED) to Declaration of Laura Elliott, # 3 Exhibit 1 (UNREDACTED) to Declaration of Laura Elliott, # 4 Exhibit 2 (SEALED) to Declaration of Laura Elliott, # 5 Exhibit 3 (SEALED) to Declaration of Laura Elliott, # 6 Exhibit 4 (SEALED) to Declaration of Laura Elliott, # 7 Proposed Order Re Google's Administrative Motion to Seal Exhibits to Joint Letter Brief, # 8 Certificate/Proof of Service of Unredacted Documents)(Elliott, Laura) (Filed on 1/19/2023) (Entered: 01/19/2023) |
| 01/19/2023 | 408 | 435.6 KB | Defendant Google LLC's ADMINISTRATIVE MOTION for Clarification re 382 Order on Discovery Letter Brief filed by Google LLC. Responses due by 1/23/2023. (Attachments: # 1 Declaration of Jeffrey Gutkin, # 2 Proposed Order)(Gutkin, Jeffrey) (Filed on 1/19/2023) (Entered: 01/19/2023) |
| 01/20/2023 | 409 | 1.5 MB | Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed filed by Google LLC. (Attachments: # 1 Declaration of Laura Elliott in Support of Google's Response to Plaintiffs' Administrative Motion to Seal, # 2 Exhibit 1 (REDACTED) to Declaration of Laura Elliott, # 3 Exhibit 1 (UNREDACTED) to Declaration of Laura Elliott, # 4 Exhibit 2 (SEALED) to Declaration of Laura Elliott, # 5 Certificate/Proof of Service of Unredacted Documents)(Elliott, Laura) (Filed on 1/20/2023) (Entered: 01/20/2023) |
| 01/23/2023 | 410 | 825.6 KB | OPPOSITION/RESPONSE (re 408 ADMINISTRATIVE MOTION re 382 Order on Discovery Letter Brief *for Clarification* ) filed byConsolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Proposed Order)(Pritzker, Elizabeth) (Filed on 1/23/2023) (Entered: 01/23/2023) |
| 01/23/2023 | 411 | 284.1 KB | STATEMENT OF RECENT DECISION pursuant to Civil Local Rule 7-3.d filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit A)(Related document(s) 393 ) (Samra, Joshua) (Filed on 1/23/2023) (Entered: 01/23/2023) |
| 01/23/2023 | 412 | 536.1 KB | OPPOSITION/RESPONSE (re 402 ADMINISTRATIVE MOTION for Leave to File Noticed Discovery Motion Pertaining to Berntson and Belov Discovery Disputes ) filed byGoogle LLC. (Attachments: # 1 Declaration of Jeffrey M. Gutkin, # 2 Proposed Order)(Gutkin, Jeffrey) (Filed on 1/23/2023) (Entered: 01/23/2023) |
| 01/24/2023 | 413 | 85.9 KB | **Order Denying 402 Plaintiffs' Administrative Motion for Leave to File Noticed Discovery Motion. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 1/24/2023) (Entered: 01/24/2023)** |

| | | | |
|---|---|---|---|
| 01/25/2023 | 414 | 86.0 KB | **Order re 408 Defendant's Administrative Motion for Clarification. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 1/25/2023) (Entered: 01/25/2023)** |
| 01/25/2023 | 415 | 103.0 KB | STIPULATION *of Voluntary Dismissal of Plaintiff Robina Suwol* filed by Consolidated Plaintiffs, Meghan Cornelius, Meaghan Delahunty, Benjamin Hewitt, John Kevranian, Salvatore Toronto, Kimberley Woodruff. (Ulwick, James) (Filed on 1/25/2023) (Entered: 01/25/2023) |
| 01/27/2023 | 416 | 201.7 KB | Transcript of Proceedings held on 01/05/2021, before Judge Van Keulen. Court Reporter Irene L. Rodriguez, email address Irene_Rodriguez@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. (Rodriguez, Irene) (Filed on 1/27/2023) (Entered: 01/27/2023) |
| 01/31/2023 | 417 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Motion Hearing re 393 Motion to Compel *Defendant Google to Produce Improperly Withheld Documents* filed by Consolidated Plaintiffs held on 1/31/2023.<br><br>Court heard oral argument. Court to issue order.<br><br>Plaintiff Attorney: Jay Barnes, Jonathan Levine, Anne Davis, Joshua Samra. Defendant Attorney: Jeffrey Gutkin, Whitty Somvichian.<br><br>Court Reporter: Lee-Anne Shortridge.<br>Time in Court: 10:41-11:53 a.m. Total time: 1 Hour and 12 Minutes.<br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 1/31/2023) (Entered: 01/31/2023) |
| 01/31/2023 | 418 | 107.4 KB | TRANSCRIPT ORDER for proceedings held on 01/31/2023 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter Lee-Anne Shortridge. (Davis, Anne) (Filed on 1/31/2023) (Entered: 01/31/2023) |
| 02/01/2023 | 419 | 107.4 KB | TRANSCRIPT ORDER for proceedings held on 01/31/2023 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter Lee-Anne Shortridge. (Trevor, Maurice) (Filed on 2/1/2023) (Entered: 02/01/2023) |
| 02/01/2023 | 420 | 83.7 KB | **Further Order re 408 Defendant's Administrative Motion for Clarification. Signed by Judge Virginia K. DeMarchi on 2/1/2023. (vkdlc1, COURT STAFF) (Filed on 2/1/2023) (Entered: 02/01/2023)** |
| 02/02/2023 | 421 | 118.4 KB | **DISCOVERY ORDER re Parties' Dispute re Google's Privilege Log. Signed by Magistrate Judge Virginia K. DeMarchi on 2/2/2023. (vkdlc1, COURT STAFF) (Filed on 2/2/2023) (Entered: 02/02/2023)** |
| 02/06/2023 | 422 | 421.8 KB | Transcript of Proceedings held on 1-31-23, before Judge Virignia K. DeMarchi. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 418 |

| | | | |
|---|---|---|---|
| | | | Transcript Order ) Release of Transcript Restriction set for 5/8/2023. (Related documents(s) 418 ) (las, ) (Filed on 2/6/2023) (Entered: 02/06/2023) |
| 02/06/2023 | 423 | 392.5 KB | **DISCOVERY ORDER Granting in Part and Denying in Part 393 Plaintiffs' Motion to Compel. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 2/6/2023) (Entered: 02/06/2023)** |
| 02/06/2023 | 424 | | DOCUMENT E-FILED UNDER SEAL by Court Staff. (UNREDACTED-SEALED) DISCOVERY ORDER Granting in Part and Denying in Part 393 Plaintiffs' Motion to Compel. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 2/6/2023) (Entered: 02/06/2023) |
| 02/06/2023 | 425 | 101.6 KB | **ORDER re 392 394 397 400 409 Sealing Motions. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 2/6/2023) (Entered: 02/06/2023)** |
| 02/14/2023 | 426 | 723.3 KB | Administrative Motion to File Under Seal *Portions of the 11/01/22 Hearing Transcript* filed by Google LLC. (Attachments: # 1 Declaration of Reece Trevor In Support of Google's Administrative Motion to Seal Portions of the 11/01/22 Hearing Transcript, # 2 Exhibit A to Declaration of Reece Trevor (REDACTED), # 3 Exhibit A to Declaration of Reece Trevor (UNREDACTED), # 4 Proposed Order)(Somvichian, Whitty) (Filed on 2/14/2023) (Entered: 02/14/2023) |
| 02/22/2023 | 427 | 95.0 KB | **Order by Magistrate Judge Virginia K. DeMarchi granting 426 Administrative Motion to File Under Seal. (vkdlc1, COURT STAFF) (Filed on 2/22/2023) (Entered: 02/22/2023)** |
| 02/28/2023 | 428 | 876.9 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit 1 - Bid Response Fields Brief, # 3 Exhibit 2 - Time Sampling Brief, # 4 Proposed Order, # 5 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 2/28/2023) (Entered: 02/28/2023) |
| 02/28/2023 | 429 | 276.5 KB | Discovery Letter Brief *Joint Discovery Dispute - Bid Response Fields [Redacted]* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 2/28/2023) (Entered: 02/28/2023) |
| 02/28/2023 | 430 | 268.5 KB | Discovery Letter Brief *Joint Discovery Dispute - Time Sampling [Redacted]* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 2/28/2023) (Entered: 02/28/2023) |
| 02/28/2023 | 431 | 914.9 KB | Plaintiffs' Notice of Motion and MOTION for Contempt and Sanctions filed by Consolidated Plaintiffs. Motion Hearing set for 4/4/2023 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. Responses due by 3/14/2023. Replies due by 3/21/2023. (Attachments: # 1 Declaration of Jonathan K. Levine, # 2 Proposed Order)(Levine, Jonathan) (Filed on 2/28/2023) (Entered: 02/28/2023) |
| 03/01/2023 | 432 | 433.5 KB | Google LLC's Unopposed ADMINISTRATIVE MOTION to Extend Time to Move to Seal filed by Google LLC. Responses due by 3/6/2023. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Unopposed Administrative Motion to Extend Time to Seal, # 2 Proposed Order)(Somvichian, Whitty) (Filed on 3/1/2023) (Entered: 03/01/2023) |
| 03/01/2023 | 433 | 465.0 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of |

| | | | |
|---|---|---|---|
| | | | Anne K. Davis, # 2 Proposed Order, # 3 Joint Discovery Letter Brief re: Bid Request Fields (Unredacted))(Davis, Anne) (Filed on 3/1/2023) (Entered: 03/01/2023) |
| 03/01/2023 | 434 | 306.8 KB | Joint Discovery Letter Brief *re: Bid Request Fields (Redacted)* filed by Consolidated Plaintiffs. (Davis, Anne) (Filed on 3/1/2023) (Entered: 03/01/2023) |
| 03/02/2023 | 435 | 1.5 MB | **Order by Magistrate Judge Virginia K. DeMarchi granting 432 Administrative Motion. (vkdlc1, COURT STAFF) (Filed on 3/2/2023) (Entered: 03/02/2023)** |
| 03/02/2023 | 436 | 20.0 KB | STIPULATION *of Voluntary Dismissal of Plaintiff P.W. (a Minor)* filed by Meghan Cornelius, Meaghan Delahunty, Benjamin Hewitt, John Kevranian, Salvatore Toronto, Kimberley Woodruff. (Ulwick, James) (Filed on 3/2/2023) (Entered: 03/02/2023) |
| 03/02/2023 | 437 | 118.2 KB | Response re 421 Order *Google LLC's Submission re Privilege Re-Review* byGoogle LLC. (Somvichian, Whitty) (Filed on 3/2/2023) (Entered: 03/02/2023) |
| 03/03/2023 | 438 | 123.5 KB | NOTICE of Withdrawal of Counsel Jeffrey M. Gutkin by Google LLC (Somvichian, Whitty) (Filed on 3/3/2023) (Entered: 03/03/2023) |
| 03/07/2023 | 439 | 93.0 KB | **ORDER Requesting Update re Status of Privilege Disputes and Proposal for Resolution. Signed by Judge Virginia K. DeMarchi on 3/7/2023. (vkdlc1, COURT STAFF) (Filed on 3/7/2023) (Entered: 03/07/2023)** |
| 03/08/2023 | 440 | 7.4 MB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed* filed by Google LLC. (Attachments: # 1 Declaration of R. Trevor, # 2 Exhibit A to Declaration of R. Trevor (REDACTED), # 3 Exhibit A to Declaration of R. Trevor (UNREDACTED), # 4 Exhibit B to Declaration of R. Trevor (REDACTED), # 5 Exhibit B to Declaration of R. Trevor (UNREDACTED), # 6 Exhibit C to Declaration of R. Trevor (REDACTED), # 7 Exhibit C to Declaration of R. Trevor (UNREDACTED))(Somvichian, Whitty) (Filed on 3/8/2023) (Entered: 03/08/2023) |
| 03/08/2023 | 441 | 303.0 KB | NOTICE by Consolidated Plaintiffs re 428 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 440 Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed*, 433 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Plaintiffs' Notice of Intent to Oppose Google's Response to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed* (Pritzker, Elizabeth) (Filed on 3/8/2023) (Entered: 03/08/2023) |
| 03/10/2023 | 442 | 170.5 KB | **DISCOVERY ORDER (REDACTED) re 404 January 17, 2023 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 3/10/2023) (Entered: 03/10/2023)** |
| 03/10/2023 | 443 | | DOCUMENT E-FILED UNDER SEAL. DISCOVERY ORDER re 404 January 17, 2023 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 3/10/2023) (Entered: 03/10/2023) |
| 03/13/2023 | 444 | 1.1 MB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration James |

| | | | |
|---|---|---|---|
| | | | Ulwick, # 2 Proposed Order Re: Plaintiffs' Administrative Motion, # 3 Exhibit 1 (unredacted))(Ulwick, James) (Filed on 3/13/2023) (Entered: 03/13/2023) |
| 03/13/2023 | 445 | 1.5 MB | REPLY (re 440 Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed* ) filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit 1 (redacted))(Ulwick, James) (Filed on 3/13/2023) (Entered: 03/13/2023) |
| 03/14/2023 | 446 | 299.9 KB | MOTION to Continue *Stipulated Request and Proposed Order to Continue Hearing on Motion for Sanctions* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian ISO Stipulated Request and Proposed Order to Continue Hearing on Motion for Sanctions)(Somvichian, Whitty) (Filed on 3/14/2023) (Entered: 03/14/2023) |
| 03/14/2023 | 447 | 482.1 KB | Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal* filed by Google LLC. (Attachments: # 1 Declaration of Kelsey Spector in Support of Google's Administrative Motion to Seal, # 2 Exhibit 1 (UNREDACTED) to Declaration of Kelsey Spector, # 3 Exhibit 2 (UNREDACTED) to Declaration of Kelsey Spector, # 4 Exhibit 3 (UNREDACTED) to Declaration of Kelsey Spector, # 5 Exhibit 4 (UNREDACTED) to Declaration of Kelsey Spector, # 6 Exhibit 5 (UNREDACTED) to Declaration of Kelsey Spector, # 7 Exhibit 6 (UNREDACTED) to Declaration of Kelsey Spector, # 8 Exhibit 7 (UNREDACTED) to Declaration of Kelsey Spector, # 9 Exhibit 8 (UNREDACTED) to Declaration of Kelsey Spector, # 10 Exhibit 9 (UNREDACTED) to Declaration of Kelsey Spector, # 11 Proposed Order)(Somvichian, Whitty) (Filed on 3/14/2023) (Entered: 03/14/2023) |
| 03/14/2023 | 448 | 1.1 MB | OPPOSITION/RESPONSE (re 447 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal*, 431 MOTION for Sanctions *Plaintiffs Notice of Motion and Motion for Contempt and Sanctions* ) *(REDACTED) Google LLC's Opposition to Motion for Sanctions* filed byGoogle LLC. (Attachments: # 1 Declaration of Stanislav Belov in Support of Google LLC's Opposition to Motion for Sanctions, # 2 Declaration of Whitty Somvichian in Support of Google LLC's Opposition to Motion for Sanctions, # 3 Exhibit A to Somvichian Declaration (Filed Under Seal), # 4 Exhibit B to Somvichian Declaration (Filed Under Seal), # 5 Exhibit C to Somvichian Declaration (Filed Under Seal), # 6 Exhibit D to Somvichian Declaration (Filed Under Seal), # 7 Exhibit E to Somvichian Declaration (Filed Under Seal), # 8 Exhibit F to Somvichian Declaration (Filed Under Seal))(Somvichian, Whitty) (Filed on 3/14/2023) (Entered: 03/14/2023) |
| 03/15/2023 | 449 | 1.5 MB | **Order by Magistrate Judge Virginia K. DeMarchi granting 446 Motion to Continue. Motion Hearing set for 4/11/2023 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 3/15/2023) (Entered: 03/15/2023)** |
| 03/15/2023 | 450 | 168.5 KB | Defendant Google LLC's NOTICE of Lodging Documents for In Camera Review by Google LLC (Somvichian, Whitty) (Filed on 3/15/2023) (Entered: 03/15/2023) |
| 03/16/2023 | 451 | 91.0 KB | **FURTHER ORDER re 404 450 January 17, 2023 Discovery Dispute. Signed by Judge Virginia K. DeMarchi on 3/16/2023. (vkdlc1, COURT STAFF) (Filed on 3/16/2023) (Entered: 03/16/2023)** |

| | | | |
|---|---|---|---|
| 03/17/2023 | 452 | | Mail sent to Jay Barnes returned as undeliverable re 424 Document E-Filed Under Seal by Court Staff. (jlg, COURT STAFF) (Filed on 3/16/2023) (jlg, COURT STAFF). (Entered: 03/17/2023) |
| 03/17/2023 | 453 | 96.9 KB | **ORDER re 403 Administrative Motion to Seal. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 3/17/2023) (Entered: 03/17/2023)** |
| 03/17/2023 | 454 | 194.0 KB | Joint STATUS REPORT *Regarding Remaining Privilege Log Disputes* by Consolidated Plaintiffs. (Samra, Joshua) (Filed on 3/17/2023) (Entered: 03/17/2023) |
| 03/20/2023 | 455 | 3.5 MB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed* filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian, # 2 Exhibit 1 (REDACTED), # 3 Exhibit 1 (UNREDACTED)) (Somvichian, Whitty) (Filed on 3/20/2023) (Entered: 03/20/2023) |
| 03/21/2023 | 456 | 419.7 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley E. Weaver re: Sealing, # 2 Proposed Order, # 3 Reply in Support of Plaintiffs' Motion for Contempt and Sanctions (unredacted))(Weaver, Lesley) (Filed on 3/21/2023) (Entered: 03/21/2023) |
| 03/21/2023 | 457 | 307.8 KB | REPLY in Support of Plaintiffs Motion for Contempt and Sanctions for Violations of Aug. 26, 2022 and Dec. 16, 2022 Discovery Orders [Dkt. Nos. 314, 382] (re 431 *Plaintiffs Notice of Motion and Motion for Contempt and Sanctions*) *[Redacted]* filed by Consolidated Plaintiffs. (Weaver, Lesley) (Filed on 3/21/2023) (Entered: 03/21/2023) |
| 03/21/2023 | 458 | 463.9 KB | Plaintiffs Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley E. Weaver re: Sealing, # 2 Proposed Order, # 3 Declaration of Lesley E. Weaver Regarding Plaintiffs' Reply in Support of Motion for Contempt and Sanctions (unredacted), # 4 Exhibit 1 to the Weaver Declaration (unredacted))(Weaver, Lesley) (Filed on 3/21/2023) (Entered: 03/21/2023) |
| 03/21/2023 | 459 | 288.6 KB | Declaration of Lesley E. Weaver Pursuant to Dkt. 242 Regarding Plaintiffs Reply in Support of Motion for Contempt and Sanctions Violations of Aug. 26, 2022 and Dec. 16, 2022 Discovery Orders re 457 Reply in Support of Plaintiffs Motion for Contempt and Sanctions *[Redacted]* filed by Consolidated Plaintiffs. (Attachments: # 1 Exhibit 1)(Related document(s) 457 ) (Weaver, Lesley) (Filed on 3/21/2023) (Entered: 03/21/2023) |
| 03/21/2023 | 460 | 1.5 MB | Google's Administrative Motion to Seal Portions of the December 6, 2022 Hearing Transcript filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian, # 2 Exhibit A to Declaration of W. Somvichian (REDACTED), # 3 Exhibit A to Declaration of W. Somvichian (UNREDACTED), # 4 Proposed Order)(Somvichian, Whitty) (Filed on 3/21/2023) (Entered: 03/21/2023) |
| 03/27/2023 | 461 | 98.5 KB | **DISCOVERY ORDER re Further Proceedings for Resolution of Disputes re Google's Privilege Claims. Signed by Magistrate Judge Virginia K. DeMarchi on 3/27/2023. (vkdlc1, COURT STAFF) (Filed on 3/27/2023) (Entered: 03/27/2023)** |
| 03/27/2023 | 462 | 602.0 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of |

| | | | |
|---|---|---|---|
| | | | Anne K. Davis re: Sealing, # 2 Proposed Order, # 3 Joint Discovery Letter Brief re: Production of Hyperlinked Documents (Unredacted), # 4 Joint Discovery Letter Brief re: Further Production of Berntson and Belov Documents and Further Deposition of Belov (Unredacted))(Davis, Anne) (Filed on 3/27/2023) (Entered: 03/27/2023) |
| 03/27/2023 | 463 | 252.1 KB | Joint Discovery Letter Brief *re: Further Production of Berntson and Belov Documents and Further Deposition of Belov (Redacted)* filed by Consolidated Plaintiffs. (Davis, Anne) (Filed on 3/27/2023) (Entered: 03/27/2023) |
| 03/27/2023 | 464 | 271.3 KB | Joint Discovery Letter Brief *re: Production of Hyperlinked Documents (Redacted)* filed by Consolidated Plaintiffs. (Davis, Anne) (Filed on 3/27/2023) (Entered: 03/27/2023) |
| 03/27/2023 | 465 | 507.1 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order, # 3 Appendix A (unredacted))(Davis, Anne) (Filed on 3/27/2023) (Entered: 03/27/2023) |
| 03/27/2023 | 466 | 737.0 KB | ADMINISTRATIVE MOTION for Leave to File Supplemental Material At-Issue re 464 Joint Discovery Letter Brief *re: Production of Hyperlinked Documents (Redacted)* filed by Consolidated Plaintiffs. Responses due by 3/31/2023. (Attachments: # 1 Declaration of Anne K. Davis, # 2 Appendix A (redacted), # 3 Proposed Order)(Davis, Anne) (Filed on 3/27/2023) (Entered: 03/27/2023) |
| 03/27/2023 | 467 | 341.4 KB | Administrative Motion to File Under Seal *Response to Plaintiffs Administrative Motion to Consider Whether Another Partys Materials Should be Sealed* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian, # 2 Exhibit A (UNREDACTED))(Somvichian, Whitty) (Filed on 3/27/2023) (Entered: 03/27/2023) |
| 03/27/2023 | 468 | 448.4 KB | Administrative Motion to File Under Seal *Response to Plaintiffs Administrative Motion to Consider Whether Another Partys Materials Should be Sealed* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian, # 2 Exhibit 1, # 3 Exhibit 2)(Somvichian, Whitty) (Filed on 3/27/2023) (Entered: 03/27/2023) |
| 03/28/2023 | 469 | 1.1 MB | Google's Response to Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian, # 2 Exhibit A to Declaration of W. Somvichian (REDACTED), # 3 Exhibit A to Declaration of W. Somvichian (UNREDACTED), # 4 Exhibit B to Declaration of W. Somvichian (REDACTED), # 5 Exhibit B to Declaration of W. Somvichian (UNREDACTED), # 6 Exhibit C to Declaration of W. Somvichian (UNSEALED))(Somvichian, Whitty) (Filed on 3/28/2023) (Entered: 03/28/2023) |
| 03/29/2023 | 470 | 1.3 MB | ADMINISTRATIVE MOTION to Enter a Supplemental Protective Order Applicable to a Third Party's Documents filed by Consolidated Plaintiffs. Responses due by 4/3/2023. (Attachments: # 1 Declaration of Andrew F. Kirtley, # 2 Exhibit A to Andrew F. Kirtley Decl., # 3 Exhibit B to Andrew F. Kirtley Decl., # 4 Proposed Order)(Kirtley, Andrew) (Filed on 3/29/2023) (Entered: 03/29/2023) |

| | | | |
|---|---|---|---|
| 03/30/2023 | 471 | 87.8 KB | **Order Denying 470 Administrative Motion to Enter Supplemental Protective Order. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 3/30/2023) (Entered: 03/30/2023)** |
| 04/03/2023 | 472 | 663.0 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker in support, # 2 Proposed Order, # 3 Unredacted Version of Joint Letter Brief re. Dashboards and Source Code Changes, # 4 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 4/3/2023) (Entered: 04/03/2023) |
| 04/03/2023 | 473 | 296.9 KB | Joint Letter Brief *re. Production of Dashboards and Source Code Changes [Redacted]* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 4/3/2023) (Entered: 04/03/2023) |
| 04/03/2023 | 474 | 394.9 KB | Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian, # 2 Exhibit A (SEALED)) (Somvichian, Whitty) (Filed on 4/3/2023) (Entered: 04/03/2023) |
| 04/05/2023 | 475 | 493.5 KB | ADMINISTRATIVE MOTION *to File Under Seal the Courtroom for April 11, 2023 Hearing* filed by Google LLC. Responses due by 4/10/2023. (Attachments: # 1 Declaration of W. Somvichian, # 2 Proposed Order) (Somvichian, Whitty) (Filed on 4/5/2023) (Entered: 04/05/2023) |
| 04/10/2023 | 476 | 540.9 KB | Plaintiffs' RESPONSE To Google's Administrative Motion To Seal The Courtroom (Dkt. No. 475) (re 475 Administrative Motion *to File Under Seal the Courtroom for April 11, 2023 Hearing*) filed by Consolidated Plaintiffs. (Attachments: # 1 Proposed Order)(Pritzker, Elizabeth) (Filed on 4/10/2023) (Entered: 04/10/2023) |
| 04/10/2023 | 477 | 87.9 KB | **DISCOVERY ORDER re 475 April 11, 2023 Hearing. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/10/2023) (Entered: 04/10/2023)** |
| 04/11/2023 | 478 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Motion Hearing re 431 Motion for Sanctions *Plaintiffs Motion for Contempt and Sanctions* filed by Consolidated Plaintiffs held on 4/11/2023.<br><br>The Court heard oral argument and the Court to issue a written order.<br><br>Plaintiff Attorney: Jonathan Levine, Anne Davis, Elizabeth Pritzker.<br>Defendant Attorney: Whitty Somvichian, Kelsey Spector.<br><br>No Court reporter. Digital Recording Liberty: 11:40a.m.-12:54p.m. Total time: 1 Hour and 14 Minutes.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 4/11/2023) (Entered: 04/11/2023) |
| 04/12/2023 | 479 | 112.5 KB | TRANSCRIPT ORDER for proceedings held on 04/11/2023 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter not listed - San Jose. (Davis, Anne) (Filed on 4/12/2023) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 4/13/2023 (kab, COURT STAFF). (Entered: 04/12/2023) |

| | | | |
|---|---|---|---|
| 04/12/2023 | 480 | 107.2 KB | TRANSCRIPT ORDER for proceedings held on 04/11/2023 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter not listed - San Jose. (Elliott, Laura) (Filed on 4/12/2023) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 4/13/2023 (kab, COURT STAFF). (Entered: 04/12/2023) |
| 04/14/2023 | 481 | 470.7 KB | **(Redacted) DISCOVERY ORDER re 429 February 28, 2023 Discovery Dispute re Bid Response Fields. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/14/2023) (Entered: 04/14/2023)** |
| 04/14/2023 | 482 | | DOCUMENT E-FILED UNDER SEAL. DISCOVERY ORDER re 429 February 28, 2023 Discovery Dispute re Bid Response Fields. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/14/2023) (Entered: 04/14/2023) |
| 04/14/2023 | 483 | 226.5 KB | **(Redacted) DISCOVERY ORDER re 430 February 28, 2023 Discovery Dispute re Time Sampling. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/14/2023) (Entered: 04/14/2023)** |
| 04/14/2023 | 484 | | DOCUMENT E-FILED UNDER SEAL. DISCOVERY ORDER re 430 February 28, 2023 Discovery Dispute re Time Sampling. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/14/2023) (Entered: 04/14/2023) |
| 04/14/2023 | 485 | 667.7 KB | **(Redacted) DISCOVERY ORDER re 434 March 1, 2023 Discovery Dispute re Bid Request Fields. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/14/2023) (Entered: 04/14/2023)** |
| 04/14/2023 | 486 | | DOCUMENT E-FILED UNDER SEAL. DISCOVERY ORDER re 434 March 1, 2023 Discovery Dispute re Bid Request Fields. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/14/2023) (Entered: 04/14/2023) |
| 04/14/2023 | 487 | 378.8 KB | **(Redacted) DISCOVERY ORDER re 431 Plaintiffs' Motion for Contempt and Sanctions. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/14/2023) (Entered: 04/14/2023)** |
| 04/14/2023 | 488 | | DOCUMENT E-FILED UNDER SEAL. DISCOVERY ORDER re 431 Plaintiffs' Motion for Contempt and Sanctions. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/14/2023) (Entered: 04/14/2023) |
| 04/17/2023 | 489 | 257.0 KB | Transcript of Proceedings held on 04/11/23, before Judge Magistrate Judge Virginia DeMarchi. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: 11:40 - 12:54. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 479 Transcript Order, ) Redaction Request due 5/8/2023. Redacted Transcript Deadline set for 5/18/2023. Release of Transcript Restriction set for 7/17/2023. (Related documents(s) 479 ) (Jauregui, Tara) (Filed on 4/17/2023) (Entered: 04/17/2023) |

| | | | |
|---|---|---|---|
| 04/21/2023 | 490 | 94.1 KB | **DISCOVERY ORDER re 464 March 27, 2023 Discovery Dispute re Hyperlinked Documents. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/21/2023) (Entered: 04/21/2023)** |
| 04/21/2023 | 491 | 118.2 KB | **DISCOVERY ORDER re 463 March 27, 2023 Discovery Dispute re Berntson and Belov. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 4/21/2023) (Entered: 04/21/2023)** |
| 04/26/2023 | 492 | 496.9 KB | ADMINISTRATIVE MOTION to revise pretrial case schedule re 391 Order,, Set Deadlines/Hearings, Terminate Motions,*Pursuant to L.R. 6-3 and 7-11,* filed by Consolidated Plaintiffs. Responses due by 5/1/2023. (Attachments: # 1 Declaration of Elizabeth C. Pritzker in support, # 2 Proposed Order) (Pritzker, Elizabeth) (Filed on 4/26/2023) Modified on 5/1/2023 (kmg, COURT STAFF). (Entered: 04/26/2023) |
| 04/26/2023 | 493 | 155.3 KB | ***CORRECTED DECLARATION*** Declaration of Elizabeth C. Pritzker in Support of 492 ADMINISTRATIVE MOTION to revise pretrial case schedule re 391 Order,, Set Deadlines/Hearings,, Terminate Motions, *Pursuant to L.R. 6-3 and 7-11,* filed by Consolidated Plaintiffs. (Related document(s) 492 ) (Pritzker, Elizabeth) (Filed on 4/26/2023) Modified on 5/1/2023 (kmg, COURT STAFF). (Entered: 04/26/2023) |
| 04/28/2023 | 494 | 111.3 KB | **(REDACTED) DISCOVERY ORDER re April 3, 2023 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi on 4/28/2023. (vkdlc1, COURT STAFF) (Filed on 4/28/2023) (Entered: 04/28/2023)** |
| 04/28/2023 | 495 | | DOCUMENT E-FILED UNDER SEAL. DISCOVERY ORDER re April 3, 2023 Discovery Dispute. Signed by Magistrate Judge Virginia K. DeMarchi on 4/28/2023. (vkdlc1, COURT STAFF) (Filed on 4/28/2023) (Entered: 04/28/2023) |
| 04/28/2023 | 496 | 374.3 KB | MOTION for Relief from April 14, 2023 Non dispositive Pretrial Order of Magistrate Judge re 481 Order on Discovery Letter Brief *[Bid Response Fields]* filed by Consolidated Plaintiffs. Responses due by 5/12/2023. Replies due by 5/19/2023. (Attachments: # 1 Proposed Order) (Pritzker, Elizabeth) (Filed on 4/28/2023) Modified on 5/1/2023 (kmg, COURT STAFF). (Entered: 04/28/2023) |
| 04/28/2023 | 497 | 386.0 KB | MOTION Motion for Relief from April 14, 2023 Nondispositive Pretrial Order of Magistrate Judge re 485 Order on Discovery Letter Brief *[Bid Request Fields]* filed by Consolidated Plaintiffs. Responses due by 5/12/2023. Replies due by 5/19/2023. (Attachments: # 1 Proposed Order)(Pritzker, Elizabeth) (Filed on 4/28/2023) (Entered: 04/28/2023) |
| 05/01/2023 | 498 | 450.4 KB | OPPOSITION/RESPONSE (re 492 ADMINISTRATIVE MOTION to revise pretrial case schedule re 391 Order,, Set Deadlines/Hearings,, Terminate Motions, *Pursuant to L.R. 6-3 and 7-11,* ) filed byGoogle LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support, # 2 Proposed Order) (Somvichian, Whitty) (Filed on 5/1/2023) (Entered: 05/01/2023) |
| 05/05/2023 | 499 | 604.0 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration ISO Sealing, # 2 Proposed Order, # 3 Declaration of Levine In Support of Plaintiffs Motion for Relief from April 21, 2023 Nondispositive Order of Magistrate Judge [Dkt. 491] (Unredacted), # 4 Exhibit A (Unredacted), # 5 Exhibit B (Unredacted), # 6 Exhibit C (Unredacted), # 7 Exhibit D (Unredacted), # 8 |

| | | | |
|---|---|---|---|
| | | | Exhibit E (Unredacted), # 9 Certificate/Proof of Service)(Levine, Jonathan) (Filed on 5/5/2023) (Entered: 05/05/2023) |
| 05/05/2023 | 500 | 677.4 KB | MOTION Plaintiffs' Motion for Relief from April 21, 2023 Nondispositive Pretrial Order of Magistrate Judge re 491 Order on Discovery Letter Brief filed by Consolidated Plaintiffs. Responses due by 5/19/2023. Replies due by 5/26/2023. (Attachments: # 1 Declaration of Jonathan K. Levine (Redacted), # 2 Exhibit A-E (Redacted), # 3 Proposed Order) (Levine, Jonathan) (Filed on 5/5/2023) Modified on 5/8/2023 (kmg, COURT STAFF). (Entered: 05/05/2023) |
| 05/08/2023 | 501 | 757.5 KB | Administrative Motion to File Under Seal *Google's Administrative Motion to Seal Portions of the January 31, 2023 Hearing Transcript* filed by Google LLC. (Attachments: # 1 Declaration of L. Elliott, # 2 Exhibit A (REDACTED), # 3 Exhibit A (UNREDACTED), # 4 Proposed Order)(Elliott, Laura) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/08/2023 | 502 | 428.4 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order, # 3 Joint Discovery Letter Brief re: Account Identifiers (Unredacted))(Davis, Anne) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/08/2023 | 503 | 222.7 KB | Joint Discovery Letter Brief *re: Account Identifiers (Redacted)* filed by Consolidated Plaintiffs. (Davis, Anne) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/08/2023 | 504 | 350.6 KB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed* filed by Google LLC. (Attachments: # 1 Declaration of Reece Trevor, # 2 Exhibit Exhibit A to Trevor Declaration)(Somvichian, Whitty) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/09/2023 | 505 | | CLERK'S NOTICE SETTING HEARING. A Discovery Hearing as to Joint Discovery Letter Brief 503 re: *Account Identifiers filed by Consolidated Plaintiffs* is set for 5/16/2023 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. This is an in court proceeding. All appearances shall be made in person. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 5/9/2023) (Entered: 05/09/2023) |
| 05/10/2023 | 506 | 607.9 KB | Discovery Letter Brief *Further Joint Letter Brief re: Dashboards and Source Code Changes* filed by Consolidated Plaintiffs. (Attachments: # 1 Exhibit A) (Pritzker, Elizabeth) (Filed on 5/10/2023) (Entered: 05/10/2023) |
| 05/16/2023 | 507 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Discovery Hearing as to Joint Discovery Letter Brief 503 *re: Account Identifiers (Redacted) filed by Consolidated Plaintiffs* held on 5/16/2023.<br><br>The Court heard oral argument. The Court to issue order.<br><br>Plaintiff Attorney: Jonathan Levine, anne Davis, Bethany Caracuzzo. Defendant Attorney: Whitty Somvichian, Maurice Trevor.<br><br>No Court Reporter/Not reported. Digital Recording Liberty: 10:48a.m.-12:15p.m. Total: 1 Hr. 27 Mins. |

| | | | |
|---|---|---|---|
| | | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 5/16/2023) (Entered: 05/16/2023) |
| 05/16/2023 | 508 | 107.4 KB | TRANSCRIPT ORDER for proceedings held on 05/16/2023 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter not listed - San Jose. (Davis, Anne) (Filed on 5/16/2023) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 5/16/2023 (kab, COURT STAFF). (Entered: 05/16/2023) |
| 05/16/2023 | 509 | 216.1 KB | ***Please Disregard. Filed in Error*****ORDER by Judge Yvonne Gonzalez Rogers Granting 1013 Stipulation in case 4:20-cv-05146-YGR. (eac, COURT STAFF) (Filed on 5/16/2023) Modified on 5/17/2023 to edit docket text (eac, COURT STAFF). (Entered: 05/16/2023)** |
| 05/16/2023 | 510 | | DOCUMENT E-FILED UNDER SEAL. Order re Account Identifiers and Further Production of Named Plaintiffs' Data. Signed by Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 5/16/2023) (Entered: 05/16/2023) |
| 05/16/2023 | 511 | 117.6 KB | **ORDER re Redactions to Order re Account Identifiers and Further Production of Named Plaintiffs' Data. Signed by Magistrate Judge Virginia K. DeMarchi on 5/16/2023. (vkdlc1, COURT STAFF) (Filed on 5/16/2023) (Entered: 05/16/2023)** |
| 05/17/2023 | 513 | 109.1 KB | TRANSCRIPT ORDER for proceedings held on 05/16/2023 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter not listed - San Jose. (Trevor, Maurice) (Filed on 5/17/2023) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 5/17/2023 (kab, COURT STAFF). (Entered: 05/17/2023) |
| 05/18/2023 | 514 | 191.1 KB | STIPULATION WITH PROPOSED ORDER *Joint Stipulation and Proposed Order Re. Class Certification Motion And Case Schedule* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 5/18/2023) (Entered: 05/18/2023) |
| 05/19/2023 | 515 | 175.7 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 514 Stipulation Re: Class Certification Motion And Case Schedule. Proposed Pretrial Case Schedule due by 5/25/2023. (eac, COURT STAFF) (Filed on 5/19/2023) (Entered: 05/19/2023)** |
| 05/19/2023 | 516 | 199.7 KB | NOTICE of Change of Address by Lesley Elizabeth Weaver (Weaver, Lesley) (Filed on 5/19/2023) (Entered: 05/19/2023) |
| 05/19/2023 | 517 | 451.3 KB | Administrative Motion to File Under Seal *Statement Re Proposed Redactions to Order ECF No. 510* filed by Google LLC. (Attachments: # 1 Declaration of R. Trevor, # 2 Exhibit A to Declaration of R. Trevor (SEALED), # 3 Proposed Order)(Somvichian, Whitty) (Filed on 5/19/2023) (Entered: 05/19/2023) |
| 05/19/2023 | 518 | 419.9 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Joshua D. Samra re: Sealing, # 2 Exhibit A to the Joint Report Regarding Remaining Privilege Log Disputes (unredacted), # 3 Proposed Order)(Samra, Joshua) (Filed on 5/19/2023) (Entered: 05/19/2023) |
| 05/19/2023 | 519 | 310.5 KB | STATUS REPORT *(JOINT) Regarding Remaining Privilege Log Disputes* by Consolidated Plaintiffs. (Attachments: # 1 Exhibit A)(Samra, Joshua) (Filed on 5/19/2023) (Entered: 05/19/2023) |
| 05/19/2023 | 520 | 408.9 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of |

| | | | |
|---|---|---|---|
| | | | Joshua D. Samra re: Sealing, # 2 Exhibit 1 to Plaintiffs' Administrative Motion for Leave to File Materials At-Issue (unredacted), # 3 Exhibit 2 to Plaintiffs' Administrative Motion for Leave to File Materials At-Issue (unredacted), # 4 Proposed Order)(Samra, Joshua) (Filed on 5/19/2023) (Entered: 05/19/2023) |
| 05/19/2023 | 521 | 680.6 KB | ADMINISTRATIVE MOTION for Leave to File Supplemental Material At-Issue in the Parties Joint Report Regarding Remaining Privilege Log Disputes filed by Consolidated Plaintiffs. Responses due by 5/23/2023. (Attachments: # 1 Declaration of Joshua D. Samra, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Proposed Order)(Samra, Joshua) (Filed on 5/19/2023) (Entered: 05/19/2023) |
| 05/19/2023 | 522 | 1.5 MB | Administrative Motion to File Under Seal *Google LLC's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 518)* filed by Google LLC. (Attachments: # 1 Declaration of L. Elliott, # 2 Exhibit A to L. Elliott Declaration (SEALED), # 3 Exhibit B to L. Elliott Declaration (REDACTED), # 4 Proposed Order)(Elliott, Laura) (Filed on 5/19/2023) (Entered: 05/19/2023) |
| 05/22/2023 | 523 | 1.5 MB | **Order by Magistrate Judge Virginia K. DeMarchi granting 517 Administrative Motion to File Under Seal.(vkdlc1, COURT STAFF) (Filed on 5/22/2023) (Entered: 05/22/2023)** |
| 05/22/2023 | 524 | 147.5 KB | **(REDACTED) Order re Account Identifiers and Further Production of Named Plaintiffs' Data. Signed by Magistrate Judge Virginia K. DeMarchi on 5/16/2023. (vkdlc1, COURT STAFF) (Filed on 5/22/2023) (Entered: 05/22/2023)** |
| 05/23/2023 | 525 | 148.6 KB | OPPOSITION/RESPONSE (re 521 ADMINISTRATIVE MOTION for Leave to File Supplemental Material At-Issue in the Parties Joint Report Regarding Remaining Privilege Log Disputes ) *Defendant Google LLC's Response to Plaintiffs' Administrative Motion for Leave to File Supplemental Material* filed byGoogle LLC. (Somvichian, Whitty) (Filed on 5/23/2023) (Entered: 05/23/2023) |
| 05/23/2023 | 526 | 95.5 KB | **ORDER re Sealing of 460 December 6, 2022 and 501 January 31, 2023 Hearing Transcripts. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 5/23/2023) (Entered: 05/23/2023)** |
| 05/23/2023 | 527 | 131.8 KB | **ORDER re Sealing re Plaintiffs' Motion for Contempt and Sanctions. (Administrative Motions at Dkt. Nos. 447 456 458 469 ). Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 5/23/2023) (Entered: 05/23/2023)** |
| 05/24/2023 | 528 | 1.4 MB | Administrative Motion to File Under Seal *Administrative Motion to Seal Portions of the Joint Report Regarding Further Production of Named-Plaintiff Data* filed by Google LLC. (Attachments: # 1 Declaration of Reece Trevor, # 2 Exhibit A - Unredacted Filed Under Seal, # 3 Proposed Order)(Somvichian, Whitty) (Filed on 5/24/2023) (Entered: 05/24/2023) |
| 05/24/2023 | 529 | 134.4 KB | STATUS REPORT *Joint Report Regarding Further Production of Named-Plaintiff Data* by Google LLC. (Somvichian, Whitty) (Filed on 5/24/2023) (Entered: 05/24/2023) |
| 05/25/2023 | 530 | 195.0 KB | STIPULATION WITH PROPOSED ORDER re 515 Order on Stipulation *Joint Stipulation and [Proposed] Order Re. Class Certification Motion and Case Schedule* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 5/25/2023) (Entered: 05/25/2023) |

| | | | |
|---|---|---|---|
| 05/26/2023 | 531 | 105.0 KB | **ORDER re Sealing re 428 433 440 444 445 455 . Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 5/26/2023) (Entered: 05/26/2023)** |
| 05/26/2023 | 532 | 99.1 KB | **ORDER re 506 May 10, 2023 Discovery Dispute re Source Code Changes. Signed by Judge Virginia K. DeMarchi on 5/26/2023. (vkdlc1, COURT STAFF) (Filed on 5/26/2023) (Entered: 05/26/2023)** |
| 05/31/2023 | 533 | 1.3 MB | Administrative Motion to File Under Seal *Google LLCs Response to Plaintiffs Administrative Motion to Consider Whether Another Partys Materials Should be Sealed (ECF No. 520)* filed by Google LLC. (Attachments: # 1 Declaration of Laura M. Elliott, # 2 Exhibit A (Unredacted), # 3 Exhibit B (Unredacted), # 4 Proposed Order)(Elliott, Laura) (Filed on 5/31/2023) (Entered: 05/31/2023) |
| 06/01/2023 | 534 | | **Order Granting 530 Stipulation with respect to the stipulated change in the case schedule [429, 430]. Given the Court's schedule, it will resolve the parties' ongoing disputes re a discovery limitation in due course. Entered by Judge Yvonne Gonzalez Rogers. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (Entered: 06/01/2023)** |
| 06/02/2023 | 535 | 100.8 KB | **ORDER re Sealing re 518 520 522 533 Status Report. Signed by Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 6/2/2023) (Entered: 06/02/2023)** |
| 06/05/2023 | 536 | 415.0 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order, # 3 Joint Discovery Letter Brief re: Verticals Fields (Unredacted))(Davis, Anne) (Filed on 6/5/2023) (Entered: 06/05/2023) |
| 06/05/2023 | 537 | 392.3 KB | Joint Discovery Letter Brief *re: Verticals Fields* filed by Consolidated Plaintiffs. (Attachments: # 1 Exhibit A)(Davis, Anne) (Filed on 6/5/2023) (Entered: 06/05/2023) |
| 06/05/2023 | 538 | 583.5 KB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 536)* filed by Google LLC. (Attachments: # 1 Declaration of R. Trevor, # 2 Exhibit A (SEALED), # 3 Proposed Order)(Somvichian, Whitty) (Filed on 6/5/2023) (Entered: 06/05/2023) |
| 06/08/2023 | 539 | 55.7 KB | NOTICE by Consolidated Plaintiffs *Notice of Withdrawal of Attorney John J. Frawley* (Straite, David) (Filed on 6/8/2023) (Entered: 06/08/2023) |
| 06/08/2023 | 540 | 95.0 KB | **ORDER re 462 465 472 502 Sealing. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 6/8/2023) (Entered: 06/08/2023)** |
| 06/15/2023 | 541 | 468.1 KB | STIPULATION WITH PROPOSED ORDER *[Proposed] Stipulated Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr, Inc.* filed by Consolidated Plaintiffs. (Kirtley, Andrew) (Filed on 6/15/2023) (Entered: 06/15/2023) |
| 06/16/2023 | 542 | 501.9 KB | **ORDER by Magistrate Judge Virginia K. DeMarchi granting 541 Stipulated Supplemental Protective Order Governing the Production of Confidential Discovery Material by Non-Party Xandr, Inc.. (vkdlc1, COURT STAFF) (Filed on 6/16/2023) (Entered: 06/16/2023)** |

| | | | |
|---|---|---|---|
| 07/10/2023 | 543 | 108.7 KB | **ORDER re 537 June 5, 2023 Joint Discovery Letter Brief re Verticals Fields. Signed by Magistrate Judge Virginia K. DeMarchi on 7/10/2023. (vkdlc1, COURT STAFF) (Filed on 7/10/2023) (Entered: 07/10/2023)** |
| 07/10/2023 | 544 | 92.6 KB | **ORDER by Magistrate Judge Virginia K. DeMarchi granting 536 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; granting 538 Administrative Motion to File Under Seal. (vkdlc1, COURT STAFF) (Filed on 7/10/2023) (Entered: 07/10/2023)** |
| 07/14/2023 | 545 | 720.3 KB | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)] - Re. Google's Materials* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Jonathan K. Levine in support, # 2 Proposed Order re. Administrative Motion, # 3 Unredacted Version of Plaintiffs' Notice of Motion and Motion for Class Certification and Appointment of Class Representatives and Class Counsel; and Memo. Of Points & Auth. In Support Thereof, # 4 Unredacted Version of [Proposed] Order Granting Plfs' Mot. for Class Certification and Appointment of Class Representatives and Class Counsel, # 5 Unredacted Version of Ex. 1 - Expert Class Certification Report of Prof. Z. Shafiq, # 6 Unredacted Version of Ex. 2 - Expert Class Certification Report of Prof. C. Wilson, # 7 Unredacted Version of Ex. 3 - Expert Class Certification Report of Prof. R. Zeithammer, # 8 Unredacted Version of Ex. 4 - Expert Class Certification Report of G.Regan, CPA/CFF, CFE, # 9 Unredacted Version of Ex. 5 - Expert Class Certification Report of Prof. N. Richards, # 10 Unredacted Version of Ex. 12, # 11 Unredacted Version of Ex. 13, # 12 Unredacted Version of Ex. 15, # 13 Unredacted Version of Ex. 17, # 14 Unredacted Version of Ex. 18, # 15 Unredacted Version of Ex. 19, # 16 Unredacted Version of Ex. 20, # 17 Unredacted Version of Ex. 21, # 18 Unredacted Version of Ex. 22, # 19 Unredacted Version of Ex. 23, # 20 Unredacted Version of Ex. 24, # 21 Unredacted Version of Ex. 25, # 22 Unredacted Version of Ex. 26, # 23 Unredacted Version of Ex. 42, # 24 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 7/14/2023) (Entered: 07/14/2023) |
| 07/14/2023 | 546 | 33.4 MB | MOTION to Certify Class *and for Appointment of Class Representatives and Class Counsel [REDACTED]* filed by Consolidated Plaintiffs. Responses due by 9/29/2023. Replies due by 11/17/2023. (Attachments: # 1 Appendix, # 2 Declaration of Elizabeth C. Pritzker in Support, # 3 Exhibit 1 - Redacted Version of Expert Class Certification Report of Prof. Z. Shafiq, # 4 Exhibit 2 - Redacted Version of Expert Class Certification Report of Prof. C. Wilson, # 5 Exhibit 3 - Redacted Version of Expert Class Certification Report of Prof. R. Zeithammer, # 6 Exhibit 4 - Redacted Version of Expert Class Certification Report of G. Regan, CPA/CFF, CFE, # 7 Exhibit 5 - Redacted Version of Expert Class Certification Report of Prof. N. Richards, # 8 Exhibit 6 - Excerpts of depo. transcr. of named plaintiff T. Diggs, # 9 Exhibit 7 - Excerpts of depo. transcr. of named plaintiff R. Green, # 10 Exhibit 8 - Excerpts of depo. transcr. of named plaintiff J. Kevranian, # 11 Exhibit 9 - Excerpts of depo. transcr. of named plaintiff S. Toronto, # 12 Exhibit 10 - Excerpts of depo. transcr. of named plaintiff C. Valencia, # 13 Exhibit 11 - Excerpts of depo. transcr. of named plaintiff K. Woodruff, # 14 Exhibit 12 - [document filed entirely under seal], # 15 Exhibit 13 - [document filed entirely under seal], # 16 Exhibit 14 - Interrogatory Responses, # 17 Exhibit 15 - [document filed entirely under seal], # 18 Exhibit 16 - map of content verticals, # 19 Exhibit 17 - [document filed entirely under seal], # 20 Exhibit 18 - [document filed entirely under seal], # 21 Exhibit 19 - [document filed entirely under seal], # 22 Exhibit 20 - [document filed entirely under seal], # 23 Exhibit 21 - [document filed entirely under seal], |

| | | | |
|---|---|---|---|
| | | | # 24 Exhibit 22 - [document filed entirely under seal], # 25 Exhibit 23 - [document filed entirely under seal], # 26 Exhibit 24 - [document filed entirely under seal], # 27 Exhibit 25 - [document filed entirely under seal], # 28 Exhibit 26 - [document filed entirely under seal], # 29 Exhibit 27 - Request for Production Responses, # 30 Exhibit 28 - Firm Resume of Pritzker Levine LLP, # 31 Exhibit 29 - Firm Resume of Bleichmar Fonti & Auld LLP, # 32 Exhibit 30 - Firm Resume of Cotchett Pitre & McCarthy LLP, # 33 Exhibit 31 - Firm Resume of Simmons Hanly Conroy LLC, # 34 Exhibit 32 - Firm Resume of DiCello Levitt LLC, # 35 Exhibit 33 - Firm Resume of Bottini & Bottini, Inc., # 36 Declaration of Bethany Caracuzzo in Support, # 37 Exhibit 34 - 9/10/2015 Google Privacy & Terms, # 38 Exhibit 35 - 6/28/2016 Google Privacy Policy, # 39 Exhibit 36 - 5/25/2018 Google Privacy Policy, # 40 Exhibit 37 - Google Safety Center, # 41 Exhibit 38 - Google's "How Our Business Works", # 42 Exhibit 39 - Google's Terms of Service eff. 3/31/2020, # 43 Exhibit 40 - 3/31/2020 Google Privacy Policy, # 44 Exhibit 41 - Google's Terms of Service eff. 1/5/2022, # 45 Exhibit 42 - [document filed entirely under seal], # 46 Proposed Order [REDACTED])(Pritzker, Elizabeth) (Filed on 7/14/2023) (Attachment 3 replaced on 8/11/2023) (wsn, COURT STAFF). (Attachment 4 replaced on 8/11/2023) (wsn, COURT STAFF). (Attachment 5 replaced on 8/11/2023) (wsn, COURT STAFF). (Attachment 6 replaced on 8/11/2023) (wsn, COURT STAFF). (Entered: 07/14/2023) |
| 07/14/2023 | 547 | ☐ 859.9 KB | Administrative Motion to File Under Seal filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Jonathan K. Levine, # 2 Proposed Order, # 3 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 7/14/2023) (Entered: 07/14/2023) |
| 07/14/2023 | 548 | ☐ 420.6 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. The New York Times' Materials* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order)(Davis, Anne) (Filed on 7/14/2023) (Entered: 07/14/2023) |
| 07/14/2023 | 549 | ☐ 419.6 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. The Trade Desk, Inc.'s Materials* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order)(Davis, Anne) (Filed on 7/14/2023) (Entered: 07/14/2023) |
| 07/14/2023 | 550 | ☐ 509.5 KB | STIPULATION WITH PROPOSED ORDER *Joint Stipulation and Proposed Order to Extend Time to Seal Briefing in Connection with Plaintiffs' Motion for Class Certification* filed by Google LLC. (Attachments: # 1 Declaration of Aarti Reddy)(Reddy, Aarti) (Filed on 7/14/2023) (Entered: 07/14/2023) |
| 07/19/2023 | 551 | ☐ 115.5 KB | NOTICE of Change In Counsel by Angelica Maria Ornelas (Ornelas, Angelica) (Filed on 7/19/2023) (Entered: 07/19/2023) |
| 07/20/2023 | 552 | ☐ 322.8 KB | **JOINT STIPULATION AND ORDER TO EXTEND TIME TO SEAL BRIEFING IN CONNECTION WITH PLAINTIFFS' MOTION FOR CLASS CERTIFICATION by Judge Yvonne Gonzalez Rogers granting 550 Stipulation. (kc, COURT STAFF) (Filed on 7/20/2023) (Entered: 07/20/2023)** |
| 07/24/2023 | 553 | ☐ 688.0 KB | MOTION for Relief from July 10, 2023 Non-Dispositive Pretrial Order of Magistrate Judge re 543 Order on Discovery Letter Brief filed by Consolidated Plaintiffs. Responses due by 8/7/2023. Replies due by 8/14/2023. (Attachments: # 1 Proposed Order)(Pritzker, Elizabeth) (Filed on 7/24/2023) (Entered: 07/24/2023) |

| | | | |
|---|---|---|---|
| 08/01/2023 | 554 | 725.7 KB | Discovery Letter Brief *re: Exceeding Presumptive Rule 30(a) Deposition Limit* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 8/1/2023) (Entered: 08/01/2023) |
| 08/02/2023 | 555 | | CLERK'S NOTICE SETTING HEARING. A Discovery Hearing Re Discovery Letter Brief 554 *re: Exceeding Presumptive Rule 30(a) Deposition Limit* is set for 8/22/2023 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. This is an in court proceeding all appearances shall be in person. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 8/2/2023) (Entered: 08/02/2023) |
| 08/04/2023 | 556 | 676.6 KB | Statement re 548 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. The New York Times' Materials Non-Party The New York Times Company's Statement in Support of Sealing Certain Confidential Material* by The New York Times Company. (Attachments: # 1 Declaration of James Glogovsky, # 2 Proposed Order)(Blaisdell, Demetri) (Filed on 8/4/2023) (Entered: 08/04/2023) |
| 08/04/2023 | 557 | | EXHIBITS re 548 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. The New York Times' Materials Unredacted Version of Wilson Expert Report with Narrowed Redactions Submitted with Non-Party The New York Times Company's Statement in Support of Sealing Certain Confidential Material (ECF No. 556)* filed byThe New York Times Company. (Related document(s) 548 ) (Blaisdell, Demetri) (Filed on 8/4/2023) (Entered: 08/04/2023) |
| 08/04/2023 | 558 | 14.1 MB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 545)* filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian, # 2 Proposed Order, # 3 Exhibit A (REDACTED), # 4 Exhibit B (REDACTED), # 5 Exhibit C (REDACTED), # 6 Exhibit D (REDACTED), # 7 Exhibit E (REDACTED), # 8 Exhibit F (REDACTED), # 9 Exhibit G (REDACTED), # 10 Exhibit H (SEALED), # 11 Exhibit I (SEALED), # 12 Exhibit J (SEALED), # 13 Exhibit K (REDACTED), # 14 Exhibit L (REDACTED), # 15 Exhibit M (SEALED), # 16 Exhibit N (SEALED), # 17 Exhibit O (SEALED), # 18 Exhibit P (SEALED), # 19 Exhibit Q (SEALED), # 20 Exhibit R (SEALED), # 21 Exhibit S (REDACTED), # 22 Exhibit T (SEALED), # 23 Exhibit A (UNREDACTED), # 24 Exhibit B (UNREDACTED), # 25 Exhibit C (UNREDACTED), # 26 Exhibit D (UNREDACTED), # 27 Exhibit E (UNREDACTED), # 28 Exhibit F (UNREDACTED), # 29 Exhibit G (UNREDACTED), # 30 Exhibit H (UNSEALED), # 31 Exhibit I (UNSEALED), # 32 Exhibit J (UNSEALED), # 33 Exhibit K (UNREDACTED), # 34 Exhibit L (UNREDACTED), # 35 Exhibit M (UNSEALED), # 36 Exhibit N (UNSEALED), # 37 Exhibit O (UNSEALED), # 38 Exhibit P (UNSEALED), # 39 Exhibit Q (UNSEALED), # 40 Exhibit R (UNSEALED), # 41 Exhibit S (UNREDACTED), # 42 Exhibit T (UNSEALED))(Somvichian, Whitty) (Filed on 8/4/2023) (Entered: 08/04/2023) |
| 08/04/2023 | 559 | 397.9 KB | MOTION to Remove Incorrectly Filed Document *(ECF Nos. 546-3, 546-4, 546-5, 546-6)* filed by Google LLC. (Attachments: # 1 Proposed Order) (Somvichian, Whitty) (Filed on 8/4/2023) (Entered: 08/04/2023) |
| 08/10/2023 | 560 | 190.6 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 559 Motion to Remove Incorrectly Filed Document. (eac, COURT STAFF) (Filed on 8/10/2023) (Entered: 08/10/2023)** |

| | | | |
|---|---|---|---|
| 08/14/2023 | 561 | 762.8 KB | Administrative Motion to File Under Seal *Google's Administrative Motion to Seal Portions of the May 16, 2023 Hearing Transcript* filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian, # 2 Exhibit A (UNREDACTED), # 3 Proposed Order)(Somvichian, Whitty) (Filed on 8/14/2023) (Entered: 08/14/2023) |
| 08/17/2023 | 562 | 676.2 KB | Letter Brief *(Joint) Re. Plaintiffs' Amended Rule 30(b)(6) Deposition Notice* filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Pritzker, Elizabeth) (Filed on 8/17/2023) Modified on 8/21/2023 (vkdlc1, COURT STAFF). (Entered: 08/17/2023) |
| 08/18/2023 | 563 | 190.9 KB | OPPOSITION/RESPONSE (re 561 Administrative Motion to File Under Seal *Google's Administrative Motion to Seal Portions of the May 16, 2023 Hearing Transcript* ) filed byConsolidated Plaintiffs. (Samra, Joshua) (Filed on 8/18/2023) (Entered: 08/18/2023) |
| 08/21/2023 | 564 | 99.9 KB | **Order Denying 561 Google's Administrative Motion to Seal May 16, 2023 Hearing Transcript Without Prejudice; Provisionally Sealing Transcript. Google may file a revised administrative motion to seal by 8/28/2023. Signed by Magistrate Judge Virginia K. DeMarchi on 8/21/2023. (vkdlc1, COURT STAFF) (Filed on 8/21/2023) (Entered: 08/21/2023)** |
| 08/22/2023 | 565 | | Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Discovery Hearing re Joint Discovery Letter 554 held on 8/22/2023.<br><br>The Court heard oral argument. The Court to issue the order.<br><br><br>Plaintiff Attorney: Lesley Weaver, Bethany Caracuzzo<br>Defendant Attorney: Aarti Reddy, Anu Dhillon<br><br>No Court Reporter: Digital Recording Liberty: 10:05-11:11am. Total: 1hour 6 min.<bt><br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (sfb, COURT STAFF) (Date Filed: 8/22/2023) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 8/23/2023 (kab, COURT STAFF). (Entered: 08/22/2023) |
| 08/22/2023 | 566 | 90.0 KB | **Order Requesting Supplemental Submission re Dkt. No. 554 . Signed by Magistrate Judge Virginia K. DeMarchi on 8/22/2023. (vkdlc1, COURT STAFF) (Filed on 8/22/2023) (Entered: 08/22/2023)** |
| 08/22/2023 | 567 | 496.8 KB | OPPOSITION/RESPONSE (re 558 Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 545)*, 545 Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [Civil L.R. 79-5(f)] - Re. Google's Materials* ) filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit 1 - Plaintiffs' Positions)(Straite, David) (Filed on 8/22/2023) (Entered: 08/22/2023) |
| 08/22/2023 | 568 | 138.7 KB | TRANSCRIPT ORDER for proceedings held on 8/22/2023 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Court Reporter Recorded Proceeding - San Jose. (Reddy, Aarti) (Filed on 8/22/2023) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 8/23/2023 (kab, COURT STAFF). (Entered: 08/22/2023) |

| | | | |
|---|---|---|---|
| 08/22/2023 | 569 | 111.5 KB | TRANSCRIPT ORDER for proceedings held on 08/22/2023 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Court Reporter Recorded Proceeding - San Jose. (Davis, Anne) (Filed on 8/22/2023) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 8/23/2023 (kab, COURT STAFF). (Entered: 08/22/2023) |
| 08/24/2023 | 570 | 262.8 KB | Transcript of Proceedings held on 08/22/23, before Judge Magistrate Judge Virginia K. DeMarchi. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: 10:05 - 11:11. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 568 Transcript Order, ) Redaction Request due 9/14/2023. Redacted Transcript Deadline set for 9/25/2023. Release of Transcript Restriction set for 11/22/2023. (Related documents(s) 568 ) (Jauregui, Tara) (Filed on 8/24/2023) (Entered: 08/24/2023) |
| 08/28/2023 | 571 | 1.0 MB | Administrative Motion to File Under Seal *Google LLC's Revised Administrative Motion to Seal Portions of the May 16, 2023 Hearing Transcript* filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian, # 2 Exhibit A (UNREDACTED), # 3 Exhibit A (REDACTED), # 4 Proposed Order) (Somvichian, Whitty) (Filed on 8/28/2023) (Entered: 08/28/2023) |
| 08/31/2023 | 572 | 1.5 MB | Letter from Plaintiffs and Defendant Google LLC - *Joint Supplemental Submission re. Proposed Rule 30(b)(6) Deposition Topics in Response to August 22, 2023 Order (ECF No. 566)*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D [Redacted])(Pritzker, Elizabeth) (Filed on 8/31/2023) (Entered: 08/31/2023) |
| 08/31/2023 | 573 | 566.7 KB | Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal Portions of Interrogatory Responses (ECF No. 566)* filed by Google LLC. (Attachments: # 1 Declaration of A. Reddy, # 2 Exhibit A (UNREDACTED), # 3 Proposed Order)(Reddy, Aarti) (Filed on 8/31/2023) (Entered: 08/31/2023) |
| 09/01/2023 | 574 | 306.2 KB | OPPOSITION/RESPONSE (re 571 Administrative Motion to File Under Seal *Google LLC's Revised Administrative Motion to Seal Portions of the May 16, 2023 Hearing Transcript* ) filed byConsolidated Plaintiffs. (Attachments: # 1 Exhibit 1)(Samra, Joshua) (Filed on 9/1/2023) (Entered: 09/01/2023) |
| 09/07/2023 | 575 | 418.4 KB | ADMINISTRATIVE MOTION and [PROPOSED] ORDER to Extend Page Limit on Opposition *Google LLC's Administrative Motion to Extend Page Limit for Google's Opposition to Plaintiffs' Motion for Class Certification* filed by Google LLC. Responses due by 9/11/2023. (Attachments: # 1 Declaration of Aarti Reddy in Support of Google's Administrative Motion to Extend Page Limit for Google's Opposition to Plaintiffs' Motion for Class Certification, # 2 Proposed Order Re Google's Administrative Motion to Extend Page Limit for Google's Opposition to Plaintiffs' Motion for Class Certification) (Reddy, Aarti) (Filed on 9/7/2023) (Entered: 09/07/2023) |
| 09/08/2023 | 576 | 177.7 KB | **Order re August 2023 Discovery Disputes re Plaintiffs' Depositions of Google. (Dkt. Nos. 554 , 562 ) Signed by Magistrate Judge Virginia K. DeMarchi on 9/8/2023. (vkdlc1, COURT STAFF) (Filed on 9/8/2023) (Entered: 09/08/2023)** |

| | | | |
|---|---|---|---|
| 09/11/2023 | 577 | 106.4 KB | **Order by Magistrate Judge Virginia K. DeMarchi granting in part 571 Motion to Seal May 16, 2023 Hearing. Signed on 9/11/2023. (vkdlc1, COURT STAFF) (Filed on 9/11/2023) (Entered: 09/11/2023)** |
| 09/11/2023 | 578 | 193.4 KB | OPPOSITION/RESPONSE (re 575 ADMINISTRATIVE MOTION to Extend Page Limit on Opposition *Google LLC's Administrative Motion to Extend Page Limit for Google's Opposition to Plaintiffs' Motion for Class Certification* ) filed byConsolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 9/11/2023) (Entered: 09/11/2023) |
| 09/11/2023 | 579 | 95.3 KB | **Order by Magistrate Judge Virginia K. DeMarchi granting 573 Administrative Motion to File Under Seal. Signed on 9/11/2023. (vkdlc1, COURT STAFF) (Filed on 9/11/2023) (Entered: 09/11/2023)** |
| 09/13/2023 | 580 | | Redaction of 512 Transcript,,, (Related documents(s) 512 ) (Jauregui, Tara) (Filed on 9/13/2023) (Entered: 09/13/2023) |
| 09/20/2023 | 581 | | **Order Granting in part and Denying in part 575 Administrative Motion. For parity, defendant may add two pages FOR THE SOLE PURPOSE of listing a Statement of Issues to be Decided. As a "notice" is not required, a third page is denied. Counsel should also be reflect on whether the request was judicious in the first instance and all counsel shall do better in heeding the court's rules. The parties' conduct does not reflect well. Entered by Judge Yvonne Gonzalez Rogers. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (Entered: 09/20/2023)** |
| 09/29/2023 | 582 | 529.4 KB | MOTION Daubert Motion to Exclude Plaintiffs' Expert Neil Richards filed by Google LLC. Responses due by 10/13/2023. Replies due by 10/20/2023. (Attachments: # 1 Proposed Order)(Wong, Kyle) (Filed on 9/29/2023) (Entered: 09/29/2023) |
| 09/29/2023 | 583 | 963.4 KB | Administrative Motion to File Under Seal *Class Certification Opposition Briefing* filed by Google LLC. (Attachments: # 1 Declaration of S. Vakharia, # 2 Declaration of G. Berntson, # 3 (REDACTED) Google's Opposition to Class Certification, # 4 (UNREDACTED) Google's Opposition to Class Certification, # 5 Proposed Order)(Somvichian, Whitty) (Filed on 9/29/2023) (Entered: 09/29/2023) |
| 09/29/2023 | 584 | 12.3 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Declaration of Whitty Somvichian in Support of* filed byGoogle LLC. (Attachments: # 1 Exhibit (REDACTED) Ex. 1 to Dec. of W. Somvichian *** **DOCUMENT LOCKED AT FILER'S REQUEST. DOCUMENT TO BE REFILED LATER.** *** , # 2 Exhibit (UNREDACTED) Ex. 1 to Dec. of W. Somvichian, # 3 Exhibit (REDACTED) Ex. 2 to Dec. of W. Somvichian, # 4 Exhibit (UNREDACTED) Ex. 2 to Dec. of W. Somvichian, # 5 Exhibit (REDACTED) Ex. 3 to Dec. of W. Somvichian, # 6 Exhibit (UNREDACTED) Ex. 3 to Dec. of W. Somvichian, # 7 Exhibit (REDACTED) Ex. 4 to Dec. of W. Somvichian, # 8 Exhibit (UNREDACTED) Ex. 4 to Dec. of W. Somvichian, # 9 Exhibit Ex. 5 to Dec. of W. Somvichian, # 10 Exhibit (REDACTED) Ex. 6 to Dec. of W. Somvichian, # 11 Exhibit (UNREDACTED) Ex. 6 to Dec. of W. Somvichian)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/29/2023) Modified on 10/3/2023 (ewn, COURT STAFF). (Entered: 09/29/2023) |
| 09/29/2023 | 585 | 4.2 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Exhibits 7-20 to Declaration of Whitty Somvichian* filed |

| | | | |
|---|---|---|---|
| | | | byGoogle LLC. (Attachments: # 1 Exhibit (REDACTED) Ex. 7 to Dec. of W. Somvichian *** **DOCUMENT LOCKED AT FILER'S REQUEST. DOCUMENT TO BE REFILED LATER.** *** , # 2 Exhibit (UNREDACTED) Ex. 7 to Dec. of W. Somvichian, # 3 Exhibit (REDACTED) Ex. 8 to Dec. of W. Somvichian, # 4 Exhibit (UNREDACTED) Ex. 8 to Dec. of W. Somvichian, # 5 Exhibit Ex. 9 to Dec. of W. Somvichian, # 6 Exhibit (REDACTED) Ex. 10 to Dec. of W. Somvichian, # 7 Exhibit (UNREDACTED) Ex. 10 to Dec. of W. Somvichian, # 8 Exhibit Ex.11 to Dec. of W. Somvichian, # 9 Exhibit (REDACTED) Ex. 12 to Dec. of W. Somvichian, # 10 Exhibit (UNREDACTED) Ex. 12 to Dec. of W. Somvichian, # 11 Exhibit Ex. 13 to Dec. of W. Somvichian, # 12 Exhibit (REDACTED) Ex. 14 to Dec. of W. Somvichian, # 13 Exhibit (UNREDACTED) Ex. 14 to Dec. of W. Somvichian, # 14 Exhibit Ex. 15 to Dec. of W. Somvichian, # 15 Exhibit (REDACTED) Ex. 16 to Dec. of W. Somvichian, # 16 Exhibit (UNREDACTED) Ex. 16 to Dec. of W. Somvichian, # 17 Exhibit (REDACTED) Ex. 17 to Dec. of W. Somvichian, # 18 Exhibit (UNREDACTED) Ex. 17 to Dec. of W. Somvichian, # 19 Exhibit Ex. 18 to Dec. of W. Somvichian, # 20 Exhibit Ex. 19 to Dec. of W. Somvichian, # 21 Exhibit (REDACTED) Ex. 20 to Dec. of W. Somvichian, # 22 Exhibit (UNREDACTED) Ex. 20 to Dec. of W. Somvichian)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/29/2023) Modified on 10/3/2023 (ewn, COURT STAFF). (Entered: 09/29/2023) |
| 09/29/2023 | 586 | 276.6 KB | ADMINISTRATIVE MOTION MOTION TO CONSIDER WHETHER ANOTHER PARTYS MATERIALS SHOULD BE SEALED Re NY TIMES re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing* filed by Google LLC. Responses due by 10/3/2023. (Attachments: # 1 Proposed Order Re NY Times Documents)(Somvichian, Whitty) (Filed on 9/29/2023) (Entered: 09/29/2023) |
| 09/30/2023 | 587 | 276.4 KB | ADMINISTRATIVE MOTION MOTION TO CONSIDER WHETHER ANOTHER PARTYS MATERIALS SHOULD BE SEALED Re TRADE DESK DOCUMENTS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing* filed by Google LLC. Responses due by 10/3/2023. (Attachments: # 1 Proposed Order Re Trade Desk Documents) (Somvichian, Whitty) (Filed on 9/29/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 588 | 281.1 KB | ADMINISTRATIVE MOTION MOTION TO CONSIDER WHETHER ANOTHER PARTYS MATERIALS SHOULD BE SEALED Re Plaintiffs' Documents re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing* filed by Google LLC. Responses due by 10/4/2023. (Attachments: # 1 Supplement Re Plaintiffs' Documents)(Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 589 | 1.1 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Exhibits 21-25 to Declaration of Whitty Somvichian* filed byGoogle LLC. (Attachments: # 1 Exhibit (SEALED) Ex. 21 to Dec. of W. Somvichian, # 2 Exhibit (UNSEALED) Ex. 21 to Dec. of W. Somvichian, # 3 Exhibit (SEALED) Ex. 22 to Dec. of W. Somvichian, # 4 Exhibit (UNSEALED) Ex. 22 to Dec. of W. Somvichian, # 5 Exhibit (SEALED) Ex. 23 to Dec. of W. Somvichian, # 6 Exhibit (UNSEALED) Ex. 23 to Dec. of W. Somvichian, # 7 Exhibit (SEALED) Ex. 24 to Dec. of W. Somvichian, # 8 Exhibit (UNSEALED) Ex. 24 to Dec. of W. Somvichian, # 9 Exhibit (SEALED) Ex. 25 to Dec. of W. Somvichian, # 10 Exhibit (UNSEALED) Ex. 25 to Dec. of W. Somvichian)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |

| | | | |
|---|---|---|---|
| 09/30/2023 | 590 | 4.4 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Exhibits 26-35 to Declaration of Whitty Somvichian* filed byGoogle LLC. (Attachments: # 1 Exhibit (SEALED) Ex. 26 to Dec. of W. Somvichian, # 2 Exhibit (UNSEALED) Ex. 26 to Dec. of W. Somvichian, # 3 Exhibit (REDACTED) Ex. 27 to Dec. of W. Somvichian, # 4 Exhibit (UNREDACTED) Ex. 27 to Dec. of W. Somvichian, # 5 Exhibit (SEALED) Ex. 28 to Dec. of W. Somvichian, # 6 Exhibit (UNSEALED) Ex. 28 to Dec. of W. Somvichian, # 7 Exhibit (SEALED) Ex. 29 to Dec. of W. Somvichian, # 8 Exhibit (UNSEALED) Ex. 29 to Dec. of W. Somvichian, # 9 Exhibit Ex. 30 to Dec. of W. Somvichian, # 10 Exhibit Ex. 31 to Dec. of W. Somvichian, # 11 Exhibit Ex. 32 to Dec. of W. Somvichian, # 12 Exhibit (SEALED) Ex. 33 to Dec. of W. Somvichian, # 13 Exhibit (UNSEALED) Ex. 33 to Dec. of W. Somvichian, # 14 Exhibit (SEALED) Ex. 34 to Dec. of W. Somvichian, # 15 Exhibit (UNSEALED) Ex. 34 to Dec. of W. Somvichian, # 16 Exhibit (SEALED) Ex. 35 to Dec. of W. Somvichian, # 17 Exhibit (UNSEALED) Ex. 35 to Dec. of W. Somvichian)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 591 | 3.9 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Exhibits 36-48 to Declaration of Whitty Somvichian* filed byGoogle LLC. (Attachments: # 1 Exhibit (SEALED) Ex. 36 to Dec. of W. Somvichian, # 2 Exhibit (UNSEALED) Ex. 36 to Dec. of W. Somvichian, # 3 Exhibit (SEALED) Ex. 37 to Dec. of W. Somvichian, # 4 Exhibit (UNSEALED) Ex. 37 to Dec. of W. Somvichian, # 5 Exhibit (SEALED) Ex. 38 to Dec. of W. Somvichian, # 6 Exhibit (UNSEALED) Ex. 38 to Dec. of W. Somvichian, # 7 Exhibit (SEALED) Ex. 39 to Dec. of W. Somvichian, # 8 Exhibit (UNSEALED) Ex. 39 to Dec. of W. Somvichian, # 9 Exhibit (SEALED) Ex. 40 to Dec. of W. Somvichian, # 10 Exhibit (UNSEALED) Ex. 40 to Dec. of W. Somvichian, # 11 Exhibit (SEALED) Ex. 41 to Dec. of W. Somvichian, # 12 Exhibit (UNSEALED) Ex. 41 to Dec. of W. Somvichian, # 13 Exhibit (SEALED) Ex. 42 to Dec. of W. Somvichian, # 14 Exhibit (UNSEALED) Ex. 42 to Dec. of W. Somvichian, # 15 Exhibit Ex. 43 to Dec. of W. Somvichian, # 16 Exhibit Ex. 44 to Dec. of W. Somvichian, # 17 Exhibit Ex. 45 to Dec. of W. Somvichian, # 18 Exhibit Ex. 46 to Dec. of W. Somvichian, # 19 Exhibit Ex. 47 to Dec. of W. Somvichian, # 20 Exhibit Ex. 48 to Declaration of W. Somvichian)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 592 | 12.7 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Declarations and Exhibits for G. Berntson and S. Vakharia* filed byGoogle LLC. (Attachments: # 1 Declaration (UNREDACTED) Dec. of G. Berntson ISO Google's Opposition to Class Certification, # 2 Exhibit Ex. 1 to Dec. of G. Berntson, # 3 Exhibit Ex. 2 to Dec. of G. Berntson, # 4 Declaration (REDACTED) Dec. of S. Vakharia, # 5 Declaration (UNREDACTED) Dec. of S. Vakharia, # 6 Exhibit Exhibit 1 to Dec. of S. Vakharia, # 7 Exhibit Exhibit 2 to Dec. of S. Vakharia, # 8 Exhibit Exhibit 3 to Dec. of S. Vakharia, # 9 Exhibit Exhibit 4 to Dec. of S. Vakharia, # 10 Exhibit Exhibit 5 to Dec. of S. Vakharia, # 11 Exhibit Exhibit 6 to Dec. of S. Vakharia, # 12 Exhibit Exhibit 7 to Dec. of S. Vakharia)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 593 | 11.3 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Declaration of H. Hanzarik and Exhibits 1-10* filed byGoogle LLC. (Attachments: # 1 Exhibit Exhibit 1 to Dec. of H. Hanzarik, # 2 Exhibit Exhibit 2 to Dec. of H. Hanzarik, # 3 Exhibit Exhibit 3 to Dec. of H. |

| | | | |
|---|---|---|---|
| | | | Hanzarik, # 4 Exhibit Exhibit 4 to Dec. of H. Hanzarik, # 5 Exhibit Exhibit 5 to Dec. of H. Hanzarik, # 6 Exhibit Exhibit 6 to Dec. of H. Hanzarik, # 7 Exhibit Exhibit 7 to Dec. of H. Hanzarik, # 8 Exhibit Exhibit 8 to Dec. of H. Hanzarik, # 9 Exhibit Exhibit 9 to Dec. of H. Hanzarik, # 10 Exhibit Exhibit 10 to Dec. of H. Hanzarik)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 594 | 14.9 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Exhibits 11-20 to Declaration of H. Hanzarik* filed byGoogle LLC. (Attachments: # 1 Exhibit 11, # 2 Exhibit 12, # 3 Exhibit 13, # 4 Exhibit 14, # 5 Exhibit 15, # 6 Exhibit 16, # 7 Exhibit 17, # 8 Exhibit 18, # 9 Exhibit 19, # 10 Exhibit 20)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 595 | 10.9 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Exhibits 21-30 to H. Hanzarik Declaration* filed byGoogle LLC. (Attachments: # 1 Exhibit 21, # 2 Exhibit 22, # 3 Exhibit 23, # 4 Exhibit 24, # 5 Exhibit 25, # 6 Exhibit 26, # 7 Exhibit 27, # 8 Exhibit 28, # 9 Exhibit 29, # 10 Exhibit 30)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 596 | 10.8 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Exhibits 31-45 to H. Hanzarik Declaration* filed byGoogle LLC. (Attachments: # 1 Exhibit 31, # 2 Exhibit 32, # 3 Exhibit 33, # 4 Exhibit 34, # 5 Exhibit 35, # 6 Exhibit 36, # 7 Exhibit 37, # 8 Exhibit 38, # 9 Exhibit 39, # 10 Exhibit 40, # 11 Exhibit 41, # 12 Exhibit 42, # 13 Exhibit 43, # 14 Exhibit 44, # 15 Exhibit 45)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 597 | 20.8 MB | EXHIBITS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing Exhibits 46-62 to Declaration of H. Hanzarik* filed byGoogle LLC. (Attachments: # 1 Exhibit 46, # 2 Exhibit 47, # 3 Exhibit 48, # 4 Exhibit 49, # 5 Exhibit 50, # 6 Exhibit 51, # 7 Exhibit 52, # 8 Exhibit 53, # 9 Exhibit 54, # 10 Exhibit 55, # 11 Exhibit 56, # 12 Exhibit 57, # 13 Exhibit 58, # 14 Exhibit 59, # 15 Exhibit 60, # 16 Exhibit 61, # 17 Exhibit 62)(Related document(s) 583 ) (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 598 | 146.6 KB | CERTIFICATE OF SERVICE by Google LLC re 587 ADMINISTRATIVE MOTION MOTION TO CONSIDER WHETHER ANOTHER PARTYS MATERIALS SHOULD BE SEALED Re TRADE DESK DOCUMENTS re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing* , 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing* (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 599 | 146.9 KB | CERTIFICATE OF SERVICE by Google LLC re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing*, 586 ADMINISTRATIVE MOTION MOTION TO CONSIDER WHETHER ANOTHER PARTYS MATERIALS SHOULD BE SEALED Re NY TIMES re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing* (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 09/30/2023 | 600 | 165.7 KB | CERTIFICATE OF SERVICE by Google LLC re 591 Exhibits to an Administrative Motion to File Under Seal,,,,, 590 Exhibits to an Administrative Motion to File Under Seal,,,, 589 Exhibits to an Administrative Motion to File Under Seal,,, 583 Administrative Motion to File Under Seal *Class Certification* |

| | | | |
|---|---|---|---|
| | | | *Opposition Briefing*, 585 Exhibits to an Administrative Motion to File Under Seal,,,,,, 584 Exhibits to an Administrative Motion to File Under Seal,,, (Somvichian, Whitty) (Filed on 9/30/2023) (Entered: 09/30/2023) |
| 10/03/2023 | 601 | 157.0 KB | MOTION to Remove Incorrectly Filed Document *(ECF Nos. 584-1 and 585-1)* filed by Google LLC. (Somvichian, Whitty) (Filed on 10/3/2023) Modified on 2/7/2024 to terminate motion as Moot (eac, COURT STAFF). (Entered: 10/03/2023) |
| 10/03/2023 | 602 | 7.2 MB | Administrative Motion to File Under Seal *CORRECTION OF DOCKET EXHIBITS* filed by Google LLC. (Attachments: # 1 Exhibit Exhibit 1 to Declaration of Whitty Somvichian (UNREDACTED) (CORRECTION OF DOCKET # [584-1]), # 2 Exhibit Exhibit 1 to Declaration of Whitty Somvichian (REDACTED) (CORRECTION OF DOCKET # [584-2]), # 3 Exhibit Exhibit 3 to Declaration of Whitty Somvichian (UNREDACTED) (CORRECTION OF DOCKET # [584-6]), # 4 Exhibit Exhibit 7 to Declaration of Whitty Somvichian (UNREDACTED) (CORRECTION OF DOCKET # [585-1]), # 5 Exhibit Exhibit 7 to Declaration of Whitty Somvichian (REDACTED) (CORRECTION OF DOCKET # [585-2]))(Somvichian, Whitty) (Filed on 10/3/2023) (Entered: 10/03/2023) |
| 10/05/2023 | 603 | 257.9 KB | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC-18711334.) filed by The New York Times Company. (Attachments: # 1 Exhibit Certificate of Good Standing)(Blaisdell, Demetri) (Filed on 10/5/2023) (Entered: 10/05/2023) |
| 10/05/2023 | 604 | 9.5 MB | Statement re 586 ADMINISTRATIVE MOTION MOTION TO CONSIDER WHETHER ANOTHER PARTYS MATERIALS SHOULD BE SEALED Re NY TIMES re 583 Administrative Motion to File Under Seal *Class Certification Opposition Briefing* by The New York Times Company. (Attachments: # 1 Declaration of James Glogovsky, # 2 Proposed Order, # 3 Unredacted Version of Google Opposition to Plaintiffs' Motion for Class Certification with Narrowed Redactions, # 4 Unredacted Version of Striegel Expert Report with Narrowed Redactions)(Blaisdell, Demetri) (Filed on 10/5/2023) (Entered: 10/05/2023) |
| 10/10/2023 | 605 | 179.1 KB | STIPULATION WITH PROPOSED ORDER re 582 MOTION Daubert Motion to Exclude Plaintiffs' Expert Neil Richards *Joint Stipulation and Proposed Order Revising Briefing Schedule on ECF No. 582* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 10/10/2023) (Entered: 10/10/2023) |
| 10/17/2023 | 606 | 341.1 KB | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 603 Motion for Pro Hac Vice. (eac, COURT STAFF) (Filed on 10/17/2023) (Entered: 10/17/2023)** |
| 10/20/2023 | 607 | 187.4 KB | STIPULATION WITH PROPOSED ORDER re 534 Order on Stipulation, *Joint Stipulation and [Proposed] Order Extending Deadline for Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 10/20/2023) (Entered: 10/20/2023) |
| 10/20/2023 | 608 | 633.0 KB | Administrative Motion to File Under Seal *Named Plaintiff Confidential Information in Defendant Google's Opposition to Plaintiffs' Motion for Class Certification [See ECF Nos. 588, 602]* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Jonathan K. Levine in support, # 2 Proposed Order)(Pritzker, Elizabeth) (Filed on 10/20/2023) (Entered: 10/20/2023) |

| | | | |
|---|---|---|---|
| 10/24/2023 | 609 | 291.8 KB | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC-18766879.) filed by Consolidated Plaintiffs. (Attachments: # 1 Certificate of Good Standing)(Mather, H Melissa) (Filed on 10/24/2023) (Entered: 10/24/2023) |
| 10/24/2023 | 610 | 181.8 KB | **Order Application for Admission of Attorney Pro Hac Vice by Judge Yvonne Gonzalez Rogers Granting 609 Motion for Pro Hac Vice (Melissa Mather). (eac, COURT STAFF) (Filed on 10/24/2023) (Entered: 10/24/2023)** |
| 10/24/2023 | 611 | 221.2 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 605 Stipulation Revising Briefing Schedule on Google LLC's Motion to Exclude Plaintiff's Expert Neil Richards. (eac, COURT STAFF) (Filed on 10/24/2023) (Entered: 10/24/2023)** |
| 10/26/2023 | 612 | 197.1 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 607 Stipulation Extending Deadline for Plaintiff's Reply in Support of Plaintiff's Motion for Class Certification. Plaintiff's Reply due by 11/29/2023. (eac, COURT STAFF) (Filed on 10/26/2023) (Entered: 10/26/2023)** |
| 10/27/2023 | 613 | 2.1 MB | OPPOSITION/RESPONSE (re 582 MOTION Daubert Motion to Exclude Plaintiffs' Expert Neil Richards ) filed byConsolidated Plaintiffs. (Attachments: # 1 Declaration of Elizabeth C. Pritzker, # 2 Exhibit 1, # 3 Exhibit 2)(Danitz, Brian) (Filed on 10/27/2023) (Entered: 10/27/2023) |
| 10/31/2023 | 614 | 259.6 KB | NOTICE by Salvatore Toronto *OF WITHDRAWAL OF COUNSEL Yury A. Kolesnikov* (Kolesnikov, Yury) (Filed on 10/31/2023) (Entered: 10/31/2023) |
| 11/14/2023 | 615 | 1.5 MB | REPLY (re 582 MOTION Daubert Motion to Exclude Plaintiffs' Expert Neil Richards ) filed byGoogle LLC. (Attachments: # 1 Declaration of Kyle Wong in Support of Google LLCs Daubert Reply Brief to Exclude Plaintiffs Expert Neil Richards, # 2 Exhibit 1 to Declaration of Kyle Wong in Support of Google LLCs Daubert Reply Brief to Exclude Plaintiffs Expert Neil Richards)(Wong, Kyle) (Filed on 11/14/2023) (Entered: 11/14/2023) |
| 11/29/2023 | 616 | 775.7 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. Google's Materials - Submitted in Support of Plaintiffs' Reply in Further Support of Motion for Class Certification* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Jonathan K. Levine in support, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Reply in Further Support of Motion for Class Certification, # 4 Unredacted Version of Decl. of Elizabeth C. Pritzker i.s.o. Plaintiffs' Reply to Motion for Class Certification, # 5 Exhibit Unredacted Version of Ex. 43 - Expert Rebuttal Report of Prof. Z. Shafiq, # 6 Exhibit Unredacted Version of Ex. 44 - Expert Rebuttal Report of Prof. C. Wilson, # 7 Exhibit Unredacted Version of Ex. 45 - Expert Rebuttal Report of Prof. R. Zeithammer, # 8 Exhibit Unredacted Version of Ex. 46 - Expert Rebuttal Report of G. Regan, CPA/CFF, CFE, # 9 Exhibit Unredacted Version of Ex. 47 - Expert Rebuttal Report of Prof. N. Richards, # 10 Exhibit Unredacted Version of Ex. 49, # 11 Exhibit Unredacted Version of Ex. 50, # 12 Exhibit Unredacted Version of Ex. 51 [excerpts of G. Berntson Tr.], # 13 Exhibit Unredacted Version of Ex. 52 [excerpts of S. Vakharia Tr.], # 14 Exhibit Unredacted Version of Ex. 53 [excerpts of K. Psounis Tr.], # 15 Exhibit Unredacted Version of Ex. 54 [excerpts of A. Striegel Tr.], # 16 Exhibit Unredacted Version of Ex. 56 [excerpts of B. Deal Tr.], # 17 Exhibit Unredacted Version of Ex. 57 [excerpts of D. Hanssens Tr.], # 18 Exhibit Unredacted Version of Ex. 59 [excerpt of G. Levitte Tr.], # 19 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 11/29/2023) (Entered: 11/29/2023) |

| | | | |
|---|---|---|---|
| 11/29/2023 | 617 | 3.2 MB | REPLY (re 546 MOTION to Certify Class *and for Appointment of Class Representatives and Class Counsel [REDACTED] ) Plaintiffs' Reply in Further Support of Motion for Class Certification [REDACTED]* filed byConsolidated Plaintiffs. (Attachments: # 1 Declaration [Redacted] of Elizabeth C. Pritzker in Further Support, # 2 Appendix of Plaintiffs' Reply Exhibits, # 3 Exhibit 43 - [Redacted] Expert Rebuttal Report of Prof. Z. Shafiq, # 4 Exhibit 44 - [Redacted] Expert Rebuttal Report of Prof. C. Wilson, # 5 Exhibit 45 - [Redacted] Expert Rebuttal Report of R. Zeithammer, # 6 Exhibit 46 - [Redacted] Expert Rebuttal Report of G. Regan, CPA/CFF, CFE, # 7 Exhibit 47 - [Redacted] Expert Rebuttal Report of Prof. N. Richards, # 8 Exhibit 48 - Google's Supplemental Initial Disclosures, # 9 Exhibit 49 [document filed entirely under seal], # 10 Exhibit 50 [document filed entirely under seal], # 11 Exhibit 51 [dep. excerpts filed entirely under seal], # 12 Exhibit 52 [dep. excerpts filed entirely under seal], # 13 Exhibit 53 [dep. excerpts filed entirely under seal], # 14 Exhibit 54 [dep. excerpts filed entirely under seal], # 15 Exhibit 55 - excerpts of T. Wolfstein Tr.], # 16 Exhibit 56 [dep. excerpts filed entirely under seal], # 17 Exhibit 57 [dep. excerpts filed entirely under seal], # 18 Exhibit 58 - excerpts of H. Hanzarik Tr, # 19 Exhibit 59 [dep. excerpts filed entirely under seal], # 20 Exhibit 60 - excerpts of Prof. C. Wilson Tr.)(Pritzker, Elizabeth) (Filed on 11/29/2023) *Certain documents removed per 658 Order.* Modified on 1/31/2024 (wsn, COURT STAFF). (Entered: 11/29/2023) |
| 11/29/2023 | 618 | 694.9 KB | Administrative Motion to File Under Seal *Named Plaintiff Confidential Information Submitted in Support of Plaintiffs' Reply in Further Support of Motion for Class Certification (ECFs 616, 617)* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Jonathan K. Levine in support, # 2 Proposed Order, # 3 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 11/29/2023) (Entered: 11/29/2023) |
| 11/29/2023 | 619 | 419.1 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. The Trade Desk, Inc.'s Materials* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order)(Davis, Anne) (Filed on 11/29/2023) (Entered: 11/29/2023) |
| 11/29/2023 | 620 | 452.1 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. The New York Times' Materials* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order)(Davis, Anne) (Filed on 11/29/2023) (Entered: 11/29/2023) |
| 11/29/2023 | 621 | 418.8 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. NBCUniversal Media, LLC's Materials* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order)(Davis, Anne) (Filed on 11/29/2023) (Entered: 11/29/2023) |
| 11/29/2023 | 622 | 422.0 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. Xandr, Inc.'s Materials* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order)(Davis, Anne) (Filed on 11/29/2023) (Entered: 11/29/2023) |
| 11/29/2023 | 623 | 422.4 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. Google's Materials* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley E. Weaver re: Sealing, # 2 Proposed Order, # 3 Plaintiffs' Daubert Motion to Exclude Google LLC's Expert Bruce Deal (Unredacted), # 4 Exhibit 1, Excerpts of B. Deal Tr. (Unredacted), # 5 Exhibit 2, Excerpts of G. Levitte Tr. (Unredacted), # 6 Exhibit 3, Excerpts of S. |

| | | | |
|---|---|---|---|
| | | | Vakharia Tr. (Unredacted), # 7 Exhibit 4 (Unredacted))(Weaver, Lesley) (Filed on 11/29/2023) (Entered: 11/29/2023) |
| 11/29/2023 | 624 | 1.1 MB | MOTION DAUBERT, to Exclude Google LLC's Expert Bruce Deal filed by Consolidated Plaintiffs. Responses due by 12/13/2023. Replies due by 12/20/2023. (Attachments: # 1 Declaration of Lesley E. Weaver, # 2 Exhibit 1 - dep. excerpts filed entirely under seal, # 3 Exhibit 2 - dep. excerpts filed entirely under seal, # 4 Exhibit 3 - dep. excerpts filed entirely under seal, # 5 Exhibit 4 - document filed entirely under seal, # 6 Exhibit 5 - Excerpts of G. Berntson Tr., # 7 Proposed Order)(Weaver, Lesley) (Filed on 11/29/2023) (Entered: 11/29/2023) |
| 12/04/2023 | 625 | 443.2 KB | MOTION for Extension of Time to File Response/Reply as to 623 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. Google's Materials Google LLC's Motion to Extend Time Re Plaintiffs' Daubert Motion to Exclude Bruce Deal* filed by Google LLC. (Attachments: # 1 Declaration of Aarti Reddy in Support of Google's Motion to Extend Time Re Plaintiffs' Daubert Motion to Exclude Brue Deal, # 2 Proposed Order)(Reddy, Aarti) (Filed on 12/4/2023) (Entered: 12/04/2023) |
| 12/06/2023 | 626 | 3.3 MB | Statement re 620 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. The New York Times' Materials* by The New York Times Company. (Attachments: # 1 Declaration of James Glogovsky, # 2 Proposed Order, # 3 Unredacted Version of Reply to Plaintiffs' Motion for Class Certification with Narrowed Redactions, # 4 Unredacted Version of Wilson Rebuttal Report with Narrowed Redactions)(Blaisdell, Demetri) (Filed on 12/6/2023) (Entered: 12/06/2023) |
| 12/06/2023 | 627 | 785.8 KB | Administrative Motion to File Under Seal *Defendant Google LLC's Administrative Motion to Seal Evidentiary Objections to Plaintiffs' Class Certification Reply* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Google's Administrative Motion to Seal Evidentiary Objections to Plaintiffs' Class Certification Reply, # 2 Exhibit A to Declaration of Whitty Somvichian, # 3 Exhibit B to Declaration of Whitty Somvichian, # 4 Proposed Order Re Google's Administrative Motion to Seal Evidentiary Objections to Plaintiffs' Class Certification Reply, # 5 Certificate/Proof of Service of (UNREDACTED) Exhibits A and B)(Somvichian, Whitty) (Filed on 12/6/2023) (Entered: 12/06/2023) |
| 12/06/2023 | 628 | 12.9 MB | OBJECTIONS to re 617 Reply to Opposition/Response,,,,,, *Defendant Google LLC's Evidentiary Objections* by Google LLC. (Attachments: # 1 Declaration (REDACTED) Declaration of Aarti Reddy in Support of Google LLC's Evidentiary Objections, # 2 Exhibit 1 to Declaration of Aarti Reddy, # 3 Exhibit 2 to Declaration of Aarti Reddy, # 4 Exhibit (REDACTED) Exhibit 3 to Declaration of Aarti Reddy, # 5 Exhibit 4 to Declaration of Aarti Reddy)(Somvichian, Whitty) (Filed on 12/6/2023) (Entered: 12/06/2023) |
| 12/07/2023 | 629 | 311.6 KB | OPPOSITION/RESPONSE (re 625 MOTION for Extension of Time to File Response/Reply as to 623 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. Google's Materials Google LLC's Motion to Extend Time Re Plaintif ) filed byConsolidated Plaintiffs, Meghan Cornelius, Meaghan Delahunty, Benjamin Hewitt, John Kevranian, The New York Times Company, Salvatore Toronto. (Attachments: # 1 Declaration Declaration of Elizabeth C. Pritzker ISO Pltfs. Response)(Pritzker, Elizabeth) (Filed on 12/7/2023) (Entered: 12/07/2023)* |

| | | | |
|---|---|---|---|
| 12/12/2023 | 630 | 679.3 KB | ADMINISTRATIVE MOTION for Order that Plaintiffs be Permitted to File Their Response to ECF No. 628 re 628 Objection,, filed by Consolidated Plaintiffs. Responses due by 12/18/2023. (Attachments: # 1 Declaration of Elizabeth C. Pritzker in support, # 2 Exhibit A - Plaintiffs' [Proposed] Response to Google LLC's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing, # 3 Proposed Order)(Pritzker, Elizabeth) (Filed on 12/12/2023) (Entered: 12/12/2023) |
| 12/12/2023 | 631 | 139.2 KB | Notice of Withdrawal of Motion *to Extend Time for Briefing on Plaintiffs' Daubert Motion to Exclude Google LLC's Expert Bruce Deal* (Reddy, Aarti) (Filed on 12/12/2023) (Entered: 12/12/2023) |
| 12/13/2023 | 632 | 42.4 KB | **ORDER SEEKING UPDATES ON ALL PENDING MOTIONS. Parties' Joint Statement due by 12/18/2023. Signed by Judge Yvonne Gonzalez Rogers on 12/13/2023. (eac, COURT STAFF) (Filed on 12/13/2023) (Entered: 12/13/2023)** |
| 12/13/2023 | 633 | 445.5 KB | Google LLC's Administrative Motion to File Under Seal Portions of Google's Opposition to Plaintiffs' Daubert Motion to Exclude Google's Damages Expert Bruce Deal filed by Google LLC. (Attachments: # 1 Declaration of Whitty, Somvichian in Support of Google LLC's Administrative Motion to File Under Seal Portions of Google's Opposition to Plaintiffs' Daubert Motion to Exclude Google's Damages Expert Bruce Deal, # 2 Exhibit A (UNREDACTED) to Declaration of Whitty, Somvichian, # 3 Exhibit B (UNREDACTED) to Declaration of Whitty, Somvichian, # 4 Exhibit C (UNREDACTED) to Declaration of Whitty, Somvichian, # 5 Exhibit D (UNREDACTED) to Declaration of Whitty, Somvichian, # 6 Proposed Order) (Somvichian, Whitty) (Filed on 12/13/2023) (Entered: 12/13/2023) |
| 12/13/2023 | 634 | 191.3 KB | Proof of Service of (UNREDACTED) Documents -- CERTIFICATE OF SERVICE by Google LLC re 633 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to File Under Seal Portions of Google's Opposition to Plaintiffs' Daubert Motion to Exclude Google's Damages Expert Bruce Deal* (Somvichian, Whitty) (Filed on 12/13/2023) (Entered: 12/13/2023) |
| 12/13/2023 | 635 | 1.5 MB | OPPOSITION/RESPONSE (re 624 MOTION DAUBERT, to Exclude Google LLC's Expert Bruce Deal ) *Google LLC's (REDACTED) Opposition to Plaintiffs' Daubert Motion to Exclude Google's Damages Expert Bruce Deal* filed byGoogle LLC. (Attachments: # 1 Declaration of Aarti Reddy in Support of Google LLC's Opposition to Plaintiffs' Daubert Motion to Exclude Google's Damages Expert Bruce Deal, # 2 Exhibit 1 (REDACTED) to Declaration of Aarti Reddy, # 3 Exhibit 2 (REDACTED) to Declaration of Aarti Reddy, # 4 Exhibit 3 (REDACTED) to Declaration of Aarti Reddy, # 5 Exhibit 4 to Declaration of Aarti Reddy, # 6 Exhibit 5 to Declaration of Aarti Reddy)(Reddy, Aarti) (Filed on 12/13/2023) (Entered: 12/13/2023) |
| 12/15/2023 | 636 | 425.6 KB | ADMINISTRATIVE MOTION to File a Sur-Reply to Plaintiffs' Reply Brief ISO Class Certification and Depose Plaintiffs' Rebuttal Experts filed by Google LLC. Responses due by 12/19/2023. (Attachments: # 1 Declaration of Aarti Reddy, # 2 Proposed Order)(Reddy, Aarti) (Filed on 12/15/2023) (Entered: 12/15/2023) |
| 12/18/2023 | 637 | 280.0 KB | OPPOSITION/RESPONSE (re 630 ADMINISTRATIVE MOTION for Order that Plaintiffs be Permitted to File Their Response to ECF No. 628 re 628 Objection,, ) *Google LLC's Opposition to Plaintiffs' Administrative Motion for Leave to File a Response to Google's Objections to Plaintiffs' Evidence in* |

| | | | |
|---|---|---|---|
| | | | *Support of Class Certification Reply Briefing* filed byGoogle LLC. (Attachments: # 1 Declaration of Aarti Reddy in Support of Google LLC's Opposition to Plaintiffs' Administrative Motion for Leave to File a Response to Google's Objections to Plaintiffs' Evidence in Support of Class Certification Reply Briefing)(Reddy, Aarti) (Filed on 12/18/2023) (Entered: 12/18/2023) |
| 12/18/2023 | 638 | 439.6 KB | ADMINISTRATIVE MOTION for Extension of Current PreTrial Case Schedule filed by Consolidated Plaintiffs. Responses due by 12/22/2023. (Attachments: # 1 Declaration Declaration of Elizabeth C. Pritzker ISO Pltfs' Admin Motion to Revise Case Schedule, # 2 Proposed Order Proposed Order Revising Case Schedule)(Pritzker, Elizabeth) (Filed on 12/18/2023) (Entered: 12/18/2023) |
| 12/18/2023 | 639 | 218.2 KB | RESPONSE re 632 Order, Set Deadlines/Hearings *Joint Response to Court's Order Seeking Status Updates on All Pending Motions (ECF No. 632)* by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 12/18/2023) (Entered: 12/18/2023) |
| 12/19/2023 | 640 | 207.4 KB | OPPOSITION/RESPONSE (re 636 ADMINISTRATIVE MOTION to File a Sur-Reply to Plaintiffs' Reply Brief ISO Class Certification and Depose Plaintiffs' Rebuttal Experts ) filed byConsolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 12/19/2023) (Entered: 12/19/2023) |
| 12/20/2023 | 641 | 415.9 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed - *Re. Google's Materials* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of H. Melissa Mather re: Sealing, # 2 Proposed Order, # 3 Plaintiffs' Reply in Support of Daubert Motion to Exclude Google LLC's Expert Bruce Deal (Unredacted), # 4 Exhibit 1, Excerpts of S. Belov Tr. (Unredacted), # 5 Exhibit 2, Excerpts of G. Berntson Tr. (Unredacted), # 6 Exhibit 3, Excerpts of B. Deal Tr. (Unredacted))(Mather, H Melissa) (Filed on 12/20/2023) (Entered: 12/20/2023) |
| 12/20/2023 | 642 | 811.2 KB | REPLY (re 624 MOTION DAUBERT, to Exclude Google LLC's Expert Bruce Deal ) *(Redacted)* filed byConsolidated Plaintiffs. (Attachments: # 1 Declaration of H. Melissa Mather, # 2 Exhibit 1 - dep. excerpts filed entirely under seal, # 3 Exhibit 2 - dep. excerpts filed entirely under seal, # 4 Exhibit 3 - dep. excerpts filed entirely under seal)(Mather, H Melissa) (Filed on 12/20/2023) (Entered: 12/20/2023) |
| 12/20/2023 | 643 | 17.2 MB | Administrative Motion to File Under Seal *Google LLC's Response to Plaintiffs' Administrative Motion to Consider if Another Parties Materials Should be Sealed Re ECF No. 616* filed by Google LLC. (Attachments: # 1 Declaration of Glenn Berntson in Support of Google LLC's Response to Plaintiffs' Administrative Motion to Consider if Another Parties Materials Should be Sealed Re ECF No. 616, # 2 Exhibit A (REDACTED) to Declaration of Glenn Berntson, # 3 Exhibit A (UNREDACTED) to Declaration of Glenn Berntson, # 4 Exhibit B (REDACTED) to Declaration of Glenn Berntson, # 5 Exhibit B (UNREDACTED) to Declaration of Glenn Berntson, # 6 Exhibit C (REDACTED) to Declaration of Glenn Berntson, # 7 Exhibit C (UNREDACTED) to Declaration of Glenn Berntson, # 8 Exhibit D (REDACTED) to Declaration of Glenn Berntson, # 9 Exhibit D (UNREDACTED) to Declaration of Glenn Berntson, # 10 Exhibit E (REDACTED) to Declaration of Glenn Berntson, # 11 Exhibit E (UNREDACTED) to Declaration of Glenn Berntson, # 12 Exhibit F (REDACTED) to Declaration of Glenn Berntson, # 13 Exhibit F (UNREDACTED) to Declaration of Glenn Berntson, # 14 Exhibit G |

| | | | |
|---|---|---|---|
| | | | (SEALED) to Declaration of Glenn Berntson, # 15 Exhibit G (UNSEALED) to Declaration of Glenn Berntson, # 16 Exhibit H (REDACTED) to Declaration of Glenn Berntson, # 17 Exhibit H (UNREDACTED) to Declaration of Glenn Berntson, # 18 Exhibit I (REDACTED) to Declaration of Glenn Berntson, # 19 Exhibit I (UNREDACTED) to Declaration of Glenn Berntson, # 20 Exhibit J (REDACTED) to Declaration of Glenn Berntson, # 21 Exhibit J (UNREDACTED) to Declaration of Glenn Berntson, # 22 Exhibit K (REDACTED) to Declaration of Glenn Berntson, # 23 Exhibit K (UNREDACTED) to Declaration of Glenn Berntson, # 24 Exhibit L (REDACTED) to Declaration of Glenn Berntson, # 25 Exhibit L (UNREDACTED) to Declaration of Glenn Berntson, # 26 Exhibit M (REDACTED) to Declaration of Glenn Berntson, # 27 Exhibit M (UNREDACTED) to Declaration of Glenn Berntson, # 28 Exhibit N (REDACTED) to Declaration of Glenn Berntson, # 29 Exhibit N (UNREDACTED) to Declaration of Glenn Berntson, # 30 Exhibit O (REDACTED) to Declaration of Glenn Berntson, # 31 Exhibit O (UNREDACTED) to Declaration of Glenn Berntson, # 32 Proposed Order) (Somvichian, Whitty) (Filed on 12/20/2023) (Entered: 12/20/2023) |
| 12/20/2023 | 644 | ☐ 1.7 MB | Administrative Motion to File Under Seal *Google LLC's Response to Plaintiffs' Administrative Motion to Consider if Another Parties Materials Should be Sealed Re ECF No. 623* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Google LLC's Response to Plaintiffs' Administrative Motion to Consider if Another Parties Materials Should be Sealed Re ECF No. 623, # 2 Exhibit A (REDACTED) to Declaration of Whitty Somvichian, # 3 Exhibit A (UNREDACTED) to Declaration of Whitty Somvichian, # 4 Exhibit B (REDACTED) to Declaration of Whitty Somvichian, # 5 Exhibit B (UNREDACTED) to Declaration of Whitty Somvichian, # 6 Exhibit C (REDACTED) to Declaration of Whitty Somvichian, # 7 Exhibit C (UNREDACTED) to Declaration of Whitty Somvichian, # 8 Exhibit D (SEALED) to Declaration of Whitty Somvichian, # 9 Exhibit D (UNSEALED) to Declaration of Whitty Somvichian, # 10 Proposed Order)(Somvichian, Whitty) (Filed on 12/20/2023) (Entered: 12/20/2023) |
| 12/20/2023 | 645 | ☐ 250.3 KB | MOTION to Remove Incorrectly Filed Document filed by Google LLC. (Attachments: # 1 Proposed Order)(Somvichian, Whitty) (Filed on 12/20/2023) (Entered: 12/20/2023) |
| 12/20/2023 | 646 | ☐ 199.5 KB | CERTIFICATE OF SERVICE by Google LLC re 644 Administrative Motion to File Under Seal *Google LLC's Response to Plaintiffs' Administrative Motion to Consider if Another Parties Materials Should be Sealed Re ECF No. 623*, 643 Administrative Motion to File Under Seal *Google LLC's Response to Plaintiffs' Administrative Motion to Consider if Another Parties Materials Should be Sealed Re ECF No. 616* (Somvichian, Whitty) (Filed on 12/20/2023) (Entered: 12/20/2023) |
| 12/22/2023 | 647 | ☐ 335.4 KB | OPPOSITION/RESPONSE (re 638 ADMINISTRATIVE MOTION for Extension of Current PreTrial Case Schedule ) filed byGoogle LLC. (Attachments: # 1 Declaration of Aarti Reddy in Support of Google LLC's Opposition to Plaintiffs' Administrative Motion to Revise Case Schedule) (Reddy, Aarti) (Filed on 12/22/2023) (Entered: 12/22/2023) |
| 01/04/2024 | 648 | ☐ 352.1 KB | STATEMENT OF RECENT DECISION pursuant to Civil Local Rule 7-3.d filed byConsolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 1/4/2024) (Entered: 01/04/2024) |

| | | | |
|---|---|---|---|
| 01/10/2024 | 649 | 3.4 MB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 641)* filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian in Support of Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 641), # 2 Exhibit A (REDACTED) to Declaration of Whitty Somvichian, # 3 Exhibit A (UNREDACTED) to Declaration of Whitty Somvichian, # 4 Exhibit B (REDACTED) to Declaration of Whitty Somvichian, # 5 Exhibit B (UNREDACTED) to Declaration of Whitty Somvichian, # 6 Exhibit C (REDACTED) to Declaration of Whitty Somvichian, # 7 Exhibit C (UNREDACTED) to Declaration of Whitty Somvichian, # 8 Exhibit D (REDACTED) to Declaration of Whitty Somvichian, # 9 Exhibit D (UNREDACTED) to Declaration of Whitty Somvichian, # 10 Proposed Order) (Somvichian, Whitty) (Filed on 1/10/2024) (Entered: 01/10/2024) |
| 01/10/2024 | 650 | 467.1 KB | CERTIFICATE OF SERVICE by Google LLC re 649 Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 641)* (Somvichian, Whitty) (Filed on 1/10/2024) (Entered: 01/10/2024) |
| 01/18/2024 | 651 | 424.9 KB | Administrative Motion to File Under Seal *Defendant Google LLC's Administrative Motion to File Under Seal Joint Letter Brief* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Google LLC's Administrative Motion to Seal Joint Letter Brief, # 2 Exhibit 1 (UNREDACTED) to Declaration of Whitty Somvichian, # 3 Exhibit 2 (UNREDACTED) to Declaration of Whitty Somvichian, # 4 Exhibit 3 (UNREDACTED) to Declaration of Whitty Somvichian, # 5 Proposed Order) (Somvichian, Whitty) (Filed on 1/18/2024) (Entered: 01/18/2024) |
| 01/18/2024 | 652 | 3.0 MB | Letter Brief re 651 Administrative Motion to File Under Seal *Defendant Google LLC's Administrative Motion to File Under Seal Joint Letter Brief Joint Letter Brief* filed byGoogle LLC. (Attachments: # 1 Exhibit A to Joint Letter Brief, # 2 Exhibit B to Joint Letter Brief, # 3 Exhibit C to Joint Letter Brief)(Related document(s) 651 ) (Somvichian, Whitty) (Filed on 1/18/2024) (Entered: 01/18/2024) |
| 01/18/2024 | 653 | 162.1 KB | CERTIFICATE OF SERVICE by Google LLC re 651 Administrative Motion to File Under Seal *Defendant Google LLC's Administrative Motion to File Under Seal Joint Letter Brief Google LLC's Proof of Service of (UNREDACTED) Documents* (Somvichian, Whitty) (Filed on 1/18/2024) (Entered: 01/18/2024) |
| 01/22/2024 | 654 | 195.1 KB | STIPULATION WITH PROPOSED ORDER *RE: CASE SCHEDULE* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 1/22/2024) (Entered: 01/22/2024) |
| 01/24/2024 | 655 | | CLERK'S NOTICE. You are hereby notified that Motion Hearing set for 2/21/2024, at 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* Set Deadlines as to 546 MOTION to Certify Class *and for Appointment of Class Representatives and Class Counsel [REDACTED]*; 582 MOTION Daubert Motion to Exclude Plaintiffs' Expert Neil Richards ; 624 MOTION DAUBERT, to Exclude Google LLC's Expert Bruce Deal . (eac, COURT STAFF) (Filed on 1/24/2024) (Entered: 01/24/2024) |

| | | | |
|---|---|---|---|
| 01/24/2024 | 656 | 213.2 KB | **ORDER RE: CASE SCHEDULE by Judge Yvonne Gonzalez Rogers Denying 636 Administrative Motion ; Denying as moot 638 Administrative Motion ; Granting 654 Stipulation. (eac, COURT STAFF) (Filed on 1/24/2024) Modified on 1/24/2024 to edit docket text. (eac, COURT STAFF). (Entered: 01/24/2024)** |
| 01/27/2024 | 657 | | CLERK'S NOTICE. You are hereby notified that Motion Hearing set for 2/21/2024 is advanced from 2:00 PM to 09:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. *(This is a text-only entry generated by the court. There is no document associated with this entry.)*. Reset Hearings as to 546 MOTION to Certify Class *and for Appointment of Class Representatives and Class Counsel [REDACTED]*; 582 MOTION Daubert Motion to Exclude Plaintiffs' Expert Neil Richards; 624 MOTION DAUBERT, to Exclude Google LLC's Expert Bruce Deal. (eac, COURT STAFF) (Filed on 1/26/2024) (Entered: 01/27/2024) |
| 01/30/2024 | 658 | 164.1 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 645 Motion to Remove Incorrectly Filed Document. (eac, COURT STAFF) (Filed on 1/29/2024) (Entered: 01/30/2024)** |
| 02/02/2024 | 659 | 433.8 KB | Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal the February 2, 2024 Joint Letter Briefs* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Google LLC's Administrative Motion to Seal the February 2, 2024 Joint Letter Briefs, # 2 Exhibit 1 (UNREDACTED) to Declaration of Whitty Somvichian, # 3 Exhibit 2 (UNREDACTED) to Declaration of Whitty Somvichian, # 4 Exhibit 3 (UNREDACTED) to Declaration of Whitty Somvichian, # 5 Exhibit 4 (UNREDACTED) to Declaration of Whitty Somvichian, # 6 Exhibit 5 (UNREDACTED) to Declaration of Whitty Somvichian, # 7 Exhibit 6 (UNREDACTED) to Declaration of Whitty Somvichian, # 8 Proposed Order) (Somvichian, Whitty) (Filed on 2/2/2024) (Entered: 02/02/2024) |
| 02/02/2024 | 660 | 338.5 KB | Letter Brief re 659 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal the February 2, 2024 Joint Letter Briefs Joint Letter Brief (REDACTED) re Requests for Production 125-127 and 130-133* filed byGoogle LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 659 ) (Somvichian, Whitty) (Filed on 2/2/2024) Modified on 2/5/2024 (msr, COURT STAFF). (Attachment 1 replaced on 2/9/2024) (wsn, COURT STAFF). (Attachment 2 replaced on 2/9/2024) (wsn, COURT STAFF). *Documents removed per 671 Order.* Modified on 2/9/2024 (wsn, COURT STAFF). (Entered: 02/02/2024) |
| 02/02/2024 | 661 | 1.4 MB | Letter Brief re 659 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal the February 2, 2024 Joint Letter Briefs Joint Letter Brief (REDACTED) re Interrogatory 22 and Requests for Production128-129* filed byGoogle LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B (REDACTED), # 3 Exhibit C, # 4 Exhibit D (REDACTED))(Related document(s) 659 ) (Somvichian, Whitty) (Filed on 2/2/2024) (Entered: 02/02/2024) |
| 02/02/2024 | 662 | 736.8 KB | Letter Brief re 659 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal the February 2, 2024 Joint Letter Briefs Joint Letter Brief (REDACTED) re Interrogatory 23* filed byGoogle LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 659 ) (Somvichian, Whitty) (Filed on 2/2/2024) (Entered: 02/02/2024) |

| | | | |
|---|---|---|---|
| 02/02/2024 | 663 | 563.7 KB | Letter Brief re 659 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal the February 2, 2024 Joint Letter Briefs Joint Letter Brief (REDACTED) re Request for Production 141* filed byGoogle LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 659 ) (Somvichian, Whitty) (Filed on 2/2/2024) (Entered: 02/02/2024) |
| 02/02/2024 | 664 | 2.6 MB | Letter Brief re 659 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal the February 2, 2024 Joint Letter Briefs Joint Letter Brief re Requests for Admission* filed byGoogle LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 659 ) (Somvichian, Whitty) (Filed on 2/2/2024) (Entered: 02/02/2024) |
| 02/02/2024 | 665 | 190.5 KB | CERTIFICATE OF SERVICE by Google LLC re 659 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal the February 2, 2024 Joint Letter Briefs Google LLC's Proof of Service of (UNREDACTED) Documents* (Somvichian, Whitty) (Filed on 2/2/2024) (Entered: 02/02/2024) |
| 02/02/2024 | 666 | 420.7 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Lesley E. Weaver re: Sealing, # 2 Proposed Order, # 3 Plaintiffs' Administrative Motion for Leave to Provide Courtesy Copies of Sealed Order Cited by Plaintiffs in the Parties' Joint Letter Brief re: Interrogatory No. 23 (Unredacted), # 4 Joint Declaration of Lesley E. Weaver, Jason 'Jay' Barnes, and David A. Straite (Unredacted), # 5 Exhibit A to the Joint Declaration (Unredacted), # 6 Exhibit B to the Joint Declaration (Unredacted), # 7 Exhibit C to the Joint Declaration (Unredacted))(Weaver, Lesley) (Filed on 2/2/2024) (Entered: 02/02/2024) |
| 02/02/2024 | 667 | 916.3 KB | ADMINISTRATIVE MOTION for Leave to Provide Courtesy Copies of Sealed Order Cited by Plaintiffs in the Parties' Joint Letter Brief re: Interrogatory No. 23 *(Redacted)* filed by Consolidated Plaintiffs. Responses due by 2/6/2024. (Attachments: # 1 Joint Declaration of Lesley E. Weaver, Jason 'Jay' Barnes, and David A. Straite (Redacted), # 2 Exhibit A (Redacted), # 3 Exhibit B (Redacted), # 4 Exhibit C (Redacted), # 5 Proposed Order)(Weaver, Lesley) (Filed on 2/2/2024) (Entered: 02/02/2024) |
| 02/06/2024 | 668 | 139.3 KB | OPPOSITION/RESPONSE (re 666 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ) *Defendant Google LLC's Response to Plaintiffs' Administrative Motion Regarding Use of Calhoun Materials (ECF No. 666-3)* filed byGoogle LLC. (Somvichian, Whitty) (Filed on 2/6/2024) (Entered: 02/06/2024) |
| 02/06/2024 | 669 | 452.6 KB | Administrative Motion to File Under Seal *(errata)* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Motion to Seal (errata), # 2 Proposed Order of Motion to Seal (errata), # 3 Exhibit 7, # 4 Exhibit 8)(Somvichian, Whitty) (Filed on 2/6/2024) (Entered: 02/06/2024) |
| 02/06/2024 | 670 | 953.3 KB | MOTION to Remove Incorrectly Filed Document *re D660-1 and D660-2* filed by Google LLC. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B)(Somvichian, Whitty) (Filed on 2/6/2024) (Entered: 02/06/2024) |
| 02/07/2024 | 671 | 1.5 MB | **ORDER granting 670 Motion to Remove Incorrectly Filed Documents. Signed by Magistrate Judge Virginia K. DeMarchi on 2/7/2024. (vkdlc1, COURT STAFF) (Filed on 2/7/2024) (Entered: 02/07/2024)** |
| 02/08/2024 | 672 | 308.1 KB | STIPULATION WITH PROPOSED ORDER re 666 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Joint Stipulation* |

| | | | |
|---|---|---|---|
| | | | *and [Proposed] Order to Extend Time to Respond* filed by Google LLC. (Attachments: # 1 Declaration of Aarti Reddy)(Reddy, Aarti) (Filed on 2/8/2024) (Entered: 02/08/2024) |
| 02/09/2024 | 673 | 1.5 MB | **ORDER approving 672 Stipulation to Extend Time to Respond to 666 Administrative Motion to Consider Whether Another Party's Materials Should be Sealed. Signed by Magistrate Judge Virginia K. DeMarchi on 2/9/2024. (vkdlc1, COURT STAFF) (Filed on 2/9/2024) (Entered: 02/09/2024)** |
| 02/09/2024 | 674 | 102.6 KB | **ORDER FOR OMNIBUS SEALING MOTION by Judge Yvonne Gonzalez Rogers Terminating 499 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 545 Administrative Motion to File Under Seal; Terminating 547 Administrative Motion to File Under Seal; Terminating 548 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 549 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 558 Administrative Motion to File Under Seal; Terminating 583 Administrative Motion to File Under Seal; Terminating 586 Administrative Motion ; Terminating 587 Administrative Motion ; Terminating 588 Administrative Motion ; Terminating 608 Administrative Motion to File Under Seal; Terminating 616 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 618 Administrative Motion to File Under Seal; Terminating 619 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 620 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 621 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 622 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 623 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 627 Administrative Motion to File Under Seal; Terminating 630 Administrative Motion ; Terminating 633 Administrative Motion to File Under Seal; Terminating 641 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 643 Administrative Motion to File Under Seal; Terminating 644 Administrative Motion to File Under Seal; Terminating 649 Administrative Motion to File Under Seal. Parties to file an Omnibus Sealing Motion by 3/15/2024. (eac, COURT STAFF) (Filed on 2/9/2024) (Entered: 02/09/2024)** |
| 02/16/2024 | 675 | 35.9 MB | Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 666)* filed by Google LLC. (Attachments: # 1 Declaration of W. Somvichian, # 2 Exhibit 1 (REDACTED), # 3 Exhibit 1 (UNREDACTED), # 4 Exhibit 2 (REDACTED), # 5 Exhibit 2 (UNREDACTED), # 6 Exhibit 3 (REDACTED), # 7 Exhibit 3 (UNREDACTED), # 8 Exhibit 4 (REDACTED), # 9 Exhibit 4 (UNREDACTED), # 10 Exhibit 5 (REDACTED), # 11 Exhibit 5 (UNREDACTED), # 12 Proposed Order)(Somvichian, Whitty) (Filed on 2/16/2024) (Entered: 02/16/2024) |

| | | | |
|---|---|---|---|
| 02/20/2024 | 676 | 457.3 KB | CERTIFICATE OF SERVICE by Google LLC re 675 Administrative Motion to File Under Seal *Google's Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 666)* (Somvichian, Whitty) (Filed on 2/20/2024) (Entered: 02/20/2024) |
| 02/26/2024 | 677 | 112.8 KB | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Hearing Motion for Class Certification; Daubert Motions held on 2/21/2024. Total Time in Court: 2:24. Court Reporter: Kendra Steppler; via Zoom. (eac, COURT STAFF) (Date Filed: 2/21/2024) (Entered: 02/26/2024)** |
| 02/26/2024 | 678 | 113.4 KB | TRANSCRIPT ORDER for proceedings held on 02/21/2024 before Judge Yvonne Gonzalez Rogers by Consolidated Plaintiffs, for Court Reporter Kendra Steppler. (Davis, Anne) (Filed on 2/26/2024) (Entered: 02/26/2024) |
| 02/27/2024 | 679 | 110.7 KB | TRANSCRIPT ORDER for proceedings held on 2/21/2024 before Judge Yvonne Gonzalez Rogers by Google LLC, for Court Reporter Kendra Steppler. (Spector, Kelsey) (Filed on 2/27/2024) (Entered: 02/27/2024) |
| 03/07/2024 | 680 | 333.0 KB | Transcript of Proceedings held on February 21, 2024, before Judge Yvonne Gonzalez Rogers. Court Reporter Kendra Steppler, telephone number 406-489-3498. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 678 Transcript Order ) Release of Transcript Restriction set for 6/5/2024. (Related documents(s) 678 ) (Steppler, Kendra) (Filed on 3/7/2024) (Entered: 03/07/2024) |
| 03/07/2024 | 681 | 191.8 KB | TRANSCRIPT ORDER for proceedings held on February 21, 2024 before Judge Yvonne Gonzalez Rogers for Court Reporter Kendra Steppler (Steppler, Kendra) (Filed on 3/7/2024) (Entered: 03/07/2024) |
| 03/07/2024 | 682 | 2.4 MB | TRANSCRIPT ORDER for proceedings held on February 21, 2024 before Judge Yvonne Gonzalez Rogers for Court Reporter Kendra Steppler (Steppler, Kendra) (Filed on 3/7/2024) (Entered: 03/07/2024) |
| 03/07/2024 | 683 | 308.3 KB | STIPULATION WITH PROPOSED ORDER *Joint Stipulation Regarding Case Schedule* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Stipulation Regarding Case Schedule)(Somvichian, Whitty) (Filed on 3/7/2024) (Entered: 03/07/2024) |
| 03/15/2024 | 684 | 468.1 KB | Administrative Motion to File Under Seal *Joint Omnibus Sealing Motion* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of the Joint Omnibus Sealing Motion, # 2 Exhibit 1 (UNREDACTED) to the Declaration of W. Somvichian, # 3 Exhibit 2 (UNREDACTED) to the Declaration of W. Somvichian, # 4 Exhibit 3 (UNREDACTED) to the Declaration of W. Somvichian, # 5 Exhibit 4 (UNREDACTED) to the Declaration of W. Somvichian, # 6 Exhibit 5 (UNREDACTED) to the Declaration of W. Somvichian, # 7 Exhibit 6 (UNREDACTED) to the Declaration of W. Somvichian, # 8 Exhibit 7 (UNREDACTED) to the Declaration of W. Somvichian, # 9 Exhibit 8 (UNREDACTED) to the Declaration of W. Somvichian, # 10 Exhibit 9 (UNREDACTED) to the Declaration of W. Somvichian, # 11 Exhibit 10 (UNREDACTED) to the Declaration of W. Somvichian, # 12 Exhibit 11 (UNREDACTED) to the Declaration of W. Somvichian, # 13 Exhibit 12 (UNREDACTED) to the |

| | | | |
|---|---|---|---|
| | | | Declaration of W. Somvichian, # 14 Exhibit 13 (UNREDACTED) to the Declaration of W. Somvichian, # 15 Exhibit 14 (UNREDACTED) to the Declaration of W. Somvichian, # 16 Exhibit 15 (UNREDACTED) to the Declaration of W. Somvichian, # 17 Exhibit 16 (UNREDACTED) to the Declaration of W. Somvichian, # 18 Exhibit 17 (UNREDACTED) to the Declaration of W. Somvichian, # 19 Exhibit 18 (UNREDACTED) to the Declaration of W. Somvichian, # 20 Exhibit 19 (UNREDACTED) to the Declaration of W. Somvichian, # 21 Exhibit 20 (UNREDACTED) to the Declaration of W. Somvichian, # 22 Exhibit 21 (UNREDACTED) to the Declaration of W. Somvichian, # 23 Exhibit 22 (UNREDACTED) to the Declaration of W. Somvichian, # 24 Exhibit 23 (UNREDACTED) to the Declaration of W. Somvichian, # 25 Exhibit 24 (UNREDACTED) to the Declaration of W. Somvichian, # 26 Exhibit 25 (UNREDACTED) to the Declaration of W. Somvichian, # 27 Exhibit 26 (UNREDACTED) to the Declaration of W. Somvichian, # 28 Exhibit 27 (UNREDACTED) to the Declaration of W. Somvichian, # 29 Exhibit 28 (UNREDACTED) to the Declaration of W. Somvichian, # 30 Exhibit 29 (UNREDACTED) to the Declaration of W. Somvichian, # 31 Exhibit 30 (UNREDACTED) to the Declaration of W. Somvichian)(Somvichian, Whitty) (Filed on 3/15/2024) (Entered: 03/15/2024) |
| 03/15/2024 | 685 | | EXHIBITS re 684 Administrative Motion to File Under Seal *Joint Omnibus Sealing Motion* filed byGoogle LLC. (Attachments: # 1 Exhibit 32 (UNREDACTED) to the Declaration of W. Somvichian, # 2 Exhibit 33 (UNREDACTED) to the Declaration of W. Somvichian, # 3 Exhibit 34 (UNREDACTED) to the Declaration of W. Somvichian, # 4 Exhibit 35 (UNREDACTED) to the Declaration of W. Somvichian, # 5 Exhibit 36 (UNREDACTED) to the Declaration of W. Somvichian, # 6 Exhibit 37 (UNREDACTED) to the Declaration of W. Somvichian, # 7 Exhibit 38 (UNREDACTED) to the Declaration of W. Somvichian, # 8 Exhibit 39 (UNREDACTED) to the Declaration of W. Somvichian, # 9 Exhibit 40 (UNREDACTED) to the Declaration of W. Somvichian, # 10 Exhibit 41 (UNREDACTED) to the Declaration of W. Somvichian, # 11 Exhibit 42 (UNREDACTED) to the Declaration of W. Somvichian, # 12 Exhibit 43 (UNREDACTED) to the Declaration of W. Somvichian, # 13 Exhibit 44 (UNREDACTED) to the Declaration of W. Somvichian, # 14 Exhibit 45 (UNREDACTED) to the Declaration of W. Somvichian, # 15 Exhibit 46 (UNREDACTED) to the Declaration of W. Somvichian, # 16 Exhibit 47 (UNREDACTED) to the Declaration of W. Somvichian, # 17 Exhibit 48 (UNREDACTED) to the Declaration of W. Somvichian, # 18 Exhibit 49 (UNREDACTED) to the Declaration of W. Somvichian, # 19 Exhibit 50 (UNREDACTED) to the Declaration of W. Somvichian)(Related document(s) 684 ) (Somvichian, Whitty) (Filed on 3/15/2024) (Entered: 03/15/2024) |
| 03/15/2024 | 686 | | EXHIBITS re 684 Administrative Motion to File Under Seal *Joint Omnibus Sealing Motion* filed byGoogle LLC. (Attachments: # 1 Exhibit 52 (UNREDACTED) to the Declaration of W. Somvichian, # 2 Exhibit 53 (UNREDACTED) to the Declaration of W. Somvichian, # 3 Exhibit 54 (UNREDACTED) to the Declaration of W. Somvichian, # 4 Exhibit 55 (UNREDACTED) to the Declaration of W. Somvichian, # 5 Exhibit 56 (UNREDACTED) to the Declaration of W. Somvichian, # 6 Exhibit 57 (UNREDACTED) to the Declaration of W. Somvichian, # 7 Exhibit 58 (UNREDACTED) to the Declaration of W. Somvichian, # 8 Exhibit 59 (UNREDACTED) to the Declaration of W. Somvichian, # 9 Exhibit 60 (UNREDACTED) to the Declaration of W. Somvichian, # 10 Exhibit 61 |

| | | | |
|---|---|---|---|
| | | | (UNREDACTED) to the Declaration of W. Somvichian, # 11 Exhibit 62 (UNREDACTED) to the Declaration of W. Somvichian, # 12 Exhibit 63 (UNREDACTED) to the Declaration of W. Somvichian, # 13 Exhibit 64 (UNREDACTED) to the Declaration of W. Somvichian, # 14 Exhibit 65 (UNREDACTED) to the Declaration of W. Somvichian, # 15 Exhibit 66 (UNREDACTED) to the Declaration of W. Somvichian, # 16 Exhibit 67 (UNREDACTED) to the Declaration of W. Somvichian, # 17 Exhibit 68 (UNREDACTED) to the Declaration of W. Somvichian, # 18 Exhibit 69 (UNREDACTED) to the Declaration of W. Somvichian, # 19 Exhibit 70 (UNREDACTED) to the Declaration of W. Somvichian)(Related document(s) 684 ) (Somvichian, Whitty) (Filed on 3/15/2024) (Entered: 03/15/2024) |
| 03/15/2024 | 687 | | EXHIBITS re 684 Administrative Motion to File Under Seal *Joint Omnibus Sealing Motion* filed byGoogle LLC. (Attachments: # 1 Exhibit 72 (UNREDACTED) to the Declaration of W. Somvichian, # 2 Exhibit 73 (UNREDACTED) to the Declaration of W. Somvichian, # 3 Exhibit 74 (UNREDACTED) to the Declaration of W. Somvichian, # 4 Exhibit 75 (UNREDACTED) to the Declaration of W. Somvichian, # 5 Exhibit 76 (UNREDACTED) to the Declaration of W. Somvichian, # 6 Exhibit 77 (UNREDACTED) to the Declaration of W. Somvichian, # 7 Exhibit 78 (UNREDACTED) to the Declaration of W. Somvichian, # 8 Exhibit 79 (UNREDACTED) to the Declaration of W. Somvichian, # 9 Exhibit 80 (UNREDACTED) to the Declaration of W. Somvichian, # 10 Exhibit 81 (UNREDACTED) to the Declaration of W. Somvichian, # 11 Exhibit 82 (UNREDACTED) to the Declaration of W. Somvichian, # 12 Exhibit 83 (UNREDACTED) to the Declaration of W. Somvichian, # 13 Exhibit 84 (UNREDACTED) to the Declaration of W. Somvichian, # 14 Exhibit 85 (UNREDACTED) to the Declaration of W. Somvichian, # 15 Exhibit 86 (UNREDACTED) to the Declaration of W. Somvichian)(Related document(s) 684 ) (Somvichian, Whitty) (Filed on 3/15/2024) (Entered: 03/15/2024) |
| 03/15/2024 | 688 | 596.9 KB | EXHIBITS re 684 Administrative Motion to File Under Seal *Joint Omnibus Sealing Motion Declaration of J. Levine in Support of the Joint Omnibus Sealing Motion and (UNREDACTED) Exhibits A to H thereto* filed byGoogle LLC. (Attachments: # 1 Exhibit A (UNREDACTED) to the Declaration of J. Levine, # 2 Exhibit B (UNREDACTED) to the Declaration of J. Levine, # 3 Exhibit C (UNREDACTED) to the Declaration of J. Levine, # 4 Exhibit D (UNREDACTED) to the Declaration of J. Levine, # 5 Exhibit E (UNREDACTED) to the Declaration of J. Levine, # 6 Exhibit F (UNREDACTED) to the Declaration of J. Levine, # 7 Exhibit G (UNREDACTED) to the Declaration of J. Levine, # 8 Exhibit H (UNREDACTED) to the Declaration of J. Levine, # 9 Proposed Order)(Related document(s) 684 ) (Somvichian, Whitty) (Filed on 3/15/2024) (Entered: 03/15/2024) |
| 03/15/2024 | 689 | 164.4 KB | CERTIFICATE OF SERVICE by Google LLC re 684 Administrative Motion to File Under Seal *Joint Omnibus Sealing Motion*, 687 Exhibits to an Administrative Motion to File Under Seal,,,, 688 Exhibits to an Administrative Motion to File Under Seal,,, 686 Exhibits to an Administrative Motion to File Under Seal,,,,, 685 Exhibits to an Administrative Motion to File Under Seal,,,,, (Somvichian, Whitty) (Filed on 3/15/2024) (Entered: 03/15/2024) |
| 04/04/2024 | 690 | 384.3 KB | **ORDER DENYING WITHOUT PREJUDICE THE MOTION FOR CLASS CERTIFICATION; GRANTING IN PART AND DENYING IN PART GOOGLE'S DAUBERT MOTION TO EXCLUDE THE EXPERT OPINIONS OF PROFESSOR NEIL RICHARDS; DENYING WITHOUT** |

| | | | |
|---|---|---|---|
| | | | **PREJUDICE PLAINTIFFS' DAUBERT MOTION TO EXCLUDE THE EXPERT OPINIONS OF BRUCE DEAL by Judge Yvonne Gonzalez Rogers Denying 546 Motion to Certify Class; Granting in Part and Denying in Part 582 Motion ; Denying as Moot 624 Motion. (eac, COURT STAFF) (Filed on 4/4/2024) (Entered: 04/04/2024)** |
| 04/05/2024 | 691 | 132.4 KB | **INTERIM ORDER re 652 , 660 , 661 , 662 , 663 , 664 Discovery Disputes. Signed by Magistrate Judge Virginia K. DeMarchi on 4/5/2024. (vkdlc1, COURT STAFF) (Filed on 4/5/2024) (Entered: 04/05/2024)** |
| 04/05/2024 | 692 | | CLERK'S NOTICE SETTING CASE MANAGEMENT CONFERENCE. You are hereby notified that the Further Case Management Conference will be held by Zoom Webinar. Joint Case Management Statement is due by 4/29/2024. Further Case Management Conference set for 5/6/2024, at 02:00 PM in Oakland, - Videoconference Only. *(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at YGRCRD@cand.uscourts.gov no later than May 3, 2024, at 12:00 PM PST.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>(eac, COURT STAFF) (Filed on 4/5/2024) (Entered: 04/05/2024) |
| 04/12/2024 | 693 | 584.3 KB | Proposed Order re 684 Administrative Motion to File Under Seal *Joint Omnibus Sealing Motion Revised Proposed Order re Joint Omnibus Sealing Motion Regarding Plaintiffs' Class Certification Motion and Related Filings* by Google LLC. (Reddy, Aarti) (Filed on 4/12/2024) (Entered: 04/12/2024) |
| 04/18/2024 | 694 | 119.5 KB | NOTICE of Change In Counsel by Lesley Elizabeth Weaver *on Behalf of H. Melissa Mather* (Weaver, Lesley) (Filed on 4/18/2024) (Entered: 04/18/2024) |
| 04/19/2024 | 695 | 522.2 KB | Letter Brief re 691 Order, Set Deadlines/Hearings *Joint Letter Brief re. Pending Discovery Disputes at ECF Nos. 660-661(* filed byConsolidated Plaintiffs. (Related document(s) 691 ) (Pritzker, Elizabeth) (Filed on 4/19/2024) (Entered: 04/19/2024) |
| 04/19/2024 | 696 | 603.2 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Certificate/Proof of Service, # 4 Notice of Motion and Motion for Contempt and Spoliation Sanctions re: Named Plaintiff Data (Unredacted), # 5 Declaration of Jonathan K. Levine (Unredacted), # 6 Exhibit A (Unredacted), # 7 Proposed Order (Unredacted))(Levine, Jonathan) (Filed on 4/19/2024) (Entered: 04/19/2024) |

| | | | |
|---|---|---|---|
| 04/19/2024 | 697 | | MOTION for Sanctions *Notice of Motion and Motion for Contempt and Spoliation Sanctions re: Named Plaintiff Data (Redacted)* filed by Consolidated Plaintiffs. Motion Hearing set for 5/28/2024 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. Responses due by 5/3/2024. Replies due by 5/10/2024. (Attachments: # 1 Declaration of Jonathan K. Levine (Redacted), # 2 Exhibit A (Redacted), # 3 Proposed Order (Redacted))(Levine, Jonathan) (Filed on 4/19/2024) (Entered: 04/19/2024) |
| 04/22/2024 | 698 | 207.6 KB | STIPULATION re Set Deadlines/Hearings *Joint Stipulation re: April 23, 2024 Hearing on Plaintiffs' RFP No. 141* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 4/22/2024) (Entered: 04/22/2024) |
| 04/22/2024 | 699 | | **ORDER. Pursuant to the parties' 698 stipulation, the April 23, 2024 Discovery Hearing is vacated. Signed by Magistrate Judge Virginia K. DeMarchi on 4/22/2024. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (vkdlc1, COURT STAFF) (Filed on 4/22/2024) (Entered: 04/22/2024)** |
| 04/23/2024 | 700 | 234.0 KB | USCA Case Number 24-2479 re Petition for Permission to Appeal. (mcl, COURT STAFF) (Filed on 4/23/2024) (Entered: 04/23/2024) |
| 04/23/2024 | 701 | 909.2 KB | STIPULATION WITH PROPOSED ORDER re 697 MOTION for Sanctions *Notice of Motion and Motion for Contempt and Spoliation Sanctions re: Named Plaintiff Data (Redacted)*, 696 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Google LLC. (Attachments: # 1 Declaration of Aarti Reddy in Support of the Joint Stipulation Rescheduling Briefing and Hearing on the Motion for Contempt and Spoliation Sanctions) (Reddy, Aarti) (Filed on 4/23/2024) (Entered: 04/23/2024) |
| 04/24/2024 | 702 | 1.8 MB | **ORDER approving 701 Stipulation re Briefing Schedule for 697 Plaintiffs' Motion for Contempt and Sanctions. Signed by Magistrate Judge Virginia K. DeMarchi on 4/24/2024. (vkdlc1, COURT STAFF) (Filed on 4/24/2024) (Entered: 04/24/2024)** |
| 04/29/2024 | 703 | 176.9 KB | JOINT CASE MANAGEMENT STATEMENT *for May 6, 2024 Case Management Conference* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 4/29/2024) (Entered: 04/29/2024) |
| 05/01/2024 | 704 | 106.7 KB | **ORDER SETTING SCHEDULE AND VACATING CASE MANAGEMENT CONFERENCE: Plaintiffs to file renewed motion for class certification due by 9/13/2024. Google to file its opposition to renewed motion for class certification due by 11/8/2024. Plaintiffs to file reply to renewed motion for class certification due by 12/12/2024. Opening Reports due by 1/31/2025. Rebuttal Reports due by 3/14/2025. Close of Expert Discovery due by 4/11/2025. Deadline to file Summary Judgment/Daubert motions due by 5/2/2025. Summary Judgment/Daubert Motion Hearing set for 8/26/2025, at 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Signed by Judge Yvonne Gonzalez Rogers on 5/1/2024. (eac, COURT STAFF) (Filed on 5/1/2024) (Entered: 05/01/2024)** |
| 05/10/2024 | 705 | 1.9 MB | Administrative Motion to File Under Seal *(Response) to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 696)* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian, # 2 Exhibit 1 (REDACTED), # 3 Exhibit 1 (UNREDACTED), # 4 Exhibit 2 (REDACTED), # 5 Exhibit 2 (UNREDACTED), # 6 Exhibit 3 (REDACTED), # 7 Exhibit 3 |

| | | | |
|---|---|---|---|
| | | | (UNREDACTED), # 8 Exhibit 4 (REDACTED), # 9 Errata 4 (UNREDACTED), # 10 Proposed Order)(Somvichian, Whitty) (Filed on 5/10/2024) (Entered: 05/10/2024) |
| 05/14/2024 | 706 | 123.7 KB | **ORDER GRANTING IN PART AND DENYING IN PART THE JOINT OMNIBUS SEALING MOTION by Judge Yvonne Gonzalez Rogers Granting in Part and Denying in Part 684 Administrative Motion to File Under Seal. (eac, COURT STAFF) (Filed on 5/14/2024) (Entered: 05/14/2024)** |
| 05/17/2024 | 707 | 633.4 KB | Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal its Opposition to Sanctions Motion* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Google LLC's Administrative Motion to Seal, # 2 (UNREDACTED) Google LLC's Opposition to Sanctions Motion, # 3 Declaration (UNREDACTED) of Miju Han in Support of Google LLC's Opposition to Sanctions Motion, # 4 Declaration (UNREDACTED) of Whitty Somvichian in Support of Google LLC's Opposition to Sanctions Motion, # 5 Exhibit A to the Declaration of Whitty Somvichian, # 6 Exhibit B (UNREDACTED) to the Declaration of Whitty Somvichian, # 7 Proposed Order)(Somvichian, Whitty) (Filed on 5/17/2024) (Entered: 05/17/2024) |
| 05/17/2024 | 708 | 1.3 MB | OPPOSITION/RESPONSE (re 697 MOTION for Sanctions *Notice of Motion and Motion for Contempt and Spoliation Sanctions re: Named Plaintiff Data (Redacted)*, 707 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal its Opposition to Sanctions Motion* ) filed byGoogle LLC. (Attachments: # 1 Declaration (REDACTED) of Miju Han in Support of Google LLC's Opposition to Sanctions Motion, # 2 Declaration (REDACTED) of Whitty Somvichian in Support of Google LLC's Opposition to Sanctions Motion, # 3 Exhibit A to the Declaration of Whitty Somvichian, # 4 Exhibit B (REDACTED) to the Declaration of Whitty Somvichian)(Somvichian, Whitty) (Filed on 5/17/2024) (Entered: 05/17/2024) |
| 05/17/2024 | 709 | 190.8 KB | CERTIFICATE OF SERVICE by Google LLC re 707 Administrative Motion to File Under Seal *Google LLC's Administrative Motion to Seal its Opposition to Sanctions Motion* (Somvichian, Whitty) (Filed on 5/17/2024) (Entered: 05/17/2024) |
| 05/31/2024 | 710 | 460.3 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order, # 3 Plaintiffs' Reply in Support of Motion for Contempt and Spoliation Sanctions re: Named Plaintiff Data (Unredacted))(Davis, Anne) (Filed on 5/31/2024) (Entered: 05/31/2024) |
| 05/31/2024 | 711 | 432.1 KB | REPLY (re 697 MOTION for Sanctions *Notice of Motion and Motion for Contempt and Spoliation Sanctions re: Named Plaintiff Data (Redacted)* ) *(Redacted)* filed byConsolidated Plaintiffs. (Davis, Anne) (Filed on 5/31/2024) (Entered: 05/31/2024) |
| 06/14/2024 | 712 | 816.0 KB | Administrative Motion to File Under Seal *(Response) to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 710)* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian, # 2 Exhibit 1 (REDACTED), # 3 Exhibit 1 (UNREDACTED), # 4 Proposed Order)(Somvichian, Whitty) (Filed on 6/14/2024) (Entered: 06/14/2024) |

| | | | |
|---|---|---|---|
| 06/14/2024 | 713 | 324.9 KB | CERTIFICATE OF SERVICE by Google LLC re 712 Administrative Motion to File Under Seal *(Response) to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 710)* (Somvichian, Whitty) (Filed on 6/14/2024) (Entered: 06/14/2024) |
| 06/18/2024 | 714 | | **Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Motion Hearing Re 697 Motion for Sanctions for *Contempt and Spoliation Sanctions re: Named Plaintiff Data (Redacted)* filed by Consolidated Plaintiffs held on 6/18/2024.**<br><br>**The Court heard oral arguments. Order to issue.**<br><br>**Plaintiff Attorney: Jonathan Levine, Anne Davis.**<br>**Defendant Attorney: Whitty Somichian.**<br><br>**No Court Reporter. Digital Recording Liberty: 10:18-11:55a.m. Total: 1 Hour 37 Minutes.**<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 6/18/2024) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 6/21/2024 (sp, COURT STAFF). (Entered: 06/18/2024) |
| 06/18/2024 | 715 | 112.2 KB | TRANSCRIPT ORDER for proceedings held on 06/18/2024 before Magistrate Judge Virginia K. DeMarchi by Consolidated Plaintiffs, for Recorded Proceeding - San Jose. (Davis, Anne) (Filed on 6/18/2024) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 6/21/2024 (sp, COURT STAFF). (Entered: 06/18/2024) |
| 06/20/2024 | 716 | 205.8 KB | ORDER of USCA denying petition for permission to appeal re 700 USCA Case Number 24-2479. (tn, COURT STAFF) (Filed on 6/20/2024) (Entered: 06/20/2024) |
| 06/20/2024 | 717 | 168.1 KB | TRANSCRIPT ORDER for proceedings held on 06/18/2024 before Magistrate Judge Virginia K. DeMarchi by Google LLC, for Recorded Proceeding - San Jose. (Trevor, Maurice) (Filed on 6/20/2024) **Transcriber - Tara Jauregui, email: echoreporting@yahoo.com** Modified on 6/21/2024 (sp, COURT STAFF). (Entered: 06/20/2024) |
| 06/21/2024 | 718 | 419.2 KB | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration of Anne K. Davis re: Sealing, # 2 Proposed Order, # 3 Exhibit B to the Notice of Joint Submission (Unredacted))(Davis, Anne) (Filed on 6/21/2024) (Entered: 06/21/2024) |
| 06/21/2024 | 719 | 556.0 KB | NOTICE by Consolidated Plaintiffs re 714 Motion Hearing, terminate Hearings - *Notice of Joint Submission of Supplemental Materials Following June 18, 2024 Hearing* (Attachments: # 1 Exhibit A, # 2 Exhibit B (Redacted))(Davis, Anne) (Filed on 6/21/2024) (Entered: 06/21/2024) |
| 06/24/2024 | 720 | 241.1 KB | Transcript of Proceedings held on 06/18/24, before Judge Magistrate Judge Virginia DeMarchi. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: 10:18 - 11:55. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of |

| | | | |
|---|---|---|---|
| | | | Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 717 Transcript Order, 715 Transcript Order, ) Redaction Request due 7/15/2024. Redacted Transcript Deadline set for 7/25/2024. Release of Transcript Restriction set for 9/23/2024. (Related documents(s) 717 , 715 ) (Jauregui, Tara) (Filed on 6/24/2024) (Entered: 06/24/2024) |
| 06/28/2024 | 721 | 624.5 KB | Administrative Motion to File Under Seal *Google LLC's Response to Plaintiffs' Administrative Motion to Consider if Another Party's Material Should be Sealed* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Google LLC's Response to Plaintiffs' Administrative Motion to Consider if Another Party's Material Should be Sealed, # 2 Exhibit 1 (REDACTED) to Declaration of Whitty Somvichian, # 3 Exhibit 1 (UNREDACTED) to Declaration of Whitty Somvichian, # 4 Proposed Order) (Somvichian, Whitty) (Filed on 6/28/2024) (Entered: 06/28/2024) |
| 06/28/2024 | 722 | 160.8 KB | CERTIFICATE OF SERVICE by Google LLC re 721 Administrative Motion to File Under Seal *Google LLC's Response to Plaintiffs' Administrative Motion to Consider if Another Party's Material Should be Sealed Proof of Service of (UNREDACTED) Document* (Somvichian, Whitty) (Filed on 6/28/2024) (Entered: 06/28/2024) |
| 07/08/2024 | 723 | 83.5 KB | **ORDER denying as moot re 660 , 661 , 695 Discovery Disputes re Damages. Signed by Magistrate Judge Virginia K. DeMarchi on 7/8/2024. (vkdlc1, COURT STAFF) (Filed on 7/8/2024) (Entered: 07/08/2024)** |
| 07/08/2024 | 724 | 92.1 KB | **ORDER re 652 Discovery Dispute re Transcript Errata. Signed by Magistrate Judge Virginia K. DeMarchi on 7/8/2024. (vkdlc1, COURT STAFF) (Filed on 7/8/2024) (Entered: 07/08/2024)** |
| 07/08/2024 | 725 | 131.5 KB | **ORDER re 664 Discovery Dispute re Plaintiffs' Requests for Authentication of Business Records. Signed by Magistrate Judge Virginia K. DeMarchi on 7/8/2024. (vkdlc1, COURT STAFF) (Filed on 7/8/2024) (Entered: 07/08/2024)** |
| 07/11/2024 | 726 | 95.8 KB | **ORDER granting 651 659 669 Administrative Motions to File Under Seal. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 7/11/2024) (Entered: 07/11/2024)** |
| 07/11/2024 | 727 | 128.4 KB | **ORDER re 666 675 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 7/11/2024) (Entered: 07/11/2024)** |
| 07/11/2024 | 728 | 200.7 KB | **(REDACTED) ORDER re 662 Discovery Dispute re Plaintiffs' Interrogatory No. 23 and 667 Administrative Motion re Courtesy Copies. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 7/11/2024) (Entered: 07/11/2024)** |
| 07/11/2024 | 729 | | DOCUMENT E-FILED UNDER SEAL by Court Staff. ORDER re 662 Discovery Dispute re Plaintiffs' Interrogatory No. 23 and 667 Administrate Motion for Leave re Courtesy Copies. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 7/11/2024) (Entered: 07/11/2024) |
| 07/25/2024 | 730 | 90.1 KB | **ORDER granting 528 Administrative Motion to File Under Seal Portions of the Joint Report Regarding Further Production of Named-Plaintiff Data.** |

| | | | |
|---|---|---|---|
| | | | **Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 7/25/2024) (Entered: 07/25/2024)** |
| 08/01/2024 | 731 | 237.6 KB | **ORDER re 519 521 Remaining Disputes re Google's Privilege Claims. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 8/1/2024) (Entered: 08/01/2024)** |
| 08/13/2024 | 732 | 188.2 KB | **ORDER DENYING PLAINTIFFS' MOTIONS FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER by Judge Yvonne Gonzalez Rogers Denying 496 Motion ; Denying 497 Motion ; Denying 500 Motion ; Denying 553 Motion. (eac, COURT STAFF) (Filed on 8/13/2024) (Entered: 08/13/2024)** |
| 08/16/2024 | 733 | 205.7 KB | Letter Brief re 731 Order on Administrative Motion per Civil Local Rule 7-11 *Status Update Regarding Plaintiffs Challenges to Google LLCs Privilege Logs in Response to ECF No. 731* filed byGoogle LLC. (Related document(s) 731 ) (Reddy, Aarti) (Filed on 8/16/2024) (Entered: 08/16/2024) |
| 08/29/2024 | 734 | 87.8 KB | **ORDER re Selection and Appointment of Special Master to Address Privilege Disputes re 733 Letter Brief. Signed by Magistrate Judge Virginia K. DeMarchi on 8/29/2024. (vkdlc1, COURT STAFF) (Filed on 8/29/2024) (Entered: 08/29/2024)** |
| 09/03/2024 | 735 | | NOTICE of Withdrawal filed by Andrew F. Kirtley, no longer appearing on behalf of Meghan Cornelius, John Kevranian in this case (Kirtley, Andrew) (Filed on 9/3/2024) (Entered: 09/03/2024) |
| 09/03/2024 | 736 | 504.1 KB | ADMINISTRATIVE MOTION Amend Case Schedule re 704 Case Management Scheduling Order,,, Set Deadlines/Hearings,, - *UNOPPOSED* - filed by Consolidated Plaintiffs. Responses due by 9/9/2024. (Attachments: # 1 Declaration of Jonathan K. Levine in support, # 2 Proposed Order)(Pritzker, Elizabeth) (Filed on 9/3/2024) (Entered: 09/03/2024) |
| 09/11/2024 | 737 | 194.7 KB | **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION PURSUANT TO L.R. 6-3 AND 7-11 TO AMEND CASE SCHEDULE by Judge Yvonne Gonzalez Rogers Granting 736 Administrative Motion. Class Certification Motion filing due by 11/8/2024. Opposition due by 1/24/2025. Reply due by 2/28/2025. Opening Reports due by 4/18/2025. Rebuttal Reports due by 5/30/2025. Daubert/Dispositive Motion due by 7/18/2025. (eac, COURT STAFF) (Filed on 9/11/2024) (Entered: 09/11/2024)** |
| 09/13/2024 | 738 | 144.7 KB | STIPULATION re 734 Order *Joint Stipulation and Proposed Order Re. Dkt. No. 734* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 9/13/2024) (Entered: 09/13/2024) |
| 09/13/2024 | 739 | 171.5 KB | **ORDER re 738 Joint Stipulation for Extension of Time. Signed by Magistrate Judge Virginia K. DeMarchi on 9/13/2024. (vkdlc1, COURT STAFF) (Filed on 9/13/2024) (Entered: 09/13/2024)** |
| 09/17/2024 | 740 | 590.7 KB | Letter Brief re 734 Order *Joint Report Regarding Appointment of Special Master in Response to ECF 734 with Attachment* filed byConsolidated Plaintiffs. (Related document(s) 734 ) (Pritzker, Elizabeth) (Filed on 9/17/2024) (Entered: 09/17/2024) |
| 09/25/2024 | 741 | | NOTICE of Withdrawal filed by Kelsey R. Spector, no longer appearing on behalf of Google LLC in this case (Spector, Kelsey) (Filed on 9/25/2024) (Entered: 09/25/2024) |

| | | | |
|---|---|---|---|
| 09/25/2024 | 742 | | NOTICE of Withdrawal filed by Khary Anderson, no longer appearing on behalf of Google LLC in this case (Anderson, Khary) (Filed on 9/25/2024) (Entered: 09/25/2024) |
| 09/30/2024 | 743 | 108.7 KB | **ORDER re 696 705 707 710 712 718 721 Sealing Motions. Signed by Magistrate Judge Virginia K. DeMarchi on 9/30/2024. (vkdlc1, COURT STAFF) (Filed on 9/30/2024) (Entered: 09/30/2024)** |
| 10/04/2024 | 744 | 385.8 KB | **ORDER re Selection of Special Master. Signed by Magistrate Judge Virginia K. DeMarchi on 10/4/2024. (vkdlc1, COURT STAFF) (Filed on 10/4/2024) (Entered: 10/04/2024)** |
| 10/11/2024 | 745 | 976.3 KB | NOTICE by Google LLC re 743 Order on Administrative Motion to Consider Whether Another Partys Material Should Be Sealed *Notice of Filing of Updated Redacted Documents* (Attachments: # 1 Exhibit A - Plaintiffs Motion for Contempt and Spoliation Sanctions Re Named Plaintiffs Data (Redacted), # 2 Exhibit B - Exhibit A to the Declaration of Jonathan K. Levine (Redacted)) (Somvichian, Whitty) (Filed on 10/11/2024) (Entered: 10/11/2024) |
| 10/15/2024 | 746 | 102.5 KB | **ORDER APPOINTING SPECIAL MASTER. Signed by Magistrate Judge Virginia K. DeMarchi on 10/15/2024. (vkdlc1, COURT STAFF) (Filed on 10/15/2024) (Entered: 10/15/2024)** |
| 10/23/2024 | 747 | 2.1 MB | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-19981162.) filed by Consolidated Plaintiffs. (Attachments: # 1 Certificate of Good Standing)(Mullens, Gregory) (Filed on 10/23/2024) (Entered: 10/23/2024) |
| 10/24/2024 | 748 | 2.2 MB | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 747 Motion for Pro Hac Vice (Gregory Mullens). (eac, COURT STAFF) (Filed on 10/24/2024) (Entered: 10/24/2024)** |
| 11/08/2024 | 749 | 657.8 KB | MOTION to Certify Class *Plaintiffs' Notice of Renewed Motion and Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel [Redacted]* filed by Consolidated Plaintiffs. Responses due by 1/24/2025. Replies due by 2/28/2025. (Pritzker, Elizabeth) (Filed on 11/8/2024) (Entered: 11/08/2024) |
| 11/08/2024 | 750 | 24.8 MB | Administrative Motion to File Under Seal *Plaintiffs' Temporary Sealing Motion in Support of Plaintiffs' Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel* filed by Consolidated Plaintiffs. (Attachments: # 1 Plaintiffs' Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Sealed), # 2 Appendix of Exhibits, # 3 Declaration Further Declaration of Elizabeth C. Pritzker in Support, # 4 Exhibit 1 - Expert Report of Prof. Z. Shafiq - 7/14/2023 (Sealed), # 5 Exhibit 1 - Expert Report of Prof. Z. Shafiq - 7/14/2023 (Redacted), # 6 Exhibit 2 - Rebuttal Expert Report of Prof. Z. Shafiq - 11/29/2023 (Sealed), # 7 Exhibit 2 - Rebuttal Expert Report of Prof. Z. Shafiq - 11/29/2023 (Redacted), # 8 Exhibit 3 - Supplemental Expert Report of Z. Shafiq - 11/8/2024 (Sealed), # 9 Exhibit 3 - Supplemental Expert Report of Z. Shafiq - 11/8/2024 (Redacted), # 10 Exhibit 4 - Expert Report of Prof. C. Wilson - 7/14/2023 (Sealed), # 11 Exhibit 4 - Expert Report of Prof. C. Wilson - 7/14/2023 (Redacted), # 12 Exhibit 5 - Rebuttal Expert Report of Prof. C. Wilson - 11/29/2023 (Sealed), # 13 Exhibit 5 - Rebuttal Expert Report of Prof. C. Wilson - 11/29/2023 (Redacted), # 14 Exhibit 6 - Decl. of Named Plaintiff T. Diggs, # 15 Exhibit 7 - Decl. of Named Plaintiff R. Green, # 16 Exhibit 8 - |

| | | | |
|---|---|---|---|
| | | | Decl. of Named Plaintiff J. Kevranian, # 17 Exhibit 9 - Decl. of Named Plaintiff S. Toronto, # 18 Exhibit 10 - Decl. of Named Plaintiff C. Valencia, # 19 Exhibit 11 - Decl. of Named Plaintiff K. Woodruff, # 20 Exhibit 12 - Decl. of Named Plaintiff T. Williams, # 21 Declaration Further Declaration of Bethany Caracuzzo in Support, # 22 Exhibit 13 - Google's Privacy Principles 9/10/2015, # 23 Exhibit 14 - Google's 6/28/2016 Privacy Policy, # 24 Exhibit 15 - Google's Safety Center-Privacy Principles 9/20/2018, # 25 Exhibit 16 - Google's How Our Business Works, # 26 Exhibit 17 - Google's 3/31/2020 Terms of Service, # 27 Exhibit 18 - Google's 1/5/2022 Terms of Service, # 28 Exhibit 19 - Google's 5/22/2024 Terms of Service, # 29 Exhibit 20 - Google's 3/31/2020 Privacy Policy, # 30 Exhibit 21- Google's 9/16/2024 Privacy Policy, # 31 Exhibit 22 - Google's Consent Bump, # 32 Exhibit 23 - Excerpts of Depo. of Google Corp. Designee S. Vakharia, # 33 Exhibit 24 - Google's 5/25/2018 Privacy Policy, # 34 Proposed Order, # 35 Certificate/Proof of Service of Sealed Materials)(Pritzker, Elizabeth) (Filed on 11/8/2024) (Entered: 11/08/2024) |
| 11/18/2024 | 751 | 291.8 KB | MOTION to Remove Incorrectly Filed Document *Filed With Plaintiffs' Renewed Motion for Class Certification* filed by Consolidated Plaintiffs. (Attachments: # 1 Proposed Order)(Pritzker, Elizabeth) (Filed on 11/18/2024) (Entered: 11/18/2024) |
| 11/18/2024 | 752 | 2.1 MB | Administrative Motion to File Under Seal *Plaintiffs' CORRECTED Temporary Sealing Motion in Support of Plaintiffs' Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel [ECF 750]* filed by Consolidated Plaintiffs. (Attachments: # 1 Exhibit 6 - Decl. of Named Plaintiff T. Diggs (Sealed), # 2 Exhibit 6 - Decl. of Named Plaintiff T. Diggs (Redacted), # 3 Exhibit 7 - Decl. of Named Plaintiff R. Green (Sealed), # 4 Exhibit 7 - Decl. of Named Plaintiff R. Green (Redacted), # 5 Exhibit 9 - Decl. of Named Plaintiff S. Toronto (Sealed), # 6 Exhibit 9 - Decl. of Named Plaintiff S. Toronto (Redacted), # 7 Exhibit 10 - Decl. of Named Plaintiff C. Valencia (Sealed), # 8 Exhibit 10 - Decl of Named Plaintiff S. Toronto (Redacted), # 9 Exhibit 12 - Decl. of Named Plaintiff T. Williams (Sealed), # 10 Exhibit 12 - Decl. of Named Plaintiff T. Williams (Redacted), # 11 Certificate/Proof of Service)(Pritzker, Elizabeth) (Filed on 11/18/2024) (Entered: 11/18/2024) |
| 11/19/2024 | 753 | 223.2 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 751 Plaintiff's Motion to Remove Incorrectly Filed Documents filed with Plaintiff's Renewed Motion for Class Certification; as Amended by the Court. (eac, COURT STAFF) (Filed on 11/19/2024) (Entered: 11/19/2024)** |
| 01/03/2025 | 754 | | DOCUMENT E-FILED UNDER SEAL by Court Staff. Order re Plaintiffs' Motion for Contempt and Spoliation Sanctions. (vkdlc1, COURT STAFF) (Filed on 1/3/2025) (Entered: 01/03/2025) |
| 01/03/2025 | 755 | 281.0 KB | **(REDACTED) ORDER denying 697 Plaintiffs' Motion for Contempt and Spoliation Sanctions. Signed by Magistrate Judge Virginia K. DeMarchi on 1/3/2025. (vkdlc1, COURT STAFF) (Filed on 1/3/2025) (Entered: 01/03/2025)** |
| 01/15/2025 | 756 | 306.6 KB | STIPULATION WITH PROPOSED ORDER *Joint Stipulation and (Proposed) Order re Renewed Class Certification Briefing* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of the Joint Stipulation and (Proposed) Order re Renewed Class Certification Briefing)(Somvichian, Whitty) (Filed on 1/15/2025) (Entered: 01/15/2025) |
| 01/15/2025 | 757 | 196.4 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 756 Stipulation Extending Time for Briefing on Plaintiff's Renewed Motion for Class** |

| | | | |
|---|---|---|---|
| | | | **Certification. (eac, COURT STAFF) (Filed on 1/15/2025) (Entered: 01/15/2025)** |
| 01/16/2025 | 758 | | NOTICE of Change in Counsel: Attorney Michael G. Rhodes no longer representing Google LLC in this case (Trevor, Maurice) (Filed on 1/16/2025) (Entered: 01/16/2025) |
| 01/29/2025 | 759 | 115.6 KB | CLERK'S NOTICE. You are hereby notified that hearing on 749 MOTION to Certify Class *Plaintiffs' Notice of Renewed Motion and Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel [Redacted]* is set for 3/28/2025, at 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. (eac, COURT STAFF) (Filed on 1/29/2025) (Entered: 01/29/2025) |
| 01/31/2025 | 760 | 315.2 KB | OPPOSITION/RESPONSE (re 749 MOTION to Certify Class *Plaintiffs' Notice of Renewed Motion and Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel [Redacted]* ) *Defendant Google LLC's Opposition to Plaintiffs' Renewed Motion for Class Certification* filed byGoogle LLC. (Somvichian, Whitty) (Filed on 1/31/2025) (Entered: 01/31/2025) |
| 01/31/2025 | 761 | 3.3 MB | Administrative Motion to File Under Seal *Defendant Google LLC's Temporary Sealing Motion Re it's Opposition to Plaintiffs' Motion for Renewed Class Certification and Related Documents* filed by Google LLC. (Attachments: # 1 (UNREDACTED) Google's Opposition to Plaintiffs' Motion for Renewed Class Certification, # 2 Declaration of W. Somvichian in Support of Google LLC's Opposition to Renewed Motion for Class Certification, # 3 Exhibit 1 (UNREDACTED) to the Declaration of W. Somvichian, # 4 Exhibit 1 (REDACTED) to the Declaration of W. Somvichian, # 5 Exhibit 2 (UNREDACTED) to the Declaration of W. Somvichian, # 6 Exhibit 2 (REDACTED) to the Declaration of W. Somvichian, # 7 Exhibit 3 (UNREDACTED) to the Declaration of W. Somvichian, # 8 Exhibit 3 (REDACTED) to the Declaration of W. Somvichian, # 9 Exhibit 4 to the Declaration of W. Somvichian, # 10 Exhibit 5 to the Declaration of W. Somvichian, # 11 Exhibit 6 to the Declaration of W. Somvichian, # 12 Exhibit 7 to the Declaration of W. Somvichian, # 13 Certificate/Proof of Service of Google LLC's Opposition to Plaintiffs' Renewed Motion for Class Certification and Related Documents)(Somvichian, Whitty) (Filed on 1/31/2025) (Entered: 01/31/2025) |
| 02/21/2025 | 762 | 155.7 KB | STIPULATION WITH PROPOSED ORDER re 737 Order on Administrative Motion per Civil Local Rule 7-11, *RE. RENEWED CLASS CERTIFICATION MOTION AND CASE SCHEDULE [See ECF 737, 757, 759]* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 2/21/2025) (Entered: 02/21/2025) |
| 03/04/2025 | 763 | 195.1 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 762 Stipulation Re Renewed Class Certification Motion and Case Schedule. Class Certification Motion Reply due by 4/11/2025. Opening Reports due by 5/23/2025. Rebuttal Reports due by 7/3/2025. Close of Expert Discovery due by 8/1/2025. Daubert/Dispositive Motion filing due by 8/22/2025. Response due by 10/3/2025. Reply due by 10/31/2025. (eac, COURT STAFF) (Filed on 3/4/2025) (Entered: 03/04/2025)** |
| 04/01/2025 | 764 | 344.7 KB | STIPULATION WITH PROPOSED ORDER re 763 Order on Stipulation, *RE. RENEWED CLASS CERTIFICATION MOTION AND CASE SCHEDULE* filed |

| | | | |
|---|---|---|---|
| | | | by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 4/1/2025) (Entered: 04/01/2025) |
| 04/01/2025 | 765 | 383.5 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 764 Stipulation Re Renewed Class Certification Motion and Case Schedule. Opening Reports due by 6/20/2025. Rebuttal Reports due by 8/1/2025. Close of Expert Discovery due by 8/29/2025. Dispositive/Daubert Motions due by 9/19/2025. Opposition due by 10/31/2025. Reply due by 12/5/2025. (eac, COURT STAFF) (Filed on 4/1/2025) (Entered: 04/01/2025)** |
| 05/07/2025 | 766 | 126.7 KB | NOTICE by Consolidated Plaintiffs *OF PROPOSED SETTLEMENT* (Pritzker, Elizabeth) (Filed on 5/7/2025) (Entered: 05/07/2025) |
| 05/14/2025 | 767 | 140.4 KB | Proposed Order re 766 Notice (Other) *to Vacate Case Deadlines and Set Motion for Settlement Approval Deadline* by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 5/14/2025) (Entered: 05/14/2025) |
| 05/14/2025 | 768 | 179.7 KB | **ORDER TO VACATE CASE DEADLINES AND SET MOTION FOR SETTLEMENT APPROVAL DEADLINE Re: 767 Proposed Order. Plaintiffs' Motion for Approval of the Proposed Settlement due by 7/11/2025. Signed by Judge Yvonne Gonzalez Rogers on 5/14/2025. (eac, COURT STAFF) (Filed on 5/14/2025) (Entered: 05/14/2025)** |
| 07/03/2025 | 769 | 151.4 KB | STIPULATION WITH PROPOSED ORDER re 768 Order,, Set Deadlines/Hearings, *(Joint) Extending Deadline for Filing a Motion for Approval of Classwide Settlement* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 7/3/2025) Modified on 7/3/2025 (kam2, COURT STAFF). (Entered: 07/03/2025) |
| 07/07/2025 | 770 | 189.8 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 769 Stipulation Extending Deadline for Filing a Motion for Approval of Class-wide Settlement. Motion for Settlement Approval filing due by 7/31/2025. (eac, COURT STAFF) (Filed on 7/7/2025) (Entered: 07/07/2025)** |
| 07/17/2025 | 771 | 92.8 KB | **ORDER REQUIRING SUBMISSION OF OMNIBUS SEALING STIPULATION Re: 749 MOTION to Certify Class; 750 Administrative Motion to File Under Seal; 752 Administrative Motion to File Under Seal; 761 Administrative Motion to File Under Seal. Omnibus Sealing Stipulation due by 8/1/2025. Signed by Judge Yvonne Gonzalez Rogers on 7/17/2025. (eac, COURT STAFF) (Filed on 7/17/2025) (Entered: 07/17/2025)** |
| 07/29/2025 | 772 | 172.5 KB | STIPULATION WITH PROPOSED ORDER *Joint Stipulation and [Proposed] Order Extending Deadline for Filing a Motion for Approval of Classwide Settlement and Setting a Compliance Hearing re: Settlement Status* filed by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 7/29/2025) (Entered: 07/29/2025) |
| 07/31/2025 | 773 | 146.9 KB | STIPULATION WITH PROPOSED ORDER *Joint Stipulation and [Proposed] Order to Extend Time to File the Omnibus Sealing Stipulation* filed by Google LLC. (Somvichian, Whitty) (Filed on 7/31/2025) (Entered: 07/31/2025) |
| 07/31/2025 | 774 | 224.5 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 772 Stipulation Extending Deadline for Filing a Motion for Approval of Class-wide Settlement. Motions due by 9/2/2025. (eac, COURT STAFF) (Filed on 7/31/2025) (Entered: 07/31/2025)** |
| 07/31/2025 | 775 | | **Order Denying 773 Stipulation to delay omnibus sealing motion. The deadline to file was tomorrow, August 1, 2025. Last minute requests for** |

| | | | |
|---|---|---|---|
| | | | **extensions are disfavored. In any event, resolving these issues now will streamline the process later. The Court extends the deadline to Monday, August 4, 2025. Entered by Judge Yvonne Gonzalez Rogers.** ***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(Entered: 07/31/2025)** |
| 08/04/2025 | 776 | 585.9 KB | STIPULATION WITH PROPOSED ORDER *Joint Omnibus Sealing Stipulation Regarding Plaintiffs Class Certification Briefing Per July 17, 2025 Order (ECF NO. 771)* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of the Joint Omnibus Sealing Stipulation, # 2 Declaration of Jonathan Levine in Support of the Joint Omnibus Sealing Stipulation, # 3 Proposed Order Re Joint Omnibus Sealing Stipulation) (Somvichian, Whitty) (Filed on 8/4/2025) (Entered: 08/04/2025) |
| 09/02/2025 | 777 | 1.4 MB | MOTION for Settlement *Plaintiffs' Notice of Motion and Motion to Certify a Settlement Class and Grant Final Approval of Class Action Settlement [REDACTED]* filed by Consolidated Plaintiffs. Responses due by 11/12/2025. Replies due by 12/22/2025. (Pritzker, Elizabeth) (Filed on 9/2/2025) (Entered: 09/02/2025) |
| 09/02/2025 | 778 | 5.9 MB | Administrative Motion to File Under Seal *Plaintiffs' Temporary Sealing Motion in Support of Motion to Certify a Settlement Class and Grant Final Approval of Class Action Settlement* filed by Consolidated Plaintiffs. (Attachments: # 1 Notice of Motion and Motion to Certify a Settlement Class and Grant Final Approval of Class Action Settlement [UNDER SEAL], # 2 Declaration of Elizabeth C. Pritzker in support [UNDER SEAL], # 3 Declaration of Elizabeth C. Pritzker in support [REDACTED], # 4 Exhibit 1 - Settlement Agreement, # 5 Exhibit 2 - Decl. of Prof. Z. Shafiq [UNDER SEAL], # 6 Exhibit 2 - Decl. of Prof. Z. Shafiq [REDACTED], # 7 Exhibit 3 - Decl. of Prof. R. Zeithammer [UNDER SEAL], # 8 Exhibit 3 - Decl. of Prof. R. Zeithammer [REDACTED], # 9 Exhibit 4 - Decl. of Plaintiff T. Diggs, # 10 Exhibit 5 - Decl. of Plaintiff R. Green, # 11 Exhibit 6 - Decl. of Plaintiff J. Kevranian, # 12 Exhibit 7 - Decl. of Plaintiff S. Toronto, # 13 Exhibit 8 - Decl. of Plaintiff C. Valencia, # 14 Exhibit 9 - Decl. of Plaintiff T. Williams, # 15 Exhibit 10 - Decl. of Plaintiff K. Woodruff, # 16 Declaration Mediator's Statement in Support of Settlement, # 17 Proposed Order, # 18 Certificate/Proof of Service of Sealed Materials)(Pritzker, Elizabeth) (Filed on 9/2/2025) (Entered: 09/02/2025) |
| 09/10/2025 | 779 | 197.7 KB | **ORDER by Judge Yvonne Gonzalez Rogers Terminating 750 Administrative Motion to File Under Seal; Terminating 752 Administrative Motion to File Under Seal; Terminating 761 Administrative Motion to File Under Seal; Terminating 776 Stipulation. (eac, COURT STAFF) (Filed on 9/10/2025) (Entered: 09/10/2025)** |
| 09/16/2025 | 780 | 97.4 KB | **ORDER DEEMING MOTION TO CERTIFY CLASS WITHDRAWN by Judge Yvonne Gonzalez Rogers Withdrawing 749 Motion to Certify Class. (eac, COURT STAFF) (Filed on 9/16/2025) (Entered: 09/16/2025)** |
| 10/01/2025 | 781 | 27.5 MB | MOTION for Attorney Fees *and Expenses* filed by Consolidated Plaintiffs. Responses due by 11/12/2025. Replies due by 12/22/2025. (Attachments: # 1 Declaration of Elizabeth C. Pritzker in support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F (Decl. of Brian T. Fitzpatrick), # 8 Declaration of Lesley E. Weaver in support, # 9 Declaration of Francis A. Bottini in support, # 10 Declaration of Nanci E. Nishimura in support, # 11 Declaration of David A. Straite in support, # 12 Declaration of Jay Barnes in support, # 13 Declaration of Matthew W.H. Wessler in support, # 14 |

| | | | |
|---|---|---|---|
| | | | Proposed Order)(Pritzker, Elizabeth) (Filed on 10/1/2025) (Entered: 10/01/2025) |
| 10/13/2025 | 782 | 154.3 KB | STIPULATION WITH PROPOSED ORDER *Stipulation to Set Briefing Schedule for Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees* filed by Google LLC. (Somvichian, Whitty) (Filed on 10/13/2025) (Entered: 10/13/2025) |
| 10/16/2025 | 783 | 266.4 KB | **Order by Judge Yvonne Gonzalez Rogers Granting 782 Stipulation to Set Briefing Schedule for Motion for Final Approval of Class Action Settlement and Motion for Attorney's Fees; as Amended by the Court. (eac, COURT STAFF) (Filed on 10/16/2025) (Entered: 10/16/2025)** |
| 11/12/2025 | 784 | 120.8 KB | OPPOSITION/RESPONSE (re 777 MOTION for Settlement *Plaintiffs' Notice of Motion and Motion to Certify a Settlement Class and Grant Final Approval of Class Action Settlement [REDACTED] ) Google LLCS Statement in Response to Plaintiffs Motion to Certify Settlement Class and Grant Final Approval of Class Action Settlement* filed byGoogle LLC. (Somvichian, Whitty) (Filed on 11/12/2025) (Entered: 11/12/2025) |
| 11/12/2025 | 785 | 1.6 MB | NOTICE by Google LLC *Defendant Google LLC's Notice of Filing of Supplemental Settlement Materials* (Attachments: # 1 Exhibit A to Notice of Filing of Supplemental Settlement Materials, # 2 Exhibit B to Notice of Filing of Supplemental Settlement Materials)(Somvichian, Whitty) (Filed on 11/12/2025) (Entered: 11/12/2025) |
| 11/26/2025 | 786 | 428.0 KB | OPPOSITION/RESPONSE (re 781 MOTION for Attorney Fees *and Expenses* ) *Defendant Google LLC's Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses* filed byGoogle LLC. (Somvichian, Whitty) (Filed on 11/26/2025) (Entered: 11/26/2025) |
| 11/26/2025 | 787 | 3.2 MB | Administrative Motion to File Under Seal *Defendant Google LLC's Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses* filed by Google LLC. (Attachments: # 1 (UNREDACTED) Google's Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses, # 2 Declaration of Whitty Somvichian in Support of Google's Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses, # 3 Exhibit 1 to the Declaration of Whitty Somvichian, # 4 Exhibit 2 to the Declaration of Whitty Somvichian, # 5 Exhibit 3 to the Declaration of Whitty Somvichian, # 6 Exhibit 4 to the Declaration of Whitty Somvichian, # 7 Exhibit 5 to the Declaration of Whitty Somvichian, # 8 Exhibit 6 to the Declaration of Whitty Somvichian, # 9 Exhibit 7 to the Declaration of Whitty Somvichian, # 10 Exhibit 8 to the Declaration of Whitty Somvichian, # 11 Exhibit 9 to the Declaration of Whitty Somvichian, # 12 Exhibit 10 to the Declaration of Whitty Somvichian, # 13 Exhibit 11 to the Declaration of Whitty Somvichian, # 14 Declaration (UNREDACTED) Declaration of Bruce Deal in Support of Google's Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses, # 15 Declaration (REDACTED) Declaration of Bruce Deal in Support of Google's Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses, # 16 Certificate/Proof of Service of Google's Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Related Documents)(Somvichian, Whitty) (Filed on 11/26/2025) (Entered: 11/26/2025) |
| 12/08/2025 | 788 | | NOTICE of Withdrawal filed by Anupam Singh Dhillon, no longer appearing on behalf of Google LLC in this case (Dhillon, Anupam) (Filed on 12/8/2025) (Entered: 12/08/2025) |

| | | | |
|---|---|---|---|
| 12/15/2025 | 789 | 177.8 KB | STIPULATION *to Extend Deadline for Omnibus Sealing Proceedings on Motion for Settlement Approval and Motion for Attorneys Fees and Expenses* filed by Google LLC. (Somvichian, Whitty) (Filed on 12/15/2025) (Entered: 12/15/2025) |
| 12/15/2025 | 790 | 997.5 KB | NOTICE by Google LLC *of Compliance with 28 U.S.C. § 1715(b)* (Attachments: # 1 Declaration of Whitty Somvichian Regarding Google LLCs Compliance with 28 U.S.C. § 1715(b), # 2 Declaration of Kyle S. Bingham on Implementation of CAFA Notice)(Somvichian, Whitty) (Filed on 12/15/2025) (Entered: 12/15/2025) |
| 12/22/2025 | 791 | 955.0 KB | REPLY (re 777 MOTION for Settlement *Plaintiffs' Notice of Motion and Motion to Certify a Settlement Class and Grant Final Approval of Class Action Settlement [REDACTED]* ) *Plaintiffs' Reply in Further Support of Motion to Certify a Settlement Class and Grant Final Approval of Class Action Settlement* filed byConsolidated Plaintiffs. (Attachments: # 1 Proposed Order (Amended)) (Pritzker, Elizabeth) (Filed on 12/22/2025) (Entered: 12/22/2025) |
| 12/22/2025 | 792 | 910.0 KB | REPLY (re 781 MOTION for Attorney Fees *and Expenses*, 787 Administrative Motion to File Under Seal *Defendant Google LLC's Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses* ) *Reply Brief in Further Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses* filed byConsolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 12/22/2025) (Entered: 12/22/2025) |
| 12/22/2025 | 793 | 9.7 MB | Administrative Motion to File Under Seal *Plaintiffs' Temporary Sealing Motion re. Plaintiffs' Reply in Support of Motion for Award of Attorneys' Fees and Expenses* filed by Consolidated Plaintiffs. (Attachments: # 1 Declaration (Reply) of Elizabeth C. Pritzker, # 2 Exhibit G (separately lodged), # 3 Exhibit H (separately lodged), # 4 Exhibit I (separately lodged), # 5 Exhibit J (separately lodged), # 6 Exhibit K (separately lodged), # 7 Exhibit L (separately lodged), # 8 Exhibit M (separately lodged), # 9 Exhibit N - [SEALED] Decl. of Prof. Shafiq in Response to Google's Opposition, # 10 Exhibit N - [REDACTED] Decl. of Prof.Shafiq in Response to Google's Opposition, # 11 Exhibit O - [SEALED] Decl. of Prof. R. Zeithammer in Response to Google's Opposition, # 12 Exhibit O - [REDACTED] Decl. of Prof. R. Zeithammer in Response to Google's Opposition, # 13 Exhibit P - excerpts of transcript of Plaintiff T.Diggs, # 14 Exhibit Q - excerpts of transcript of Plaintiff R.Green, # 15 Exhibit R - excerpts of transcript of Plaintiff J.Kevranian, # 16 Exhibit S - excerpts of transcript of Plaintiff S.Toronto, # 17 Exhibit T - excerpts of transcript of Plaintiff C.Valencia, # 18 Exhibit U - excerpts of transcript of Plaintiff T.Williams, # 19 Exhibit V - articles, # 20 Declaration of David A. Straite in support of Reply, # 21 Declaration of Lesley E.Weaver in support of Reply, # 22 NOTICE OF LODGING - of Exhibits G through M and service thereof, # 23 Proposed Order (Amended), # 24 Certificate/Proof of Service of Sealed Materials)(Pritzker, Elizabeth) (Filed on 12/22/2025) (Entered: 12/22/2025) |
| 01/12/2026 | 794 | 444.1 KB | STIPULATION WITH PROPOSED ORDER *Joint Omnibus Sealing Stipulation re Approval Motion* filed by Google LLC. (Attachments: # 1 Declaration of Whitty Somvichian in Support of Joint Omnibus Sealing Stipulation re Approval Motion, # 2 Proposed Order Re Joint Omnibus Sealing Stipulation re Approval Motion)(Somvichian, Whitty) (Filed on 1/12/2026) (Entered: 01/12/2026) |

| | | | |
|---|---|---|---|
| 01/12/2026 | 795 | 1.9 MB | STIPULATION WITH PROPOSED ORDER *Joint Omnibus Sealing Stipulation re Fee Motion* filed by Google LLC. (Attachments: # 1 Exhibit A to the Joint Omnibus Sealing Stipulation re Fee Motion, # 2 Declaration of Whitty Somvichian in Support of Joint Omnibus Sealing Stipulation re Fee Motion, # 3 Declaration of Jonathan Levine in Support of Joint Omnibus Sealing Stipulation re Fee Motion, # 4 Proposed Order Re Joint Omnibus Sealing Stipulation re Fee Motion)(Somvichian, Whitty) (Filed on 1/12/2026) (Entered: 01/12/2026) |
| 01/15/2026 | 796 | | NOTICE of Withdrawal filed by Anupam Singh Dhillon, no longer appearing on behalf of Google LLC in this case (Dhillon, Anupam) (Filed on 1/15/2026) (Entered: 01/15/2026) |
| 01/20/2026 | 797 | 157.2 KB | NOTICE by Consolidated Plaintiffs *of Change of Firm Affiliation* (Weaver, Lesley) (Filed on 1/20/2026) (Entered: 01/20/2026) |
| 01/30/2026 | 798 | 147.4 KB | **ORDER FOR SUPPLEMENTAL BRIEFING; RESETTING HEARING.**<br><br>**Google shall identify with specificity how each paragraph in the document submitted at Docket No. 785-2 is duplicative and provide the Court with those prior disclosures/notifications, including the date when such prior disclosures/notifications were made by 2/5/2026.**<br>**Plaintiffs' Responses due by 2/11/2026.**<br><br>**Reset Deadlines as to 781 MOTION for Attorney Fees *and Expenses*; 777 MOTION for Settlement *Plaintiffs' Notice of Motion and Motion to Certify a Settlement Class and Grant Final Approval of Class Action Settlement [REDACTED]*. Motion Hearing set for 2/17/2026, at 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.**<br><br>**Signed by Judge Yvonne Gonzalez Rogers on 1/30/2026.**<br><br>**(eac, COURT STAFF) (Filed on 1/30/2026) (Entered: 01/30/2026)** |
| 02/03/2026 | 799 | 155.9 KB | NOTICE by Consolidated Plaintiffs *of Change of Firm Affiliation* (Mullens, Gregory) (Filed on 2/3/2026) (Entered: 02/03/2026) |
| 02/05/2026 | 800 | 965.2 KB | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-21624135.) Filing fee previously paid on February 5, 2026 filed by Google LLC. (Attachments: # 1 Certificate of Good Standing)(Rodriguez-Luna, Joyce) (Filed on 2/5/2026) (Entered: 02/05/2026) |
| 02/05/2026 | 801 | 1.8 MB | Supplemental Brief re 798 Order,,,, Set Deadlines/Hearings,,,, Set Motion and Deadlines/Hearings,,, filed byGoogle LLC. (Attachments: # 1 Declaration of W. Somvichian, # 2 Exhibit A, # 3 Exhibit B)(Related document(s) 798 ) (Somvichian, Whitty) (Filed on 2/5/2026) (Entered: 02/05/2026) |
| 02/06/2026 | 802 | 600.6 KB | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 800 Motion for Pro Hac Vice (Joyce Victoria Rodriguez-Luna). (eac, COURT STAFF) (Filed on 2/6/2026) (Entered: 02/06/2026)** |
| 02/11/2026 | 803 | 455.0 KB | RESPONSE re 801 Supplemental Brief, *Plaintiffs' Response to Google LLC's Supplemental Brief (ECF 801) Pursuant to Order (ECF 798)* by Consolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 2/11/2026) (Entered: 02/11/2026) |

| | | | |
|---|---|---|---|
| 02/13/2026 | 804 | 725.4 KB | NOTICE by Consolidated Plaintiffs *Notice of Letter in Support of Proposed Settlement Submitted by Office of Attorney General Connecticut* (Pritzker, Elizabeth) (Filed on 2/13/2026) (Entered: 02/13/2026) |
| 02/19/2026 | 805 | 91.2 KB | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Motion for Attorney Fees Hearing, Motion for Settlement held on 2/17/2026. Total Time in Court: 46 minutes. Court Reporter: Kendra Steppler; via Zoom. (eac, COURT STAFF) (Date Filed: 2/17/2026) (Entered: 02/19/2026)** |
| 02/19/2026 | 806 | 112.6 KB | TRANSCRIPT ORDER for proceedings held on 02/17/2026 before Judge Yvonne Gonzalez Rogers by Consolidated Plaintiffs, for Court Reporter Kendra Steppler. (Weaver, Lesley) (Filed on 2/19/2026) (Entered: 02/19/2026) |
| 02/19/2026 | 807 | 160.8 KB | TRANSCRIPT ORDER for proceedings held on 2/17/2026 before Judge Yvonne Gonzalez Rogers by Google LLC, for Court Reporter Kendra Steppler. (Trevor, Maurice) (Filed on 2/19/2026) (Entered: 02/19/2026) |
| 02/22/2026 | 808 | 157.7 KB | Transcript of Proceedings held on February 17, 2026, before Judge Yvonne Gonzalez Rogers. Court Reporter Kendra Steppler, email at kendra_steppler@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 807 Transcript Order ) Release of Transcript Restriction set for 5/26/2026. (Related documents(s) 807 ) (Steppler, Kendra) (Filed on 2/22/2026) (Entered: 02/22/2026) |
| 02/23/2026 | 809 | 91.3 KB | **Amended Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Motion Hearing held on 2/17/2026. Total Time in Court: 46 minutes. Court Reporter: Kendra Steppler; via Zoom. (eac, COURT STAFF) (Date Filed: 2/17/2026) (Entered: 02/23/2026)** |
| 03/02/2026 | 810 | | NOTICE of Withdrawal filed by Maisie Sokolove, no longer appearing on behalf of Meaghan Delahunty in this case (Sokolove, Maisie) (Filed on 3/2/2026) (Entered: 03/02/2026) |
| 03/02/2026 | 811 | | NOTICE of Withdrawal filed by Maisie Sokolove, no longer appearing on behalf of Meghan Cornelius in this case (Sokolove, Maisie) (Filed on 3/2/2026) (Entered: 03/02/2026) |
| 03/02/2026 | 812 | | NOTICE of Withdrawal filed by Maisie Sokolove, no longer appearing on behalf of John Kevranian in this case (Sokolove, Maisie) (Filed on 3/2/2026) (Entered: 03/02/2026) |
| 03/26/2026 | 813 | 268.0 KB | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING IN PART MOTION FOR ATTORNEYS' FEES; GRANTING SEALING REQUESTS; AND JUDGMENT. ***Civil Case Terminated.*** Signed by Judge Yvonne Gonzalez Rogers on 3/26/2026. (eac, COURT STAFF) (Filed on 3/26/2026) (Entered: 03/26/2026)** |
| 04/02/2026 | 814 | 434.2 KB | RESPONSE re 813 Judgment,, Terminated Case, *to Order Granting in Part Motion for Attorneys' Fees* by Consolidated Plaintiffs. (Attachments: # 1 Attachment A - Overview of Discovery Motions, # 2 Attachment B - Entries for |

| | | | |
|---|---|---|---|
| | | | Time and Expense Auditing Tasks)(Weaver, Lesley) (Filed on 4/2/2026) (Entered: 04/02/2026) |
| 04/17/2026 | 815 | | NOTICE of Appearance filed by Benjamin Stark Softness on behalf of Google LLC (Softness, Benjamin) (Filed on 4/17/2026) (Entered: 04/17/2026) |
| 04/17/2026 | 816 | 1.6 MB | ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11 filed by Google LLC. Responses due by 4/21/2026. (Attachments: # 1 Declaration of Benjamin S. Softness, # 2 Proposed Order)(Softness, Benjamin) (Filed on 4/17/2026) (Entered: 04/17/2026) |
| 04/20/2026 | 817 | 735.2 KB | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Consolidated Plaintiffs. Appeal of Judgment 813 (Appeal fee of $605 receipt number ACANDC-21887954 paid) ***Appeal of award of attorneys' fees portion of ECF 813* ** (Pritzker, Elizabeth) (Filed on 4/20/2026) **(USCA Case No. 26-2638)** Modified on 5/6/2026 (slh, COURT STAFF). (Entered: 04/20/2026) |
| 05/01/2026 | 818 | 268.7 KB | USCA Case Number 26-2638 for 817 Notice of Appeal to the Ninth Circuit filed by Consolidated Plaintiffs . (kam2, COURT STAFF) (Filed on 4/28/2026) Modified on 5/6/2026 (slh, COURT STAFF). (Entered: 05/01/2026) |
| 05/04/2026 | 819 | 462.7 KB | Transcript Designation Form for proceedings held on 2/21/2024 and 2/17/2026 before Judge Hon. Yvonne Gonzalez Rogers, *by Plaintiffs* (Pritzker, Elizabeth) (Filed on 5/4/2026) (Entered: 05/04/2026) |
| 05/14/2026 | 820 | 183.0 KB | NOTICE by Nicole McGrath *NOTICE of Third Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12 and 7-11, filed in McGrath v. Google, Case No. 3:26-cv-01336* (Ruan, Matthew) (Filed on 5/14/2026) (Entered: 05/14/2026) |
| 05/14/2026 | 821 | 119.7 KB | **ORDER FOR SUPPLEMENTAL BRIEFING. Set Deadlines as to 816 ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11.**<br><br>**Plaintiff's Response due by 5/22/2026.**<br>**Defendant's Reply due by 5/29/2026.**<br><br>**Signed by Judge Yvonne Gonzalez Rogers on 5/14/2026.**<br><br>**(eac, COURT STAFF) (Filed on 5/14/2026) (Entered: 05/14/2026)** |
| 05/22/2026 | 822 | 412.4 KB | OPPOSITION/RESPONSE (re 816 ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11 ) filed byNicole McGrath, Barbara Jenkins, Trisha Nadeau. (Edelman, William) (Filed on 5/22/2026) (Entered: 05/22/2026) |
| 05/22/2026 | 823 | 323.5 KB | OPPOSITION/RESPONSE (re 816 ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11 ) *RTB Plaintiffs' Response to Order for Supplemental Briefing re. Administrative Motion to Relate Actions [ECF 821]* filed byConsolidated Plaintiffs. (Pritzker, Elizabeth) (Filed on 5/22/2026) (Entered: 05/22/2026) |
| 05/29/2026 | 824 | 308.8 KB | REPLY (re 816 ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11 ) filed byGoogle LLC. (Softness, Benjamin) (Filed on 5/29/2026) (Entered: 05/29/2026) |
| 06/02/2026 | 825 | 392.6 KB | **RELATED CASE ORDER. Signed by Judge Yvonne Gonzalez Rogers on 6/2/2026. (eac, COURT STAFF) (Filed on 6/2/2026)** |

| | | | |
|---|---|---|---|
| | | | **Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)** **(Entered: 06/02/2026)** |
| 06/03/2026 | 826 | 127.0 KB | CLERK'S NOTICE. The court has reviewed the motion in Dkt. No. 816 and determined that no cases are related and no reassignments shall occur. (eac, COURT STAFF) (Filed on 6/3/2026) (Entered: 06/03/2026) |
| 09/08/2026 | 827 | 340.5 KB | NOTICE by Consolidated Plaintiffs *of withdrawal of Counsel Caroline C. Corbitt on behalf of Plaintiffs* (Pritzker, Elizabeth) (Filed on 9/8/2026) (Entered: 09/08/2026) |

View Selected
or
Download Selected

Total filesize of selected documents (MB): 0
Maximum filesize allowed: 51 MB

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/01/2026 11:29:16 | | | |
| **PACER Login:** | mattwessler | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:21-cv-02155-YGR Starting with document: 1 Ending with document: 827 |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |